# RONAN, TUZZIO & GIANNONE, P.C.
Attorneys at Law

| | | |
|---|---|---|
| James M. Ronan, Jr.<br>Robert A. Giannone ᵃ<br>Michael K. Tuzzio<br>MaryAnn Nobile Wilderotter ᵃ<br>Linda A. Olsen<br>Gregory W. Boyle<br>Lauren H. Zalepka*<br>John M. Hockin, Jr.<br>Daniel T. DiCicco<br>Robert G. Maglio ᵃ | One Hovchild Plaza<br>4000 Route 66, Suite 231<br>Tinton Falls, New Jersey 07753-7308<br>(732) 922-3300<br>FAX (732) 918-8505 | Jack E. Potash<br>Michael J. Kafton<br>Samantha L. Graff<br>Robert M. Pacholski<br>Glenn A. Beveridge<br><br>ᵃ NJ & NY Bars<br>*NJ & PA Bars |

*North Jersey Office*
788 Morris Turnpike
Short Hills, New Jersey

ALL REPLIES TO TINTON FALLS

September 9, 2024

Bradley Clonan
2604 Rhodoendron Drive
Abingdon, MD

Re: **Cease and Desist Contact**
2023 Civil Commitment

Dear Mr. Clonan:

As you are aware, I represent Monmouth Medical Center (MMC) as well as their Psychiatric Emergency Screening Service (PESS). As a follow up to my previous letter, I want to reiterate that you must *immediately cease and desist* contact with anyone at MMC or PESS and all communication must be directed to my law firm.

Please be advised that Monmouth Medical Center and their Psychiatric Emergency Screening Services determined, upon your initial evaluation, determined you needed to be cared for and no formal diagnosis was made. Please be advised that, although the initial evaluation was done by staff of MMC and PESS, further care was provided by CentraState and Hampton Behavior Institute, which is separate medical facility from MMC and PESS.

In addition, please consider this another formal demand that you *immediately* remove any and all recordings which contain conversations with my clients from the internet. My clients did not consent to be recorded and, as a result, the recordings violate MD law Md. Code Ann., Cts. & Jud. Proc §10-402. Please be advised a police report is being filed in this matter.

As previously noted and discussed, I have been advised by my client that your MMC and PESS records were thoroughly reviewed and determined to be accurate. As a result, we are unable to change any of the entries in your medical records. However, if you would like to provide me with a brief statement regarding your concerns, I would certainly consider having my client include it in your medical records.

I understand that you take issue with your civil commitment from 2023. However, your commitment was approved by a Judge and cannot now be changed by my client. Should you wish to expunge this commitment you should follow the appropriate procedures pursuant to N.J.S.A. 30:4-80.8.

Please comply with the within demands to avoid any future criminal or civil action.

Very truly yours,

*Lauren H. Zalepka/s/*

Lauren H. Zalepka

LHZ/gab