**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRADLEY CLONAN, ET AL.,**  Plaintiff,  vs.  **CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL.,**  Defendants. | Civil Case No. 3:24-CV-11399-RK-RLS |

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
_____

**Of Counsel and on the Brief:**
John M. Hockin, Jr. (ID # 029882007)

RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66
One Hovchild Plaza, Suite 231
Tinton Falls, New Jersey 07753
(732) 922-3300
Attorneys for Defendants, Lauren Zalepka and Glenn Beveridge

**TABLE OF CONTENTS**

1. Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

2. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3. Point I

   THE COMPLAINT MUST BE DISMISSED, WITH PREJUDICE, AS TO THE ATTORNEY DEFENDANTS BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . .3

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## **TABLE OF AUTHORITIES**

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). . . . . . . . . . . . . . . . . . . . . . . 3

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). . . . . . . . . . . . . . . .3

**Rules:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 4

## STATEMENT OF FACTS

On or about December 20, 2024, plaintiff *pro se*, Bradley Clonan (hereinafter "plaintiff"), filed a Complaint in the United States District Court for the District of New Jersey against numerous defendants, alleging numerous issues and damages stemming from an involuntary mental health commitment that took place in 2023. A Summons and the Complaint were served upon Lauren Zalepka, Esq. of Ronan, Tuzzio & Giannone, P.C., on or about January 3, 2025. Although the Complaint does not specifically list Glenn Beveridge, Esq., also of Ronan, Tuzzio & Giannone, P.C., as a defendant, plaintiff, upon information and belief, also intends for Mr. Beveridge to be a defendant to this lawsuit. Ms. Zalepka and Mr. Beveridge are hereinafter referred to collectively as the "attorney defendants".

The Complaint contains no facts alleging any act or omission by the attorney defendants whatsoever. Plaintiff does not assert any factual allegations to the effect that the attorney defendants did something—or failed to do something—that resulted in damages to him. Plaintiff asserts factual allegations against other defendants, especially with respect to his involuntary commitment, but none against the attorney defendants.

Indeed, the only place that either of the attorney defendants are mentioned in the Complaint is within a listing of defendants. Specifically, Ms. Zalepka is listed as defendant #31; Mr. Beveridge is not listed at all. Plaintiff states that he is suing Ms. Zalepka "individually and in her capacity as Attorney with Ronan, Tuzzio & Giannone, P.C." He attaches a cease and desist letter sent to him by Ms. Zalepka to the Complaint, but does not claim that Ms. Zalepka has damaged him by way of sending that letter.

1

The attorney defendants never represented plaintiffs. There is a complete lack of any type of attorney client relationship between plaintiffs and the attorney defendants. Defendants are attorneys and were not involved in the any of the care and treatment of plaintiff. Accordingly, it is improper for the attorney defendants to be named in this case.

## **LEGAL ARGUMENT**

### **POINT I**
### **THE COMPLAINT MUST BE DISMISSED, WITH PREJUDICE, AS TO THE ATTORNEY DEFENDANTS BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED**

*Fed. R. Civ. P. 12(b)(6)* provides that a party may assert a defense for "failure to state a claim upon which relief can be granted" by way of motion in lieu of filing a responsive pleading. The present motion is based on this provision.

To survive a motion filed pursuant to *Fed. R. Civ. P. 12(b)(6)*, a Complaint must contain "enough factual matter (taken as true) to suggest" an element required to support its claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). There must be "plausible grounds" to support a claim. *Twombly*, 550 U.S. at 556. This does not constitute "a probability requirement"; instead, simply, a Complaint must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Ibid.* Certainly, "labels and conclusions" do not suffice, nor do "formulaic recitation[s] of the elements of a cause of action." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Ibid.*

Though this is not a particularly exacting standard, the Complaint herein does not come close to meeting it as to the attorney defendants. The Complaint contains *no* factual matter with respect to the attorney defendants. It contains *no* allegations with respect to the attorney defendants. There are not even "labels and conclusions" or "formulaic recitations of the elements" of plaintiff's cause of action, which would not suffice in any event. Instead, plaintiff

3

merely lists Ms. Zalepka's name as a defendant, attaches her cease and desist letter, and does nothing more.

Simply, then, the Complaint cannot survive as to the attorney defendants. Plaintiff is not asserting any claims against them, whether cognizable or not. Plaintiff is not alleging any facts against them, whether plausible or not. Rather than allege "plausible grounds" to support claims, plaintiff has alleged no factual grounds as to the attorney defendants and has asserted no claims against the attorney defendants.

Therefore, the Complaint must be dismissed, with prejudice, as to the attorney defendants. It does not nearly meet the standard required by *Fed. R. Civ. P. 12(b)(6)*, as articulated by our Courts.

## CONCLUSION

For the reasons set forth above, Defendants, Lauren Zalepka and Glenn Beveridge, respectfully request that the Complaint be dismissed, with prejudice, pursuant to *Fed. R. Civ. P. 12(b)(6)*, for plaintiff's failure to state a claim upon which relief can be granted against them.

**RONAN, TUZZIO & GIANNONE, P.C.**

BY: */s/ John M. Hockin, Jr.*

Dated: January 9, 2025

JOHN M. HOCKIN, JR.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
Phone (732) 922-3300
Fax (732) 918-8505
Jhockin@ronanlaw.com
Attorneys for Defendants, Lauren Zalepka and Glenn Beveridge