PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO

DEFENDANTS' MOTION TO DISMISS

**PRELIMINARY STATEMENT**

The Attorney Defendants' motion to dismiss fundamentally mischaracterizes their role in the wrongful involuntary commitment that forms the basis of this civil rights action. Far from being merely tangential legal representatives, these defendants were active participants in both perpetuating and concealing constitutional violations. Their documented actions demonstrate a coordinated effort to prevent any investigation or correction of the false medical records and improper procedures that led to Plaintiff's unlawful detention, directly violating 42 U.S.C. § 1983 and related constitutional rights.

**STATEMENT OF FACTS**

I. THE ATTORNEY DEFENDANTS' DIRECT ROLE IN THE INVOLUNTARY COMMITMENT SCHEME

A. Active Concealment of Improper Medical Documentation

The Attorney Defendants actively participated in maintaining the false medical records that formed the basis for the wrongful involuntary commitment:

1. They acknowledge in their September 9, 2024 cease and desist letter that "no formal diagnosis was made," yet simultaneously defend commitment actions that legally required such diagnosis

2. They admit the existence of factual allegations concerning the plaintiffs complaint against his 2023 involuntary commitment.

3. When presented with evidence of these falsifications, rather than seeking to correct them, they:

- Threatened criminal prosecution to prevent further inquiry

- Filed retaliatory police reports (Report #24LB24501)

- Blocked all access acting under the color of state law in their positions; to treating physicians who could verify the errors or provide medical

B. Coordinated Efforts to Prevent Investigation

The Attorney Defendants went beyond legal representation to actively obstruct investigation of the wrongful commitment:

1. They systematically violated N.J. Admin. Code § 8:43G-4.1 by:

- Preventing all communication with medical providers
- Blocking access to patient records
- Refusing to allow physician consultation about treatment decisions

2. They coordinated with other defendants to maintain false records through:

- Refusing to identify the physician who allegedly reviewed records
- Blocking access to ethics committee review
- Blocking access of communication under the threat of further legal repercussions
- Preventing correction of known false documentation

3. On the police report filed in Long Branch, New Jersey they did not file a police report under Lauren Zalpekas or the client MMC instead they coordinated with Margaret Nielsen of Monmouth Medical Center as an individual.

**II. DIRECT PARTICIPATION IN CONSTITUTIONAL VIOLATIONS**

A. Due Process Violations

The Attorney Defendants directly participated in violating Plaintiff's due process rights through:

1. Actively maintaining false medical records used to justify an unjust involuntary commitment

2. Preventing access to evidence that would demonstrate improper/ unjust commitment

3. Using threats of criminal prosecution to obstruct statutory rights to medical information

B. First Amendment Retaliation

Their actions constitute direct First Amendment violations through:

1. Coordinating with their Clients and co Defendants Monmouth medical center through orchestrating and filing retaliatory police reports specifically to prevent Plaintiff from:

- Seeking medical explanations
- Attempting to correct false records

- Communicating with healthcare providers

2. Using threats of legal and criminal prosecution to silence protected speech about:

- Medical record errors
- Improper commitment procedures
- Patient rights violations

**LEGAL ARGUMENT**

**I. THE COMPLAINT STATES VALID § 1983 CLAIMS AGAINST THE ATTORNEY DEFENDANTS**

A. Actions Under Color of State Law

The Attorney Defendants acted under color of state law by:

1. Coordinating with state-licensed facilities to prevent investigation of improper commitment procedures

2. Threatening state criminal prosecution to prevent exercise of federally protected rights

B. Direct Participation in Constitutional Violations

The Attorney Defendants' conduct goes beyond protected legal representation into direct rights violations:

1. They personally participated in maintaining false medical records used for commitment

2. They directly prevented access to evidence that would demonstrate improper commitment

3. They actively coordinated with other defendants to conceal constitutional violations

**II. THE ATTORNEY DEFENDANTS' CONDUCT EXCEEDS PROTECTED LEGAL REPRESENTATION**

The Supreme Court has established that attorneys can be liable under § 1983 when their conduct exceeds legitimate advocacy. See Tower v. Glover, 467 U.S. 914 (1984). Here, the Attorney Defendants:

1. Went beyond advocacy to become active participants in maintaining false records

2. Used retaliatory threats of criminal prosecution to prevent exercise of clearly established rights

Case 3:24-cv-11399-RK-RLS Filed 1/10/25 Page 4 of 6 PageID: 4

3. Coordinated with other defendants to conceal evidence of improper commitment

## III. THE COMPLAINT STATES VALID CLAIMS AGAINST THE ATTORNEY DEFENDANTS

### A. Standard of Review

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). The complaint must contain "enough factual matter (taken as true) to suggest" the required elements of a claim. Id.

B. The Complaint Alleges Specific Harmful Actions by the Attorney Defendants

Contrary to the Attorney/Defendants' assertion that they are merely mentioned in passing, the Complaint details specific actions by the Attorney Defendants that caused harm to Plaintiff:

1. Coordinated Filing of Baseless Police Reports: The Attorney Defendants coordinated in filing an unfounded police report in Long Branch New Jersey based on alleged recording violations, despite having no evidence of alleged illegal recordings taking place in Maryland.

2. Obstruction of Medical Rights: The Attorney Defendants actively prevented Plaintiff from exercising his right under N.J. Admin. Code § 8:43G-4.1 to receive medical explanations from physicians regarding his care and treatment.

3. Threatening Communications: Through multiple letters, the Attorney Defendants engaged in a pattern of threatening communication designed to intimidate Plaintiff and prevent him from exercising his legal rights as a patient.

4. Mishandling of Medical Records: The Attorney Defendants under the threat of further legal actions against the plaintiff, required the plaintiff to direct all medical questions regarding his involuntary commitment through their law firm; with no intention of responding.

### C. These Actions Give Rise to Valid Legal Claims

The Attorney Defendants' conduct extends beyond mere legal representation and gives rise to actionable claims including:

1. Interference with patient rights under New Jersey law

2. Intentional infliction of emotional distress

3. Abuse of process through baseless police reports

4. Negligent handling of medical records

5. Violation of Constitutional Rights:

- Due Process violations through active prevention of access to medical records

- First Amendment retaliation for attempting to exercise protected rights

- Equal Protection violations through discriminatory treatment

6. Violation of Federal Statutes:

- Americans with Disabilities Act violations through denial of reasonable accommodations

- HIPAA violations through improper handling of medical records

- Section 1983 violations through coordinated rights deprivation

**D. The Attorney Defendants Acted Under Color of State Law**

The Attorney Defendants' conduct goes beyond traditional legal representation into direct participation in civil rights violations. See Tower v. Glover, 467 U.S. 914 (1984) (attorneys can be liable under § 1983 for conduct beyond protected legal representation). Specifically:

1. They used state authority to threaten criminal prosecution as a means of preventing access to medical care and records;

2. They coordinated with state-licensed facilities to maintain false medical records; and communication between the plaintiff and their clients.

3. They actively prevented compliance with state-mandated patient rights under N.J. Admin. Code § 8:43G-4.1.

**E. The Attorney Defendants' Actions Violate Clearly Established Federal Rights**

The Supreme Court has long recognized substantive due process rights in the context of involuntary commitment. See Zinermon v. Burch, 494 U.S. 113 (1990) (holding that involuntary commitment implicates substantial liberty interests requiring due process protection); O'Connor v. Donaldson, 422 U.S. 563 (1975) (establishing right to be free from unjustified involuntary commitment).

**IV. THE ATTORNEY DEFENDANTS' ACTIONS FALL OUTSIDE PROTECTED LEGAL REPRESENTATION**

While attorneys generally enjoy certain protections when representing clients, the Attorney Defendants' actions here went beyond legitimate representation and crossed into actively harmful conduct directed at Plaintiff. Their attempts to prevent Plaintiff from accessing medical information he was legally entitled to receive, combined with threats of criminal prosecution based on unfounded allegations, constitute actionable conduct.

**V. THE ATTORNEY DEFENDANTS' ACTIONS FALL OUTSIDE PROTECTED LEGAL REPRESENTATION**

The cease of contact letters and police reports were not legitimate advocacy acting in good faith but rather part of a coordinated effort to prevent Plaintiff from exercising his legal rights. Their actions in threatening criminal prosecution to prevent access to medical care and records constitute active participation in civil rights violations outside the scope of protected legal representation.

**CONCLUSION**

The Attorney Defendants' motion fails because their conduct goes to the heart of the constitutional violations alleged in this case. The Attorney Defendant's motion to dismisses; undermines the entire civil and federal court process; and exasperates the mental biases and mistreatment of those most vulnerable in our society. Their documented actions show direct participation in maintaining and concealing the improper involuntary commitment that forms the basis of this civil rights action. The motion to dismiss should be denied.

Dated: January 10, 2025

Respectfully submitted,

Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
732-476-9555
clonanxyz@gmail.com