**I, Bradley Clonan, declared under penalty of perjury:**

**I am the Plaintiff in this action. I submit this declaration in opposition to the Motion to Dismiss filed by Defendants Lauren Zalepka and Glenn Beveridge (the "Attorney Defendants"). I have personal knowledge of the facts stated herein and could testify competently to them if called a witness.**

**Direct Participation in Rights Violations**

**1. On or around September 9, 2024, Defendant Zalepka sent me a cease-of-contact letter that made several critical admissions while simultaneously threatening criminal prosecution. This letter, previously provided in the complaint, demonstrates the Attorney Defendants' direct participation in constitutional violations through:**

a. Acknowledging that "no formal diagnosis was made" during my involuntary commitment while defending that same commitment

b. Threatening criminal prosecution under Maryland law without jurisdiction to prevent me from accessing my medical records

c. Demanding I cease all contact with their clients; state-licensed medical providers, directly interfering with my rights under N.J. Admin. Code § 8:43G-4.1

**2. Following this cease of contact letter, I attempted to exercise my legal right to receive explanations about my medical treatment. The Attorney Defendants responded by:**

a. Filing a police report (Report #24LB24501) with the Long Branch Police Department

b. Blocking all attempts to understand or correct false information in my medical records by trained medical professionals.

**3. Between September and November 2024, I engaged in extensive email correspondence with the Attorney Defendants**

Which will demonstrate; their escalating efforts to prevent any investigation of my improper commitment through:

a. Refusing to identify the physician or team of physicians who allegedly reviewed my records ensuring a fair and thorough review of protected constitutional rights.

b. Threatening additional legal action when I sought medical explanations

c. Explicitly stating I am not allowed any communication with their clients healthcare providers

d. Ignoring mandatory formal grievance and ethics review procedures.

Coordinated Obstruction of Rights

**4. The Attorney Defendants actively coordinated with other defendants to prevent any investigation of the improper commitment procedures, as evidenced by correspondence and documentation formally attached to the complaint as well as police report**

Exhibits, showing:

a. Joint efforts between the Attorney Defendants and hospital administrators to maintain incorrect medical records

b. Coordinated responses between multiple defendants to prevent access to treating physicians

c. Systematic denial of my requests for ethics committee review

d. Collective efforts to block correction of known false information

**5. The Attorney Defendants went beyond legal representation to become active participants in maintaining and defending false medical records by:**

a. Acknowledging receipt of evidence showing incorrect information but refusing to facilitate corrections

b. Coordinating with other defendants to maintain demonstrably false records

c. Using threats of criminal prosecution to prevent any investigation of record inaccuracies

**6. As a direct result of the Attorney Defendants' actions, I have been unable to:**

a. Access their clients Monmouth Medical Center and Psychiatric Emergency Screening Service (PESS)

b. Communicate with their clients the healthcare providers Monmouth Medical Center and Psychiatric Emergency Screening Service (PESS)

c. Obtain necessary medical explanations as required by law

d. Challenge the false information being maintained about my involuntary commitment

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
Executed on January 10, 2025, at Abingdon, Maryland.
Bradley Clonan