UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN, ET AL.,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL.,<br><br>Defendants. | Civil Case No. 3:24-CV-11399-RK-RLS<br><br>**MOTION RETURN DATE:**<br>**FEBRUARY 3, 2025** |

_____

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
_____

**Of Counsel and on the Brief:**
John M. Hockin, Jr. (ID # 029882007)

RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66
One Hovchild Plaza, Suite 231
Tinton Falls, New Jersey 07753
(732) 922-3300
Attorneys for Defendants, Lauren Zalepka and Glenn Beveridge

## **TABLE OF CONTENTS**

1. Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

2. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3. Point I

    PLAINTIFF'S OPPOSITION DOES NOT SET FORTH ANY VALID CLAIMS AGAINST THE ATTORNEY DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . .2

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

## **TABLE OF AUTHORITIES**

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). . . . . . . . . . . . . . . . . . . . . . . . 2

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . .. . . . . . . . . . . . . .2, 6

Nwanze v. Philip Morris, Inc., 100 F.Supp.2d 215 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . .4

Sarro v. Cornell Corrections, Inc., 248 F.Supp.2d 52 (D.R.I. 2003) . . . . . . . . . . . . . . . .5

**Statutes:**

42 *U.S.C.* § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

**Rules:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 8

**STATEMENT OF FACTS IN REPLY TO PLAINTIFF'S OPPOSITION**

In the declaration he submitted in opposition to the present motion, plaintiff *pro se*, Bradley Clonan (hereinafter "plaintiff"), set forth a number of alleged grievances against Lauren Zalepka, Esq. and Glenn Beveridge, Esq. (hereinafter the "attorney defendants"), stemming from 1) a cease-and-desist letter sent by Ms. Zalepka to plaintiff and 2) email correspondence between the attorney defendants and plaintiff. Specifically, plaintiff alleges that the attorney defendants filed a police report against him, prevented efforts to correct information in his medical records that he claims is false, prevented him from asserting legal rights, and denied his efforts to permit an investigation regarding his involuntary commitment.

None of these facts are specifically alleged as against the attorney defendants in the complaint. The only mention that either of the attorney defendants received in the complaint itself is a simple listing of Ms. Zalepka as defendant #31. The complaint merely states that Ms. Zalepka "is sued individually and in her capacity as Attorney with Ronan, Tuzzio & Giannone, P.C." No specific allegations are directed at Ms. Zalepka or at Mr. Beveridge in the complaint.

Further, these alleged facts regarding the attorney defendants' involvement all arise specifically—as per plaintiff's declaration—from the period of September to November, 2024. However, the involuntary commitment giving rise to this lawsuit occurred, per the complaint, from March 24 to 30, 2023. Plaintiff does not allege that the attorney defendants were involved in the involuntary commitment in 2023.

1

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S OPPOSITION DOES NOT SET FORTH ANY VALID CLAIMS AGAINST THE ATTORNEY DEFENDANTS

Though plaintiff argues, in his opposition brief, that he has asserted valid claims against the attorney defendants that should survive *Fed. R. Civ. P. 12(b)(6)* review, an analysis of each of plaintiff's arguments makes clear that none of them provide a basis for a valid claim.

As set forth below, plaintiff's allegations against the attorney defendants seem to stem from alleged concealment of medical records, maintenance of false records, and efforts to prevent an investigation regarding plaintiff's records. There are two major problems with plaintiff's arguments from the perspective of whether he has alleged valid claims pursuant to *Fed. R. Civ. P. 12(b)(6)*.

### I. The Complaint Fails on its Face

First, none of the allegations set forth in plaintiff's declaration and opposition are specifically contained in the complaint as against the attorney defendants. While the allegations in the declaration and opposition are themselves insufficient for the reasons explained in section II below, plaintiff was required to include such allegations in the complaint itself.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that is not plausible on its face—i.e., restricting analysis to the complaint itself, not any other documents—cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009). For a claim to have facial plausibility, the plaintiff must plead, in the complaint itself, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*

Plaintiff cannot survive a motion filed pursuant to *Fed. R. Civ. P. 12(b)(6)* by attempting to explain his claims in opposition to such motion. Instead, the complaint itself must allege sufficient facts to state a claim. The complaint must be sufficient *on its face* to survive a *Fed. R. Civ. P. 12(b)(6)* motion.

Plaintiff's complaint clearly fails to meet this standard with respect to the attorney defendants. It does not tie a single factual allegation to the attorney defendants. As noted in the Statement of Facts, the only statement contained in the complaint about either of the attorney defendants is that Ms. Zalepka "is sued individually and in her capacity as Attorney with Ronan, Tuzzio & Giannone, P.C." There is nothing more.

Because it does not contain a single factual allegation regarding the attorney defendants, the complaint must be dismissed—regardless of whether plaintiff claims, on opposition to this motion, that he can assert factual allegations against the attorney defendants. None of those allegations are contained in the complaint itself. Plaintiff's complaint, therefore, fails on its face to state a claim against the attorney defendants.

## II.     The Allegations Contained in the Opposition are Insufficient

Notwithstanding the fact that they are not actually contained in the complaint itself, the allegations plaintiff sets forth in his opposition and declaration are also entirely insufficient to give rise to an actionable claim against the attorney defendants for multiple reasons, as explained below.

3

The allegations contained in the opposition and declaration arise out of alleged constitutional violations, 42 *U.S.C.* § 1983 violations, and a claim that the attorney defendants took on a role in this case that exceeded that of legal advocates.

### a. Plaintiff's Claims are not Legally-Actionable

First, plaintiff's constitutional and 42 *U.S.C.* § 1983 claims are simply not actionable against the attorney defendants, who are private individuals not acting under color of state or federal law. Generally, "only governmental actors may be held responsible for constitutional violations." *Nwanze v. Philip Morris, Inc.*, 100 F.Supp.2d 215, 220 (S.D.N.Y. 2000). If the governmental actors in question are the agents of a state, a plaintiff may seek redress in federal court pursuant to 42 *U.S.C.* § 1983. *Ibid.* Actions for constitutional violations and actions based upon 42 *U.S.C.* § 1983 are generally treated by courts "as analogous for most purposes," such that "rules of decision in one context [are frequently treated] as binding in the other." *Ibid.* A private entity that "act[s] in concert with state actors may be sued pursuant to § 1983 upon an allegation that the joint activity caused a violation of a constitutional right." *Id.* at 221.

Tests used by courts to determine whether private parties act under color of federal or state law, thereby exposing them to liability for constitutional violations, include 1) the "direct links" test, which refers to "a direct link between a private corporation and [] government"; 2) the "public function" test, which refers to a private party that performs "a function traditionally the exclusive prerogative of the government"; 3) the "nexus test," which refers to "a sufficiently close nexus between the government and the challenged action of the private party"; and 4) "the symbiotic relationship test," which refers to a

4

situation in which "the government has so far insinuated itself into a position of interdependence with [a private] party that the government must be recognized as a joint participant in the challenged activity." *Sarro v. Cornell Corrections, Inc.*, 248 F.Supp.2d 52, 59 (D.R.I. 2003), *overruled on other grounds*, *Minneci v. Pollard*, 565 U.S. 118 (2012).

Plaintiff herein does not allege that the attorney defendants acted in concert with any government entity or agent. Plaintiff alleges that the attorney defendants coordinated with their hospital client to deprive him of rights. However, the hospital is operated by a private corporation. It is *not* a state or federal government actor. It matters not whether the hospital is "state-licensed," as plaintiff claims; private corporations are frequently licensed by state and federal governments. Further, though plaintiff alleges that the attorney defendants threatened state criminal prosecution, he does not allege that they coordinated with prosecutors or, indeed, with anyone at all; rather, he merely alleges that they threatened prosecution. Plaintiff's allegations regarding a filed police report do not contain a parallel allegation that the attorney defendants coordinated with the police department. Any private citizen can file a police report; doing so certainly does not constitute coordination with a government actor.

It is clear that plaintiff's allegations, therefore, do not give rise to any potential claim that the attorney defendants acted under color of state or federal law, given that plaintiff does not allege that the attorney defendants coordinated with any individual or entity that can actually be considered governmental in nature.

Because these constitutional and § 1983 claims are not actionable, dismissal of the complaint would be required even if the allegations contained in plaintiff's opposition and declaration were also contained in the complaint.

### b. Plaintiff's Claims are Conclusory and Non-Specific

Second, these allegations are also not tied to any specifically-alleged facts; instead, they are conclusory in nature, pointing to no actual act or omission of the attorney defendants beyond a cease-and-desist letter sent to plaintiff in response to his harassment of the attorney defendants' clients.

A complaint cannot merely set forth "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 *U.S.* at 678. It cannot simply include "labels or conclusions," nor will "a formulaic recitation of the elements of a cause of action" suffice. *Ibid.* Additionally, "naked assertions devoid of further factual enhancement" will fail. *Ibid.* (internal quotation marks omitted).

Plaintiff's naked assertions of rights violations by the attorney defendants fall into this category. Even if the attorney defendants had been acting under color of state or federal law—which they were not—plaintiff's allegations are not sufficiently specific to state a claim.

### c. Plaintiff Does Not Allege Any Actual Damages Attributable to the Attorney Defendants

Third, and finally, these allegations also—critically—are not tied to any of plaintiff's alleged damages. Plaintiff does not set forth how any of these alleged violations have actually injured or harmed him.

6

Indeed, the damages plaintiff alleges in the complaint arise from his involuntary commitment of March 24-30, 2023. Even in his opposition brief and declaration submitted in support of same, plaintiff does not allege that the attorney defendants were involved in this matter until September, 2024. He does not allege that the attorney defendants played any role in causing or prolonging that involuntary commitment in March, 2023.

In the "Injuries" section of the Complaint, plaintiff alleges medical and professional injuries caused by the involuntary commitment. He does not set forth any specific allegations of damages caused by the alleged concealment of medical records, maintenance of false records, or efforts to prevent an investigation. While subsection four of the "Injuries" section, entitled "Treatment Denied," contains an allegation that plaintiff's access to his medical records has been "blocked," he does not provide a single factual allegation as to how this has impacted his ability to seek treatment on his own.

In similar fashion, the constitutional due process and First Amendment violations plaintiff alleges in his opposition brief are not actionable not only for the reasons discussed above but, also, because plaintiff does not allege any damages with respect to same. All of plaintiff's constitutional claims are based on alleged conduct that occurred long after his involuntary commitment. He does not articulate whether, or how, these alleged violations have harmed him.

It is not enough to simply claim that someone violated the law. That, alone, is not actionable. Facts must also be pled to set forth how the pleader was actually damaged by the other person's violation of the law. Plaintiff has failed to do so with respect to his allegations against the attorney defendants.

7

### d.     **Plaintiff Cannot Sue the Defendant Attorneys for Properly Representing the Interests of Their Clients**

The defendant attorneys did not represent plaintiff, but represented the interest of their clients. Plaintiff cannot sue the attorneys for the defendants simply because he disagrees with the position that the attorneys' clients are taking in litigation. The defendant attorneys do not owe plaintiff any duty and had an obligation to act in accordance with the requests of their clients. The Court cannot allow plaintiffs to sue the attorneys, as that would have an improper chilling effect on the practice of law and not allow attorneys to properly defend their clients.

### **CONCLUSION**

For the reasons set forth above, Defendants, Lauren Zalepka and Glenn Beveridge, respectfully request that the Complaint be dismissed, with prejudice, pursuant to *Fed. R. Civ. P. 12(b)(6)*, for plaintiff's failure to state a claim upon which relief can be granted against them.

                                             **RONAN, TUZZIO & GIANNONE, P.C.**

Dated: <u>January 24, 2025</u>      BY:   */s/John M. Hockin, Jr.*
                                                JOHN M. HOCKIN, JR.
                                                RONAN, TUZZIO & GIANNONE, P.C.
                                                4000 Route 66, Suite 231
                                                One Hovchild Plaza
                                                Tinton Falls, NJ 07753
                                                Phone (732) 922-3300
                                                Fax (732) 918-8505
                                                Jhockin@ronanlaw.com
                                                Attorneys for Defendants, Lauren Zalepka and Glenn Beveridge