**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff<br><br>v.<br><br>CentraState Healthcare System/Atlantic Health System; RWJBarnabas Health – Monmouth Medical Center; Hampton Behavioral Health Center, et al.<br><br>Defendants. | Civil Docket No.: 3:24-cv-11399-RK-RLS |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BY DEFENDANT HAMPTON BEHAVIORAL HEALTH CENTER**

**BUCHANAN INGERSOLL & ROONEY PC**

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

*Attorneys for Defendant Hampton Behavioral Health Center*

**TABLE OF CONTENTS**

OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ............................ 1
CONCLUSION .......................................................................................................................... 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Abington Friends Sch.*,
40 F.3d 252 (3d Cir. 2007) ........ 1

*First Am. Bank, N. A. v. United Equity Corp.*,
89 F.R.D. 81 (D.D.C. 1981) ........ 1

*Levine v. Bank Alt LLC*,
No. CV 18-6400 (KM), 2018 WL 6573477 (D.N.J. Sept. 25, 2018) ........ 1

*O'Toole v. Tofutti Brands, Inc.*,
203 F. Supp. 3d 458 (D.N.J. 2016) ........ 1

**Rules**

Fed.R.Civ.P. 5(b) ........ 1

Fed.R.Civ.P. 56(b) ........ 1

L.Civ.R. 7.1(d)(1) ........ 1

**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On January 24, 2025, prior to Hampton Behavioral Health ("Defendant") entering its appearance in this lawsuit,[1] Plaintiff filed a single page document purporting to be a Motion for Summary Judgment. Dkt. 12. Aside from baldly asserting that there is no dispute of material fact, Plaintiff provides no factual or legal support for this position. Dkt. 12-1.

The Court should deny Plaintiff's Motion for Summary Judgment because it is premature and procedurally inappropriate at this juncture. While Fed.R.Civ.P. 56(b) technically permits parties to file a Motion for Summary Judgment at any time until thirty (30) days after the close of discovery, they are most appropriately made after fact discovery has been completed. *Levine v. Bank Alt LLC*, No. CV 18-6400 (KM), 2018 WL 6573477, at *3 (D.N.J. Sept. 25, 2018). "District courts are rarely justified in granting summary judgment if discovery is incomplete, unless the outstanding discovery requests pertain to immaterial facts." *See O'Toole v. Tofutti Brands, Inc.*, 203 F. Supp. 3d 458, 464–65 (D.N.J. 2016). This is because "by its very nature, the summary judgment process presupposes the existence of an adequate record." *Doe v. Abington Friends Sch.*, 40 F.3d 252, 257 (3d Cir. 2007). Further, where a defendant has not answered the complaint, and where motions to dismiss are pending, ruling on a motion for summary judgment would be premature. *First Am. Bank, N. A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981).

Here, Plaintiff filed his Complaint on December 20, 2024 and purports to assert a cause of action against thirty-four (34) defendants. Dkt. 1. To date, only four parties have been served with a summons, and no parties have filed Answers. Defendant's Motion to Dismiss is presently pending

[1] Given Defendant had not yet entered or filed any papers in this matter prior to Plaintiff filing the purported Motion for Summary Judgment, Plaintiff has failed to serve the Motion pursuant to Fed.R.Civ.P. 5(b). Further, this Motion should not be heard as Plaintiff has failed to comply with L.Civ.R. 7.1(d)(1) which requires that proof of service upon all parties be filed. Plaintiff's purported Motion contains no proof of service. Dkt. 12-1.

before this Court. Dkt. 15. Also pending before this Court is a Motion to Dismiss filed on behalf of defendants Zalepka and Beveridge. Dkt. 9. Given that no parties have answered and given that two Motions to Dismiss are presently pending before this Court, Plaintiff's Motion for Summary Judgment is premature. Assuming, *arguendo*, that Plaintiff's Complaint is not dismissed as to Defendant, there has been no discovery conducted in this matter. As a matter of law, this Court could not find that no dispute of material fact exists when the pleadings have not closed and discovery has yet to commence. Therefore, this Court must dismiss Plaintiff's Motion for Summary Judgment.

## **CONCLUSION**

For the foregoing reasons, Defendant Hampton Behavioral Health respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment as it is premature and procedurally inappropriate.

**CERTIFICATION**

I, Michael W. Bootier, Esquire hereby certifies that a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Summary Judgment was served via this Court's electronic filing system upon the following on February 6, 2025:

Bradley Clonan
2604 Rhododendron Drive
Abingdon, MD 21009
***Plaintiff***

John M. Hockin, Jr.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
***Attorneys for Defendants, Lauren Zalepka and Glenn Beveridge***

Respectfully submitted,

Date: February 6, 2025

By: /s/ Michael W. Bootier
Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
Buchanan Ingersoll & Rooney
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com
*Attorneys for Defendant Hampton Behavioral Health Center*