**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRADLEY CLONAN, ET AL.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL.,**<br><br>**Defendants.** | **Civil Case No. 3:24-CV-11399-RK-RLS** |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**RONAN, TUZZIO & GIANNONE, P.C.**
**4000 Route 66**
**One Hovchild Plaza, Suite 231**
**Tinton Falls, New Jersey 07753**
**(732) 922-3300**
**Attorneys for Defendants, Lauren Zalepka,Glenn Beveridge, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen**

**Of Counsel and on the Brief:**
John M. Hockin, Jr. (ID # 029882007)

# TABLE OF CONTENTS

1. Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

2. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3. Point I

THE COMPLAINT MUST BE DISMISSED, WITH PREJUDICE, AS TO ALL OF THE MMC DEFENDANTS, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED. . . . . . . . . . . . . . . 2

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..17

## TABLE OF AUTHORITIES

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). . . . . . . . . . . . . 2, 3, 4, 7, 9, 15

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). . . . . . . . . . . . . . . . . .. .2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15, 16

Moore v. Casselberry, 584 F.Supp.2d 580, 582 (W.D.N.Y. 2008) . . . . . . . . . . . . . . . . . 6

Polanco v. Omnicell, Inc., 988 F.Supp.2d 451, 469 (D.N.J. 2013) . . . . . . . . . . . . . . . . . 8

Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n, 531 U.S. 288, 295 (2001) . 11, 12

Benn v. Universal Health Sys., Inc., 371 F.3d 165, 170 (3d Cir. 2004) . . . . . . . . 11, 12, 13

**Statutes & Regulations:**

42 U.S.C. § 12132. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

N.J.A.C. 8:43G-4.1(a)(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

45 C.F.R. § 164.524. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

45 C.F.R. § 164.506. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

N.J.S.A. 2A:53A-27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

N.J.S.A. 2A:53A-29. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11, 12

**Rules:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . .2, 3, 4, 7, 8, 9, 10, 11, 13, 14, 15, 16,17

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Fed. R. Civ. P. 10(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

## STATEMENT OF FACTS

On or about December 20, 2024, plaintiff *pro se*, Bradley Clonan (hereinafter "plaintiff"), filed a complaint in the United States District Court for the District of New Jersey against numerous defendants, alleging numerous issues and damages stemming from an involuntary mental health commitment that took place in 2023. This firm's motion to dismiss all claims against two of those defendants, Lauren Zalepka, Esq. and Glenn Beveridge, Esq. of Ronan, Tuzzio & Giannone, P.C., is currently pending before this Court.

This firm has now been retained to represent several other defendants: Monmouth Medical Center (improperly pled as "RWJBarnabas Health – Monmouth Medical Center"), the Estate of Mohsen Rehim, M.D. (improperly pled as "Mohsen Rehim, M.D."), Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen (hereinafter collectively referred to as the "MMC defendants"). The present motion seeks the dismissal of all claims against the MMC defendants for failure to state a claim upon which relief can be granted.

With respect to the MMC defendants, the complaint appears to allege violations of mandatory state grievance procedures, falsification of medical records, violations of patient rights, cover-up of misconduct regarding false records, unauthorized restrictions on plaintiff's ability to communicate, violations of clinical practice, and violations of administrative procedures. It is not clear from the face of the complaint whether all or some of these allegations are specifically meant to apply to the MMC defendants or to other defendants. It

is also not clear whether any other allegations are intended to apply to the MMC defendants.

## LEGAL ARGUMENT

## POINT I

## THE COMPLAINT MUST BE DISMISSED, WITH PREJUDICE, AS TO ALL OF THE MMC DEFENDANTS, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED

### A. Applicable Law: Motion to Dismiss for Failure to State a Claim

*Fed. R. Civ. P. 12(b)(6)* provides that a party may assert a defense for "failure to state a claim upon which relief can be granted" by way of motion in lieu of filing a responsive pleading. The present motion is based on this provision.

To survive a motion filed pursuant to *Fed. R. Civ. P. 12(b)(6)*, a complaint must contain "enough factual matter (taken as true) to suggest" an element required to support its claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). There must be "plausible grounds" to support a claim. *Twombly*, 550 U.S. at 556. This does not constitute "a probability requirement"; instead, simply, a Complaint must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Ibid.* Certainly, "labels and conclusions" do not suffice, nor do "formulaic recitation[s] of the elements of a cause of action." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Ibid.*

Put simply, then, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint that is not plausible on its face—i.e., restricting analysis to the complaint itself, not any other documents—cannot survive a motion

to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a claim to have facial plausibility, the plaintiff must plead, in the complaint itself, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*

Further, and directly relevant to the complaint filed by plaintiff in this matter, *Fed. R. Civ. P. 8(a)(2)* requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which is necessary to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

As set forth below, it is clear that plaintiff's complaint cannot meet this standard as to the MMC defendants. Plaintiff has not nearly pled "enough facts to state a claim to relief that is plausible on its face." The limited factual content contained in the complaint is wholly insufficient to permit this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Additionally, the complaint is so vague and imprecise, both with respect to the nature of plaintiff's claims and to which of the numerous defendants they may or may not be directed, that it fails to provide MMC defendants with "fair notice" of both "what the claim is and the grounds upon which it rests." A complaint cannot be permitted to stand where it is both deficient in terms of facts alleged and completely unclear as to the identity of its claims, the basis for those claims, and to whom those claims are even directed.

**B. Analysis of Plaintiff's Claims**

A careful analysis of the complaint confirms that it fails to allege facts even remotely sufficient to survive a motion to dismiss filed pursuant to *Fed. R. Civ. P. 12(b)(6)*. None of plaintiff's claims against the MMC defendants are supported by enough facts to state a

plausible claim of relief, nor are they clearly-pled enough to give the MMC defendants notice with respect to what, exactly, they are being asked to defend. Each of the claims that appears to be directed at the MMC defendants is discussed below.

**Violation of Grievance Procedures**

One of plaintiff's recurring claims against the MMC defendants is that they violated grievance procedures. One allegation in the complaint, for example, claims that MMC defendant Eric Carney "violated mandatory grievance procedures."

The complaint, however, contains no specific facts alleging what mandatory grievance procedures Mr. Carney allegedly violated, how he violated them, when he violated them, or how those violations damaged plaintiff. The same is true of plaintiff's other claims of violated grievance procedures by others beyond Mr. Carney.

Indeed, the only specific fact alleged by plaintiff in this regard is with respect to an error in a record as to plaintiff's discharge date. It has nothing to do with actual grievance procedures or how plaintiff's grievance was handled. It certainly does not give rise to any inference that the MMC defendants violated any mandatory grievance procedures.

These allegations, therefore, are merely conclusory, with no factual support whatsoever. They fail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. Therefore, these claims must be dismissed as against the MMC defendants pursuant to *Fed. R. Civ. P. 12(b)(6).*

**Creation, Maintenance, and Cover-Up of Falsified Records**

Plaintiff also alleges that all defendants, including the MMC defendants, created, maintained, and falsified his records. He claims that essentially all practitioners who came into contact with him either created and/or maintained false records.

As with plaintiff's other claims, a key issue with these claims is plaintiff's failure to plead sufficient facts to permit the court to draw a reasonable inference of liability on the part of the MMC defendants. As explained below, there are other, equally-serious, issues with these claims that require their dismissal.

Plaintiff alleges, for example, that an individual named "Theo" provided false information in screening records, including that 1) plaintiff over-used prescription medications and 2) drove directly from Maryland to New Jersey, without stopping in-between, in order to justify plaintiff's continued commitment. Plaintiff, however, fails to allege why or how "Theo" would have falsified his records. He also fails to allege any facts regarding the screening process or how this information, if falsified, would have impacted or contributed to his commitment. Plaintiff does not allege, for example, that any psychiatrist relied upon information provided by "Theo" to involuntarily commit him. There are simply no alleged facts of this kind anywhere in the complaint.

Plaintiff also claims that statements labeled as "paranoid" or "hallucinations" are verifiable. He alleges facts regarding a "data breach incident," the "attempted return of company property," and a "suspicious person incident." The complaint provides no factual context as to the potential significance of these items. While the complaint implies that these are items regarding which some professional(s) deemed plaintiff to have been "paranoid" or that they were characterized as "hallucinations," there are insufficient facts in the complaint to

draw a nexus between any allegedly-false assessment of plaintiff and these items. It is also unclear which defendant(s), exactly, labeled plaintiff's statements as "paranoid" or "hallucinations," as plaintiff does not specify.

Further, plaintiff claims that unspecified providers were deliberately ignorant of statements that he and his wife gave, but he fails to allege any facts as to what those statements actually were. Similarly, while plaintiff mentions "required correction protocols" regarding incorrect records, he does not specify what those protocols were or how any defendant failed to follow them.

As such, the complaint provides essentially no factual allegations to explain how false records were created, maintained, and/or utilized to justify plaintiff's involuntary commitment. Instead, although plaintiff alleges falsifications, he fails to allege the facts necessary to suggest the existence of a plausible claim based on those alleged falsifications.

Indeed—and perhaps most critically—although plaintiff claims his records are incorrect, the complaint does not explain the connection between the alleged-incorrectness of those records and any actual injury he has suffered. Plaintiff does not set forth any statute, constitutional right, or other law or right that was allegedly violated by these allegedly-false records. If plaintiff were alleging a constitutional claim regarding these allegedly-false records, same would not be a valid claim. "There is no basis for a constitutional claim alleging the mere filing of a false report." *Moore v. Casselberry*, 584 F.Supp.2d 580, 582 (W.D.N.Y. 2008). If plaintiff were alleging a specific statutory claim instead, he would need to identify the statute(s) on which his claims were grounded. He failed to do so.

Finally, *Fed. R. Civ. P. 9(b)* requires a plaintiff "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake." Thus, there is an elevated pleading standard applicable to allegations of fraud or mistake. Plaintiff's failure to plead any facts regarding how his allegedly-false records were created, maintained, and/or utilized to justify his involuntary commitment does not even meet the standard set forth by *Fed. R. Civ. P. 12(b)(6)*, much less the higher standard demanded by *Fed. R. Civ. P. 9(b)*.

These claims, therefore, clearly must be dismissed as against the MMC defendants pursuant to *Fed. R. Civ. P. 12(b)(6)*. They completely fail to meet the standard established by *Fed. R. Civ. P. 9(b)*. Even if pled with sufficient facts, no constitutional claim could arise from these allegations. If plaintiff were making a statutory claim, he would need to specify the statute(s) on which such claim is based. As with the other claims discussed above, plaintiff has failed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. These claims are not actionable and must be dismissed.

**ADA Compliance Violations**

A section of the complaint alleges violations of the Americans with Disabilities Act (ADA)—specifically, of 42 U.S.C. § 12132. However, plaintiff does not even allege that he belongs (or belonged) to an ADA-protected class, nor does he allege any specific ADA violations by any specific defendants.

This is, simply, another bare, conclusory allegation, without more. Plaintiff must, at the very least, allege facts setting forth 1) the ADA-protected class to which he allegedly belongs;

2) how and when his rights pursuant to the ADA were violated; and 3) which specific defendants violated the ADA. Plaintiff has not pled any such facts. Therefore, the MMC defendants have no notice of what the claim is and the ground upon which it rests. This claim must also be dismissed as against the MMC defendants pursuant to *Fed. R. Civ. P. 12(b)(6).*

**Regulatory Compliance Violations, Including HIPAA Violations**

Plaintiff alleges regulatory compliance violations, including violations of *N.J.A.C.* 8:43G-4.1(a)(14) and violations of two HIPAA regulations: 45 C.F.R. § 164.524 and 45 C.F.R. § 164.506.

As with ADA compliance violations, plaintiff has pleaded no specifics at all with respect to which specific defendants allegedly violated these provisions. Further, he failed to plead any facts to indicate that any such violations would be actionable by a private citizen.

There is, in fact, no private right of action for HIPAA violations. Enforcement actions of HIPAA violations are "within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens." *Polanco v. Omnicell, Inc.*, 988 F.Supp.2d 451, 469 (D.N.J. 2013). Thus, it is plain that plaintiff's claims of HIPAA violations must be dismissed because plaintiff has no standing to bring such claims.

As for plaintiff's claims pursuant to *N.J.A.C.* 8:43G-4.1(a)(14) and other, more general, claims of regulatory compliance violations, those claims—as with plaintiff's other claims—have no basis of clear factual allegations in the complaint. Plaintiff does not set forth who violated these regulations, how they specifically violated these regulations, or when they violated these regulations. There is not nearly enough factual information tied to these claims

for the MMC defendants to be able to discern what, exactly, they are defending—if these claims are even directed at them. There are numerous defendants named with a lack of specificity as to what claims apply to which defendants. Plaintiff, again, has failed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

These claims, therefore, must also be dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)*. There is no private cause of action as to the alleged HIPAA violations; plaintiff has failed to set forth sufficient facts to support his other, non-HIPAA-based allegations.

**Professional Standards Violations**

Plaintiff alleges professional standards violations—again, not as to specific defendants but, presumably, to all defendants—based on a claim that he was declared to not be a danger to himself or others but, nevertheless, was not allowed to leave a psychiatric treatment facility.

As with the other claims, this claim is so lacking in specific factual allegations that it is impossible to determine to what, exactly, plaintiff is referring. He does not point to any specific practitioner, for example, who both declared him not a danger to himself or others and refused to allow him to leave a facility. He does not even specify at which facility this allegedly occurred. The MMC defendants certainly do not have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. These claims are not sufficiently clear or specific to survive dismissal pursuant to *Fed. R. Civ. P. 12(b)(6)*.

As a final note regarding these particular claims, plaintiff's claims of professional standards violations sound in terms of professional—specifically, medical—malpractice.

*N.J.S.A.* 2A:53A-27 requires that a plaintiff provide, within 60 days of the filing of an answer by a defendant, an affidavit of merit against such defendant if that defendant is alleged to have deviated from the applicable standard of care. While plaintiff is not yet out of time to provide affidavits against the various defendants in this case, *N.J.S.A.* 2A:53A-29 will require the dismissal of plaintiff's claims of "professional standards" violations if he fails to timely provide affidavits of merit.

**Violations of State Procedures**

A section of the complaint alleges "systemic violations of state procedures." However, it completely fails to specify what those state procedures are, who violated them, or how they were violated. Additionally, plaintiff does not plead any facts to suggest that such violations would be actionable by a private citizen.

The MMC defendants certainly do not have "fair notice" of these claims, as with the rest of the claims contained in the complaint. They must be dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)*.

**Constitutional Claims Pursuant to 42 U.S.C. § 1983**

The complaint only contains passing references to 42 U.S.C. § 1983 in its "Jurisdiction and Venue" section. Nevertheless, it also alleges a host of federal constitutional violations, including violations of the First, Fourth, and Fourteenth Amendments, along with allegations that institutional, administrative, and individual defendants acted under color of state law. Thus, plaintiff appears to be asserting constitutional claims against some or all defendants pursuant to 42 U.S.C. § 1983.

Like plaintiff's other claims, the complaint does not contain specific factual allegations with respect to who violated what constitutional rights of plaintiff, when those violations took place, how they took place, or how plaintiff was injured by them. These claims are far too vague to give the MMC defendants any real notice as to what it needs to defend. For that reason, these claims must also be dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)*.

However, in addition to that, the MMC defendants were not acting under color of law pursuant to 42 U.S.C. § 1983. They were not state actors. As such, even if these claims were properly-pled, they would not be actionable against the MMC defendants because they are only actionable against state actors.

"[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted). That "close nexus" may result from, by way of several examples, 1) a State's "exercise of coercive power"; 2) the "significant encouragement, either overt or covert," provided by the State; 3) a private actor operating "as a willful participant in joint activity with the State or its agents"; 4) a private entity that "is controlled by an agency of the State"; 5) a private actor "delegated a public function by the State"; or 6) a private actor "entwined with governmental policies" or with the government "entwined in its management or control." *Id.* at 296 (internal quotation marks omitted).

In *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 170 (3d Cir. 2004), the plaintiff, who was involuntarily committed, argued that the private defendants involved in his commitment "were state actors because they were acting pursuant to [Pennsylvania's Mental

Health Procedures Act].” The Court held that the defendants were not state actors, noting that other federal courts of appeals, and district courts in the Third Circuit, “support the conclusion that persons who petition for the involuntary commitment of others are not state actors.” *Id.* at 173.

In so holding, the Court noted that 1) the Pennsylvania Mental Health Procedures Act did not coerce the defendants to apply for the plaintiff’s commitment; 2) the Act did not provide “significant encouragement” to apply for commitment; 3) the defendants were not “willful participants in joint activity with the State or its agents”; 4) no private individuals were actually controlled by a Pennsylvania agency; 5) the ability to apply for the commitment of an individual was not a “public function” delegated to private individuals, because such function was not “traditionally the exclusive prerogative of the State”; and 6) there was no “entwinement” between the State and the defendants. *Id.* at 171-73.

Pursuant to *Brentwood* and *Benn*, the MMC defendants were clearly not “state actors” acting under color of law pursuant to 42 U.S.C. § 1983. While the procedures that led to plaintiff’s involuntary commitment are outlined by statute, the fact that a law governs the process certainly does not mean that a private defendant, acting in accordance with that law, is a state actor.

Indeed, the MMC defendants are arguably in the same position as the defendants in *Benn*, who, like the MMC defendants, were merely involved in the commitment of an individual, without any involvement of the State. Plaintiff has not alleged that New Jersey’s involuntary commitment law so differs from the Pennsylvania Mental Health Procedures Act as to have “coerced” or “significantly encouraged” the MMC defendants to involuntarily commit

plaintiff. Plaintiff has not alleged any facts to the effect that the MMC defendants were "willful participants in joint activity with the State or its agents," nor that any of the MMC defendants were controlled by a New Jersey State agency. Further, Plaintiff has not argued that applications for involuntary commitment were "traditionally the exclusive prerogative of" the State of New Jersey, for which argument there would be no support in reality—especially given the holdings of courts regarding other states, such as Pennsylvania (in *Benn*), on that question. Finally, plaintiff does not allege any facts suggesting "entwinement" between the MMC defendants and the state.

Therefore, even if these claims had been pled in a manner with sufficient facts and clarity to survive *Fed. R. Civ. P. 12(b)(6)* dismissal—which they were not—they would still need to be dismissed because the MMC defendants are not state actors.

**Other Claims in the Complaint**

Various other claims asserted by plaintiff, such as those specifying non-MMC defendants and those regarding inter-facility protocols, do not appear to apply to the MMC defendants. For example, plaintiff asserts, in the "continuation of rights violations and denial of due process" section of the complaint, that there was no basis for his continued detention while he was located at Hampton Behavioral Health Center. Those events all occurred after the involvement of the MMC defendants had concluded with respect to plaintiff's involuntary commitment.

If plaintiff intends for any of these other claims to also apply to the MMC defendants, the complaint is too vague to sufficiently place the MMC defendants on notice of these claims. Once again, there is no "fair notice" to the MMC defendants of these claims. They must be

dismissed as against the MMC defendants as a result.

### C. Analysis of the Form of the Complaint

In addition to the fact that all of plaintiff's claims fail against the MMC defendants because plaintiff failed to plead sufficient facts to support those claims, the form of the complaint is also entirely deficient.

*Fed. R. Civ. P. 10(b)* requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff did not even attempt to comply with this rule.

Though it governs the form of a complaint specifically, *Fed. R. Civ. P. 10(b)* has great practical importance because compliance with its requirements ensures that a defendant can respond to a complaint. A defendant can answer a complaint with numbered paragraphs by referring specifically to each of the numbered paragraphs in the complaint and addressing them separately in corresponding numbered paragraphs in the answer.

That is an impossibility here. There are *no numbered paragraphs* in the complaint. Instead, there are merely a series of outlines, bullet points, and lists. There is nothing to which a defendant could coherently respond in an answer.

Therefore, in addition to the deficiencies described above, the complaint must also be dismissed pursuant to *Fed. R. Civ. P. 12(b)(6)* because plaintiff's failure to comply with *Fed. R. Civ. P. 10(b)* renders it impossible to respond to the complaint by way of a coherent answer.

**D. Conclusion**

To survive a motion filed pursuant to *Fed. R. Civ. P. 12(b)(6)*, a complaint must contain "enough factual matter (taken as true) to suggest" an element required to support its claim. *Twombly*, 550 U.S. at 556. It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must also give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

In other words, a complaint must, at the least, allege specific facts about what specific defendants did. It must allege, for example, that defendant A took course of action B, which violated law C. It must be clear as to which defendant did what and how it injured the plaintiff. It must give notice to the various defendants as to what claims are being asserted against each of them.

Here, plaintiff's complaint does not nearly accomplish that goal. It lists a number of defendants and, separately, lists a number of alleged violations. It does not specify which defendants committed which violations—let alone when, how, or why those violations were committed. In most instances, it does not even point to any specific law that was violated. It also alleges only scant facts regarding those violations.

In short, a complaint must, in plain terms, set forth who did what, when it was done, where it was done, why it was done, and how it damaged the plaintiff. The allegations contained in a compliant cannot be so vague as to render it impossible to defend. The

compliant here falls into that category. It is effectively impossible to determine what, exactly, the MMC defendants need to defend against. It is entirely unclear what plaintiff alleges any specific MMC defendant did or did not do. Plaintiff's failure to comply with *Fed. R. Civ. P. 10(b)* only compounds these issues further.

Therefore, plaintiff's complaint against *all* of the MMC defendants must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P. 12(b)(6)*. A complaint fails to contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, where—as here—it is impossible to tell, from the face of the complaint, what plaintiff is specifically alleging any given defendant did.

## CONCLUSION

For the reasons set forth above, Defendants, Monmouth Medical Center (improperly pled as "RWJBarnabas Health – Monmouth Medical Center"), the Estate of Mohsen Rehim, M.D. (improperly pled as "Mohsen Rehim, M.D."), Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen, respectfully request that the Complaint be dismissed, with prejudice, pursuant to *Fed. R. Civ. P. 12(b)(6)*, for plaintiff's failure to state a claim upon which relief can be granted against them.

**RONAN, TUZZIO & GIANNONE, P.C.**

BY: /s/ John M. Hockin, Jr.

Dated: February 21, 2025

JOHN M. HOCKIN, JR.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
Phone (732) 922-3300
Fax (732) 918-8505
Jhockin@ronanlaw.com
Attorneys for Defendants, **Lauren Zalepka, Glenn Beveridge, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen**