UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRADLEY CLONAN, ET AL.,**<br><br>Plaintiff,<br><br>vs.<br><br>**CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL.,**<br><br>Defendants. | **Civil Case No. 3:24-CV-11399-RK-RLS**<br><br>**MOTION RETURN DATE:**<br>**March 17, 2025** |

___

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**
___

**Of Counsel and on the Brief:**
John M. Hockin, Jr. (ID # 029882007)

**RONAN, TUZZIO & GIANNONE, P.C.**
**4000 Route 66**
**One Hovchild Plaza, Suite 231**
**Tinton Falls, New Jersey 07753**
**(732) 922-3300**

**Attorneys for Defendants, Lauren Zalepka, Glenn Beveridge, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen**

## **TABLE OF CONTENTS**

1. Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

2. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3. Point I

    PLAINTIFF'S OPPOSITION DOES NOT SET FORTH ANY VALID CLAIMS AGAINST THE MMC DEFENDANTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..10

# **TABLE OF AUTHORITIES**

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). . . . . . . . . . . . . . . . . . . . . . 3, 8

Ashcroft v. Iqbal, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) . . . . . . . . . . . . . . .8

**Statutes & Regulations:**

42 C.F.R. § 482.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

*N.J.A.C.* 8:43G-4.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

42 U.S.C. § 1395cc(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 7

**Rules:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 3, 4, 5, 7, 8, 9, 10

*Fed. R. Civ. P. 10(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

## **STATEMENT OF FACTS IN REPLY TO PLAINTIFF'S OPPOSITION**

Plaintiff *pro se*, Bradley Clonan (hereinafter "plaintiff"), appears to have made two separate filings in opposition to the present motion to dismiss all claims against Monmouth Medical Center (improperly pled as "RWJBarnabas Health – Monmouth Medical Center"), the State of Mohsen Rehim, M.D. (improperly pled as "Mohsen Rehim, M.D."), Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen (hereinafter collectively referred to as the "MMC defendants"). The first filing was made on February 25, 2025 and includes four exhibits. The second filing was made on March 4, 2025 and includes six separate exhibits.

For purposes of the present reply brief, these two filings will be considered as, and referred to as, collectively, plaintiff's opposition to the MMC defendants' motion to dismiss.

Plaintiff sets forth several factual allegations in his opposition, including 1) that false information was used to justify his involuntary commitment; 2) that plaintiff reported data breaches to other individuals; 3) that plaintiff's wife called the police regarding a suspicious person; 4) that there are inaccuracies in plaintiff's records, such as with respect to his weight and whether he uses dentures; and 5) that plaintiff's records do not provide a justification for his involuntary commitment.

While some of these alleged facts are contained within the complaint itself, the scope of these allegations in plaintiff's opposition is broader than in the complaint itself.

Further, the exhibits attached to plaintiff's opposition, inclusive of medical record excerpts, emails, EZ-pass records, and other documents, are not attached to the complaint itself.

1

## **LEGAL ARGUMENT**

## **POINT I**

## **PLAINTIFF'S OPPOSITION DOES NOT SET FORTH ANY VALID CLAIMS AGAINST THE MMC DEFENDANTS**

On opposition, plaintiff does not directly argue that the MMC defendants' motion should be denied. Rather, he argues that "the events that occurred are a matter of public concern and must be addressed, and go well beyond simple 'medical malpractice.'" He states that "[t]hose responsible for these violations must be held accountable" and that his "family deserves closure." Plaintiff also requests oral argument.

Plaintiff, therefore, makes no argument as to why his complaint should survive review pursuant to *Fed. R. Civ. P. 12(b)(6)* as against the MMC defendants. He makes no argument for the legal sufficiency of the complaint. Rather than arguing why the complaint itself is sufficient to state a claim against the MMC defendants, plaintiff essentially asserts that he has been wronged and that these alleged wrongs should be redressed. That, of course, does not address the insufficiency of the complaint itself.

Because plaintiff fails to directly address the MMC defendants' arguments or to provide any reason why the complaint passes muster pursuant to *Fed. R. Civ. P. 12(b)(6)*, the MMC defendants' motion must be granted. In any event, for purposes of completeness, the MMC defendants shall address each of plaintiff's contentions below.

I.   **Direct Responses to Plaintiff's Arguments on Opposition**

   a.  **Violation of Grievance Procedures**

Plaintiff, on opposition, alleges that the MMC defendants violated the patient grievance procedures set forth in 42 C.F.R. § 482.13. He also alleges that the MMC

2

defendants 1) made false statements, 2) prevented plaintiff from accessing his medical records, and 3) failed to provide records in a language he can understand. Allegations 1) through 3), though made in the section of plaintiff's opposition regarding grievance procedures, do not appear to be directly related to the grievance procedures themselves.

Plaintiff, however, did not cite 42 C.F.R. § 482.13 anywhere in his complaint. Additionally, even in his opposition, plaintiff merely states—in conclusory fashion—that the MMC defendants "disregarded state mandated formal grievance procedures and protocols." He fails to set forth any factual allegations regarding how these procedures were allegedly violated, when they were allegedly violated, or how these alleged violations damaged him. The complaint similarly fails to contain any such factual allegations. For purposes of *Fed. R. Civ. P. 12(b)(6)* review, the complaint must contain such factual allegations, which even the opposition is lacking.

Therefore, nothing in plaintiff's opposition changes the fact that he has failed to state a claim against the MMC defendants regarding alleged violations of grievance procedures.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that is not plausible on its face cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a claim to have facial plausibility, the plaintiff must plead, in the complaint itself, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*

Neither the complaint nor plaintiff's opposition contains sufficient factual content to state a claim on this issue. The complaint must be dismissed.

### b. *N.J.A.C.* 8:43G-4.1

Plaintiff also argues that neither he, nor a designated caregiver, has "ever been given an explanation" they can understand as to why he was involuntarily committed, "due to the severe number of discrepancies amongst healthcare providers, and charts."

While the complaint contains a citation to *N.J.A.C.* 8:43G-4.1(a)(14), plaintiff's allegation tied to that citation is simply as follows: "Denial of medical communication, unjustified access restrictions, and interference with my right to medical care." That is a somewhat different assertion than that is contained in the opposition. Additionally, plaintiff's assertions on opposition regarding alleged "discrepancies" between healthcare providers and his "charts" would seem to contradict the claim, contained in the complaint, that he was denied access to his medical records.

Regardless, as with plaintiff's claims regarding grievance procedures, the issue is whether the complaint alleges sufficient facts to survive a motion filed pursuant to *Fed. R. Civ. P. 12(b)(6)*. Nothing in plaintiff's opposition changes the fact that the complaint does not do so. The allegations contained in the opposition similarly do not give rise to an actionable claim. Plaintiff does not assert which specific MMC defendants allegedly refused to provide him with an explanation pursuant to *N.J.A.C.* 8:43G-4.1 or when they so refused. In alleging "discrepancies" between healthcare providers, he seems to acknowledge that justifications were given—he simply found them to be contradictory. If

4

that is the case, plaintiff will need to provide an affidavit of merit from a qualified professional to establish that the reasons for his involuntary commitment were insufficient.

### c.  42 U.S.C. § 1395cc(f)

As with 42 C.F.R. § 482.13, Plaintiff cites to 42 U.S.C. § 1395cc(f) in his opposition, but he did not cite to this statute in the complaint itself.  The complaint does not allege that any defendant violated this statute.

In any event, this statute does not even stand for the argument asserted by plaintiff with respect to it.  He claims, without basis or legal support, that the statute "[i]mplicitly protects patients who exercise these rights from retaliation."  Further, plaintiff fails to assert that there is even a private cause of action with respect to 42 U.S.C. § 1395cc(f).

In terms of his allegations with respect to this statute, plaintiff merely states, in a conclusory manner, that "MMC defendants and lawyers retaliated."  He does not allege any facts as to which specific defendants retaliated against him, how these defendants retaliated against him, when they retaliated against them, or what the repercussions of those alleged retaliations were.

Because plaintiff did not allege any violations of 42 U.S.C. § 1395cc(f) in the complaint, no such allegations are relevant to this motion.  Regardless, even if the allegations contained in the opposition pursuant to 42 U.S.C. § 1395cc(f) were contained in the complaint, their dismissal would be required pursuant to *Fed. R. Civ. P. 12(b)(6)*.  These allegations are based on a misreading of 42 U.S.C. § 1395cc(f)—a statute for which plaintiff does not even claim a private cause of action exists—and are entirely conclusory in nature, without the support of any specifically-alleged facts.

5

### d. Generalized Allegations

Within the section labeled "BRIEF" at the start of plaintiff's March 4, 2025 filing are a number of newly-asserted factual allegations and arguments, provided in narrative form. Though this filing was apparently made in response to the MMC defendants' present motion to dismiss, it contains factual allegations against other defendants. For example, plaintiff alleges that hospital staff at CentraState Medical Center made false statements to the police. CentraState is not one of the MMC defendants. Its staff members are not among the MMC defendants. These allegations, therefore, in addition to not being contained in the complaint, are apparently not even directed at the moving parties.

### e. Constitutional Claims

Plaintiff sets forth that the legal basis of his claims comes from 1) the First Amendment of the United States Constitution and 2) the due process clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution.

Plaintiff, however, merely references these constitutional amendments and discusses them, without citations to any authority. Critically, he does not explain the alleged nexus between these amendments and his claims.

The complaint itself appears to assert these constitutional claims pursuant to 42 U.S.C. § 1983. However, it does not allege any facts regarding who violated which of plaintiff's constitutional rights, when those violations took place, how they took place, or how plaintiff was injured by them. It does not contain nearly enough factual information to put the MMC defendants on notice as to what they are defending.

6

The opposition also fails to address the fact—raised specifically in the MMC defendants' moving brief—that the MMC defendants are not state actors and were not acting under color of law pursuant to 42 U.S.C. § 1983. The MMC defendants, therefore, cannot be held responsible for any alleged constitutional violations because they are not in a position to violate the constitution.

## II. Issues Not Addressed by Plaintiff

On opposition, plaintiff failed to address a number of key issues raised in the MMC defendants' moving brief. These include issues requiring the *Fed. R. Civ. P. 12(b)(6)* dismissal of the following classes of potential claims set forth in the complaint: 1) claims regarding the alleged creation, maintenance, and cover-up of falsified records; 2) claims of ADA compliance violations; 3) claims of HIPAA violations; 4) professional standards violations; and 5) violations of state procedures. Although plaintiff addressed the MMC defendants' argument regarding his constitutional claims, he completely failed to address the MMC defendants' argument that they are not state actors and were not acting under color of law, rendering such argument as unopposed.

Additionally, plaintiff failed to address the fact that the complaint entirely fails to comply with the requirement of *Fed. R. Civ. P. 10(b)* that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff, further, failed to address the problem that no defendant can reasonably respond to the complaint in its current form, given its lack of numbered paragraphs, lack of clarity with respect to factual allegations, lack of clarity with respect

7

to claims, and lack of clarity with respect to which claims are intended to apply to which of the dozens of defendants.

Plaintiff's failure to address these numerous arguments from the MMC defendants' moving brief renders all such arguments as unopposed.

### III.    Final Remarks

To survive a motion filed pursuant to *Fed. R. Civ. P. 12(b)(6)*, a complaint must contain "enough factual matter (taken as true) to suggest" an element required to support its claim. *Twombly*, 550 U.S. at 556, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). There must be "plausible grounds" to support a claim. *Twombly*, 550 U.S. at 556. "[L]abels and conclusions" do not suffice. *Id.* at 555. A complaint that is not plausible on its face—i.e., restricting analysis to the complaint itself, not any other documents—cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ultimately, a complaint cannot merely set forth "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 *U.S.* at 678. "[N]aked assertions devoid of further factual enhancement" will fail. *Ibid.* (internal quotation marks omitted).

Plaintiff's complaint as against the MMC defendants fails this standard. It is both greatly deficient with respect to the facts it alleges and entirely unclear with respect to the very identities of its claims, the bases asserted in support of those claims, and the identifies of the specific defendants against whom each claim is directed.

Such a complaint cannot be permitted to stand, both because it fails to meet the standard of *Fed. R. Civ. P. 12(b)(6)* and because it is sufficiently vague so as to make

it

impossible for the MMC defendants—or any defendants, for that matter—to defend against it.  Plaintiff's opposition did not clarify or illuminate any aspect of the complaint and did not address most of the arguments contained in the MMC defendants' moving brief.

The complaint must be dismissed, with prejudice, as against all of the MMC defendants, for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P. 12(b)(6)*.

**CONCLUSION**

For the reasons set forth above, Defendants, Monmouth Medical Center (improperly pled as "RWJBarnabas Health – Monmouth Medical Center"), the Estate of Mohsen Rehim, M.D. (improperly pled as "Mohsen Rehim, M.D."), Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen, respectfully request that the Complaint be dismissed, with prejudice, pursuant to *Fed. R. Civ. P. 12(b)(6)*, for plaintiff's failure to state a claim upon which relief can be granted against them.

**RONAN, TUZZIO & GIANNONE, P.C.**

BY: /s/ *John M. Hockin, Jr.*

Dated: March 10, 2025

JOHN M. HOCKIN, JR.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
Phone (732) 922-3300
Fax (732) 918-8505
Jhockin@ronanlaw.com
Attorneys for Defendants, Lauren Zalepka, Glenn Beveridge, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, and Virginia Heggen