**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff<br>v.<br><br>CentraState Healthcare System/Atlantic Health System; RWJBarnabas Health – Monmouth Medical Center; Hampton Behavioral Health Center, et al.<br><br>Defendants. | Civil Docket No.: 3:24-cv-11399-RK-RLS |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) AND FED. R. CIV. P. 12(B)(1) BY DEFENDANT HAMPTON BEHAVIORAL HEALTH CENTER**

**BUCHANAN INGERSOLL & ROONEY PC**

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

*Attorneys for Defendant Hampton Behavioral Health Center*

TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 2

STANDARD OF REVIEW ........ 7

I. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6). ........ 7

II. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1). ........ 8

ARGUMENT ........ 9

I. PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE IT IS A SHOTGUN PLEADING THAT FAILS TO SATISFY RULES 8(A) AND 10(B). ........ 9

II. PLAINTIFF'S § 1983 CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE RESPONDING DEFENDANT IS NOT A STATE ACTOR. ........ 13

A. Plaintiff Has No Cause of Action for Alleged Violations of the Fourteenth Amendment. ........ 14

1. Hampton is not a State Actor. ........ 14

2. Plaintiff's Complaint fails to sufficiently plead a cause of action against Hampton for violations of the Fourteenth Amendment. ........ 18

III. PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE REHABILITATION ACT, CLAIMS FOR THE FALSIFICATION OF MEDICAL RECORDS, AND MEDICALMALPRACTICE MUST BE DISMISSED PURSUANT TO RULE 12(B)(6). ........ 20

A. Plaintiff Fails to State a Claim for Violations of the Rehabilitation Act. ........ 20

B. Plaintiff Fails to State a Claim for Falsification of Medical Records. ........ 22

C. Plaintiff Fails to State a Claim for Medical Malpractice. ........ 23

IV. PLAINTIFF'S CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1). ........ 24

A. Plaintiff Lacks Standing to Bring a Claim under Title III of the Americans with Disabilities Act. ........ 24

V. PLAINTIFF'S CLAIM FOR VIOLATION OF PATIENT RIGHTS UNDER N.J.A.C. 8:43G-4.1 MUST BE DISMISSED PURSUANT TO RULE 12(B)(1). ........ 27

VI. PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED PURSUANT TO RULE 12(B)(6). ........ 27

CONCLUSION ........ 28

# INDEX

*Arthur v. D.C. Hous. Auth.*, No. 18-cv-2037, 2020 WL 1821111 (D.D.C. Apr. 11, 2020)

*Bodor v. Horsham Clinic, Inc.*, No. Civ. A. 94-7210, 1995 WL 424906 (E.D. Pa. July 19, 1995)

*Doby v. Decrescenzo*, No. Civ. A. 94–3991, 1996 WL 510095 (E.D.Pa. Sept.9, 1996), *aff'd*, 118 F.3d 1575 (3rd Cir.1997)

*Foulke v. Twp. of Cherry Hill*, No. 23-CV-2543, 2024 WL 3568841 (D.N.J. July 29, 2024)

*Greenstein v. Sunitha Moonthungal, P.C.*, No. A-1233-11T1, 2013 WL 149658 (N.J. Super. Ct. App. Div. Jan. 15, 2013)

*Harris v. Pennsylvania Dep't of Corr.*, No. 13-2888, 2014 WL 941351 (E.D. Pa. Mar. 11, 2014)

*Hollinger v. Reading Health System*, No. 15-5249, 2016 WL 3762987 (E.D. Pa. July 14, 2016)

*Miretskaya v. Rutgers, State Univ. of New Jersey*, No. CV 20-14856 (RK) (JTQ), 2024 WL 3896627 (D.N.J. Aug. 21, 2024)

*Morales v. New Jersey*, No. 21-11548 (JXN) (AME), 2023 WL 5003891 (D.N.J. Aug. 3, 2023)

*N.M. v. Wyo. Valley W. Sch. Dist.*, No. 3:15-CV-01585, 2016 WL 2757395 (M.D. Pa. May 11, 2016)

*Pellecchia v. Cnty. of Burlington*, No. 22-4707 (CPO)(MJS), 2022 WL 17667906 (D.N.J. Dec. 13, 2022)

*Phillips v. St. Mary's Medical Center*, No. 12–2363, 2013 WL 1124372 (E.D. Pa. March 19, 2013)

*Radhakrishnan v. Pugliese*, No. 20-220 (ES) (MAH), 2021 WL 11593799 (D.N.J. May 21, 2021)

*Reddick v. Hicks*, No. 22-6926 (ZNQ) (RLS), 2023 WL 4579884 (D.N.J. July 18, 2023)

*Rivera v. Tennis*, No. 09-0888, 2010 WL 2838603 (M.D. Pa. May 20, 2010)

*Savacool v. Delaware Cnty. Dep't of Mental Health & Mental Retardation*, No. Civ. A. 92-2142, 1993 WL 21209 (E.D. Pa. Jan. 25, 1993)

*Toussaint v. Szeto*, No. 22-2446, 2022 WL 1541545 (D.N.J. May 13, 2022)

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Franklin Institute*,
185 F.Supp.3d 628 (E.D. Pa. 2016) ....................24

*Anderson v. Macy's Inc.*,
943 F.Supp.2d 531 (W.D. Pa. 2013)....................24, 25, 26

*Arthur v. D.C. Hous. Auth.*,
No. 18-cv-2037, 2020 WL 1821111 (D.D.C. Apr. 11, 2020)....................21

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................5, 7, 8, 16, 19

*Ayres v. Jacobs & Crumplar, P.A.*,
99 F.3d 565 (3d Cir. 1996)....................1

*Bartol v. Barrowclough*,
251 F. Supp. 3d 855 (E.D. Pa. 2017) ....................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5, 7, 19, 20

*Benn v. Universal Health Sys., Inc.*,
371 F.3d 165 (3d Cir. 2004)....................15,16,17

*Bodor v. Horsham Clinic, Inc.*,
No. Civ. A. 94-7210, 1995 WL 424906 (E.D. Pa. July 19, 1995)....................18

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*,
531 U.S. 288 (2001)....................15

*Chainey v. St.*,
523 F.3d 200 (3d Cir. 2008)....................13

*County of Sacramento v. Lewis*,
523 U.S. 833 (1998)....................19

*D.E. v. Dauphin Sch. Dist.*,
765 F.3d 260 (3d Cir. 2014)....................20

*I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*,
842 F.Supp.2d 762 (M.D.Pa.2012) ....................7

*Diegene Corp. v. Ventana Med. Sys., Inc.*,
476 F. Supp. 2d 444 (D. Del. 2007)....................10

*Doby v. Decrescenzo*,
No. Civ. A. 94–3991, 1996 WL 510095 (E.D.Pa. Sept.9, 1996), aff'd, 118 F.3d 1575 (3rd Cir.1997)....................18

*Doe v. Nat'l Bd. Of Med Examiners*,
199 F.3d at 153....................25

*Doe v. Nat'l Bd. of Med. Examiners*,
210 Fed.Appx. 157 (3d Cir. 2006)....................25

*Erickson v. Pardus*,
551 U.S. 89 (2007)....................7

*Feldman v. Philadelphia Housing Authority*,
43 F.3d 823 (3d Cir.1994)....................28

*Flagg Bros., Inc. v. Brooks*,
436 U.S. 149 (1978)....................13

*FOCUS v. Allegheny County Court of Common Pleas*,
75 F.3d 834 (3d Cir.1996)....................8

*Foulke v. Twp. of Cherry Hill*,
No. 23-CV-2543, 2024 WL 3568841 (D.N.J. July 29, 2024)....................11

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)....................7,8

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990)....................8

*Great W. Mining Co. v. Fox Rothschild LLP*,
615 F.3d 159 (3d Cir. 2010)....................8

*Greenstein v. Sunitha Moonthungal, P.C.*,
No. A-1233-11T1, 2013 WL 149658 (N.J. Super. Ct. App. Div. Jan. 15, 2013)....................27

*Groman v. Twp. of Manalapan*,
47 F.3d 628 (3d Cir. 1995)....................13

*Harris v. Pennsylvania Dep't of Corr.*,
No. 13-2888, 2014 WL 941351 (E.D. Pa. Mar. 11, 2014)....................22

*Harvey v. Harvey*,
949 F.2d 1127 (11th Cir.1992)....................15, 18

*Harvey v. Plains Twp. Police Dep't*,
635 F.3d 606 (3d Cir. 2011)....................13

*Heinzl v. Starbucks Corp.*,
No. Civ. A. 14-1316, 2015 WL 1021125 (W.D. Pa. Mar. 9, 2015) ....................25

*Hill v. Borough of Kutztown*,
455 F.3d 225 (3d Cir. 2006)....................18

*Hollinger v. Reading Health System*,
No. 15-5249, 2016 WL 3762987 (E.D. Pa. July 14, 2016) ....................25, 26

*Hooper v. City of St. Paul*,
2019 WL 4015443 (D. Minn. Aug. 26, 2019) ....................21

*Jackson v. Metropolitan Edison Co.*,
419 U.S. 345 (1974)....................16

*Janicsko v. Pellman*,
774 F.Supp. 331 (M.D.Pa.1991), aff'd, 970 F.2d 899 (3d Cir.1992) ....................16, 18

*Komlodi v. Picciano*,
217 N.J. 387 (2014) ....................23

*Lugar v. Edmondson Oil Co.*,
457 U.S. 922 (1982)....................13,16

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................8, 25

*Madison v. Jefferson Hosp.*,
373 Fed. App'x 141 (3d Cir. 2010)....................7

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013)....................8

*Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy*,
34 F.4th 190 (3d Cir. 2022) ....................13

*Miretskaya v. Rutgers, State Univ. of New Jersey*,
No. CV 20-14856 (RK) (JTQ), 2024 WL 3896627 (D.N.J. Aug. 21, 2024)....................15, 16

*Moore v. Casselberry*,
584 F. Supp. 2d 580 (W.D.N.Y. 2008)....................22

*Morales v. New Jersey*,
No. 21-11548 (JXN) (AME), 2023 WL 5003891 (D.N.J. Aug. 3, 2023)....................9

*Mortensen v. First Fed. Sav. and Loan Ass'n*,
549 F.2d 884 (3d Cir.1977)....................8

*N.M. v. Wyo. Valley W. Sch. Dist.*,
No. 3:15-CV-01585, 2016 WL 2757395 (M.D. Pa. May 11, 2016)....................22

*Natale v. Camden Cnty. Corr. Facility*,
318 F.3d 575 (3d Cir. 2003)....................23

*O'Shea v. Littleton*,
414 U.S. 488 (1974)....................25

*In re Orthopedic "Bone Screw" Prod. Liab. Litig.*,
132 F.3d 152 (3d Cir.1997)....................9

*Pellecchia v. Cnty. of Burlington*,
No. 22-4707 (CPO)(MJS), 2022 WL 17667906 (D.N.J. Dec. 13, 2022) ....................10

*Phillips v. St. Mary's Medical Center*,
No. 12–2363, 2013 WL 1124372 (E.D. Pa. March 19, 2013) ....................25

*Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*,
123 F.3d 111 (3d Cir.1997)....................8

*Radhakrishnan v. Pugliese*,
No. 20-220 (ES) (MAH), 2021 WL 11593799 (D.N.J. May 21, 2021) ....................9

*Reddick v. Hicks*,
No. 22-6926 (ZNQ) (RLS), 2023 WL 4579884 (D.N.J. July 18, 2023)....................10

*Rivera v. Tennis*,
No. 09-0888, 2010 WL 2838603 (M.D. Pa. May 20, 2010)....................22

*Rockwell v. Cape Cod Hosp.*,
26 F.3d 254 (1st Cir.1994)....................15,18

*Rosenberg v. C.R. Bard, Inc.*,
387 F. Supp. 3d 572 (E.D. Pa. 2019) ....................10

*S.H. v. Lower Merion Sch. Dist.*,
729 F.3d 248 (3d Cir. 2013)....................20

*Salyers v. A.J. Blosenski, Inc.*,
731 F. Supp. 3d 670 (E.D. Pa. 2024) ....................10

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir.2010)....................7

*Savacool v. Delaware Cnty. Dep't of Mental Health & Mental Retardation*,
No. Civ. A. 92-2142, 1993 WL 21209 (E.D. Pa. Jan. 25, 1993) ............................................18

*Simpson v. Potter*,
589 F. Supp. 2d 424 (D. Del. 2008).........................................................................20

*Smith v. Wade*,
461 U.S. 30 (1983)...................................................................................................28

*Spencer v. Lee*,
864 F.2d 1376 (7th Cir.1989) ...........................................................................15, 18

*Steel Co. v. Citizens for Better Env't*,
523 U.S. 83 (1998)......................................................................................................8

*Toussaint v. Szeto*,
No. 22-2446, 2022 WL 1541545 (D.N.J. May 13, 2022)........................................18

*U.S. Dept. of Transp. v. Paralyzed Veterans of Am.*,
477 U.S. 597 (1986).............................................................................................20, 21

*U.S. Sec. & Exch. Comm'n v. Mintz*,
723 F. Supp. 3d 386 (D.N.J. 2024) .........................................................................10

*Vibe Micro, Inc. v. Shabanets*,
878 F.3d 1291 (11th Cir. 2018) ..............................................................................12

*Washington v. Warden SCI-Greene*,
608 F. App'x 49 (3d Cir. 2015) ..................................................................................9

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ..............................................................................10

*West v. Atkins*,
487 U.S. 42 (1988).................................................................................................9,13

*In re Westinghouse Sec. Litig.*,
90 F.3d 696 (3d Cir.1996)...........................................................................................9

*Wishkin v. Potter*,
476 F.3d 180 (3d Cir.2007).......................................................................................20

**Statutes**

29 U.S.C. § 794..........................................................................................................4

42 U.S.C. § 1983................................................................................................ *passim*

42 U.S.C. § 12101 et seq..............................................................................................4

**Rules**

Fed. R. Civ. P. 4(e) .......... 1

Fed. R. Civ. P. 4(m) .......... 1

Fed. R. Civ. P. 8 .......... *passim*

Fed. R. Civ. P. 8(a) .......... 7, 9

Fed. R. Civ. P. 8(a)(2) .......... 7, 10

Fed. R. Civ. P. 8(d)(2) .......... 9

Fed. R. Civ. P. 9(b) .......... 19

Fed. R. Civ. P. 10 .......... 3, 9

Fed. R. Civ. P. 10(b) .......... 9

Fed. R. Civ. P. 12(b)(1) .......... *8*

Fed. R. Civ. P. 12(b)(2) .......... 1

Fed. R. Civ. P. 12(b)(6) .......... *8*

**Other Authorities**

42 CFR § 482.13 .......... 5

Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1325 .......... 9

N.J.A.C. 8:43G-4.1 .......... 2, 4, 27

## PRELIMINARY STATEMENT

Defendant Hampton Behavioral Health Center ("Hampton" or "Responding Defendant"), files this brief in support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6) and Federal Rules of Civil Procedure 12(b)(1).[1]

Plaintiff's original Complaint was dismissed, *sua sponte*, for failure to comply with Federal Rule of Civil Procedure 8. (ECF 25). The Court properly found that the claims were difficult to discern, and the "factual allegations underpinning these claims are indiscernible." (ECF 25, pp. 2-3). Plaintiff's First Amended Complaint ("FAC") fails to correct these deficiencies. Plaintiff's FAC is a "shotgun" pleading directed to thirty-four individually named defendants, and purports to assert several causes of action pursuant to 42 U.S.C. § 1983 related to his involuntary commitment in March of 2023. However, the FAC impermissibly lumps unrelated defendants together under each purported "count," and it is rife with conclusory allegations. The FAC accordingly fails to place Responding Defendant on notice of the claims being made against it and the basis for those claims and likewise fails to plead plausible facts sufficient to maintain a cause of action. The FAC fails to comply with both Federal Rules of Civil Procedure 8 and Federal Rules of Civil Procedure 10.

---

[1] Plaintiff's initial Complaint, filed on December 20, 2024, listed a number of individuals that Plaintiff purported to name as parties, including Michael Houdart, DO, Atta-ur Rehman, MD, and Anita Giunta. However, to date, plaintiff has not filed any proof of service, nor has he provided any good cause for the failure of service. *See* Fed. R. Civ. P. 4(m). Accordingly, these individuals have not been properly joined or served pursuant to Fed. R. Civ. P. 4(e). Therefore, this Court lacks personal jurisdiction over Dr. Houdart, Dr. Rehman, and Ms. Giunta. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal. . ." *Id*. Further, greater than ninety (90) days have passed since the filing of the initial Complaint. Accordingly, to the extent to which Plaintiff contends that Dr. Houdart, Dr. Rehman, and/or Ms. Giunta are parties, Responding Defendant respectfully requests that this Court dismiss those individuals pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 4(m).

In addition to the procedural failures of the FAC, Plaintiff's claims against Responding Defendant also fail substantively. Responding Defendant is not a state actor for the purposes of § 1983, as Hampton Behavioral Health Center is a private entity.[2] Further, Plaintiff fails to plead any facts to establish that Responding Defendant acted under color of state law. Lastly, Plaintiff lacks standing to bring a claim under the Americans with Disabilities Act and N.J.A.C. 8:43G-4.1.

For the reasons set forth more fully below, Responding Defendant respectfully asks that this Court grant its Motion to Dismiss Plaintiff's Amended Complaint, with prejudice.

## BACKGROUND

This matter was initiated upon the filing of a "shotgun" Complaint in the District Court of New Jersey on December 20, 2024 by *pro se* Plaintiff, Bradley Clonan ("Plaintiff"), on the basis of federal question related to a hospitalization and subsequent involuntary commitment spanning the time frame of March 24, 2023 to March 30, 2023. (ECF No. 1-1, *4). Plaintiff's initial Complaint, while difficult to discern, suggested that he was bringing claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("Rehab Act"), and the Health Insurance Portability and Accountability Act ("HIPAA"). Construed liberally, Plaintiff's initial Complaint also contained claims for the falsification of medical records and claims for medical malpractice. The initial Complaint purported to name thirty-four (34) individually named defendants,[3] whose identities and status as alleged defendants were not revealed until the twentieth page of the Complaint.

[2] It is questionable whether they are parties, but even if they are, Dr. Houdart, Dr. Rehman, and Ms. Giunta are privately employed.

[3] While this Court recently issued a Summons as to all remaining purported defendants on April 15, 2025 (ECF No. 32), the Summons was issued greater than ninety (90) days after the filing of the initial Complaint, and therefore, pursuant to this Court's Order (ECF No. 25), any defendants not served within ninety (90) days of the filing of the Complaint must be dismissed.

Thereafter, Co-Defendant, Lauren Zalepka, filed a Motion to Dismiss on January 9, 2025. (ECF No. 9). On January 24, 2025, Plaintiff filed a premature Motion for Summary Judgment, to which Responding Defendant filed an Opposition. (ECF No. 12 and 19). Responding Defendant also filed a timely Motion to Dismiss the Complaint on January 24, 2025. (ECF No. 15). Lastly, the Monmouth Medical Center Co-Defendants filed a Motion to Dismiss on February 21, 2025. (ECF No. 20).

On March 25, 2025, this Court dismissed Plaintiff's Complaint *sua* sponte for the failure to comply with Rule 8 and Rule 10. (ECF No. 25, *5). In its Memorandum, the Court stated that Plaintiff's Complaint was "textbook shotgun pleading", and the allegations in the Complaint were conclusions unsupported by relevant factual details. (*Id*. at *6-7)(internal citations omitted). The Court further stated that the Complaint failed to state its claims in numbered paragraphs limited to a single set of circumstances. (*Id*.) Additionally, the Court noted that many alleged defendants, including Dr. Michael P. Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi "Doe", had not been served with process. (*Id*. at *7-8). Accordingly, the Court stated that unless Plaintiff could establish that these individuals were served within ninety (90) days of the fling of the initial Complaint, the Amended Complaint would be dismissed as to the individual Defendants for the failure to effectuate service. (*Id*. at *8).

In a footnote, the Court stated that while Plaintiff's Complaint failed to comply with Rule 8, "Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds, including but not limited to the failure to state a claim under Rule 12(b)(6)", as Plaintiff is attempting to bring Section 1983 claims against non-state actors. (*Id*. at *7, n11).

The Court dismissed Plaintiff's Complaint without prejudice and ordered that the Plaintiff had thirty (30) days to file an Amended Complaint. Further, Plaintiff's Motion for Summary

Judgment was also denied. The Court expressly ordered that Defendants may re-file Motions to Dismiss or new Motions to Dismiss. (*Id*. at *8).

On April 7, 2025, Plaintiff filed his Amended Complaint. (ECF No. 28[4].) Plaintiff's FAC is comprised of an "Introduction" section, a "Parties" section, a "Jurisdiction and Venue" section, a "Factual Allegations" section, and eleven (11) Counts directed to many, or all, of the thirty-four (34) Defendants. The eleven (11) counts, which impermissibly lump unrelated Defendants together, are titled as follows:

> -Count I – Violation of Fourth Amended Rights – Unreasonable Seizure (42 U.S.C. § 1983) (Against Defendants CentraState, Monmouth Medical, Officer Demarco, Dr. Fabian, Dr. Guillen, dr. Van Pelt, John Doe 1 "Theo", and involved CentraState Staff [John/Jane Does]);
>
> -Count II – Violation of Fourteenth Amendment Rights – Procedural Due Process (42 U.S.C. § 1983) (Against Defendants CentraState, Monmouth Medical, Hampton Behavioral, Dr. Fabian, Dr. Guillen, Dr. Van Pelt, Dr. Houdart, Dr. Rehman, John Doe 1 "Theo", Carney, Heggen, Nielsen, Rosario, Levasseur, Craig, McDonald, Deaner, Giunta, Jodi Doe, and involved staff [John/Jane Does]);
>
> -Count III - Violation of Fourteenth Amendment Rights – Substantive Due Process (42 U.S.C. § 1983) (Against Defendants CentraState, Monmouth Medical, Hampton Behavioral, Dr. Fabian, Dr. Guillen, Dr. Van Pelt, Dr. Houdart, Dr. Rehman, John Doe 1 "Theo", and involved staff [John/Jane Does]); Count IV - Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (Against Defendants CentraState, Monmouth Medical, Hampton Behavioral);
>
> -Count IV - Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (Against Defendants CentraState, Monmouth Medical, Hampton Behavioral);
>
> -Count V - Violation of the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794 (Against Defendants CentraState, Monmouth Medical, Hampton Behavioral);
>
> -Count VI - Violation of Patient Rights under N.J.A.C. 8:43G-4.1 (Against Defendants CentraState, Monmouth Medical, Hampton Behavioral, and specific physicians/staff

[4] Plaintiff also re-filed his Amended Complaint with a clarification regarding Officer DeMarco on April 8, 2025. (ECF No. 29.) Aside from this clarification, the Amended Complaints at both ECF No. 28 and 29 are substantively the same. Accordingly, this Motion should be construed as responsive to the claims contained in both filings.

involved, e.g., Dr. Guillen, Dr. Van Pelt, Dr. Fabian, Dr. Houdart, Dr. Rehman, Estate of Dr. Rehim);

-Count VII - Violation of Grievance Procedures under 42 CFR § 482.13 (Against Defendants CentraState, Monmouth Medical, Carney, Heggen, Nielsen, Rosario, Levasseur, Craig, McDonald, Deaner, Robert Orro);

-Count VIII - First Amendment Retaliation (42 U.S.C. § 1983 and State Law)(Against Defendants Monmouth Medical Center, Lauren H. Zalepka, Esq., Margaret Nielsen);

-Count IX - State Law Claim for Medical Negligence/Malpractice (Against Defendants CentraState, Hampton Behavioral, Dr. Guillen, Dr. Van Pelt, Dr. Fabian, Dr. Houdart, Dr. Rehman, PAs Spishock, Guzy, Tabasko, RNs Salony, Perez, White, Richard, LPN Conrad, MHT Carre-Lee, John Doe 1 "Theo", John/Jane Does 2-11);

-Count X - State Law Claim for False Imprisonment (Against Defendants CentraState, Hampton Behavioral, Dr. Guillen, Dr. Van Pelt, Dr. Fabian, Dr. Houdart, Dr. Rehman, John Doe 1 "Theo", and involved staff [John/Jane Does]); and

-Count XI - State Law Claim for Breach of Confidentiality / Invasion of Privacy (Against Defendant CentraState and John/Jane Doe "Intern Ashley").

(*Id.*)

While Counts II – VI and Counts IX and X are directed to unrelated “groups” of Defendants and are rife with conclusory allegations, construed liberally, these are the only counts directed to Responding Defendant.[5]

[5] Count I of Plaintiff’s FAC is expressly directed to CentraState, Monmouth Medical, Office Demarco, Dr. Fabian, Dr. Guillen, Dr. Van Pelt, John Doe 1 “Theo”, and involved CentraState Staff (John/Jane Does). (ECF No. 28, *13). There is an unintelligible sentence in paragraph eighty-one (81) which states as follows: “Jane and John Doe Defendants within Hampton behavioral health center through perceived mental bias noted the plaintiff as delusional due to only having a associates degree in criminal justice and stating plaintiff was a technical architect.” (Id. at *13, ¶81). While this appears to be a typographical error, to the extent that Plaintiff is attempting to assert a cause of action for violation of his Fourth Amendment Rights as to Responding Defendant, the claim fails both procedurally and substantively. As fully briefed in Section II of this Motion, Responding Defendant is not a state actor, nor does Plaintiff plead any plausible facts to establish the same. Further, as to Responding Defendant, Count I all-together fails plead to plausible facts under *Iqbal* and *Twombly* to establish a cause of action for violation of his Fourth Amendment rights.

Count II, which purports to plead a claim for the violation of Plaintiff's Fourteenth Amendment Rights, is directed to eighteen (18) defendants, including Hampton. (*Id*. at *14). Despite directing this Count to eighteen unrelated Defendants, Plaintiff refers to them collectively as "Defendants" throughout the count, makes conclusory allegations about the actions and omissions of the "Defendants," but fails to attribute any of these conclusory allegations to a specific entity. (*Id*.). Counts III – VI and Counts IX and X are plagued with similar deficiencies. (*Id*. at *15-20). In sum, the counts purportedly directed to Hampton are rife with conclusory allegations directed to no particular Defendant and accordingly fail to put Responding Defendant on notice of the claims asserted against it.

Additionally, Counts II and III attempt to plead causes of action pursuant to the Constitution. Under these counts, Plaintiff puts forth the bald, conclusory, and factually unsupported assertion that "Defendants" acted "under color of state law (through direct state employment or participation in state-regulated commitment, treatment, and grievance processes, and detention pursuant to a judicial order)". (*Id*. at *14, ¶86). Aside from making the conclusory assertion that "Defendants" are state actors, he fails to plead any individualized, factually supported allegations that Hampton was a state actor. Because Hampton Behavioral Health Center is a private entity, Plaintiff is required to plead facts sufficient to establish that it is a state actor. Plaintiff has not met this burden.

For the aforementioned alleged harms, Plaintiff demands $18,000,000 in compensatory damages, and also requests remedial actions which include the correction of "false" medical documentation, and a formal written public apology. (*Id*. at *20-21). Plaintiff also makes a demand for punitive damages. (*Id*. at *21).

## STANDARD OF REVIEW

### I. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist*., 842 F.Supp.2d 762, 769–70 (M.D.Pa.2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 677–78. Pursuant to Rule 8(a)(2), the statement must give the defendant fair notice of the plaintiff's claim and the grounds for the same. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Twombly,* 550 U.S. at 555. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). A Complaint must "show" that an individual is entitled to relief with its facts. *Id*.

The Third Circuit requires a multi-step analysis when reviewing a Rule 12(b)(6) motion. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir.2010) (quoting *Iqbal,* 556 U.S. at 675 & 679). Second, the Court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler,* 578 F.3d at 210-11. "Conclusory allegations are not entitled to the assumption of truth." *Madison v. Jefferson Hosp.*, 373 Fed. App'x 141, 142 (3d Cir. 2010). Lastly, the Court must determine whether the remaining well-pleaded facts sufficiently

show that the plaintiff "has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Great W. Mining Co. v. Fox Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010). Even where a plaintiff has *pro se* status, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

## II. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). Further, it is plaintiff's burden to establish that the court has subject matter jurisdiction. *Mortensen*, 549 F.2d at 891.

Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir.1997); *see also Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102 (1998). Plaintiff's burden of proof to establish standing is "the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir.1996). At the pleading stage, therefore, the plaintiff must allege facts sufficient to establish his standing to invoke the court's jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). If a court lacks subject matter jurisdiction, it must dismiss the

case without prejudice. *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir.1997).

## ARGUMENT

### I. PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE IT IS A SHOTGUN PLEADING THAT FAILS TO SATISFY RULES 8(A) AND 10(B).

Plaintiff's FAC, a 'shotgun pleading,' fails to articulate claims with sufficient clarity and accordingly fails to comply with Federal Rule of Civil Procedure Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Washington v. Warden SCI-Greene,* 608 F. App'x 49 (3d Cir. 2015). Rule 8 "underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir.1996). Additionally, the Complaint fails to comply with Rule 10(b), which requires that:

> A party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b); *see also* Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1325, § 1325 Relationship Between Rule 8(d)(2) and Rule 10(b) (4th Ed.) ("Federal Rule of Civil Procedure 10(b) is a mandatory rule and requires separate counts for claims arising out of different transactions[.]").

Courts in the Third Circuit have defined a 'shotgun pleading' as a Complaint that "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Morales v. New Jersey*, No. 21-11548 (JXN) (AME), 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023) (cleaned up) (citing *Radhakrishnan v. Pugliese*, No. 20-220 (ES) (MAH), 2021 WL 11593799, at *1 (D.N.J. May 21, 2021)). Further, Courts

throughout the Third Circuit have referred to shotgun pleadings as impermissible "group" pleadings. *See, e.g.*, *Salyers v. A.J. Blosenski, Inc.*, 731 F. Supp. 3d 670 (E.D. Pa. 2024); *U.S. Sec. & Exch. Comm'n v. Mintz,* 723 F. Supp. 3d 386 (D.N.J. 2024); *Reddick v. Hicks*, No. 22-6926 (ZNQ) (RLS), 2023 WL 4579884, at *3 (D.N.J. July 18, 2023); *Pellecchia v. Cnty. of Burlington*, No. 22-4707 (CPO)(MJS), 2022 WL 17667906, at *2 (D.N.J. Dec. 13, 2022). The term is frequently used to refer to "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has developed an extensive body of case law, and therefore, District Courts sitting in the Third Circuit often cite to the Eleventh Circuit. *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, n.3 (E.D. Pa. 2017).

The Eleventh Circuit identifies four primary categories of shotgun pleadings, which are widely cited as persuasive authority on the issue:

> (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." The "unifying characteristic" of these four types of shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."

*Id.* at 859 (quoting *Weiland*, 792 F.3d at 1321-23); *see also Diegene Corp. v. Ventana Med. Sys., Inc.*, 476 F. Supp. 2d 444, 448 & n.36 (D. Del. 2007) (relying on "shotgun pleading" case law from the Eleventh Circuit); *see also Rosenberg v. C.R. Bard, Inc.*, 387 F. Supp. 3d 572, 582 (E.D. Pa. 2019) (explaining Third Circuit has criticized "shotgun pleading" approaches to complaints).

Citing to the above four categories, the District Court of New Jersey has found that shotgun pleadings that "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" violates Rule 8. *Foulke v. Twp. of Cherry Hill*, No. 23-CV-2543 (RMB/SAK), 2024 WL 3568841, at *8 (D.N.J. July 29, 2024).

Plaintiff's FAC falls into categories two, three, and four, and altogether fails to articulate claims with sufficient clarity and fails to give the Defendants adequate notice of the claims against them. The FAC purports to assert claims against a host of thirty-four (34) defendants.[6] The FAC impermissibly "groups" Defendants together under eleven (11) counts, referring to them collectively as "Defendants." (*See* ECF No. 28, generally). As to all these purported causes of action, Plaintiff sets forth nothing more than vague, conclusory allegations directed to no particular defendant. The Complaint is further replete with immaterial facts. (*Id.*).

While Plaintiff's FAC attempts to set forth separate causes of action under each count, the Counts contain additional allegations. By way of example, Count II of Plaintiff's FAC, which purports to assert a claim for violation of his procedural due process rights under the Fourteenth Amendment, contains allegations that "Defendants" failed to follow state-mandated procedures for involuntary commitment and failed to adhere to grievance procedures required by state and federal regulations. (*Id.* *14, ¶¶87(d), 87(e)). Construed liberally, Plaintiff attempts to plead a cause of action for *negligence per se* within his claim for violation of the Fourteenth Amendment. Similarly, Count III of Plaintiff's FAC, which purports to allege a cause of action for the violation

[6] While this Court recently issued a Summons as to all remaining purported defendants on April 15, 2025 (ECF No. 32), the Summons was issued greater than ninety (90) days after the filing of the initial Complaint, and therefore, pursuant to this Court's Order (ECF No. 25), any defendants not served within ninety (90) days of the filing of the Complaint must be dismissed.

of his substantive due process pursuant to the Fourteenth Amendment, alleges that "Defendants" created false medical records. (*Id*. at *15, ¶91(c)).

Despite being directed to thirty-four (34) defendants, the FAC contains eleven (11) counts directed to groups of Defendants yet fails to make allegations as to the specific acts and omissions of each individual Defendant. (*See*, *Id*.). Count II, which is directed to eighteen different Defendants, purports to assert a cause of action for the violation of Plaintiff's Fourteenth Amendment Rights. (*Id*. at *14). However, the Count refers to the eighteen Defendants collectively as "Defendants" and fails to specify which defendants are responsible for the alleged conduct. (*Id*.) In fact, Plaintiff altogether fails to mention Hampton Behavioral Health throughout the purported averments in Count II. The remaining counts directed to Responding Defendant are similarly plagued by the same defect and arguably fail to plead facts sufficient to state a claim for relief that is plausible on its face as to Hampton Behavioral Health. (*Id*. at Counts III – VI; Counts IX and X). The allegations contained within these counts are conclusory and vague and fail to make clear which Defendants, if any, are responsible for the alleged acts and omissions. This certainly violates Rule 8.

In sum, due to the vague and conclusory nature of Plaintiff's averments, Plaintiff's causes of action against the Responding Defendant are nearly impossible to ascertain. Accordingly, Plaintiff fails to provide notice of what defendants are purportedly responsible for what acts or omissions, and on what basis. The imprecise FAC sows confusion about Plaintiff's theories of liability as to Responding Defendant, which wastes judicial resources, "inexorably broaden[s] the scope of discovery, wreak[s] havoc on ... court dockets, and undermine[s] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up)

(citation omitted). Accordingly, Plaintiff's FAC against Responding Defendant should be dismissed, with prejudice.

As outlined below, each of Plaintiff's claims against Responding Defendant fails on numerous substantive grounds. However, due to the substantial and prejudicial pleading deficiencies, the Amended Complaint should be dismissed in its entirety as a shotgun pleading.

## II. PLAINTIFF'S § 1983 CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE RESPONDING DEFENDANT IS NOT A STATE ACTOR.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Therefore, to state a claim under § 1983, a plaintiff must allege that defendant, acting under color of state law, deprived plaintiff of a federal constitutional or statutory right. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *see also Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also Chainey v. St.*, 523 F.3d 200 (3d Cir. 2008); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). A private actor is only liable if they are "fairly said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982). "In other words, a plaintiff must show such a tight connection between a state and the challenged action that the state could be held responsible for that action." *Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy*, 34 F.4th 190, 195 (3d Cir. 2022). The state action doctrine has also been referred to as acting under "color of state law."

"The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir.

1995). Therefore, to the extent that Plaintiff alleges that Responding Defendant violated his Fourteenth Amendment rights, he must first establish that Hampton acted "under color of state law" with regard to these claims. As set forth more fully below, Plaintiff has pleaded no plausible facts to establish that Responding Defendant was acting under color of state law, and therefore, any and all of Plaintiff's claims under § 1983 must be dismissed with prejudice. However, even assuming, *arguendo*, that Plaintiff's FAC makes sufficient allegations that Responding Defendant was a state actor (it does not), Plaintiff otherwise fails to satisfy the federal pleading standards related to these causes of action.

**A. Plaintiff Has No Cause of Action for Alleged Violations of the Fourteenth Amendment.**

Counts II and III of Plaintiff's FAC assert claims for violations of the Fourteenth Amendment against the following eighteen (18) Defendants: CentraState, Monmouth Medical, Hampton Behavioral, Dr. Fabian, Dr. Guillen, Dr. Van Pelt, Dr. Houdart, Dr. Rehman, John Doe 1 "Theo", Carney, Heggen, Nielsen, Rosario, Levasseur, Craig, McDonald, Deaner, Giunta, Jodi Doe, and involved staff (John/Jane Does)(*Id*. at *14-15). Plaintiff claims that the "Defendants" deprived him of his procedural and substantive due process rights when he was involuntarily committed. (*Id*.). Before assessing the sufficiency of the pleading related to these claims, the threshold issue that the Court must decide is whether Responding Defendant was a state actor. These claims must be dismissed because Hampton is not a state actor.

**1. Hampton is not a State Actor.**

Plaintiff has pleaded no plausible facts to establish, as a threshold issue, that Hampton acted under color of state law when it allegedly violated Plaintiff's Fourteenth Amendment rights. A "host of facts" can bear on the color of law determination:

> We have. . .held that a challenged activity may be state action when it results from the State's exercise of coercive power, when the State

> provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents .... We have treated a nominally private entity as a state actor when it is controlled by an agency of the State, when it has been delegated a public function by the State ... when it is entwined with governmental policies, or when government is entwined in [its] management or control....

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)(internal quotation marks and citations omitted).

In *Benn v. Universal Health Sys., Inc.*, the Third Circuit analyzed each of these factors to determine whether a private Pennsylvania healthcare clinic, its parent corporation, its doctor, and its counselor could be considered state actors in the context of an involuntary commitment. 371 F.3d 165, 169–70 (3d Cir. 2004). Confronted with similar facts, the District Court of New Jersey also analyzed each of these factors. *Miretskaya v. Rutgers, State Univ. of New Jersey*, No. CV 20-14856 (RK) (JTQ), 2024 WL 3896627 (D.N.J. Aug. 21, 2024). In both cases, the Courts determined that the private defendants were not state actors.

In *Benn*, the Third Circuit determined that none of the factors supported a finding of state action. *Benn*, 371 F.3d at 171. As to the first factor, the Court found that the Pennsylvania Mental Health Procedures Act ("MHPA") did not coerce the defendants to file the application that led to the plaintiff's commitment, nor did the MHPA provide "significant encouragement." *Id*. While the MHPA permitted defendants to file such an application, there is nothing in the MHPA that compels or even encourages individuals to do so. In fact, several courts have expressly held that there is no compulsion where state law permits physicians to petition for involuntary commitment. *See Rockwell v. Cape Cod Hosp*., 26 F.3d 254, 258 (1st Cir.1994) (no compulsion where state law merely permits physicians to petition for involuntary commitment but does not mandate that they do so); *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir.1992) (no compulsion or encouragement where state statutes not enacted to encourage commitment); *Spencer v. Lee*, 864 F.2d 1376, 1379

(7th Cir.1989) (same); *Janicsko v. Pellman*, 774 F.Supp. 331, 338–39 (M.D.Pa.1991) ("this court cannot hold that the standards set by the MHPA rise to the level of coercion"), aff'd, 970 F.2d 899 (3d Cir.1992).

As to the "joint activity" factor, relying on *Lugar*, the Court in *Benn* found that where the plaintiff points to private misuse of a state statute, that conduct is not attributable to the state. *Benn*, 371 F.3d at 172. Since plaintiff argued that defendants violated his constitutional rights for failing to comply with the MHPA, the claim was insufficient to establish state action. *Id*. The Court further found that the application for the involuntary commitment was not a "public function." In assessing whether an action is considered a "public function", courts look at whether the challenged action relates to a function that has been "traditionally the exclusive prerogative of the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974). The Court determined that there was no basis to conclude that the petitioning for involuntary commitment is or was the exclusive prerogative of the state. *Benn,* 371 F.3d at 172. The Court also determined that Plaintiff did not plead facts sufficient to establish "entwinement" or a "symbiotic"/mutually beneficial relationship. *Id*. at 173.

Similarly, in *Mirestkaya*, the District Court of New Jersey determined that none of the factors supported a finding of state action. *Miretskaya*, 2024 WL 3896627. As to the coercion factor, the Court reasoned that while two New Jersey laws "permit" medical professionals to petition a court for an order involuntary committing an individual, neither "compels or even significantly encourages the filing of an application," and thus the discretionary decision to commit an individual did not constitute state action. *Id*. at p. 8. The Court further reasoned that "private misuse of a statute does not describe conduct that can be attributed to the State." *Id.* (quoting *Lugar*, 457 U.S. at 940). "The mere fact that a business is subject to Amendment." *Id.* (quoting *Jackson,* 419 U.S. at 350). The plaintiff in *Mirestkaya* did not allege state regulation does not by

itself convert its action into that of the State for purposes of the Fourteenth that the private defendants were controlled by an agency of the state, nor did plaintiff plead facts sufficient to establish a symbiotic relationship of mutual benefit.

Just as the Third Circuit in *Benn* concluded that the defendants were not state actors, and just as the District Court of New Jersey in *Mirestkaya* concluded that the defendants were not state actors, this Court must determine that Hampton was not a state actor for the purposes of § 1983. As a preliminary matter, all of Plaintiff's allegations regarding state action are unadorned conclusions of law that fail to comply with Rule 8 and Rule 10 and should therefore be disregarded by this Court. To the extent that this Court concludes that the allegations regarding state action comply with the federal pleading standards, Plaintiff's Complaint fails to plead any plausible factual allegations which establish that any New Jersey law "coerced" or "significantly encouraged" Responding Defendant to undertake any evaluation or application for involuntary commitment. Plaintiff's FAC makes the conclusory allegation that a group of defendants acted "under color of state law through direct state employment or participation in state-regulated commitment, treatment, and grievance processes, and detention pursuant to a judicial order.)" (ECF No. 28 at *14 ¶86; *15, ¶91). As noted above, the Third Circuit, and federal circuit courts of appeal across the country, make clear that state law merely permitting a private actor to do something is not enough for state action. Further, general allegations that defendants "participated in state-regulated commitment" and "failed to follow. . .state mandated procedures " is also not enough to satisfy the "joint activity" test. *Benn*, 371 F.3d at 172. Here, Plaintiff makes no plausible allegations to suggest that involuntary commitment is a prerogative of the state of New Jersey, nor does the Complaint plead any facts to suggest "entwinement" or a "symbiotic" relationship between the State of New Jersey and Responding Defendant.

Finding that Hampton is not a state actor is consistent with the Third Circuit, district courts of the Third Circuit, and other federal circuit courts of appeal. See *Rockwell v. Cape Cod Hosp.*, 26 F.3d at 257–58; *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir.1992); *Spencer*, 864 F.2d at 1380–81; *Doby v. Decrescenzo*, No. Civ. A. 94–3991, 1996 WL 510095 (E.D.Pa. Sept.9, 1996), aff'd, 118 F.3d 1575 (3rd Cir.1997); *Bodor v. Horsham Clinic, Inc.*, No. Civ. A. 94-7210, 1995 WL 424906 (E.D. Pa. July 19, 1995) (thoroughly analyzing the "state actor" question); *Savacool v. Delaware Cnty. Dep't of Mental Health & Mental Retardation,* No. Civ. A. 92-2142, 1993 WL 21209, at *6 (E.D. Pa. Jan. 25, 1993); *Janicsko v. Pellman*, 774 F.Supp. 331, 339 (M.D.Pa.1991), aff'd, 970 F.2d 899 (3d Cir.1992). Accordingly, this Court should hold that Hampton is not a state actor for the purpose of § 1983.

**2. Plaintiff's Complaint fails to sufficiently plead a cause of action against Hampton for violations of the Fourteenth Amendment.**

Plaintiff's claims that Hampton violated his procedural and substantive due process through his involuntary commitment also fail to satisfy the federal pleading standards. "To state a claim for deprivation of procedural due process, a plaintiff must plead plausible facts to demonstrate that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Toussaint v. Szeto*, No. 22-2446, 2022 WL 1541545, at *2 (D.N.J. May 13, 2022) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006)). Count II of Plaintiff's FAC puts forth "unadorned" "defendant-unlawfully-harmed-me" accusations regarding the purported Fourteenth Amendment violations. (ECF No. 28 at *14). This Count, directed to eighteen Defendants, contains only conclusions of law and makes no plausible factual allegations about how any specific defendant, let alone Responding Defendant, violated his Fourteenth Amendment rights of procedural due process. (*Id.*) By way of example, paragraph

eighty-seven (87) states, "These Defendants failed to provide Plaintiff with adequate procedural due process by, among other things: (a) failing to provide adequate and timely notice of the specific factual and legal grounds justifying his continued detention and involuntary commitment…" The paragraph then goes on to make general, conclusory allegations, and it is unclear to whom these allegations are directed. (*Id.)* In fact, the allegations within the Count never mention Hampton, and it does not discuss the specific conduct of any Defendant, let alone Responding Defendant. Count II wholly fails to plead any plausible facts that establish that Responding Defendant deprived him of an individual liberty interest. (*Id.*)

The test for assessing substantive due process violations in the context of involuntary commitments is whether an incident "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). Once again, Plaintiff's Complaint is entirely devoid of any well-pleaded, plausible facts to establish that the actions or omissions of Responding Defendant "shocked the conscience" related to his involuntary commitment. Count III, which purports to set forth Plaintiff's substantive due process claim, directs vague and conclusory allegations to a group of Defendants and fails to put forth any specific, individualized, or plausible allegations about how Responding Defendant violated his substantive due process rights. (*Id.* at *15). Instead, he puts forth conclusions of law, directed at no particular defendant, alleging that "Defendants" created, maintained, and relied "upon medical records containing known or obvious significant errors to justify or continue Plaintiff's detention,"[7] and detained him "involuntarily without a constitutionally adequate basis." (*Id.* at *15, ¶91). These conclusions of law fail to satisfy *Iqbal*

[7] In addition to failing to plead plausible facts under *Iqbal* and *Twombly*, the claims of falsified records likewise fail to meet the pleading standard under Fed.R.Civ.P. 9(b).

and *Twombly* and fail to provide Hampton with notice of the allegations being made against it and the factual basis of those allegations.

Because Hampton is not a state actor, and additionally, because Plaintiff's Fourteenth Amendment claims as to Hampton fail to state a claim for relief that is plausible on its face, this Court should dismiss these claims with prejudice.

## III. PLAINTIFF'S CLAIMS FOR VIOLATIONS OF THE REHABILITATION ACT, CLAIMS FOR THE FALSIFICATION OF MEDICAL RECORDS, AND MEDICALMALPRACTICE MUST BE DISMISSED PURSUANT TO RULE 12(B)(6).

### A. Plaintiff Fails to State a Claim for Violations of the Rehabilitation Act.

Count V of Plaintiff's FAC claims that "CentraState, Monmouth Medical, and Hampton Behavioral" violated Section 504 of the Rehabilitation Act of 1973. (ECF No. 28, *16). Because Plaintiff fails to plead any plausible facts sufficient to establish a claim under the Act, this Court must dismiss this claim pursuant to Rule 12(b)(6).

To state a claim under the Act, a plaintiff must show that (1) they are an individual with a disability; (2) they are otherwise qualified for participation in the program or activity, or for the position sought; (3) they were excluded from the position sought, denied the benefits of, or subject to discrimination under the program or activity solely by reason of their disability; and (4) the relevant program or activity receives federal financial assistance. *U.S. Dept. of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986). Under the Rehabilitation Act, a "disability" is defined as a mental or physical impairment that substantially limits a major life activity. *Simpson v. Potter*, 589 F. Supp. 2d 424 (D. Del. 2008)(citing *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir.2007). A plaintiff must plausibly allege *intentional* discrimination on the basis of a disability. *D.E. v. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014) (citing *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013)). The intentional discrimination standard requires a

showing of at least "deliberate indifference, either intentionally, or with deliberate indifference, denied benefits to which [plaintiff] was entitled, or that [plaintiff] was 'otherwise subject to discrimination because of [his] disability.'" *N.M. v. Wyo. Valley W. Sch. Dist.*, No. 3:15-CV-01585, 2016 WL 2757395, at *11 (M.D. Pa. May 11, 2016).

Count V, which is conclusory in nature, is directed to three different Defendants, and sets forth factually unsupported "Defendants-harmed-me" allegations. The Count baldly asserts that the Plaintiff has a disability as defined by the Act yet fails to allege that how this disability substantially limits a major life activity. (ECF No. 28, *16, ¶ 100). Plaintiff also alleges that "Defendants excluded Plaintiff from participation" in the program by failing to provide him with proper footwear, yet he makes no specific or plausible allegations to any specific Defendant. (*Id*. at *16, ¶103. Further, Plaintiff alleges that the "Defendants. . .are recipients of federal financial assistance" without setting forth any individualized factually supported assertions supporting this conclusory allegation. (*Id*. at *16, ¶101). Additionally, Plaintiff fails to allege any facts, let alone plausible facts, to support a finding that Responding Defendant acted intentionally and/or with deliberate indifference. Instead, Plaintiff merely regurgitates the elements for the cause of action and otherwise fails to put Responding Defendant on notice of any plausible, factually supported allegations regarding intentionality. In sum, The Count is entirely devoid of any allegations to establish that Responding Defendant violated the Act. Accordingly, this Court must dismiss Plaintiff's purported cause of action for the violation of the Rehabilitation Act[8]. *See*, *U.S. Dept. of Transp.*, 477 U.S. at 605.

---

[8] Additionally, there is no basis to impute vicarious liability to Hampton for the actions of its staff. Multiple courts have held that the Rehabilitation Act does not permit vicarious liability. See *Arthur v. D.C. Hous. Auth.*, No. 18-cv-2037, 2020 WL 1821111, at *11 (D.D.C. Apr. 11, 2020); *Hooper v. City of St. Paul*, 2019 WL 4015443, at *9-14 (D. Minn. Aug. 26, 2019).

### B. Plaintiff Fails to State a Claim for Falsification of Medical Records.

Plaintiff's FAC claims that his medical records were falsified. (ECF No. 28, *15, ¶91 (c)). It is unclear what statute, if any, Plaintiff relies upon in making this claim. Therefore, Hampton is unable to ascertain whether Plaintiff is alleging a violation of his constitutional rights versus a violation of New Jersey or federal statutory law.

The allegation of falsification of medical records, without more, is not sufficient to sustain a claim for the violation of the Eighth Amendment. *Moore v. Casselberry*, 584 F. Supp. 2d 580, 582 (W.D.N.Y. 2008)("There is no basis for a constitutional claim alleging the mere filing of a false report."); *see also Harris v. Pennsylvania Dep't of Corr.*, No. 13-2888, 2014 WL 941351, at *5 (E.D. Pa. Mar. 11, 2014) ("This allegation of falsifying medical reports, without more, does not support the inference that Robinson was deliberately indifferent to Plaintiff's serious medical need."); *Rivera v. Tennis*, No. 09-0888, 2010 WL 2838603, at *7 (M.D. Pa. May 20, 2010) (dismissing claims based on allegations that "defendant [] filed false medical reports, and/or that [plaintiff] disagreed with her course of treatment").

To the extent that Plaintiff claims the alleged falsification of medical records violated his constitutional rights, he would still have the threshold burden of establishing that Hampton was a state actor. The Complaint is devoid of any allegations that Hampton acted under color of state law when allegedly falsifying his medical records.

Furthermore, Plaintiff fails to plead any cause of action for the falsification of medical records against Responding Defendant. Paragraph sixty-one (61) of Plaintiff's FAC alleges that "Defendants CentraState, Monmouth Medical, and Hampton Behavioral contain numerous significant errors and apparent falsifications." (ECF No. 28, *10). However, a close reading of this paragraph reveals no factually supported allegation that Responding Defendant "falsified" Plaintiff's medical records. Instead, Plaintiff states that "CentraState records indicate no

medications transferred, while Hampton Behavioral records indicate that Plaintiff arrived with medications." It is impossible to discern how, if at all, Responding Defendant "falsified" Plaintiff's medical records by making this notation. Further, Plaintiff states there was a "discrepancy" regarding mode of transport (whether with or without police), a "lack of documented justification" for hospitalization, and a notation of "no weight loss" was noted upon admission to Hampton. (*Id.* at ¶¶ 61(e), 61(f), 61(g)). Tellingly, these allegations as to Responding Defendant are devoid of any allegation that the records were completed with the *intent* of falsity. Accordingly, Plaintiff has failed to plead a facially plausible claim against Hampton for the falsification of medical records, and therefore, this Court must dismiss this claim as to Responding Defendant.

### C. Plaintiff Fails to State a Claim for Medical Malpractice.

Count IX of Plaintiff's FAC attempts to state a cause of action for medical malpractice[9] against CentraState, Hampton Behavioral, Dr. Guillen, Dr. Van Pelt, Dr. Fabian, Dr. Houdart, Dr. Rehman, PAs Spishock, Guzy, Tabasko, RNs Salony, Perez, White, Richard, LPN Conrad, MHT Carre-Lee, John Doe 1 "Theo", John/Jane Does 2-11. However, as to Responding Defendant, Plaintiff fails to state a plausible claim.

To plead a cause of action in a medical malpractice case, a plaintiff must plead facts sufficient to establish: the standard of care, that a defendant's deviation from that standard caused an injury, and resulting damages. *Komlodi v. Picciano*, 217 N.J. 387, 409 (2014); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 579 & n.3 (3d Cir. 2003).

Here, Plaintiff fails to plead a plausible cause of action for medical malpractice. Count IX is directed to eighteen (18) Defendants, which include hospitals, physicians, physicians' assistants,

[9] Plaintiff also makes generalized allegations, directed to no particular defendant, that he was given medications without informed consent (ECF No. 28 at *22, ¶122). Plaintiff pleads no facts to establish who administered these medications and where these medications were administered, which fails to satisfy the federal pleading standards.

registered nurses, and licensed practical nurses. (ECF No. 28 at *22, ¶121). However, the Count contains just three paragraphs directed to all eighteen Defendants. (*Id*. at *22). Plaintiff alleges that "Defendants" owed Plaintiff a duty of care, yet fails to allege with any specificity, what duty of care, if any, was owed by Responding Defendant. (*Id*. at *22, ¶121). Further, Plaintiff makes only conclusory allegations, directed to no specific Defendant, about the breach of the duty of care, and similarly fails to plead any individualized facts regarding causation. Because this Count is devoid of any plausible facts to establish that Hampton, or any provider at Hampton, breached a standard of care, any claims sounding in medical or professional malpractice must be dismissed.

## IV. PLAINTIFF'S CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT MUST BE DISMISSED PURSUANT TO RULE 12(B)(1).

### A. Plaintiff Lacks Standing to Bring a Claim under Title III of the Americans with Disabilities Act.

Count IV of Plaintiff's Complaint purports to assert a cause of action for violation of the Americans with Disabilities Act against "CentraState, Monmouth Medical, and Hampton Behavioral." However, this Court must dismiss this claim for both lack of standing and plausibility.

"To state a claim of disability discrimination under Title III of the Americans with Disabilities Act ("ADA"), a plaintiff must show (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson v. Franklin Institute*, 185 F.Supp.3d 628, 642 (E.D. Pa. 2016) (citations omitted). The remedy for a private ADA Title III violation is injunctive relief; monetary damages are unavailable to private plaintiffs. *Anderson v. Macy's Inc.*, 943 F.Supp.2d 531, 538 (W.D. Pa. 2013). Plaintiff states that he is seeking injunctive relief. (ECF No. 28, ¶98).

The threshold consideration in Title III ADA cases is whether the plaintiff has standing. *Pub. Interest Research Grp. of N.J., Inc.* 123 F.3d at 117. In this context, standing is derived from the 'case or controversy' language of Article III of the Constitution. *Id*.

"Because the [only] remedy for a private ADA Title III violation is injunctive relief, courts look beyond the alleged past violation and consider the possibility of future violations." *Heinzl v. Starbucks Corp.*, No. Civ. A. 14-1316, 2015 WL 1021125, at *5 (W.D. Pa. Mar. 9, 2015). "Plaintiffs seeking prospective injunctive relief must demonstrate a 'real and immediate threat' of injury in order to satisfy the 'injury in fact' requirement of standing. *Id*. (citing *Anderson*, 943 F.Supp.2d at 538)." "[F]or purposes of establishing standing in an action for injunctive relief, 'a plaintiff must show that he or she is likely to suffer future injury from the defendant's illegal conduct.'" *Hollinger v. Reading Health System*, No. 15-5249, 2016 WL 3762987, at *10 (E.D. Pa. July 14, 2016) (citation omitted). "Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by 'continuing, present adverse effects.'" *Doe v. Nat'l Bd. of Med. Examiners*, 210 Fed.Appx. 157, 159-60 (3d Cir. 2006) (citations omitted); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

"In order to state a basis for a claim for injunctive relief, the complaint must allege that injury to plaintiff[ ] is 'certainly impending.'" *Phillips v. St. Mary's Medical Center*, No. 12–2363, 2013 WL 1124372, at *2 (E.D. Pa. March 19, 2013) (citing *Lujan*, 504 U.S. at 564 n.2 (1992)). "A stated intent to return 'someday' to the source of the alleged injury is not sufficient." *Id*. (citing *Lujan*, 504 U.S. at 564 n. 2). Accordingly, the injury must be personal, actual and imminent, and cannot be speculative. *Doe v. Nat'l Bd. Of Med Examiners,* 199 F.3d at 153.

To satisfy the injury in fact requirement, a plaintiff must demonstrate a 'real and immediate threat' of injury. *Hollinger*, 2016 WL 3762987, at *10. "A plaintiff can meet the imminent injury

burden in a Title III ADA case using one of two methods: the intent to return method or the deterrent effect doctrine." *Id*. (citation omitted).

The intent to return method requires a plaintiff to show that:

> (1) the plaintiff has alleged that the defendant engaged in past discriminatory conduct that violates the ADA; (2) it is reasonable to infer from allegations in the complaint that the discriminatory conduct will continue, and (3) it is reasonable to infer based on past patronage, proximity of the public accommodation to the plaintiff's home, business, or personal connections to the area, that the plaintiff intends to return to the public accommodation in the future.

*Id*.

"Under the deterrent effect doctrine, a plaintiff has suffered an actual and imminent injury sufficient to confer standing where the plaintiff was 'deterred from patronizing a public accommodation because of a defendant's failure to comply with the ADA.'" *Id*. at 11 (citation omitted). Further, "[e]ven under the deterrent effect test, a plaintiff **must still show that he or she has an intent to return to the place of alleged discrimination**." *Hollinger*, 2017 WL 429804 (emphasis added). "[T]he plaintiff must put forth a definitive, uncontested intent to return before filing the complaint to establish standing." *Anderson*, 943 F.Supp.2d at 540.

Here, Plaintiff failed to plausibly plead a definitive statement of the intent to return to Hampton Behavioral Health. Plaintiff's Complaint purports to allege, in part, that he should not have been involuntarily committed. (*See* ECF No. 28, generally). Beyond failing to plead any definitive statement of an intent to return, Plaintiff's Complaint actually suggests the opposite – that he has no desire to return. Therefore, pursuant to Rule 12(b)(1), Plaintiff's count for violations of the ADA must be dismissed with prejudice for lack of standing.

Further, standing issues aside, Plaintiff's Complaint fails to plead any plausible facts which would establish that he suffered discrimination on the basis of his disability at the hands of the Responding Defendant. The allegations contained in Count IV are directed to no specific

defendant, and instead merely sets forth conclusory and factually unsupported allegations. (*Id.* at *16). He further fails to assert that he suffered discrimination in the "full and equal enjoyment" of any place of public accommodation by the owner, lessor, or operator. Therefore, Plaintiff fails to state a claim for relief that is plausible on its face. Accordingly, this Court should dismiss Plaintiff's claim under the ADA, with prejudice.

## V. PLAINTIFF'S CLAIM FOR VIOLATION OF PATIENT RIGHTS UNDER N.J.A.C. 8:43G-4.1 MUST BE DISMISSED PURSUANT TO RULE 12(B)(1).

Count VI of Plaintiff's FAC purports to assert a cause of action for the violation of his patient rights under N.J.A.C. 8:43G-4.1 against CentraState, Monmouth Medical, Hampton Behavioral, and "and specific physicians/staff involved, e.g., Dr. Guillen, Dr. Van Pelt, Dr. Fabian, Dr. Houdart, Dr. Rehman, Estate of Dr. Rehim." (*Id.* at *17). However, this Court lacks subject matter jurisdiction over such claims because the sole remedy for such an alleged violation is administrative. *Greenstein v. Sunitha Moonthungal, P.C.*, No. A-1233-11T1, 2013 WL 149658 (N.J. Super. Ct. App. Div. Jan. 15, 2013).

In *Greenstein v. Sunitha Moonthungal, P.C.*, the New Jersey Appellate Division affirmed the entry of summary judgment in favor of the defendants, holding that the sole remedy for a claim related to the violation of the Patients' Bill of Rights, N.J.A.C. 8:43G-4.1 was administrative. *Id.* The remedy for such a claim "rests with the hospital administration, not the courts." *Id.* at 2. Accordingly, this Court lacks subject matter jurisdiction related to Plaintiff's administrative claim.

## VI. PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED PURSUANT TO RULE 12(B)(6).

Finally, this Court should strike Plaintiff's demands for punitive damages against Responding Defendant as factually and legally unsupported, even if any underlying claims survive. In a §1983 action, a jury may be permitted to assess punitive damages when the defendant's

conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Feldman v. Philadelphia Housing Authority*, 43 F.3d 823, 833 (3d Cir.1994)(citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

Because Plaintiff's FAC fails to allege any plausible allegations that Responding Defendant was motivated by evil motive or intent and fails to allege that Responding Defendant was recklessly or callously indifferent to the federal protected rights of Plaintiff, Plaintiff's demand for punitive damages should be stricken.

## CONCLUSION

Plaintiff's shotgun First Amended Complaint fails to articulate any cause of action against the Responding Defendant. Plaintiff's FAC lists thirty-four defendants yet fails to plead any specific or plausible allegations as to Hampton. Further, Plaintiff's FAC otherwise fails substantively and procedurally.

For any or all of the foregoing reasons, this Court should grant Responding Defendant's Motion to Dismiss the FAC against it, in its entirety, without leave to amend.

Respectfully submitted,

Date: April 21, 2025

By: */s/ Michael W. Bootier*

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
(215) 665-8700
(215) 665-8760
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

*Attorneys for Defendant Hampton Behavioral Health Center*