Our File No. 34.15683 JMH

| | |
|---|---|
| **BRADLEY CLONAN, ET AL.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL.,**<br><br>**Defendants.** | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**Civil Case No. 3:24-CV-11399-RK-RLS** |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**Of Counsel and on the Brief:**
**John M. Hockin, Jr. (ID # 029882007)**

**RONAN, TUZZIO & GIANNONE, P.C.**
**4000 Route 66**
**One Hovchild Plaza, Suite 231**
**Tinton Falls, New Jersey 07753**
**(732) 922-3300**
**Attorneys for Defendants, Lauren Zalepka, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis**

# TABLE OF CONTENTS

1.Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

2.Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3. Legal Argument

POINT I: THE AMENDED COMPLAINT MUST BE DISMISSED, WITH PREJUDICE, AS TO ALL OF THE MMC DEFENDANTS, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

I. Applicable Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

II. Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The FAC Must Be Dismissed as a "Shotgun Pleading". . . . . . . . .4

B. The FAC Must Be Dismissed Because it Fails to State a Claim Against the MMC Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . .6

III. Summary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

4.Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..18

## TABLE OF AUTHORITIES

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). . . . . .2, 3, 4, 10, 11, 13, 16, 17

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . 2

Ashcroft v. Iqbal, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n, 531 U.S. 288 (2001). . 7, 8, 15, 16

Benn v. Universal Health Sys., Inc., 371 F.3d 165, 170 (3d Cir. 2004) . . . . . . . . . . .7, 8, 9

Byers v. City of Richmond, 746 F.Supp.3d 275 (E.D. Va. 2024) . . . . . . . . . . .. . . . . . , , 13

*Trimble v. Emory Healthcare, Inc.*, 2021 WL 1244864 (N.D. Ga. 2021). . . . . . . . . . . . . .14

**Statutes & Regulations:**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9, 13, 14

29 U.S.C. § 794. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

N.J.A.C. 8:43G-4.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 12, 13

42 C.F.R. § 482.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 14

N.J.S.A. 2A:53A-27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

N.J.S.A. 2A:53A-29. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Rules:**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . .1, 2, 9, 10, 11, 13, 14, 15, 16, 17, 18

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 4

## STATEMENT OF FACTS

On or about December 20, 2024, plaintiff *pro se*, Bradley Clonan (hereinafter "plaintiff"), filed a complaint in the United States District Court for the District of New Jersey against numerous defendants, alleging numerous issues and damages stemming from an involuntary mental health commitment that took place in 2023.

The undersigned, counsel for Defendants, Lauren Zalepka, Monmouth Medical Center i/p/a "RWJBarnabas Health – Monmouth Medical Center," Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D. i/p/a "Dr. Chris Fabin," Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis i/p/a "Theo" and "John Doe 1" (hereinafter collectively the "MMC Defendants"), filed multiple motions to dismiss the initial complaint for failure to state a claim upon which relief can be granted. Counsel for co-defendant, Hampton Behavioral Health Center (hereinafter "Hampton"), also filed a motion to dismiss the initial complaint.

On March 25, 2025, this Court entered an order *sua sponte* dismissing the initial complaint, without prejudice, pursuant to Fed. R. Civ. P. 8. The Court described the claims asserted in the initial complaint as "difficult to discern," supported by "indiscernible" factual allegations. It determined that the initial complaint was "a textbook shotgun pleading" in violation of Fed. R. Civ. P. 8. The order instructed that plaintiff could file an amended complaint curing these deficiencies within 30 days.

Plaintiff subsequently filed a first amended complaint (the "FAC") on or about April 7, 2025. On or about April 21, 2025, Hampton filed a motion to dismiss the complaint pursuant to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). That motion shall

be referred to hereinafter as "Hampton's motion." The present motion to dismiss is being filed on behalf of all of the MMC defendants.

**LEGAL ARGUMENT**

**POINT I**

**THE AMENDED COMPLAINT MUST BE DISMISSED, WITH PREJUDICE, AS TO ALL OF THE MMC DEFENDANTS, BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED**

The FAC differs from the initial complaint in terms of its form and, to some extent, its substance. However, as set forth below, the FAC is still plainly deficient. It must be dismissed, with prejudice, because plaintiff has again failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

There are two primary reasons why dismissal is required. First, the FAC, like the initial complaint, is an impermissible "shotgun pleading" that fails to provide adequate notice of the facts upon which its claims allegedly rest. Second, plaintiff has failed to state any actionable claims against the MMC defendants in any of the eleven counts of the FAC.

**I. Applicable Law**

Fed. R. Civ. P. 12(b)(6) provides that a party may assert a defense for "failure to state a claim upon which relief can be granted" by way of motion in lieu of filing a responsive pleading. The present motion is based on this provision.

To survive a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough factual matter (taken as true) to suggest" an element required to support its claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *Phillips v. County of*

*Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). There must be "plausible grounds" to support a claim. *Twombly*, 550 U.S. at 556. This does not constitute "a probability requirement"; instead, simply, a Complaint must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Ibid.* Certainly, "labels and conclusions" do not suffice, nor do "formulaic recitation[s] of the elements of a cause of action." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Ibid.*

Put simply, then, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint that is not plausible on its face—i.e., restricting analysis to the complaint itself, not considering any other documents—cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a claim to have facial plausibility, the plaintiff must plead, in the complaint itself, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*

Further, *Fed. R. Civ. P. 8(a)(2)* requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which is necessary to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

## II. Analysis

As with the initial complaint, the FAC fails to meet these standards as to the MMC defendants. Plaintiff has not nearly pled "enough facts to state a claim to relief that is plausible on its face." The factual allegations contained in the FAC, many of which are

conclusory in nature, are wholly insufficient to permit this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Additionally, because the FAC fails to set forth specific facts as to which specific defendants committed which specific acts, it fails to provide MMC defendants with "fair notice" of both "what the claim is and the grounds upon which it rests."

### A) The FAC Must Be Dismissed as a "Shotgun Pleading"

In Point I of its argument in support of its motion to dismiss the FAC, Hampton contends that the FAC is a classic "shotgun pleading" that must be dismissed, with prejudice.

For purposes of brevity, the MMC defendants adopt and join Hampton's argument as set forth in its motion to prevent unnecessary repetition of the same argument herein. As Hampton argues, the FAC "impermissibly lumps unrelated defendants together under each purported 'count'" and "is rife with conclusory allegations." It does not place the MMC defendants on reasonable notice of what claims are being asserted against them or what factual basis plaintiff is relying upon to support those claims. The MMC defendants only make the following additional comments specific to their treatment in the FAC.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which is necessary to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

The "Factual Allegations" section of the FAC spans 28 paragraphs. In each of the eleven counts of the FAC, plaintiff refers to the fist 77 paragraphs of the FAC, including

the 28 paragraphs in the "Factual Allegations" section. However, none of those eleven counts contain any specific references to prior paragraphs from the "Factual Allegations" section—there is no explanation as to which paragraphs from the "Factual Allegations" section are meant to support which specific counts of the FAC.

Additionally, a number of the paragraphs contained in the "Factual Allegations" section contain only conclusory statements that are, in essence, legal arguments. For example, in paragraph 71, plaintiff states that a number of defendants "failed to properly investigate or respond to plaintiff's grievances within the timeframes mandated by state and federal regulations," among other alleged infractions. But plaintiff provides no factual allegations as to how these defendants so failed. He does not set forth when or how these defendants responded to his grievances, nor does he state why these responses were improper.

This is but one example of an instance in which plaintiff grouped unrelated defendants together and asserted conclusory claims against them without providing any actual factual allegations. The FAC, on its whole, largely fails to specify which defendant allegedly did what. Further, although plaintiff specifies defendants in the counts themselves, almost all of the counts name numerous defendants and plaintiff fails, in most instances, to separate out which defendant allegedly did what within the counts.

Therefore, for all of the reasons expressed by Hampton in Point I of its moving brief and for the reasons set forth herein, the FAC should be dismissed, with prejudice, as an impermissible "shotgun pleading." While plaintiff made significant changes to the FAC as compared to the initial complaint, the FAC still fails to give proper notice to the

various defendants regarding which claims apply to which defendants and which factual allegations are meant to support which claims.

Critically, though, even if this Court is inclined to determine that the FAC is not a "shotgun pleading," the FAC must still be dismissed, with prejudice, as to the MMC defendants because it fails to set forth any claims against such defendants upon which relief can be granted, as explained in subsection B) below.

**B) The FAC Must Be Dismissed Because it Fails to State a Claim Against the MMC Defendants**

As set forth below, a specific, count-by-count analysis of the FAC makes clear that none of its counts have asserted any actionable claims against the MMC defendants. Therefore, the FAC must be dismissed in its entirety as against the MMC defendants.

**i) Count I**

In Count I, plaintiff alleges that his Fourth Amendment rights were violated by numerous defendants. Only two of the MMC defendants—Monmouth Medical Center and Theo Kalogridis—appear to be implicated in this Count. This Count is directly based on 42 U.S.C. § 1983. Plaintiff alleges, without factual support, that Mr. Kalogridis was "acting under of state law by performing state-mandated screening functions" and that Monmouth Medical Center was "acting under color of state law by participating in the state-regulated commitment process and/or acting in concert with state officials."

As plaintiff recognizes, alleged violations of constitutional rights by private citizens or entities are only actionable if those citizens or entities were acting under color of law in violating the rights of another.

Count I must be dismissed as to the MMC defendants because they, including Mr. Kalogridis and Monmouth Medical Center, were not acting under color of law pursuant to 42 U.S.C. § 1983. They were not state actors. Count I is not actionable against the MMC defendants because they are only actionable against state actors.

"[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted). That "close nexus" may result from, by way of several examples, 1) a State's "exercise of coercive power"; 2) the "significant encouragement, either overt or covert," provided by the State; 3) a private actor operating "as a willful participant in joint activity with the State or its agents"; 4) a private entity that "is controlled by an agency of the State"; 5) a private actor "delegated a public function by the State"; or 6) a private actor "entwined with governmental policies" or with the government "entwined in its management or control." *Id.* at 296 (internal quotation marks omitted).

In *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 170 (3d Cir. 2004), the plaintiff, who was involuntarily committed, argued that the private defendants involved in his commitment "were state actors because they were acting pursuant to [Pennsylvania's Mental Health Procedures Act]." The Court held that the defendants were not state actors, noting that other federal courts of appeals, and district courts in the Third Circuit, "support the conclusion that persons who petition for the involuntary commitment of others are not state actors." *Id.* at 173.

In so holding, the Court noted that 1) the Pennsylvania Mental Health Procedures Act did not coerce the defendants to apply for the plaintiff's commitment; 2) the Act did not provide "significant encouragement" to apply for commitment; 3) the defendants were not "willful participants in joint activity with the State or its agents"; 4) no private individuals were actually controlled by a Pennsylvania agency; 5) the ability to apply for the commitment of an individual was not a "public function" delegated to private individuals, because such function was not "traditionally the exclusive prerogative of the State"; and 6) there was no "entwinement" between the State and the defendants. *Id.* at 171-73.

Pursuant to *Brentwood* and *Benn*, the MMC defendants were clearly not "state actors" acting under color of law pursuant to 42 U.S.C. § 1983. While the procedures that led to plaintiff's involuntary commitment are outlined by statute, the fact that a law governs the process certainly does not mean that private defendants, acting in accordance with that law, are state actors.

Indeed, the MMC defendants are in the same position as the defendants in *Benn*, who, like the MMC defendants, were merely involved in the commitment of an individual, without any involvement of the State. Plaintiff has not alleged that New Jersey's involuntary commitment law so differs from the Pennsylvania Mental Health Procedures Act as to have "coerced" or "significantly encouraged" the MMC defendants to involuntarily commit plaintiff. Plaintiff has not alleged any facts to the effect that the MMC defendants were "willful participants in joint activity with the State or its agents," nor that any of the MMC defendants were controlled by a New Jersey State agency. Further, Plaintiff has not argued that applications for involuntary commitment were "traditionally

the exclusive prerogative of" the State of New Jersey, for which argument there would be no support in reality—especially given the holdings of courts regarding other states, such as Pennsylvania (in *Benn*), on that question. Finally, plaintiff does not allege any facts suggesting "entwinement" between the MMC defendants and the state.

Therefore, all claims against the MMC defendants asserted in Count I must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff cannot assert constitutional claims against private entities and individuals, like the MMC defendants, that were not state actors.

**ii) Count II**

In Count II, plaintiff alleges that his Fourteenth Amendment rights to procedural due process were violated by numerous defendants, including several of the MMC defendants.[1] This Count, like the first Count, is based on 42 U.S.C. § 1983. Plaintiff alleges, without factual support, that the various defendants—including the MMC defendants and others—acted under color of state law "through direct state employment or participation in state-regulated commitment, treatment, and grievance processes, and detention pursuant to a judicial order."

As with Count I, Count II is based on an incorrect assumption—one that is not based on any specific facts in the FAC—that the MMC defendants were state actors. For the reasons expressed above with respect to Count I, the MMC defendants were not state actors. Thus, Count II must also be dismissed, with prejudice.

[1] In this Count, and in several others, plaintiff names a "Dr. Rehman." There is no defendant by the name "Rehman" in this lawsuit. The MMC defendants assume that plaintiff intends to refer to Dr. Mohsen Rehim by way of these references.

**iii) Count III**

In Count III, plaintiff alleges that his Fourteenth Amendment rights to substantive due process were violated by a number of defendants, including Monmouth Medical Center and Mr. Kalogridis. Plaintiff merely states, in conclusory fashion, that defendants were "acting under color of state law."

Count III must be dismissed, with prejudice, for the same reason as Counts I & II: the MMC defendants were not state actors.

**iv) Count IV**

In Count IV, plaintiff alleges that several defendants violated the Americans with Disabilities Act (ADA) by refusing him proper footwear. Plaintiff alleges that he has a clubfoot and has undergone "over 13 surgeries."

However, plaintiff only alleges that he was "refused proper footwear" to accommodate this condition while he was at Hampton's facility. He does not allege that any such refusal occurred at Monmouth Medical Center or at the hands of any other of the MMC defendants. Indeed, plaintiff does not allege any facts to support the notion that any of the MMC defendants violated the ADA.

Therefore, despite including Monmouth Medical Center in this Count, plaintiff alleges no facts suggesting that any of the MMC defendants violated the ADA. A claim must contain "enough factual matter (taken as true) to suggest" an element required to support it. *Twombly*, 550 U.S. at 556. The FAC contains *no* factual matter regarding the MMC defendants with respect to Count V!. It must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**v) Count V**

In Count V, plaintiff alleges that several defendants violated the Rehabilitation Act of 1973—specifically, 29 U.S.C. § 794. He claims that 1) he "is an individual with a disability as defined by the Rehabilitation Act" and 2) Monmouth Medical Center and other defendants "are recipients of federal financial assistance." He then alleges that defendants discriminated against him due to his disability "by failure to accommodate proper footwear."

As noted above with respect to Count IV, plaintiff only alleges that he was "refused proper footwear" at Hampton's facility. He makes no such claim as to Monmouth Medical Center or any of the MMC defendants. Count V, similarly, contains no actual factual allegations to the effect that any of the MMC defendants either 1) failed to accommodate plaintiff due to a disability or 2) discriminated against plaintiff due to a disability.

Because a claim must contain "enough factual matter (taken as true) to suggest" an element required to support it, *Twombly*, 550 U.S. at 556, and because the FAC contains *no* factual matter regarding the MMC defendants with respect to Count V, this Count must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**vi) Count VI**

In Count VI, plaintiff alleges that the MMC defendants, among other defendants, violated *N.J.A.C.* 8:43G-4.1. Although plaintiff purports to cite to *N.J.A.C.* 8:43G-4.1(a)(14), the language he quotes is actually from *N.J.A.C.* 8:43G-4.1(a)(6). He claims that the MMC defendants failed to provide him with explanations of his condition, diagnoses, the basis for his commitment, and the risks and benefits of treatments in terms

he could understand, resulting in "continued confusion, anxiety, and inability to make informed decisions or seek appropriate redress."

The factual allegations upon which Count VI is based, as it pertains to the MMC defendants, appear to be contained in paragraphs 71 through 75 of the FAC. In those paragraphs, plaintiff alleges that his requests to correct his records were denied.

For multiple reasons, these pled factual allegations do not give rise to any cause of action under *N.J.A.C.* 8:43G-4.1.

First, plaintiff is apparently already in possession of the information required by *N.J.A.C.* 8:43G-4.1, as illustrated by the facts he alleges in paragraphs 45, 56, 57, 58, 61, and 107 of the FAC. Within those paragraphs of the FAC, plaintiff actually details such items as his condition (as in paragraph 45 with respect to his test results and paragraphs 57 and 58 with respect to his presenting condition), a diagnosis (as in paragraph 107), and the bases for his commitment (as in paragraphs 56, 57, and 58). This information all presumably came from plaintiff's written records. The facts as contained in the FAC, therefore, support a conclusion that plaintiff *was* provided information required by *N.J.A.C.* 8:43G-4.1.

On the other hand, there are no specific facts alleged in the FAC to support a conclusion that plaintiff was *not* provided information required by *N.J.A.C.* 8:43G-4.1. Plaintiff merely states in conclusory fashion, as in paragraph 107, that defendants failed to provide him with the required information.

In short, then, plaintiff alleges that his records are false and that the MMC defendants refused to correct them—simultaneously while also apparently arguing that

he was never provided the records. While plaintiff disagrees with the contents of the records, that does not mean he was not provided with the necessary information—that contained in the records—in the first place.

Second, *N.J.A.C.* 8:43G-4.1 does not contain any provision regarding the correction of records. Plaintiff points to no law violated by the MMC defendants for having refused to "correct" records that he alleges are false.

Ultimately, there are no facts alleged in the FAC that support plaintiff's claims pursuant to *N.J.A.C.* 8:43G-4.1. The only facts on point that are contained in the FAC actually undermine any potential claim under *N.J.A.C.* 8:43G-4.1 because they tend to show that plaintiff *was* provided with the information required by *N.J.A.C.* 8:43G-4.1. No facts tend to show that plaintiff was *not* provided with that information; instead, plaintiff only claims, in conclusory fashion, that he was not so provided. Therefore, because the FAC does not contain "enough factual matter (taken as true) to suggest" a basis for Plaintiff's *N.J.A.C.* 8:43G-4.1 claims, *Twombly*, 550 U.S. at 556. Count VI must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**vii) Count VII**

In Count VII, plaintiff claims that the MMC defendants, among other defendants, violated grievance procedures pursuant to 42 C.F.R. § 482.13.

This claim is not actionable because 42 C.F.R. § 482.13 does not confer a private cause of action. *Byers v. City of Richmond*, 746 F.Supp.3d 275, 312 (E.D. Va. 2024). The *Byers* court described as "misplaced" the argument advanced by the plaintiffs therein that they could rely upon 42 C.F.R. § 482.13 for their 42 U.S.C. § 1983 claims. The court

explained that "[l]anguage in a regulation, alone, cannot conjure up a private cause of action that has not been authorized by Congress." *Ibid.* (internal quotation marks omitted). Indeed, other several federal courts have also expressly held that 42 C.F.R. § 482.13 creates no private right of action. *Trimble v. Emory Healthcare, Inc.*, 2021 WL 1244864 at *3 (N.D. Ga. 2021).

Therefore, plaintiff's claim pursuant to 42 C.F.R. § 482.13 is not actionable, as the regulation confers no private cause of action. Count VII, therefore, must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**viii) Count VIII**

In Count VIII, plaintiff alleges that Monmouth Medical Center, Lauren H. Zalepka, Esq., and Margaret Nielsen—three of the MMC defendants—retaliated against him in violation of the First Amendment. Although, like Counts I, II, and III these claims only apply to state actors via 42 U.S.C. § 1983, plaintiff only alleges that these defendants acted "potentially under color of state law by involving law enforcement/threatening criminal process."

As with Counts I, II, and III, Count VIII must be dismissed because the MMC defendants were not state actors.

Indeed, as discussed above, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad.,* 531 U.S. at 295 (internal quotation marks omitted). That "close nexus" may result from: 1) a State's "exercise of coercive power"; 2) the "significant encouragement, either overt or covert,"

provided by the State; 3) a private actor operating "as a willful participant in joint activity with the State or its agents"; 4) a private entity that "is controlled by an agency of the State"; 5) a private actor "delegated a public function by the State"; or 6) a private actor "entwined with governmental policies" or with the government "entwined in its management or control." *Id.* at 296 (internal quotation marks omitted).

None of these factors are present here. The State of New Jersey certainly did not coerce the MMC defendants to send plaintiff a cease-and-desist letter or file a police report, nor did it encourage the MMC defendants to take any such action. The State did not jointly participate in any activity of the MMC defendants. The MMC defendants are not controlled by any State agencies. The MMC defendants were not carrying out any functions delegated to them by the State. They were not entwined with any governmental policies.

Instead, the MMC defendants' actions were made as private individuals and entities—certainly not as state actors. As a result, Count VIII must also be dismissed, with prejudice, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6), because plaintiff cannot assert constitutional claims against private entities and individuals that were not state actors.

**ix) Count IX**

In Count IX, plaintiff alleges medical malpractice against a number of defendants, including Mr. Kalogridis and Dr. "Rehman." However, while plaintiff alleges that a host of defendants deviated from the applicable standards of care by "failing to conduct adequate evaluations," relying on false information, "making diagnoses . . . without sufficient basis,"

administering medications without justification or consent, and maintaining inaccurate records, he does not specify which defendants committed which alleged wrongs. The "Factual Allegations" section of the FAC contains factual allegations as to Mr. Kalogridis, but it lacks any specific allegations as to how Mr. Kalogridis violated any standard of care applicable to him. The FAC fails to establish any nexus between those factual allegations against Mr. Kalogridis, on the one hand, and any alleged medical malpractice, on the other hand.

Ultimately, without more specific alleged facts, the MMC defendants do not have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. Plaintiff's medical malpractice claims, as set forth in Count IX, are not sufficiently clear or specific to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Further, *N.J.S.A.* 2A:53A-27 requires that a plaintiff provide, within 60 days of the filing of an answer by a defendant, an affidavit of merit against such defendant if that defendant is alleged to have deviated from the applicable standard of care. While plaintiff is not yet out of time to provide affidavits against the various defendants in this case, *N.J.S.A.* 2A:53A-29 will require the dismissal of plaintiff's claims of medical malpractice if he fails to timely provide affidavits of merit. In any event, Fed. R. Civ. P. 12(b)(6) requires dismissal of Count IX now, regardless of the lack of an affidavit of merit.

**x) Count X**

In Count X, plaintiff asserts a claim for false imprisonment. Although Mr. Kalogridis and Dr. "Rehman" are among the defendants listed in this Count, the factual allegations contained therein only concern the Hampton and CentraState defendants.

Therefore, this Count contains no factual allegations as against the MMC defendants. There is no factual support in the FAC to support any claim that the MMC defendants falsely imprisoned plaintiff. Indeed, the events in question did not take place at any of the MMC defendants' facilities.

Because a claim must contain "enough factual matter (taken as true) to suggest" an element required to support it, *Twombly*, 550 U.S. at 556, and because the FAC contains no factual matter to support a false imprisonment claim against the MMC defendants, Count X must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**xi) Count XI**

Finally, in Count XI, plaintiff asserts claims only against CentraState and an individual identified as "Intern Ashley." This claim, by its own terms, does not apply to the MMC defendants. Therefore, it need not be addressed in the present motion.

**III. Summary**

For the reasons explained above, each of the eleven Counts of the FAC are either inapplicable to the MMC defendants or must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Further, the FAC is an impermissible "shotgun pleading" that must be dismissed.

These separate deficiencies—failure to state a claim and its status as a "shotgun pleading"—independently require the with-prejudice dismissal of the FAC.

**CONCLUSION**

For the reasons set forth above, Defendants, Lauren Zalepka, Monmouth Medical Center i/p/a "RWJBarnabas Health – Monmouth Medical Center," Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D. i/p/a "Dr. Chris Fabin," Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis i/p/a "Theo" and "John Doe 1," respectfully request that the Complaint be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for plaintiff's failure to state a claim upon which relief can be granted against them and because the amended complaint is an impermissible "shotgun pleading."

**RONAN, TUZZIO & GIANNONE, P.C.**
Attorneys for Defendants, Lauren Zalepka, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis

BY: /s/ John M. Hockin, Jr.
JOHN M. HOCKIN, JR.

Dated: April 28, 2025