UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRADLEY CLONAN, ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 3:24-CV-11399-RK-RLS |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL., | ) | Motion to Seal Materials |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO SEAL MATERIALS

Plaintiff Bradley Clonan, appearing pro se, hereby moves this Court pursuant to Local Civil Rule 5.3 for an Order sealing certain medical and psychiatric records. In support of this Motion, I submit the following:

## I. MATERIALS SOUGHT TO BE SEALED

The materials I seek to seal included within my last exhibit submission are medical records, psychiatric evaluation documents, and related correspondence regarding Bradley Clonan, consisting of:

1. Medical and psychiatric records from Monmouth Medical Center including:
   - "B. Clonan medical record"
   - Emergency Screening Services Initial Contact form
   - Department of Human Services Division of Mental Health and Addiction Services Screening Document
   - Clinical/Screening Certificate for Involuntary Commitment
   - Monmouth Medical Center Behavioral Health Forms
   - Psychiatric Assessment records

2. Medical and psychiatric records from CentraState Hospital including:
   - "Centrastate-scans-1-40"
   - "Centrascate-scans-40-80"

- “centrascate-scans-80-160”
- Emergency Screening Services Initial Contact form
- Department of Human Services Division of Mental Health and Addiction Services Screening Document
- Clinical/Screening Certificate for Involuntary Commitment
- Psychiatric Assessment records

3. Medical and psychiatric records from Hampton Behavioral Health including:
    - “Hampton-scans-1-170”
    - “Hampton-scans-170-370”
    - “Hampton-scans-370-610”
    - Emergency Screening Services Initial Contact form
    - Department of Human Services Division of Mental Health and Addiction Services Screening Document
    - Clinical/Screening Certificate for Involuntary Commitment
    - Psychiatric Assessment records

4. Correspondence related to the service of summons and request for medical records including :
    - “Serive of Summons-CentraState”
    - “Service of Summon-Hampton-Conversation”
    - “Service of Summons-confusion-MMC”
    - “emil1”
    - “emil2”
    - Containing emails disclosing mental health conditions, and attorney/client protected information.

All other exhibits submitted can be considered evidentiary, and do not contain any information. Including :

- 3-4-25-exhibits-letter
- 09-09-24-ceace-and-desist
- EthicsPointtimeline
- Formal Grievence scans
- freeholdtownshippolicereport

# II. JUSTIFICATION FOR SEALING

## A. Legitimate Private Interests That Warrant Sealing

These medical records and related correspondence contain highly sensitive and private psychiatric information protected under federal law (HIPAA) and New Jersey state law. The documents include:

1. Information about potential psychiatric evaluations conducted via telepsychiatry
2. Information about potential Mental health diagnoses and symptoms
3. Information about potential self-harm evaluations
4. Personal identifiers including date of birth, address, ssn, and contact information
5. Family information
6. Information about hospitalization and transfer between medical facilities
7. Alleged substance abuse evaluation information
8. Details about grievances filed regarding medical care

The correspondence from both medical institutions specifically references the psychiatric evaluation and subsequent hospitalization that occurred on March 24, 2023, and confirms Mr. Clonan's transfer to Hampton Behavioral Health Center on March 25, 2023. These documents contain references to the evaluation process with mental health professionals, including Dr. Fabian and other hospital staff.

## B. Clearly Defined and Serious Injury That Would Result if Sealing is Denied

Public disclosure of these mental health records and related correspondence would cause clearly defined and serious injury by:

1. Violating Mr. Clonan's federal privacy rights under HIPAA
2. Exposing deeply personal mental health information that could lead to stigmatization
3. Causing permanent damage to his reputation and employability
4. Creating a risk of identity theft through exposure of personal identifiers
5. Publicizing details of a sensitive involuntary commitment proceeding
6. Disclosing communications between the patient hospital administration and representing attorneys that were intended to be confidential

## C. Why Less Restrictive Alternatives to Sealing Are Not Available

Redaction is not a practical alternative because:

1. The entire content of these documents consists of sensitive medical information and references to psychiatric care
2. The documents would lose their evidentiary value if heavily redacted
3. Even with redaction of personally identifying information, the detailed psychiatric information would remain sensitive and potentially harmful if disclosed
4. The correspondence specifically addresses the psychiatric evaluation and related concerns, making meaningful redaction impractical

### D. Objections to Sealing

As of this filing, no party has objected to the sealing of these medical records and related correspondence.

## III. CONCLUSION

For the reasons stated above, I respectfully request that the Court enter an Order sealing the above-described medical records and related correspondence.

Respectfully submitted,

Bradley Clonan
2604 W Rhododendron Drive
Abingdon MD 21009
732-476-9555