UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN, ET AL., ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 3:24-CV-11399-RK-RLS |
| ) | |
| v. ) | |
| ) | Exhibit Statement |
| CENTRASTATE HEALTHCARE ) | |
| SYSTEM/ATLANTIC HEALTHCARE ) | |
| SYSTEM, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I, Bradley Clonan, declare under penalty of perjury:

I am the Plaintiff in this action and submit this declaration in support of the attached exhibits. I have personal knowledge of the facts set forth herein and am competent to testify to them if called as a witness. The following attachments represent only the initial evidence of a pattern of deliberate treatment that has continued over the past two years.

Executed on May 5, 2025

Plaintiff respectfully submits this exhibit to demonstrate multiple good-faith attempts made on or around **May 1, 2025**, and prior, to obtain complete medical records and plain-English explanations of care from each hospital named in this action.

These written communications, directed to counsel representing **Hampton Behavioral Health Center**, **CentraState Medical Center**, and **Monmouth Medical Center**, included the following consistent requests:

- Complete medical records concerning Plaintiff's treatment, diagnosis, discharge, and hospital policies.

- A clear explanation from a licensed physician, in plain and non-technical language, sufficient for the Plaintiff or his caregiver to understand—specifically identifying who was involved in the Plaintiff's care, including any individuals or entities that authorized, directed, or participated in treatment decisions.

- Clarification of documented inconsistencies regarding diagnosis, commitment reasoning, missing medications, and ADA accommodations.

Despite Plaintiff invoking **federal HIPAA rights (45 CFR § 164.524)** and the **New Jersey Patient Bill of Rights (N.J. Admin. Code § 8:43G-4.1(a)6)**, responses either deferred to pending litigation or failed to address the patient access rights altogether. These communications are offered as evidence of Plaintiff's due diligence and repeated good-faith efforts, independent of discovery obligations.

**Attached:**

- Email chain with **Michael W. Bootier, Esq.** (Counsel for Hampton Behavioral)
- Email chain with **John Hockin, Esq.** (Counsel for Monmouth Medical Center)
- Email chain with **Mr. Behr** (Counsel for CentraState)

## EXHIBIT B: SERVICE OF SUMMONS – CLARIFICATION CHALLENGES

Plaintiff also submits this exhibit as documentation of repeated efforts to effectuate proper service upon Defendants pursuant to **Federal Rules of Civil Procedure 4 and 5(b)**. Emails attached show Plaintiff's correspondence with counsel requesting direction on preferred service methods, attempts to confirm waiver or acceptance, and efforts to comply precisely with instructions given by counsel or their clients.

Despite these efforts, ambiguities persisted as to whether counsel or their clients were accepting service, and in some cases Plaintiff was misdirected or faced refusal, necessitating follow-ups and re-service. These exchanges illustrate ongoing attempts to limit delay and fulfill service obligations in compliance with federal procedure.

**Attached in one merged exhibit:**

- Service clarification emails with **Mr. Bootier** (Hampton Behavioral)
- Service clarification emails with **Mr. Hockin** (Monmouth Medical Center)
- Service clarification email with **Mr. Behr** (CentraState)

Bradley Clonan
2604 W Rhododendron Drive
Abingdon, Maryland 21009
732-476-9555