# EXHIBIT STATEMENT

Filed by Plaintiff, Bradley Clonan
Civil Action No. 3:24-cv-11399-RK-RLS
U.S. District Court – District of New Jersey

## EXHIBIT A: REQUESTS FOR MEDICAL RECORDS AND PHYSICIAN EXPLANATIONS

Plaintiff respectfully submits this exhibit to demonstrate multiple good-faith attempts made on or around May 1, 2025, and prior, to obtain complete medical records and plain-English explanations of care from each hospital named in this action.

These written communications, directed to counsel representing Hampton Behavioral Health Center, CentraState Medical Center, and Monmouth Medical Center, included the following consistent requests:

- Complete medical records concerning Plaintiff's treatment, diagnosis, and discharge.
- An explanation from a licensed physician in understandable, non-technical language sufficient for the Plaintiff or his caregiver to comprehend.
- Clarification of documented inconsistencies regarding diagnosis, commitment reasoning, missing medications, and ADA accommodations.

Despite Plaintiff invoking federal HIPAA rights (45 CFR § 164.524) and the New Jersey Patient Bill of Rights (N.J. Admin. Code § 8:43G-4.1(a)6), responses either deferred to pending litigation or failed to address the patient access rights altogether. These communications are offered as evidence of Plaintiff's due diligence and repeated good-faith efforts, independent of discovery obligations.

Attached:

- Email chain with Michael W. Bootier, Esq. (Counsel for Hampton Behavioral)
- Email chain with John Hockin, Esq. (Counsel for Monmouth Medical Center)
- Email chain with Mr. Behr (Counsel for CentraState)

## EXHIBIT B: SERVICE OF SUMMONS – CLARIFICATION CHALLENGES

Plaintiff also submits this exhibit as documentation of repeated efforts to effectuate proper service upon Defendants pursuant to Federal Rules of Civil Procedure 4 and 5(b). Emails attached show Plaintiff's correspondence with counsel requesting direction on preferred service methods, attempts to confirm waiver or acceptance, and efforts to comply precisely with instructions given by counsel or their clients. Despite these efforts, ambiguities persisted as to whether counsel or their clients were accepting service, and in some cases Plaintiff was misdirected or faced refusal, necessitating follow-ups and re-service. These exchanges illustrate ongoing attempts to limit delay and fulfill service obligations in compliance with federal procedure.

Attached:

- Service clarification emails with Mr. Bootier (Hampton Behavioral)
- Service clarification emails with Mr. Hockin (Monmouth Medical Center)
- Service clarification email with Mr. Behr (CentraState)



**Brad Clonan <clonanxyz@gmail.com>**

---

## Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al, Civil Action No. 3:24-cv-11399-RK-RLS

7 messages

---

**Brad Clonan <clonanxyz@gmail.com>**      Tue, Apr 15, 2025 at 12:27 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Dear Mr. Bootier,

This correspondence is sent on behalf of the Plaintiff(s), Bradley clonan, proceeding pro se in the above-referenced civil action.

Please be advised that on 4/15/2025, the United States District Court for the District of New Jersey issued a Summons in a Civil Action directed to your client(s). The Original Complaint initiating this action was filed with the Court on 12/23/2024. The amended Complaint initiating this action was filed with the Court on 04/08/2025. We are now in receipt of the issued Summons, which must be served upon your client(s) along with a copy of the Complaint pursuant to Rule(s) 4 and 5(b) of the Federal Rules of Civil Procedure.

In accordance with your prior instruction that all communications concerning this matter must be directed exclusively through your firm as well as FRCP rule 5(b), we hereby request your guidance regarding the preferred method for effecting service of the Summons and Complaint upon your client(s).

Please advise how your firm wishes to proceed to ensure timely and proper service in compliance with FRCP Rule 4 and 5(b). We await your instructions to facilitate this process.

Very truly yours,

Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com

---

**Michael W. Bootier <michael.bootier@bipc.com>**      Wed, Apr 16, 2025 at 5:10 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan,

Are you making a specific request, and if so, to which Defendant(s) is your request directed?

Thanks,

Mike

**Michael W. Bootier**

**Shareholder**

Two Liberty Place

50 S. 16th Street, Suite 3200

Philadelphia, PA 19102-2555


700 Alexander Park Suite 300

Princeton, NJ 08540-6347


215 665 3833 (o)

215 287 0823 (c)

michael.bootier@bipc.com


# Buchanan

BIPC.com | Twitter | LinkedIn

[Quoted text hidden]

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

**Brad Clonan** <clonanxyz@gmail.com>                                                    Wed, Apr 16, 2025 at 6:05 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr. Bootier,

To clarify, the request is for service on all Hampton behavioral defendants that you represent listed in the amended complaint filed, as there are no new defendants listed. In accordance with  FRCP rule 5(b). To Clarify further, this list includes Hampton Behavioral Health Center, Dr.Michael P Houdart,  Jodi Doe, Anita Doe,  Dr. Atta-ur Rehman, MD, and associated staff.  Please advise on your preferred method of service. Thank you for your cooperation, and guidance on this matter.

Thank you,
Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com


[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                                    Wed, Apr 16, 2025 at 6:06 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

5/5/25, 6:16 PM    Gmail - Second summons. CLONAN v CLIENT FIRST STATE HEALTH CARE SYSTEM/ANIMATE HEALTH CARE SYSTEM et al,…

Case 3:24-cv-11399-RK-RLS    Document 42-3    Filed 05/05/25    Page 5 of 37 PageID:
1757

Anita Giunta

On Wed, Apr 16, 2025 at 5:10 PM Michael W. Bootier <michael.bootier@bipc.com> wrote:
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                               Tue, Apr 22, 2025 at 8:28 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Good morning Mr Bootier,

I was notified of your motion to dismiss. However, never received clarification on service. I still intend on issuing the summons properly as direct ed by the court in accordance with all federal laws in good faith. Was the motion to dismiss an act of waiving service? If so can you provide a written approval waiving it for the record. This is in regards to the aforementioned Hampton clients, and the listed employees.

Thank you for your timely response.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                               Tue, Apr 22, 2025 at 8:37 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr Bootier,

Additionally, for my own medical records and understanding. Please ask your client to identify why I was involuntarily committed, and arrange a meeting with a physician to go over the charts in a language in which I or a designated caregiver can be expected to understand. I have asked upon multiple occasions, and they have not responded even before my original complaint was filed and will continue to until this is resolved. The withholding of this information is detrimental to my health, and can be used as a tool for future misdiagnosis if not accurate.

Have a great day.
Thank you
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                               Mon, May 5, 2025 at 10:59 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Maybe you missed the email

[Quoted text hidden]

 Gmail                                                                                    **Brad Clonan <clonanxyz@gmail.com>**

---

## Request for Documents
6 messages

---

**Michael W. Bootier** <michael.bootier@bipc.com>                                        Mon, Apr 7, 2025 at 5:05 PM
To: "clonanxyz@gmail.com" <clonanxyz@gmail.com>

Mr. Clonan,

Following up on our call, I am not sure what documents you are requesting. If there is a document that you are requesting, kindly send me a request that conforms with the applicable court rules.

Thank you.

### Michael W. Bootier

**Shareholder**

Two Liberty Place

50 S. 16th Street, Suite 3200

Philadelphia, PA 19102-2555

700 Alexander Park Suite 300

Princeton, NJ 08540-6347

215 665 3833 (o)

215 287 0823 (c)

michael.bootier@bipc.com

# Buchanan

BIPC.com | Twitter | LinkedIn

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the

sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

**Brad Clonan** <clonanxyz@gmail.com>                                                    Mon, Apr 7, 2025 at 5:40 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr Bootier,

This letter serves as a formal request for specific medical records and institutional policies related to my admission and treatment by your client. This information is necessary for both medical accuracy as well as an attempt to understand and clarify the events that occurred.

Significant questions persist regarding the diagnosis, treatment, and care plan documented by your client. Including the intake, treatment when I asked for appropriate footwear due to my disability, along with missing medications. Moreover, substantial inaccuracies exist within the records provided to date, such as the erroneous statements that upon transfer and admission by your client These inaccuracies underscore the need for complete and verified information.

Therefore, please provide the following:

1. **Complete Medical Records:** All records related to my admission, diagnosis, treatment, and discharge during the relevant period.
2. **Policy on Involuntary Commitment:** The hospital's official written policies and procedures detailing the process and criteria for converting a patient's status from a voluntary admission to an involuntary commitment.
3. **Policy on Restraints:** The hospital's official written policies and procedures governing the use of physical restraints on patients, including criteria for use and monitoring protocols.
4. **Policy on ADA accommodations : such as appropriate footwear.**
5. **The missing medication incident report number we spoke with Jodi.**
6. **Policy on detaining a patient past the court mandated 72 hour hold.**
7. **AN explanation from a physician to explain my diagnosis and treatment within your facility.**

Receiving these documents will aid in understanding my medical history related to this incident, allow me to maintain accurate personal health records, and ensure the amended complaint accurately reflects the facts for the Court's consideration. Precise documentation is particularly important given acknowledgments from other defendants regarding the facts surrounding my involuntary commitment.

Thank you for your response clarifying the status of discovery under the Federal Rules of Civil Procedure due to the dismissal of my complaint.

However, my request fundamentally pertains to my non-negotiable rights as a patient under New Jersey and federal law. These rights are entirely separate from, and are not extinguished by, the status of civil litigation, and require adherence irrespective of court procedural rules governing discovery. This will not be our first time requesting this, as you have seen in the police recording above, and this will not be the first time your client has denied this information.

Specifically, my rights include:

1. **Right to Explanation:** The New Jersey Patient Bill of Rights (**N.J. Admin. Code § 8:43G-4.1(a)6**) unequivocally grants me the right *"To receive from the patient's physician(s) or clinical practitioner(s) -- in terms that the patient understands -- an explanation of his or her complete medical condition, recommended treatment, risk(s) of the treatment, expected results and reasonable medical alternatives..."* As stated previously, neither I nor my designated representative (my wife) received this critical explanation, and significant confusion and documented inaccuracies (e.g., regarding weight, dental status) persist in the records provided to date.
2. **Right to Access Records:** Independently, under both New Jersey regulations governing hospital medical records (**N.J.A.C. 8:43G-15.3(d)**, which mandates written policies for record access) and federal HIPAA regulations (**45 CFR § 164.524**), I have a well-established right to access and obtain copies of my own medical records in a timely manner.

Your response, citing only the FRCP, fails to address these specific statutory and regulatory obligations your client owes me *as a patient*. Hospitals are required to have established procedures to fulfill these rights.

**Please be advised:** A continued refusal by the hospital to provide access to my medical records or to facilitate the explanation mandated by **N.J. Admin. Code § 8:43G-4.1(a)6**, now that these specific legal duties and the regulations underpinning them have been clearly articulated, raises serious concerns. Such refusal, without explicit, lawful justification compliant with these regulations, could constitute **willful neglect** of your client's duties under established state and federal patient protection laws (including, but not limited to, **45 CFR § 164.524** and **N.J.A.C. 8:43G**). This is particularly

concerning given the need to clarify substantial inaccuracies in the existing documentation that directly impact my understanding of the care provided and my ongoing health management.

Therefore, I require immediate clarification on the following:

1. Acknowledging my rights as a patient under HIPAA (**45 CFR § 164.524**) and NJ law (**N.J.A.C. 8:43G-15.3**), distinct from litigation discovery, is your client definitively refusing access to my complete medical records as requested? If so, please provide the specific, legally valid justification (citing relevant state/federal law or regulation) for overriding these patient access rights, understanding the potential implications of willful neglect.
2. Is your client refusing to arrange for the physician explanation I am entitled to under **N.J. Admin. Code § 8:43G-4.1(a)6**? If so, state the explicit reason, acknowledging this is a mandatory patient right under hospital licensing standards.
3. Pursuant to **N.J.A.C. 8:43G-15.3(d)** and general HIPAA compliance requirements, please provide **copies of the hospital's official written policies and procedures** that detail:
   - The process for patients to request and obtain access to their medical records.
   - The process for patients to receive the medical explanation mandated by **N.J. Admin. Code § 8:43G-4.1(a)6**.
   - Any procedures outlining how these patient rights requests are handled when litigation is pending or has been dismissed, including the designated contact person/department patients should interact with directly. If you maintain counsel cannot process these patient rights requests, these procedures are essential for me to follow the correct hospital protocol.

I expect a prompt response clarifying the hospital's position on points 1 and 2, and providing the requested procedures outlined in point 3, so I may exercise my rights without further impediment.

Sincerely,

Bradley Clonan
732-476-9555
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                          Mon, Apr 7, 2025 at 5:58 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr Bootier,

I apologize I did not attach the police recording (We all make technical errors at times), note this is Centrastate and while it is not your client we have had nothing but similar experiences in seeking this information with your client. I am prepared to supply phone records, and answer any questions you may have. Additionally, I was just provided with more information regarding my commitment, and am curious how I was diagnosed with a F20 paranoid schizophrenia. When my commitment documentation suggested otherwise.

https://youtu.be/rp9OPSesR0A

Thank you in advance for your cooperation

Sincerely,

Bradley Clonan
732-476-9555

[Quoted text hidden]

---

📄 **B. Clonan medical record.pdf**
   1193K

---

**Brad Clonan** <clonanxyz@gmail.com>                                          Thu, May 1, 2025 at 1:33 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr. Bootier,

I write to address the ongoing issue of my access to medical information from your client, specifically my complete medical records and a physician's explanation of my treatment. This request **predates the lawsuit** I filed and was **not triggered by the litigation**; rather, it stems from my basic desire and right as a patient to understand my own medical care. Over the past two years (well **before and during the litigation**), I have made multiple written and oral requests for:

- **Complete Medical Records:** All documents and records pertaining to my treatment at [Hospital Name].

- **Physician's Explanation of Care:** An explanation from the treating physician, in understandable terms, of my diagnosis, the treatment provided, the expected results, and any risks or alternatives involved.

To date, the **hospital, your team, or any hospital employees have not complied** with these requests. The only justification I have been given for this non-compliance is the existence of the pending lawsuit. I am writing to formally assert my rights under **federal and state law** to obtain my medical information and to receive an explanation of my care, and to clarify that litigation does not extinguish these rights.

# Legal Rights to Access Medical Records (Federal & State Law)

**Federal Law (HIPAA & Related Regulations):** Under the Health Insurance Portability and Accountability Act (HIPAA), patients have a **legal, enforceable right** to access and obtain copies of their own medical records held by healthcare providers hhs.gov. With only very limited exceptions (such as certain mental health notes or information that could endanger the patient or others), a healthcare provider *must* provide the patient with access to their protected health information upon request. In fact, the HIPAA Privacy Rule (45 C.F.R. §164.524) generally requires providers to **permit inspection or copying of medical records at the patient's request** and to do so in a timely manner hhs.gov. Federal regulations also reinforce this principle: for instance, the Medicare Conditions of Participation mandate that a hospital patient has the right to access their medical records upon request (oral or written), in the form or format requested, if readily producible law.cornell.edu.

Importantly, HIPAA sets a firm **time frame** for compliance. A covered entity must act on a medical record request **within 30 days** in most cases (a single 30-day extension is allowed only for good cause, with written notice to the patient) verywellhealth.com. Failing to provide records for **two years** — as is the case here — is a blatant deviation from these requirements. Such a prolonged refusal is not only unconscionable from a patient-care perspective; it is **unlawful** under federal standards. The U.S. Department of Health and Human Services has repeatedly emphasized patients' right of access and has enforced this through civil penalties when providers unjustifiably delay or deny access to records. In short, nothing in HIPAA permits a hospital to withhold a patient's own records simply because a lawsuit is pending. The right of access exists **regardless of litigation** status. I have a right to these records *for my own use*, which is distinct from (and not overridden by) the discovery process in a legal case.

**New Jersey Law (Patient Bill of Rights):** New Jersey state law likewise guarantees patients robust rights to their medical information. Under the New Jersey Patient Bill of Rights (N.J. Admin. Code § 8:43G-4.1), every hospital patient has the right to **prompt access** to the information in their medical record and to obtain a personal copy of that record within a reasonable time. Specifically, New Jersey regulations provide that a patient has the right to "have prompt access to [their] medical records" and to receive a copy of those records for a reasonable fee **within 30 days of a written request** nj.gov. The only exception allowed is if a physician specifically determines that direct access would be medically contraindicated or harmful to the patient's health – in which case, the law still requires that the records be made available to the patient's authorized representative or physician instead law.cornell.edu. In my situation, no such contraindication has ever been claimed; the hospital's refusal has been categorical, not medical. By **ignoring multiple written requests over two years**, the hospital is plainly violating New Jersey law, which echoes the same 30-day compliance requirement as HIPAA nj.gov.

It is important to note that these rights are **affirmed by statute and regulation** to ensure patients can be informed about their own health. They are not mere formalities. New Jersey's policy is that patients be able to obtain their records and understand their care as part of receiving treatment with dignity and respect. By withholding my records, the hospital not only flouts these legal mandates but also impedes my ability to make informed decisions about my health and to seek appropriate follow-up care.

# Right to a Physician's Explanation of Treatment (New Jersey Law)

Beyond the paper records, I have a separate but related right to receive information **directly from my physician** about the care I received. New Jersey's Patient Bill of Rights explicitly guarantees patients the right to "receive *an understandable explanation* from [their] physician of [their] complete medical condition, recommended treatment, expected results, and reasonable alternatives" law.cornell.edu. This means the treating doctor (or another qualified practitioner) must communicate with the patient about what was done and why, in terms the patient can comprehend. The

only caveat is if the physician believes this information would be *detrimental to the patient's health or beyond the patient's ability to understand* – then the explanation should be given to the patient's next of kin or guardian instead law.cornell.edu. Again, no such claim of detriment or inability to understand has been made in my case. I am fully capable of understanding an explanation of my own medical treatment; indeed, I am seeking it.

This right to an explanation exists to ensure that patients are **not kept in the dark about their own health**. It is a fundamental aspect of informed consent and human dignity in medical care. I requested (and still request) a meeting or written communication with the appropriate physician to review what happened during my treatment. The hospital's stance so far has effectively been to refuse such a conversation. If this refusal is, as suggested, solely because I initiated legal action, then the hospital is placing itself above a clear patient-rights mandate. The New Jersey Department of Health requires hospitals to uphold patients' rights **even after discharge**, and it certainly does not carve out an exception where the patient has filed a lawsuit. In fact, the right to an explanation of care **exists independently of any litigation** – it is part of the standard of care owed to every patient. I was entitled to this explanation at the time of treatment and afterward; filing a complaint in court does not waive or nullify that entitlement.

# Litigation Does Not Void Patient Rights

I fully appreciate that there is ongoing litigation between us, and I understand that typically substantive discussions occur through formal legal channels. However, it must be emphasized that **my requests for my records and an explanation of care were made long before I pursued litigation**, and they have been consistently repeated in good faith purely for my personal knowledge. I did not initiate those requests as a trick to gain advantage in the lawsuit; I initiated them because any patient would want to know what happened to them medically and to have their medical documentation.

It appears that the hospital (or its counsel) has taken the position that because I have a pending legal claim, I must obtain information only through the litigation discovery process, and therefore the hospital will not fulfill what would normally be routine patient requests. I am seeking confirmation: **Is the existence of the lawsuit the *only* stated reason for the hospital's non-compliance with my requests?** If there is *any other* justification being relied upon to withhold my records or to refuse a physician explanation, please elucidate that clearly. As far as I am aware, no other reason has been given to me. In meetings and correspondence, the refrain has been that since I have sued, the hospital is not obliged to respond through the usual administrative process. I would like it confirmed in writing whether this is indeed the hospital's official stance and sole rationale.

To illustrate the issue: **If I were to withdraw my legal complaint today, would the hospital then immediately provide my records and arrange for the physician to explain my treatment?** If the answer is "yes," that implies the hospital recognizes it has no other valid ground to deny these requests – which in turn suggests that the only thing standing between me and my medical information is the fact that I sought legal redress. Such a stance is highly problematic, because it effectively **punishes a patient for asserting legal rights**. The **patient's right of access** should not be held hostage as a bargaining chip in litigation. On the other hand, if the answer is "no" (i.e., even without the lawsuit the hospital would still refuse for some reason), then I am at a loss to understand what that reason could be, and it certainly has never been communicated to me despite my inquiries. In either scenario, the current refusal to comply with my requests is not supported by law or ethics.

Let me be clear: I am **not asking for anything to which I am not entitled by law**. I am simply asking the hospital to do what it should have done two years ago in the normal course of events. Both federal law (HIPAA) and state law compel providing a patient with his own medical records upon request hhs.govnj.gov. New Jersey law additionally compels explaining the care to the patient in understandable language law.cornell.edu. There is **no exception in these laws for "pending lawsuit"** or similar. In fact, federal guidance explicitly contemplates that individuals will have access to their health information *"for as long as the information is maintained"* by the provider, **regardless** of why the individual wants it hhs.gov. A patient might want their records for a second medical opinion, for personal archives, or yes, even to consider legal options – but the motive is not a condition for compliance. The law does not allow a hospital to interrogate *why* a patient wants his records; it only requires that the hospital honor the **patient's ownership interest in the information about himself**.

# Request for Compliance and Clarification

In light of the above, I respectfully **demand that the hospital now comply** with its obligations:

- **Provide the Complete Medical Records:** I request that you facilitate the release of my full medical record without further delay. This should include all items in my designated record set (e.g. physician notes, nursing notes, test results, consultations, medication records, discharge summaries, etc.), as required by HIPAA and state law. Given that my original request dates back two years, the records should be provided immediately – well past the 30-day legal window nj.gov. I am willing to pay any reasonable copying fee as permitted by law. If there is any portion of the record you believe cannot be released to me (for example, due to a specific legal exception), you are obliged to inform me of that and the exact reason in writing. Otherwise, I expect full disclosure.

- **Arrange a Physician Explanation of Care:** I ask that the hospital arrange a meeting or call with the appropriate physician (or, if more suitable, provide a written narrative) to explain my medical condition and treatment in layperson's terms, as is my right under New Jersey law law.cornell.edu. This should cover the nature of my ailment/diagnosis, the treatments or procedures performed, the outcomes, any complications that occurred, and the rationale for the care decisions made. If the hospital prefers that my attorney be present or that this be done in a particular format due to the litigation, I am open to discussing reasonable accommodations – but the substance of the explanation cannot be withheld. I note that an **"understandable explanation"** is not a part of the medical record per se (it is something that must be conveyed to me personally), so it should not be treated as a document disclosure issue; it is a communication issue. There is no legal barrier to my doctor speaking with me about my own health. Indeed, it is encouraged by the Patient Bill of Rights.

- **Confirm the Hospital's Position:** Please confirm in writing whether the hospital's refusal thus far has been solely because of the pending lawsuit, and if so, whether it now intends to maintain that position despite the clear legal mandates outlined above. If there are *additional reasons* for the refusal (which I doubt, but must ask), please articulate those reasons. This clarification is important should this matter need to be taken to a court or a regulatory body for resolution, as it will establish what justifications (if any) the hospital is asserting for its actions.

I genuinely hope that we can resolve this matter **without further escalation**. My goal has always been straightforward – to understand my own medical journey and to have the documentation that by law I am allowed to have. I should not have to choose between **pursuing legal accountability** and **receiving basic information about my health**; I am entitled to both. If the hospital continues to deny these rights, I will have no choice but to consider all appropriate remedies. This could include seeking a court order compelling the release of the records, notifying the New Jersey Department of Health of patient rights violations, and/or filing a complaint with the U.S. Department of Health and Human Services' Office for Civil Rights for a HIPAA violation. I sincerely prefer to avoid such measures and would rather this be handled cooperatively and expeditiously.

In conclusion, I respectfully ask that your client and its counsel **reconsider the current stance** in light of the incontrovertible legal rights outlined above. The pending litigation should not be an obstacle to fulfilling a patient's lawful request that was made independently of it. Please provide the requested records and arrange the requested explanation of care **within the next 14 days**, or provide a valid legal reason why you will not do so. Thank you for your prompt attention to this matter; I look forward to your response and to finally obtaining the information to which I am entitled.

**Sincerely,**
Mr. Bradley Clonan (Patient)
732-476-9555
[Quoted text hidden]

---

**Michael W. Bootier** <michael.bootier@bipc.com>                    Thu, May 1, 2025 at 2:04 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – your pleadings repeatedly reference medical records from Hampton Behavioral Health Center. My understanding is that you have received those records. The medical records, from Hampton Behavioral Health Center and other providers, summarize the treatment provided.

Thank you,

Mike

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

1. **Complete Medical Records:** All records related to my admission, diagnosis, treatment, and discharge during the relevant period.

2. **Policy on Involuntary Commitment:** The hospital's official written policies and procedures detailing the process and criteria for converting a patient's status from a voluntary admission to an involuntary

commitment.

3. **Policy on Restraints:** The hospital's official written policies and procedures governing the use of physical restraints on patients, including criteria for use and monitoring protocols.

4. **Policy on ADA accommodations : such as appropriate footwear.**

5. **The missing medication incident report number we spoke with Jodi.**

6. **Policy on detaining a patient past the court mandated 72 hour hold.**

7. **AN explanation from a physician to explain my diagnosis and treatment within your facility.**

Receiving these documents will aid in understanding my medical history related to this incident, allow me to maintain accurate personal health records, and ensure the amended complaint accurately reflects the facts for the Court's consideration. Precise documentation is particularly important given acknowledgments from other defendants regarding the facts surrounding my involuntary commitment.

Thank you for your response clarifying the status of discovery under the Federal Rules of Civil Procedure due to the dismissal of my complaint.

However, my request fundamentally pertains to my non-negotiable rights as a patient under New Jersey and federal law. These rights are entirely separate from, and are not extinguished by, the status of civil litigation, and require adherence irrespective of court procedural rules governing discovery. This will not be our first time requesting this, as you have seen in the police recording above, and this will not be the first time your client has denied this information.

Specifically, my rights include:

1. **Right to Explanation:** The New Jersey Patient Bill of Rights (**N.J. Admin. Code § 8:43G-4.1(a)6**) unequivocally grants me the right *"To receive from the patient's physician(s) or clinical practitioner(s) -- in terms that the patient understands -- an explanation of his or her complete medical condition, recommended treatment, risk(s) of the treatment, expected results and reasonable medical alternatives..."* As stated previously, neither I nor my designated representative (my wife) received this critical explanation, and significant confusion and documented inaccuracies (e.g., regarding weight, dental status) persist in the records provided to date.

2. **Right to Access Records:** Independently, under both New Jersey regulations governing hospital medical records (**N.J.A.C. 8:43G-15.3(d)**, which mandates written policies for record access) and federal HIPAA regulations (**45 CFR § 164.524**), I have a well-established right to access and obtain copies of my own medical records in a timely manner.

Your response, citing only the FRCP, fails to address these specific statutory and regulatory obligations your client owes me *as a patient*. Hospitals are required to have established procedures to fulfill these rights.

**Please be advised:** A continued refusal by the hospital to provide access to my medical records or to facilitate the explanation mandated by **N.J. Admin. Code § 8:43G-4.1(a)6**, now that these specific legal duties and the regulations underpinning them have been clearly articulated, raises serious concerns. Such refusal, without explicit, lawful justification compliant with these regulations, could constitute **willful neglect** of your client's duties under established state and federal patient protection laws (including, but not limited to, **45 CFR § 164.524** and **N.J.A.C. 8:43G**). This is particularly concerning given the need to clarify substantial inaccuracies in the existing documentation that directly impact my understanding of the care provided and my ongoing health management.

Therefore, I require immediate clarification on the following:

1. Acknowledging my rights as a patient under HIPAA (**45 CFR § 164.524**) and NJ law (**N.J.A.C. 8:43G-15.3**), distinct from litigation discovery, is your client definitively refusing access to my complete medical records as requested? If so, please provide the specific, legally valid justification (citing relevant state/federal law or regulation) for overriding these patient access rights, understanding the potential implications of willful neglect.

2. Is your client refusing to arrange for the physician explanation I am entitled to under **N.J. Admin. Code § 8:43G-4.1(a)6**? If so, state the explicit reason, acknowledging this is a mandatory patient right under hospital licensing standards.

3. Pursuant to **N.J.A.C. 8:43G-15.3(d)** and general HIPAA compliance requirements, please provide **copies of the hospital's official written policies and procedures** that detail:

○ The process for patients to request and obtain access to their medical records.

○ The process for patients to receive the medical explanation mandated by **N.J. Admin. Code § 8:43G-4.1(a)6**.

○ Any procedures outlining how these patient rights requests are handled when litigation is pending or has been dismissed, including the designated contact person/department patients should interact with directly. If you maintain counsel cannot process these patient rights requests, these procedures are essential for me to follow the correct hospital protocol.

I expect a prompt response clarifying the hospital's position on points 1 and 2, and providing the requested procedures outlined in point 3, so I may exercise my rights without further impediment.

Sincerely,

Bradley Clonan
732-476-9555

On Mon, Apr 7, 2025 at 5:06 PM Michael W. Bootier <michael.bootier@bipc.com> wrote:

Mr. Clonan,

Following up on our call, I am not sure what documents you are requesting. If there is a document that you are requesting, kindly send me a request that conforms with the applicable court rules.

Thank you.

**Michael W. Bootier**

**Shareholder**

Two Liberty Place

50 S. 16th Street, Suite 3200

Philadelphia, PA 19102-2555

700 Alexander Park Suite 300

Princeton, NJ 08540-6347

215 665 3833 (o)

215 287 0823 (c)

michael.bootier@bipc.com

# Buchanan

BIPC.com | Twitter | LinkedIn

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                          Thu, May 1, 2025 at 2:17 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Dear Mr. Bootier,

You are correct thank you for confirming that the medical records were received. However, as previously stated, I am seeking further clarification and explanation from the treating physicians, as I do not fully understand the contents of the records. Under both HIPAA and the New Jersey Patient Bill of Rights, I am entitled to receive not only access to my medical records but also a clear and understandable explanation of my diagnosis, treatment, and care, either directly or through a designated representative.

Additionally, I have yet to receive:

1. Any explanation from your client's staff or physicians regarding the missing medications noted during my treatment;

2. Any of your client's written policies regarding patient care, discharge, or medication administration, which I previously requested;

3. Any follow-up from Patient Advocate Jodi, despite prior assurances.

To date, I have not been informed of any legal barrier that would prevent your client from complying with these requests. If such a restriction exists, please provide the specific legal basis for the refusal. Otherwise, I respectfully request that you communicate these concerns to your client and that your client promptly complies with its legal and ethical obligations.

I look forward to your timely response.

Sincerely,

Bradley Clonan

[Quoted text hidden]

                                                          **Brad Clonan <clonanxyz@gmail.com>**

---

## Summons
7 messages

---

**Michael W. Bootier** <michael.bootier@bipc.com>                        Mon, May 5, 2025 at 8:51 AM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan,


I received your message this morning regarding a summons. Hampton Behavioral Health Center received the initial summons.


As for any individual, the Court set forth in its March 25, 2025 Memorandum Order, attached here, that any amended complaint against these individuals will be dismissed unless Plaintiff can establish that they were properly served within 90 days of the initial Complaint or by showing good cause for the failure of service.


Thank you.


**Michael W. Bootier**

**Shareholder**


Two Liberty Place

50 S. 16th Street, Suite 3200

Philadelphia, PA 19102-2555


700 Alexander Park Suite 300

Princeton, NJ 08540-6347


215 665 3833 (o)

215 287 0823 (c)

michael.bootier@bipc.com


# Buchanan

BIPC.com | Twitter | LinkedIn

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

 **DKT0025 - Memorandum Order Denying [20],[9],[15] Defendants Motions To Dismiss As Moot; Denying [12] Plaintiffs Motion For Summary Judgment As Moot;~.pdf**
565K

---

**Brad Clonan** <clonanxyz@gmail.com>                                          Mon, May 5, 2025 at 9:04 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr. Bootier,

Thank you for your email.

As I previously informed the Court, my wife and I were instructed by your client to deliver the summons to Hampton Behavioral Health Center, which we did in good faith. For your reference, I've attached the affidavit of service.

To clarify my earlier message: Will you or your client be accepting service of the summons? While I understand you have entered an appearance on behalf of Hampton Behavioral Health Center, you have not done so for its individual employees. As such, I am inclined to proceed with delivering the summons again, consistent with your client's original direction.

Please advise so that we can avoid any further unnecessary delay on your client's behalf. Today I will be dropping off the summons, and need to know if I will be dropping them off at your office or as originally instructed.

Best regards,
Bradley Clonan
732-476-9555
[Quoted text hidden]

 **Hampton Behavioral Health Center Affidavit of Service (1).pdf**
693K

---

**Brad Clonan** <clonanxyz@gmail.com>                                          Mon, May 5, 2025 at 10:43 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Furthermore, I find your original response very troubling. Are you stating that your client intentionally misled my wife and I in regards to the original service, in an attempt to obstruct proper service?
[Quoted text hidden]

---

**Michael W. Bootier** <michael.bootier@bipc.com>                              Mon, May 5, 2025 at 10:55 AM
To: Brad Clonan <clonanxyz@gmail.com>

I have made no such representation and object to the mischaracterization of my email.


To clarify your question below, are you asking me to waive service of the summons, and if so, on behalf of what individuals or entities? I have not received a formal request.

[Quoted text hidden]
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                    Mon, May 5, 2025 at 11:39 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

I have resent the formal request email chain. Currently in plain English. Will you be accepting the summons today, or should I proceed as originally directed by Hampton behavioral health center employees and deliver the summons directly to Hampton behavioral health center again?

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                    Mon, May 5, 2025 at 11:42 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

As you've stated, you also have the right of waiving service.

[Quoted text hidden]

---

**Michael W. Bootier** <michael.bootier@bipc.com>                    Mon, May 5, 2025 at 5:47 PM
To: Brad Clonan <clonanxyz@gmail.com>

I am not authorized to waive or accept service of a summons.

[Quoted text hidden]
[Quoted text hidden]

5/5/25, 6:15 PM                    Gmail - Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al,…

Case 3:24-cv-11399-RK-RLS    Document 42-1    Filed 05/05/25    Page 18 of 37 PageID: 1770

 Gmail

**Brad Clonan <clonanxyz@gmail.com>**

---

## Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al, Civil Action No. 3:24-cv-11399-RK-RLS
17 messages

---

**Brad Clonan** <clonanxyz@gmail.com>                              Tue, Apr 15, 2025 at 12:25 PM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Dear Mr. Hockin,

This correspondence is sent on behalf of the Plaintiff(s), Bradley clonan, proceeding pro se in the above-referenced civil action.

Please be advised that on 4/15/2025, the United States District Court for the District of New Jersey issued a Summons in a Civil Action directed to your client(s). The Original Complaint initiating this action was filed with the Court on 12/23/2024. The amended Complaint initiating this action was filed with the Court on 04/08/2025. We are now in receipt of the issued Summons, which must be served upon your client(s) along with a copy of the Complaint pursuant to Rule(s) 4 and 5(b) of the Federal Rules of Civil Procedure.

In accordance with your prior instruction that all communications concerning this matter must be directed exclusively through your firm as well as FRCP rule 5(b), we hereby request your guidance regarding the preferred method for effecting service of the Summons and Complaint upon your client(s).

Please advise how your firm wishes to proceed to ensure timely and proper service in compliance with FRCP Rule 4 and 5(b). We await your instructions to facilitate this process.

Very truly yours,

Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com

---

**Brad Clonan** <clonanxyz@gmail.com>                              Thu, Apr 17, 2025 at 9:54 AM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Mr Hockin,

To clarify, the request is for service on all defendants that you represent listed in the amended complaint filed, as there are no new defendants listed. In accordance with  FRCP rule 5(b). To Clarify further, this list would also include Theo as an employee of your clients, and associated staff.  Please advise on your preferred method of service. Thank you for your cooperation, and guidance on this matter.

Thank you have a great Easter!

[Quoted text hidden]

---

**John Hockin, Jr.** <jhockin@ronanlaw.com>                        Thu, Apr 17, 2025 at 9:56 AM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan:

Thank you for the clarification. I am just awaiting authority to accept on the clients' behalves. I do not think this will be an issue but I need written authority.

Happy Easter.

Thank you.

John M. Hockin, Jr., Esq.
Ronan, Tuzzio, & Giannone
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
(732) 922-3300
Fax:  732-918-8505

***Confidentiality Note****

This transmission is intended only for the addressee, and may contain privileged and/or confidential information from the law firm of Ronan, Tuzzio & Giannone, P.A. If you are not the intended recipient, please do not use, disseminate, or copy this material. If you have received this transmission in error, please notify us immediately by telephone, return this transmission, and delete or destroy any copies.

Thank you.

[Quoted text hidden]

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

**Brad Clonan** <clonanxyz@gmail.com>                    Thu, Apr 17, 2025 at 10:02 AM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Mr. Hockin,

Thank you for following up and clarification. Looking forward to hearing back soon.
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                    Wed, Apr 23, 2025 at 7:18 AM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Good morning Mr. Hockin,

I wanted to reach out and see if there were any updates on our prior conversations? I've printed all of the summons and just need to know where to deliver them. Whether it be your office or the hospital? If not your clients also have the ability to waive service in writing, I want to ensure all federal rules are followed.

Thank you in advance.

On Thu, Apr 17, 2025 at 9:56 AM John Hockin, Jr. <jhockin@ronanlaw.com> wrote:

[Quoted text hidden]

---

**John Hockin, Jr.** <jhockin@ronanlaw.com>                    Wed, Apr 23, 2025 at 9:11 AM
To: Brad Clonan <clonanxyz@gmail.com>

Brad:

I can accept the ones for Monmouth Medical Center, Margaret Nielsen, Lauren Zalepka, Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, the Estate of Dr. Rehim and Virginia Heggen. Is there anyone else that you need to serve from Monmouth Medical Center?

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                    Wed, Apr 23, 2025 at 9:34 AM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Thank you for the update and your cooperation. The list looks fairly complete; however, we also need to serve Theo F. Kalogridis, RN—the initial screener from Monmouth Medical Center.

[Quoted text hidden]

---

**John Hockin, Jr.** <jhockin@ronanlaw.com>                    Wed, Apr 23, 2025 at 9:46 AM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan:

Thank you for the reminder. Let me check on him as I forgot to include him within my letter to Monmouth Medical Center. I will get an answer on that issue today.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                    Wed, Apr 23, 2025 at 9:47 AM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Mr. Hockin:

Great thank you. Enjoy the rest of your day.

[Quoted text hidden]

---

**John Hockin, Jr.** <jhockin@ronanlaw.com>                    Wed, Apr 23, 2025 at 8:50 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan:

I will be able to accept service for Mr. Kalogridis.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                    Thu, Apr 24, 2025 at 7:21 AM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

5/5/25, 6:15 PM    Gmail - Service of Summons CLONAN v. CENTRA STATE HEALTHCARE SYSTEM et al,...

Case 3:24-cv-11399-RK-RLS   Document 42-1   Filed 05/05/25   Page 21 of 37 PageID:
1773

Mr. Hockin,

Thank you for the update.

Have a great day.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>        Mon, Apr 28, 2025 at 4:23 PM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Mr Hockin.

I wanted to thank you again for your continued cooperation. I was reviewing the paperwork your client sent over, and would like to stress I'd still like to receive a complete understanding of what occurred. explained by a medical professional. The records you have supplied appear to be inaccurate and incomplete. I was not screened on 3/24/23 as the records would suggest, and would appreciate further clarification.



Thank you in advance,
Bradley Clonan
732-476-9555

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>        Mon, Apr 28, 2025 at 4:26 PM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>



[Quoted text hidden]

---

**John Hockin, Jr.** <jhockin@ronanlaw.com>      Thu, May 1, 2025 at 12:45 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan:

Once a case is filed, all discovery has to occur in the litigation. Depending on what happens with the motions, the Court will set forth a discovery schedule and allow you to serve discovery requests in the form of written questions to the hospital and hospital personnel. This discovery would be conducted as part of the lawsuit.

Given that there is a pending litigation, my clients will not speak with your directly regarding the care and treatment.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>      Thu, May 1, 2025 at 1:31 PM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

**Dear Mr. Hockin,**

I write to address the ongoing issue of my access to medical information from your client, specifically my complete medical records and a physician's explanation of my treatment. This request **predates the lawsuit** I filed and was **not triggered by the litigation**; rather, it stems from my basic desire and right as a patient to understand my own medical care. Over the past two years (well **before and during the litigation**), I have made multiple written and oral requests for:

- **Complete Medical Records:** All documents and records pertaining to my treatment at [Hospital Name].

5/5/25, 6:15 PM    Gmail - ... Summons, CLOSURE, DOCUMENT 42 - STATE HEALTH CARE SYSTEM ... GHT HEALTH CARE SYSTEM et al,...

Case 3:24-cv-11399-RK-RLS    Document 42-1    Filed 05/05/25    Page 23 of 37 PageID: 1775

- **Physician's Explanation of Care:** An explanation from the treating physician, in understandable terms, of my diagnosis, the treatment provided, the expected results, and any risks or alternatives involved.

To date, the **hospital, your team, or any hospital employees have not complied** with these requests. The only justification I have been given for this non-compliance is the existence of the pending lawsuit. I am writing to formally assert my rights under **federal and state law** to obtain my medical information and to receive an explanation of my care, and to clarify that litigation does not extinguish these rights.

# Legal Rights to Access Medical Records (Federal & State Law)

**Federal Law (HIPAA & Related Regulations):** Under the Health Insurance Portability and Accountability Act (HIPAA), patients have a **legal, enforceable right** to access and obtain copies of their own medical records held by healthcare providers hhs.gov. With only very limited exceptions (such as certain mental health notes or information that could endanger the patient or others), a healthcare provider *must* provide the patient with access to their protected health information upon request. In fact, the HIPAA Privacy Rule (45 C.F.R. §164.524) generally requires providers to **permit inspection or copying of medical records at the patient's request** and to do so in a timely manner hhs.gov. Federal regulations also reinforce this principle: for instance, the Medicare Conditions of Participation mandate that a hospital patient has the right to access their medical records upon request (oral or written), in the form or format requested, if readily producible law.cornell.edu.

Importantly, HIPAA sets a firm **time frame** for compliance. A covered entity must act on a medical record request **within 30 days** in most cases (a single 30-day extension is allowed only for good cause, with written notice to the patient) verywellhealth.com. Failing to provide records for **two years** — as is the case here — is a blatant deviation from these requirements. Such a prolonged refusal is not only unconscionable from a patient-care perspective; it is **unlawful** under federal standards. The U.S. Department of Health and Human Services has repeatedly emphasized patients' right of access and has enforced this through civil penalties when providers unjustifiably delay or deny access to records. In short, nothing in HIPAA permits a hospital to withhold a patient's own records simply because a lawsuit is pending. The right of access exists *regardless of litigation* status. I have a right to these records *for my own use*, which is distinct from (and not overridden by) the discovery process in a legal case.

**New Jersey Law (Patient Bill of Rights):** New Jersey state law likewise guarantees patients robust rights to their medical information. Under the New Jersey Patient Bill of Rights (N.J. Admin. Code § 8:43G-4.1), every hospital patient has the right to **prompt access** to the information in their medical record and to obtain a personal copy of that record within a reasonable time. Specifically, New Jersey regulations provide that a patient has the right to "have prompt access to [their] medical records" and to receive a copy of those records for a reasonable fee **within 30 days of a written request** nj.gov. The only exception allowed is if a physician specifically determines that direct access would be medically contraindicated or harmful to the patient's health – in which case, the law still requires that the records be made available to the patient's authorized representative or physician instead law.cornell.edu. In my situation, no such contraindication has ever been claimed; the hospital's refusal has been categorical, not medical. By **ignoring multiple written requests over two years**, the hospital is plainly violating New Jersey law, which echoes the same 30-day compliance requirement as HIPAA nj.gov.

It is important to note that these rights are **affirmed by statute and regulation** to ensure patients can be informed about their own health. They are not mere formalities. New Jersey's policy is that patients be able to obtain their records and understand their care as part of receiving treatment with dignity and respect. By withholding my records, the hospital not only flouts these legal mandates but also impedes my ability to make informed decisions about my health and to seek appropriate follow-up care.

# Right to a Physician's Explanation of Treatment (New Jersey Law)

Beyond the paper records, I have a separate but related right to receive information **directly from my physician** about the care I received. New Jersey's Patient Bill of Rights explicitly guarantees patients the right to "receive *an understandable explanation* from [their] physician of [their] complete medical condition, recommended treatment, expected results, risks and reasonable alternatives" law.cornell.edu. This means the treating doctor (or another qualified practitioner) must communicate with the patient about what was done and why, in terms the patient can comprehend. The only caveat is if the physician believes this information would be *detrimental to the patient's health or beyond the patient's ability to understand* – then the explanation should be given to the patient's next of kin or guardian instead law.cornell.edu. Again, no such claim of detriment or inability to understand has been made in my case. I am fully capable of understanding an explanation of my own medical treatment; indeed, I am seeking it.

This right to an explanation exists to ensure that patients are **not kept in the dark about their own health**. It is a fundamental aspect of informed consent and human dignity in medical care. I requested (and still request) a meeting or

written communication with the appropriate physician to review what happened during my treatment. The hospital's stance so far has effectively been to refuse such a conversation. If this refusal is, as suggested, solely because I initiated legal action, then the hospital is placing itself above a clear patient-rights mandate. The New Jersey Department of Health requires hospitals to uphold patients' rights **even after discharge**, and it certainly does not carve out an exception where the patient has filed a lawsuit. In fact, the right to an explanation of care **exists independently of any litigation** – it is part of the standard of care owed to every patient. I was entitled to this explanation at the time of treatment and afterward; filing a complaint in court does not waive or nullify that entitlement.

# Litigation Does Not Void Patient Rights

I fully appreciate that there is ongoing litigation between us, and I understand that typically substantive discussions occur through formal legal channels. However, it must be emphasized that **my requests for my records and an explanation of care were made long before I pursued litigation**, and they have been consistently repeated in good faith purely for my personal knowledge. I did not initiate those requests as a trick to gain advantage in the lawsuit; I initiated them because any patient would want to know what happened to them medically and to have their medical documentation.

It appears that the hospital (or its counsel) has taken the position that because I have a pending legal claim, I must obtain information only through the litigation discovery process, and therefore the hospital will not fulfill what would normally be routine patient requests. I am seeking confirmation: **Is the existence of the lawsuit the *only* stated reason for the hospital's non-compliance with my requests?** If there is *any other* justification being relied upon to withhold my records or to refuse a physician explanation, please elucidate that clearly. As far as I am aware, no other reason has been given to me. In meetings and correspondence, the refrain has been that since I have sued, the hospital is not obliged to respond through the usual administrative process. I would like it confirmed in writing whether this is indeed the hospital's official stance and sole rationale.

To illustrate the issue: **If I were to withdraw my legal complaint today, would the hospital then immediately provide my records and arrange for the physician to explain my treatment?** If the answer is "yes," that implies the hospital recognizes it has no other valid ground to deny these requests – which in turn suggests that the only thing standing between me and my medical information is the fact that I sought legal redress. Such a stance is highly problematic, because it effectively **punishes a patient for asserting legal rights**. The **patient's right of access** should not be held hostage as a bargaining chip in litigation. On the other hand, if the answer is "no" (i.e., even without the lawsuit the hospital would still refuse for some reason), then I am at a loss to understand what that reason could be, and it certainly has never been communicated to me despite my inquiries. In either scenario, the current refusal to comply with my requests is not supported by law or ethics.

Let me be clear: I am **not asking for anything to which I am not entitled by law**. I am simply asking the hospital to do what it should have done two years ago in the normal course of events. Both federal law (HIPAA) and state law compel providing a patient with his own medical records upon request hhs.govnj.gov. New Jersey law additionally compels explaining the care to the patient in understandable language law.cornell.edu. There is **no exception in these laws for "pending lawsuit"** or similar. In fact, federal guidance explicitly contemplates that individuals will have access to their health information *"for as long as the information is maintained"* by the provider, **regardless** of why the individual wants it hhs.gov. A patient might want their records for a second medical opinion, for personal archives, or yes, even to consider legal options – but the motive is not a condition for compliance. The law does not allow a hospital to interrogate *why* a patient wants his records; it only requires that the hospital honor the **patient's ownership interest in the information about himself**.

# Request for Compliance and Clarification

In light of the above, I respectfully **demand that the hospital now comply** with its obligations:

- **Provide the Complete Medical Records:** I request that you facilitate the release of my full medical record without further delay. This should include all items in my designated record set (e.g. physician notes, nursing notes, test results, consultations, medication records, discharge summaries, etc.), as required by HIPAA and state law. Given that my original request dates back two years, the records should be provided immediately – well past the 30-day legal window nj.gov. I am willing to pay any reasonable copying fee as permitted by law. If there is any portion of the record you believe cannot be released to me (for example, due to a specific legal exception), you are obliged to inform me of that and the exact reason in writing. Otherwise, I expect full disclosure.

- **Arrange a Physician Explanation of Care:** I ask that the hospital arrange a meeting or call with the appropriate physician (or, if more suitable, provide a written narrative) to explain my medical condition and treatment in layperson's terms, as is my right under New Jersey law law.cornell.edu. This should cover the nature of my ailment/diagnosis, the treatments or procedures performed, the outcomes, any complications that occurred, and the rationale for the care decisions made. If the hospital prefers that my attorney be present or that this be done in a particular format due to the litigation, I am open to discussing reasonable accommodations – but the substance

5/5/25, 6:15 PM                    Gmail - 3:24-cv-11399-RK-RLS Document 42-1 ... et al,...

Case 3:24-cv-11399-RK-RLS    Document 42-1    Filed 05/05/25    Page 25 of 37 PageID:
1777

of the explanation cannot be withheld. I note that an **"understandable explanation"** is not a part of the medical record per se (it is something that must be conveyed to me personally), so it should not be treated as a document disclosure issue; it is a communication issue. There is no legal barrier to my doctor speaking with me about my own health. Indeed, it is encouraged by the Patient Bill of Rights.

- **Confirm the Hospital's Position:** Please confirm in writing whether the hospital's refusal thus far has been solely because of the pending lawsuit, and if so, whether it now intends to maintain that position despite the clear legal mandates outlined above. If there are *additional reasons* for the refusal (which I doubt, but must ask), please articulate those reasons. This clarification is important should this matter need to be taken to a court or a regulatory body for resolution, as it will establish what justifications (if any) the hospital is asserting for its actions.

I genuinely hope that we can resolve this matter **without further escalation**. My goal has always been straightforward – to understand my own medical journey and to have the documentation that by law I am allowed to have. I should not have to choose between **pursuing legal accountability** and **receiving basic information about my health**; I am entitled to both. If the hospital continues to deny these rights, I will have no choice but to consider all appropriate remedies. This could include seeking a court order compelling the release of the records, notifying the New Jersey Department of Health of patient rights violations, and/or filing a complaint with the U.S. Department of Health and Human Services' Office for Civil Rights for a HIPAA violation. I sincerely prefer to avoid such measures and would rather this be handled cooperatively and expeditiously.

In conclusion, I respectfully ask that your client and its counsel **reconsider the current stance** in light of the incontrovertible legal rights outlined above. The pending litigation should not be an obstacle to fulfilling a patient's lawful request that was made independently of it. Please provide the requested records and arrange the requested explanation of care **within the next 14 days**, or provide a valid legal reason why you will not do so. Thank you for your prompt attention to this matter; I look forward to your response and to finally obtaining the information to which I am entitled.

**Sincerely,**
Mr. Bradley Clonan (Patient)
732-476-9555

**Sources Cited:**

- 45 C.F.R. § 164.524 – HIPAA Privacy Rule, individual right of access to health records hhs.gov hhs.gov.

- N.J. Admin. Code § 8:43G-4.1 – New Jersey Patient Bill of Rights (patients' rights to records access and information) nj.gov law.cornell.edu.

- 42 C.F.R. § 482.13(d) – Medicare Condition of Participation on patient access to records law.cornell.edu.
  *(All citations above are provided for legal reference and underscore the patient rights discussed.)*

[Quoted text hidden]

---

**John Hockin, Jr.** <jhockin@ronanlaw.com>                    Thu, May 1, 2025 at 2:08 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan:


As I understand based upon the medical records and the filings, you were initially seen at CentraState Medical Center. Monmouth Medical Center performed a screening at CentraState Medical Center. You were subsequently transferred to Hampton Behavioral. Therefore, I only have the screening documents from Monmouth Medical Center, which I provided. I will gladly provide again, if needed. The medical records contain the findings with respect to the screening process and includes the Screening Certificate.


If you were a patient at Monmouth Medical Center on any other occasion, I can request a copy of those records and dates.

With respect to any other records, you would have to obtain those records from CentraState Medical Center or
Hampton Behavioral as I do not represent those entities and do not have access to their records.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                    Thu, May 1, 2025 at 2:20 PM
To: "John Hockin, Jr." <jhockin@ronanlaw.com>

Dear Mr. Hockin,

Thank you for your response and for clarifying the scope of your representation with respect to Monmouth Medical Center.
I acknowledge receipt of the screening documents and understand that you provided the records available to you in your
capacity as counsel for Monmouth. However, I would like to reiterate a few critical points for the record and request
clarification on the following:

1. Explanation of Screening Certificate Findings: While the records may contain a Screening Certificate, I have not
   received any explanation from the evaluating physician or other qualified personnel regarding the conclusions
   documented therein. Under both HIPAA (45 C.F.R. § 164.524) and the New Jersey Patient Bill of Rights (N.J.A.C. §
   8:43G-4.1), I am entitled to an understandable explanation of my condition and care, delivered in lay terms. This
   right is not waived by the existence of ongoing litigation.

2. Patient Rights and Request for Clarification: As previously noted, my request is not limited to the documents
   themselves, but also includes a clear explanation of the medical reasoning and procedures undertaken during the
   screening process. I request that this be provided by Monmouth Medical Center's personnel, as required by the
   Patient Bill of Rights, unless you can point to a valid legal basis for refusal.

3. Additional Records and Policy Documents: I am also requesting that your client produce any applicable internal
   policies related to the screening, intake, and transfer procedures in effect at the time of my evaluation. These are
   relevant both for understanding the institutional process applied to my case and for confirming whether it was
   followed appropriately.

4. Coordination With Other Facilities: While I understand that you do not represent CentraState Medical Center or
   Hampton Behavioral, I request clarification on whether Monmouth Medical Center retained or received any further
   documentation or communications related to my transfer, follow-up, or care plan from those facilities. If such
   documents exist within Monmouth's possession or control, I request that they be produced.


Please confirm whether your client will provide the above-requested explanation and relevant internal policies. If there is a
legal reason that your client believes it is not required to do so, I respectfully request that it be clearly stated in writing.


Thank you again for your attention to these matters. I look forward to your prompt response.


Sincerely,

Bradley Clonan

(Patient)


[Quoted text hidden]



**Brad Clonan <clonanxyz@gmail.com>**

---

## Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al, Civil Action No. 3:24-cv-11399-RK-RLS
15 messages

---

**Brad Clonan** <clonanxyz@gmail.com>                                       Tue, Apr 15, 2025 at 12:25 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Dear Mr. Behr,

This correspondence is sent on behalf of the Plaintiff(s), Bradley clonan, proceeding pro se in the above-referenced civil action.

Please be advised that on 4/15/2025, the United States District Court for the District of New Jersey issued a Summons in a Civil Action directed to your client(s). The Original Complaint initiating this action was filed with the Court on 12/23/2024. The amended Complaint initiating this action was filed with the Court on 04/08/2025. We are now in receipt of the issued Summons, which must be served upon your client(s) along with a copy of the Complaint pursuant to Rule(s) 4 and 5(b) of the Federal Rules of Civil Procedure.

In accordance with your prior instruction that all communications concerning this matter must be directed exclusively through your firm as well as FRCP rule 5(b), we hereby request your guidance regarding the preferred method for effecting service of the Summons and Complaint upon your client(s).

Please advise how your firm wishes to proceed to ensure timely and proper service in compliance with FRCP Rule 4 and 5(b). We await your instructions to facilitate this process.

Very truly yours,

Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com

---

**Behr, Matthew J.** <MJBehr@mdwcg.com>                                      Tue, Apr 15, 2025 at 1:01 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – for purposes of serving the Amended Complaint as to Centrastate and its employees, you can follow the Federal Rules for service and serve them directly.  Thank you.



**Matthew J. Behr**
*Attorney at Law*
15000 Midlantic Drive, Suite 200, P.O. Box 5429, Mount Laurel, NJ 08054
Direct: (856) 414-6048 | Main: (856) 414-6000 | Fax: (856) 414-6077
bio | e-mail | website

---

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby

notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MJBehr@MDWCG.com, or by telephone at (856) 414-6048 and then delete the message and its attachments from your computer.

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Tuesday, April 15, 2025 12:25 PM
**To:** Behr, Matthew J. <MJBehr@MDWCG.com>
**Subject:** Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al, Civil Action No. 3:24-cv-11399-RK-RLS

---

> **WARNING: This email originated outside Marshall Dennehey. BE CAUTIOUS before clicking any link or attachment.**

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                           Tue, Apr 15, 2025 at 1:11 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Dear Mr. Behr:

Thank you for your email confirming that I should follow the Federal Rules for serving the Amended Complaint directly upon your firm for Centrastate and its represented employees.

Pursuant to Federal Rule of Civil Procedure (FRCP) 5(b), which requires service of pleadings subsequent to the original complaint to be made upon the party's attorney when they are represented, I am preparing to serve the First Amended Complaint.

To ensure proper delivery, could you please confirm the preferred address for service? Specifically, please provide the mailing address where the Amended Complaint should be sent, or confirm if service via the court's ECF system is sufficient.

Thank you for your assistance.

Very truly yours,

Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED.

[Quoted text hidden]

---

**Behr, Matthew J.** <MJBehr@mdwcg.com>                                         Thu, Apr 17, 2025 at 11:57 AM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – I have verified with my client you can serve the complaint directly on CentraState at 901 W. Main St. Freehold – Risk Management.

[Quoted text hidden]

**Brad Clonan** <clonanxyz@gmail.com>            Thu, Apr 17, 2025 at 12:37 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Behr,

Thank you for the confirmation we will proceed as directed. Just for clarification, will risk managements internal team be representing themselves or shall we include your firms information on the complaint as their attorney. Thank you for the timely responses.

Happy Easter

Sincerely,
Bradley clonan
7324769555
Clonanxyz@gmail.com
[Quoted text hidden]

---

**Behr, Matthew J.** <MJBehr@mdwcg.com>            Sun, Apr 20, 2025 at 11:03 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – as to the individual defendants, no determination has been made at this time, once you properly serve individuals then that decision will be made.  Thank you.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>            Sun, Apr 20, 2025 at 11:57 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Dear Mr. Behr,

Thank you for providing direction regarding service of the Amended Complaint on CentraState at the Risk Management department.

However, I must bring to your attention a significant complication. As documented in the court record (Document 29-2, filed 04/08/25), CentraState's Security Manager, Robert Orro, issued a letter on October 28, 2024, explicitly prohibiting me from entering the CentraState campus except for active medical treatment and from contacting CentraState team members in any capacity. This letter further directs that any communication concerning this matter be in writing and directed to Mr. Orro's attention.

This prohibition creates a legal conflict with your instruction to serve the Amended Complaint directly at 901 W. Main St. Freehold – Risk Management, as I would risk violating the trespass notice by attempting personal service.

Given these circumstances, I respectfully request your guidance on one of the following alternative approaches:

1. Would you be willing to accept service of the Amended Complaint on behalf of CentraState and the employee defendants you represent?

2. Would service by certified mail, return receipt requested, addressed to Risk Management be acceptable pursuant to Federal Rule of Civil Procedure 5(b) and New Jersey Court Rules?

3. Alternatively, can you provide the name and address of CentraState's registered agent for service of process?

4. Would you prefer that I file a motion with the court requesting direction on alternative service methods given the trespass notice?

I'm committed to ensuring proper service while respecting legal boundaries. Your prompt guidance on this matter would be greatly appreciated.

Sincerely,

Bradley Clonan

Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com

I have attached the letter received from Robert Orro.




11:49







Patient Protection and Security

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                    Mon, Apr 21, 2025 at 12:07 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Dear Mr. Behr,

I'm writing to follow up on my previous email regarding service of the Amended Complaint on CentraState and its
employees.

For additional context that may be helpful in resolving this matter efficiently, I wanted to note that the Original Complaint
was successfully served directly upon Risk Management at CentraState prior to your firm's involvement in this case. At
that time, Risk Management specifically directed that service be made to their department, which was done in compliance
with their instructions. Additionally, the risk management department did not choose to appear or respond to the court
summons prior to the amended complaint request. Which exceeded the designated time limit.

Given that precedent and the subsequent trespass notice documented in the court record (Document 29-2, filed
04/08/25), I'm seeking clarification on whether:

1. The same method of service (certified mail to Risk Management) would be acceptable for the Amended Complaint
2. Your firm is now authorized to accept service on behalf of CentraState and its employees
3. An alternative approach is necessary given the changed circumstances

I understand your time is valuable, but clarification would help ensure proper service is completed in accordance with both
federal rules and the restrictions now in place. If I don't receive guidance within the next few business days, I may need to
seek the court's direction to resolve this procedural matter.

Thank you for your professional consideration.

Sincerely,

Bradley Clonan
Pro Se Plaintiff
2604 W Rhododendron Drive
Abingdon, MD 21009
732-476-9555
clonanxyz@gmail.com

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                    Wed, Apr 23, 2025 at 8:37 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Good morning Mr Behr.

Are there any updates on my previous email?

It was both traumatic, and embarrassing the last time my wife and I arrived on your clients property seeking a medical
explanation. It is also my understanding that all communication directed towards your clients individual employees must
be directed through Robert Orro. As outlined in my previous email. Please have your clients clarify whether or not this is
still the case. I intend to follow all federal rules regarding service, while in good faith honoring your clients demands.

I have attached a video link for your reference regarding the last time I arrived on your clients property prior to receiving
the letter from Robert Orro, and would like to avoid the same issue.

https://youtu.be/rp9OPSesR0A?si=Vir2KIX7DNdV4OdD

I understand your time is valuable, and look forward to a timely response.

Thank you in advance.

[Quoted text hidden]

---

**Behr, Matthew J.** <MJBehr@mdwcg.com>                                  Wed, Apr 23, 2025 at 10:25 AM

5/5/25, 6:11 PM                    Gmail - [External] SCLDEGAL CENTRAL STATE HEALTH CARE SYSTEM et al, …
Case 3:24-cv-11399-RK-RLS    Document 42-1    Filed 05/05/25    Page 34 of 37 PageID:
1786

To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – I am awaiting a response from my client, my client and I both recognize your concerns and figuring out the best way to proceed.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                        Wed, Apr 23, 2025 at 11:41 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr Behr,

Thank you for the update. I look forward to hearing from you soon.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                        Wed, Apr 30, 2025 at 3:33 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Behr,

It has been 7 days since our last correspondence, and I understand your time is valuable. In order to avoid unjust delay in court filings and procedures I was wondering if your client has any answers in regards to the best way to proceed in servicing. I also wanted to mention that it appears there is no judge order approving of my involuntary commitment in the information your client has provided. I was hoping you could request access to these documents, so that a proper timeline can be established, and I can maintain a complete, accurate set of medical records.

Thank you,
Bradley Clonan
732-476-9555

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                        Thu, May 1, 2025 at 1:32 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Behr,

I write to address the ongoing issue of my access to medical information from your client, specifically my complete medical records and a physician's explanation of my treatment. This request **predates the lawsuit** I filed and was **not triggered by the litigation**; rather, it stems from my basic desire and right as a patient to understand my own medical care. Over the past two years (well **before and during the litigation**), I have made multiple written and oral requests for:

- **Complete Medical Records:** All documents and records pertaining to my treatment at [Hospital Name].

- **Physician's Explanation of Care:** An explanation from the treating physician, in understandable terms, of my diagnosis, the treatment provided, the expected results, and any risks or alternatives involved.

To date, the **hospital, your team, or any hospital employees have not complied** with these requests. The only justification I have been given for this non-compliance is the existence of the pending lawsuit. I am writing to formally assert my rights under **federal and state law** to obtain my medical information and to receive an explanation of my care, and to clarify that litigation does not extinguish these rights.

# Legal Rights to Access Medical Records (Federal & State Law)

**Federal Law (HIPAA & Related Regulations):** Under the Health Insurance Portability and Accountability Act (HIPAA), patients have a **legal, enforceable right** to access and obtain copies of their own medical records held by healthcare providers hhs.gov. With only very limited exceptions (such as certain mental health notes or information that could endanger the patient or others), a healthcare provider *must* provide the patient with access to their protected health

information upon request. In fact, the HIPAA Privacy Rule (45 C.F.R. §164.524) generally requires providers to **permit inspection or copying of medical records at the patient's request** and to do so in a timely manner hhs.gov. Federal regulations also reinforce this principle: for instance, the Medicare Conditions of Participation mandate that a hospital patient has the right to access their medical records upon request (oral or written), in the form or format requested, if readily producible law.cornell.edu.

Importantly, HIPAA sets a firm **time frame** for compliance. A covered entity must act on a medical record request **within 30 days** in most cases (a single 30-day extension is allowed only for good cause, with written notice to the patient) verywellhealth.com. Failing to provide records for **two years** — as is the case here — is a blatant deviation from these requirements. Such a prolonged refusal is not only unconscionable from a patient-care perspective; it is **unlawful** under federal standards. The U.S. Department of Health and Human Services has repeatedly emphasized patients' right of access and has enforced this through civil penalties when providers unjustifiably delay or deny access to records. In short, nothing in HIPAA permits a hospital to withhold a patient's own records simply because a lawsuit is pending. The right of access exists **regardless of litigation** status. I have a right to these records *for my own use*, which is distinct from (and not overridden by) the discovery process in a legal case.

**New Jersey Law (Patient Bill of Rights):** New Jersey state law likewise guarantees patients robust rights to their medical information. Under the New Jersey Patient Bill of Rights (N.J. Admin. Code § 8:43G-4.1), every hospital patient has the right to **prompt access** to the information in their medical record and to obtain a personal copy of that record within a reasonable time. Specifically, New Jersey regulations provide that a patient has the right to "have prompt access to [their] medical records" and to receive a copy of those records for a reasonable fee **within 30 days of a written request** nj.gov. The only exception allowed is if a physician specifically determines that direct access would be medically contraindicated or harmful to the patient's health – in which case, the law still requires that the records be made available to the patient's authorized representative or physician instead law.cornell.edu. In my situation, no such contraindication has ever been claimed; the hospital's refusal has been categorical, not medical. By **ignoring multiple written requests over two years**, the hospital is plainly violating New Jersey law, which echoes the same 30-day compliance requirement as HIPAA nj.gov.

It is important to note that these rights are **affirmed by statute and regulation** to ensure patients can be informed about their own health. They are not mere formalities. New Jersey's policy is that patients be able to obtain their records and understand their care as part of receiving treatment with dignity and respect. By withholding my records, the hospital not only flouts these legal mandates but also impedes my ability to make informed decisions about my health and to seek appropriate follow-up care.

# Right to a Physician's Explanation of Treatment (New Jersey Law)

Beyond the paper records, I have a separate but related right to receive information **directly from my physician** about the care I received. New Jersey's Patient Bill of Rights explicitly guarantees patients the right to "receive *an understandable explanation* from [their] physician of [their] complete medical condition, recommended treatment, expected results, risks and reasonable alternatives" law.cornell.edu. This means the treating doctor (or another qualified practitioner) must communicate with the patient about what was done and why, in terms the patient can comprehend. The only caveat is if the physician believes this information would be *detrimental to the patient's health or beyond the patient's ability to understand* – then the explanation should be given to the patient's next of kin or guardian instead law.cornell.edu. Again, no such claim of detriment or inability to understand has been made in my case. I am fully capable of understanding an explanation of my own medical treatment; indeed, I am seeking it.

This right to an explanation exists to ensure that patients are **not kept in the dark about their own health**. It is a fundamental aspect of informed consent and human dignity in medical care. I requested (and still request) a meeting or written communication with the appropriate physician to review what happened during my treatment. The hospital's stance so far has effectively been to refuse such a conversation. If this refusal is, as suggested, solely because I initiated legal action, then the hospital is placing itself above a clear patient-rights mandate. The New Jersey Department of Health requires hospitals to uphold patients' rights **even after discharge**, and it certainly does not carve out an exception where the patient has filed a lawsuit. In fact, the right to an explanation of care **exists independently of any litigation** – it is part of the standard of care owed to every patient. I was entitled to this explanation at the time of treatment and afterward; filing a complaint in court does not waive or nullify that entitlement.

# Litigation Does Not Void Patient Rights

I fully appreciate that there is ongoing litigation between us, and I understand that typically substantive discussions occur through formal legal channels. However, it must be emphasized that **my requests for my records and an explanation of care were made long before I pursued litigation**, and they have been consistently repeated in good faith purely for

5/5/25, 6:11 PM                Case 3:24-cv-11399-RK-RLS Summons ClomplainCC142.3 STATE FiledT05/05/25 TEM Page 36 of 37 CPageiD: SYSTEM et al, …

1788

my personal knowledge. I did not initiate those requests as a trick to gain advantage in the lawsuit; I initiated them because any patient would want to know what happened to them medically and to have their medical documentation.

It appears that the hospital (or its counsel) has taken the position that because I have a pending legal claim, I must obtain information only through the litigation discovery process, and therefore the hospital will not fulfill what would normally be routine patient requests. I am seeking confirmation: **Is the existence of the lawsuit the *only* stated reason for the hospital's non-compliance with my requests?** If there is *any other* justification being relied upon to withhold my records or to refuse a physician explanation, please elucidate that clearly. As far as I am aware, no other reason has been given to me. In meetings and correspondence, the refrain has been that since I have sued, the hospital is not obliged to respond through the usual administrative process. I would like it confirmed in writing whether this is indeed the hospital's official stance and sole rationale.

To illustrate the issue: **If I were to withdraw my legal complaint today, would the hospital then immediately provide my records and arrange for the physician to explain my treatment?** If the answer is "yes," that implies the hospital recognizes it has no other valid ground to deny these requests – which in turn suggests that the only thing standing between me and my medical information is the fact that I sought legal redress. Such a stance is highly problematic, because it effectively **punishes a patient for asserting legal rights**. The **patient's right of access** should not be held hostage as a bargaining chip in litigation. On the other hand, if the answer is "no" (i.e., even without the lawsuit the hospital would still refuse for some reason), then I am at a loss to understand what that reason could be, and it certainly has never been communicated to me despite my inquiries. In either scenario, the current refusal to comply with my requests is not supported by law or ethics.

Let me be clear: I am **not asking for anything to which I am not entitled by law**. I am simply asking the hospital to do what it should have done two years ago in the normal course of events. Both federal law (HIPAA) and state law compel providing a patient with his own medical records upon request hhs.govnj.gov. New Jersey law additionally compels explaining the care to the patient in understandable language law.cornell.edu. There is **no exception in these laws for "pending lawsuit"** or similar. In fact, federal guidance explicitly contemplates that individuals will have access to their health information *"for as long as the information is maintained"* by the provider, **regardless** of why the individual wants it hhs.gov. A patient might want their records for a second medical opinion, for personal archives, or yes, even to consider legal options – but the motive is not a condition for compliance. The law does not allow a hospital to interrogate *why* a patient wants his records; it only requires that the hospital honor the **patient's ownership interest in the information about himself**.

# Request for Compliance and Clarification

In light of the above, I respectfully **demand that the hospital now comply** with its obligations:

- **Provide the Complete Medical Records:** I request that you facilitate the release of my full medical record without further delay. This should include all items in my designated record set (e.g. physician notes, nursing notes, test results, consultations, medication records, discharge summaries, etc.), as required by HIPAA and state law. Given that my original request dates back two years, the records should be provided immediately – well past the 30-day legal window nj.gov. I am willing to pay any reasonable copying fee as permitted by law. If there is any portion of the record you believe cannot be released to me (for example, due to a specific legal exception), you are obliged to inform me of that and the exact reason in writing. Otherwise, I expect full disclosure.

- **Arrange a Physician Explanation of Care:** I ask that the hospital arrange a meeting or call with the appropriate physician (or, if more suitable, provide a written narrative) to explain my medical condition and treatment in layperson's terms, as is my right under New Jersey law law.cornell.edu. This should cover the nature of my ailment/diagnosis, the treatments or procedures performed, the outcomes, any complications that occurred, and the rationale for the care decisions made. If the hospital prefers that my attorney be present or that this be done in a particular format due to the litigation, I am open to discussing reasonable accommodations – but the substance of the explanation cannot be withheld. I note that an **"understandable explanation"** is not a part of the medical record per se (it is something that must be conveyed to me personally), so it should not be treated as a document disclosure issue; it is a communication issue. There is no legal barrier to my doctor speaking with me about my own health. Indeed, it is encouraged by the Patient Bill of Rights.

- **Confirm the Hospital's Position:** Please confirm in writing whether the hospital's refusal thus far has been solely because of the pending lawsuit, and if so, whether it now intends to maintain that position despite the clear legal mandates outlined above. If there are *additional reasons* for the refusal (which I doubt, but must ask), please articulate those reasons. This clarification is important should this matter need to be taken to a court or a regulatory body for resolution, as it will establish what justifications (if any) the hospital is asserting for its actions.

I genuinely hope that we can resolve this matter **without further escalation**. My goal has always been straightforward – to understand my own medical journey and to have the documentation that by law I am allowed to have. I should not have to choose between **pursuing legal accountability** and **receiving basic information about my health**; I am entitled to

5/5/25, 6:11 PM    Gmail - Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al, …

Case 3:24-cv-11399-RK-RLS    Document 42-1    Filed 05/05/25    Page 37 of 37 PageID:
1789

both. If the hospital continues to deny these rights, I will have no choice but to consider all appropriate remedies. This could include seeking a court order compelling the release of the records, notifying the New Jersey Department of Health of patient rights violations, and/or filing a complaint with the U.S. Department of Health and Human Services' Office for Civil Rights for a HIPAA violation. I sincerely prefer to avoid such measures and would rather this be handled cooperatively and expeditiously.

In conclusion, I respectfully ask that your client and its counsel **reconsider the current stance** in light of the incontrovertible legal rights outlined above. The pending litigation should not be an obstacle to fulfilling a patient's lawful request that was made independently of it. Please provide the requested records and arrange the requested explanation of care **within the next 14 days**, or provide a valid legal reason why you will not do so. Thank you for your prompt attention to this matter; I look forward to your response and to finally obtaining the information to which I am entitled.

**Sincerely,**
Mr. Bradley Clonan (Patient)
732-476-9555
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                    Mon, May 5, 2025 at 10:57 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>


---------- Forwarded message ----------
From: **Brad Clonan** <clonanxyz@gmail.com>
Date: Tue, Apr 15, 2025 at 12:25 PM
Subject: Service of Summons - CLONAN et al v. CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM et al, Civil Action No. 3:24-cv-11399-RK-RLS
[Quoted text hidden]
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                    Mon, May 5, 2025 at 12:53 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

I am proceeding as directed as there has been no response.
[Quoted text hidden]