**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff<br><br>v.<br><br>CentraState Healthcare System/Atlantic Health System; RWJBarnabas Health – Monmouth Medical Center; Hampton Behavioral Health Center, et al.<br><br>Defendants. | Civil Docket No.: 3:24-cv-11399-RK-RLS |

**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANT HAMPTON BEHAVIORAL HEALTH CENTER**

**BUCHANAN INGERSOLL & ROONEY PC**

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

*Attorneys for Defendant Hampton Behavioral Health Center*

# TABLE OF CONTENTS


REPLY IN FURTHER SUPPORT OF HAMPTON BEHAVIORAL HEALTH'S MOTION TO DISMISS ..... 1

I. This Court Must Disregard any Matters Outside the Four Corners of the First Amended Complaint. ..... 1

II. Plaintiff's First Amended Complaint is a Shotgun Pleading. ..... 2

III. Hampton is Not a State Actor, and Therefore, Plaintiff's Fourteenth Amendment Claims Must be Dismissed. ..... 3

IV. Plaintiff's Claims Regarding Violations of the Rehabilitation Act Fail to Satisfy Federal Pleading Standards. ..... 4

V. Plaintiff Lacks Standing to Bring an ADA Claim. ..... 5

VI. Plaintiff Fails to State a Claim for Medical Malpractice. ..... 6

VII. Plaintiff Fails to State a Claim for the Falsification of Medical Records. ..... 6

VIII. This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's N.J.A.C. 8:43G-4.1 Claims. ..... 7

IX. Hampton, a Private Entity, is Not Subject to Monell Liability ..... 8

CONCLUSION ..... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alloway v. Bradlees*,
157 N.J. 221, 236 (1999)) ....................................................7, 8

*Benn v. Universal Health Sys., Inc.*,
371 F.3d 165 (3d Cir. 2004)....................................................3

*Chavarriaga v. N.J. Dep't of Corr.*,
806 F.3d 210 (3d Cir. 2015)....................................................8

*Doe v. Nat'l Bd. Of Med Examiners*,
199 F.3d at 153 ....................................................6

*Greenstein v. Sunitha Moonthungal, P.C.*,
No. A-1233-11T1, 2013 WL 149658 (N.J. Super. Ct. App. Div. Jan. 15, 2013)......................7

*Guilday v. Crisis Ctr. at Crozer-Chester Med. Ctr.*,
No. CV 21-2010, 2022 WL 612865 (E.D. Pa. Mar. 1, 2022)....................................................3

*Kane v. Hartz Mountain Industries*,
278 N.J. Super. 129 (App.Div.1994) ....................................................7

*Keener v. Hribal*,
351 F. Supp. 3d 956 (W.D. Pa. 2018)....................................................8

*LeBeau v. Raith*,
Civ. A. No. 17-38, 2017 WL 2264639 (E.D. Pa. May 24, 2017) ....................................................8

*Mensch v. Pyramid Healthcare, Inc.*,
Civ. A. No. 22-4959, 2025 WL 984558 (E.D. Pa. Mar. 31, 2025)....................................................4

*Morales v. New Jersey*,
No. 21-11548 (JXN) (AME), 2023 WL 5003891 (D.N.J. Aug. 3, 2023)................................2

*Natale v. Camden Cty. Corr. Facility*,
318 F.3d 575 (3d Cir. 2003)....................................................4

*Phillips v. Northampton Co. P.A.*,
687 F. App'x 129 (3d Cir. 2017) ....................................................8

*Phillips v. St. Mary's Medical Center*,
No. 12-2363, 2013 WL 1124372 (E.D. Pa. March 19, 2013)....................................................5, 6

*Radhakrishnan v. Pugliese*,
No. 20-220 (ES) (MAH), 2021 WL 11593799 (D.N.J. May 21, 2021) ....................................2

*Rode v. Dellarciprete*,
845 F.2d 1195 (3d Cir.1988)..........................................................................................8

*Sansom Comm. v. Lynn*,
366 F. Supp. 1271 (E.D. Pa. 1973) ..............................................................................1

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988)...........................................................................................1

**Statutes**

N.J.S.A. 30:4-27.2(h)..........................................................................................................6

**Other Authorities**

N.J.A.C. 8:43G-4.1 ........................................................................................................7, 8

N.J.A.C. 13:35-6.5 .........................................................................................................6, 7

**INDEX**

*Guilday v. Crisis Ctr. at Crozer-Chester Med. Ctr.*,
No. CV 21-2010, 2022 WL 612865 (E.D. Pa. Mar. 1, 2022)

*LeBeau v. Raith*,
Civ. A. No. 17-38, 2017 WL 2264639 (E.D. Pa. May 24, 2017)

**REPLY IN FURTHER SUPPORT OF HAMPTON BEHAVIORAL HEALTH'S MOTION TO DISMISS**

On May 19, 2025, Plaintiff filed a purported Opposition to Hampton Behavioral Health's ("Responding Defendant" or "Hampton") Motion to Dismiss. While the Opposition is nearly forty (40) pages, Plaintiff fails to address Responding Defendant's substantive arguments, and instead, attempts to plead new causes of action and factual allegations that do not otherwise reside in the four corners of the First Amended Complaint ("FAC"). For the reasons set forth in Responding Defendant's Motion to Dismiss, and for the reasons set forth in the Reply below, we respectfully request that this Court dismiss all claims against Responding Defendant.

## I. This Court Must Disregard any Matters Outside the Four Corners of the First Amended Complaint.

This Court has been clear—it will not consider allegations outside the four corners of the First Amended Complaint. (ECF No. 25, fn. 9)(*See also*, ECF No. 41). Despite this, Plaintiff filed an Opposition that seemingly attempts to plead causes of action directed to Responding Defendant that were not previously alleged in the FAC, to include allegations of violations of his First Amendment rights, fraud related to the purported falsification of his medical records, and violations of HIPAA. (ECF No. 45, *28, 36-37). Plaintiff additionally attempts to assert facts and rely upon documents that are not pled in his FAC. (ECF No. 45, *46-48).

The proper means of raising claims not previously pled in a complaint is by following this Court's procedures for amending the complaint, not upon the filing of an opposition to a motion to dismiss. *Sansom Comm. v. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988)(internal citations omitted).

In spite of the clear case law and numerous directives from this Court, Plaintiff persists in attempting to assert causes of action and alleging facts outside the bounds of the FAC. (ECF No.

45, *28, 36, 46-48). The preliminary statement of Plaintiff's Opposition urges this court to consider "accompanying exhibits" on the docket, which he asserts set forth the relevant facts and claims. However, despite seemingly asserting claims for violations of the First Amendment, fraud, and violations of HIPAA in his Opposition, the face of Plaintiff's FAC is devoid of any cause of action directed to Responding Defendant for violations of his First Amendment rights or HIPAA, and it is further devoid of any allegations of fraud related to his medical records. Therefore, this Court must disregard any claims or facts that were not previously pled in the FAC.

To the extent that this Court would consider Plaintiff's claim for violations of his First Amendment rights and HIPAA, Responding Defendant additionally relies upon the arguments made in its first Motion to Dismiss. (ECF No. 15, *32, 40). By way of further response, Plaintiff's FAC pleads no facts, let alone plausible facts, to establish that Responding Defendant violated his First Amendment rights or committed fraud related to Plaintiff's medical records. Accordingly, this Court must dismiss all claims as to Responding Defendant, with prejudice.

## II. Plaintiff's First Amended Complaint is a Shotgun Pleading.

Plaintiff argues that his FAC is "well-organized", "clearly delineates the claims against each Defendant", and "meticulously identifies each Defendant's role[.]" (ECF No. 46, *16-17). However, this could not be further from reality. The FAC impermissibly groups together unrelated defendants under each purported "count," and it is rife with conclusory allegations which are devoid of any plausible facts. Despite the fact that the FAC is directed to thirty-four (34) Defendants, the Complaint contains just eleven (11) counts—all of which fail to "specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Morales v. New Jersey*, No. 21-11548 (JXN) (AME), 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023) (cleaned up) (citing *Radhakrishnan v. Pugliese*, No. 20-220 (ES) (MAH),

2021 WL 11593799, at *1 (D.N.J. May 21, 2021)). Responding Defendant further relies upon the arguments previously raised in its Motion to Dismiss.

**III. Hampton is Not a State Actor, and Therefore, Plaintiff's Fourteenth Amendment Claims Must be Dismissed.**

In a vague and conclusory manner, Plaintiff's Opposition alleges that the "Defendants" are state actors because they "work[ed] in concert with state officials." (ECF No. 46, *23). Much like his FAC, Plaintiff's Opposition wholly fails to distinguish any of the thirty-four (34) Defendants when he reiterates the factually unsupported claim that the "Defendants" are state actors. Plaintiff's Opposition embellishes and mischaracterizes "facts" pled in FAC in a misguided attempt to bolster his arguments, and he does not even attempt to address Responding Defendant's procedural and substantive arguments regarding state action. Instead, without providing any support for the same, Plaintiff makes the bald assertion that involuntary commitment is a state function, despite case law in the Third Circuit which states the opposite. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 172 (3d Cir. 2004); *see also Guilday v. Crisis Crisis Ctr. at Crozer-Chester Med. Ctr.*, No. CV 21-2010, 2022 WL 612865, at *3-*6 (E.D. Pa. Mar. 1, 2022) (dismissing Section 1983 involuntary commitment claims against private psychiatric hospital for lack of state action), *vacated in part on other grounds*, No. 22-1519, 2022 WL 17484328 (3d Cir. Dec. 7, 2022).

Accordingly, because Hampton is not a state actor and because Plaintiff additionally failed to satisfy federal pleading standards, all of Plaintiff's Fourteenth Amendment claims must be dismissed. Assuming, *arguendo,* that this Court determined Responding Defendant was a state actor, Plaintiff's FAC puts forth "unadorned" "defendant-unlawfully-harmed-me" accusations directed to eighteen (18) different Defendants, which certainly violates federal pleading standards. (ECF No. 28 at *14). Plaintiff's Opposition is infected with the same deficiency and similarly fails to address the substantive arguments raised by Responding Defendant.

Even ignoring the fact that Responding Defendant is not a state actor, implicit in Plaintiff's FAC is that the action of staff and/or purported agents at Hampton is attributable to Hampton. While Plaintiff does not set forth any plausible or factually supported claims regarding the conduct of Hampton's staff or purported agents, Plaintiff's claims against Hampton for violations of the Fourteenth Amendment "cannot" proceed "under a theory of *respondeat superior* or vicarious liability" strictly based upon the actions of purported employees or agents. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Nor does Plaintiff's FAC plead a claim, or allege plausible facts supporting a *Monell* liability theory involving Hampton's policies or customs, as discussed further below. *Id*. at 583; *see also Mensch v. Pyramid Healthcare, Inc.*, Civ. A. No. 22-4959, 2025 WL 984558, at *4 (E.D. Pa. Mar. 31, 2025) (dismissing *Monell* claim supported by "only conclusory allegations"). For all of these reasons, this Court must dismiss Plaintiff's claims against Responding Defendant.

## IV. Plaintiff's Claims Regarding Violations of the Rehabilitation Act Fail to Satisfy Federal Pleading Standards.

Plaintiff's Opposition asserts that his claims regarding violations of the Rehabilitation Act satisfy federal pleading standards. However, in support of his argument, Plaintiff relies upon purported factual assertions that do not reside within the four-corners of the FAC, and he additionally fails to address the substantive arguments raised by Responding Defendant.

Plaintiff once again mischaracterizes and embellishes "facts" plead in the FAC in support of his argument. For example, he states that "[t]he FAC alleges that Defendants' programs and activities receive federal financial assistance, as they accept Medicare and Medicaid payments" and includes a general citation to the FAC. (ECF No. 46, *30). However, the only mention of federal financial assistance in the FAC is a single, vague, factually unsupported claim that a group

of Defendants received financial assistance and makes no mention of Medicare and Medicaid. (ECF No. 29 at *16, ¶101).

The FAC baldly asserts that the Plaintiff has a disability as defined by the Act yet fails to allege how this disability substantially limits a major life activity. (ECF No. 28, *16, ¶ 100). Plaintiff's Opposition makes no attempt to address this substantive argument. Plaintiff also alleges that "Defendants excluded Plaintiff from participation" in the program by failing to provide him with proper footwear, yet he makes no specific or plausible allegations to any specific Defendant. (Id. at *16, ¶103). Again, Plaintiff's Opposition altogether fails to address this argument and instead points to facts that are entirely unrelated to the claim in the FAC and asserts facts that are not pled in the FAC. (ECF No. 46, *31).

**V. Plaintiff Lacks Standing to Bring an ADA Claim.**

As previously stated, Plaintiff's FAC fails to allege that injury to him is certainly impending and further fails to allege that he intends to return to Hampton. Accordingly, Plaintiff's FAC fails to allege the standing necessary to bring an ADA claim. *Phillips v. St. Mary's Medical Center*, No. 12–2363, 2013 WL 1124372, at *2 (E.D. Pa. March 19, 2013) (internal citations omitted).

Plaintiff's Opposition states, for the first time, that he "may need access to their services in the future due to his ongoing medical and psychiatric needs." (ECF No. 46, *43). Plaintiff makes no such allegation in his FAC, and therefore, this should not be considered for the purpose of the Motion to Dismiss. Anecdotally, it strains credibility that the Plaintiff, a resident of Maryland, will use the services of Hampton, a hospital located in Burlington County, New Jersey, in the future. Accordingly, because Plaintiff's FAC fails to plausibly plead a definitive statement of his intent to

return as required by the case law[1], this Court must dismiss Plaintiff's ADA claim against Responding Defendant.

**VI. Plaintiff Fails to State a Claim for Medical Malpractice.**

Plaintiff's Opposition claims that the FAC adequately pleads claims for medical malpractice. However, Plaintiff's Opposition fails to address Responding Defendant's argument that the FAC fails to plead any plausible, individualized facts to support a claim for medical malpractice. Instead, Plaintiff persists in making allegations directed to all eighteen (18) defendants and fails to cite to any well-pleaded and/or plausible facts in the FAC as to Responding Defendant which establish the standard of care, the deviation from that standard, causation, and damages. Plaintiff's Opposition attempts to embellish his medical malpractice count in the FAC, citing to, *inter alia*, "record keeping failures" and "unjustified detention" under N.J.S.A. 30:4-27.2(h).[2] Given that Plaintiff failed to include these purported "facts" in his FAC, this Court should not consider them in deciding upon the Motion to Dismiss. Furthermore, Plaintiff's conclusory assertions of "bad faith", "collusion", and "coordinated efforts to conceal misconduct" should be similarly disregarded.

**VII. Plaintiff Fails to State a Claim for the Falsification of Medical Records.**

While Plaintiff's Opposition states that the FAC "adequately pleads claims for falsification of medical records under both federal and state law", the FAC fails to make clear what statute and/or body of law that Plaintiff relies upon in making this claim. Despite this, Plaintiff's Opposition cites to HIPAA and N.J.A.C. 13:35-6.5 when alleging that Responding Defendant

---

[1] *Phillips v. St. Mary's Medical Center*, No. 12–2363, 2013 WL 1124372, at *2 (E.D. Pa. March 19, 2013) (citing Lujan, 504 U.S. at 564 n.2 (1992)); *Doe v. Nat'l Bd. Of Med Examiners*, 199 F.3d at 153.

[2] Plaintiff does not make this allegation in the FAC, and therefore, it should not be considered a cause of action.

falsified his medical records. Related to the purported falsification of his medical records, Plaintiff's FAC is devoid of any allegations that Responding Defendant violated HIPAA[3] and N.J.A.C. 13:35-6.5. Therefore, any and all claims regarding the same should be disregarded by this Court.[4]

Regarding the facial plausibility of the claim for the falsification of medical records, Responding Defendant further relies upon its briefing contained in the Motion to Dismiss the FAC.

**VIII. This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's N.J.A.C. 8:43G-4.1 Claims.**

As previously stated in the Motion to Dismiss, this Court lacks subject matter jurisdiction over Plaintiff's N.J.A.C. 8:43G-4.1 claims because the sole remedy for such an alleged violation is administrative. *Greenstein v. Sunitha Moonthungal, P.C.*, No. A-1233-11T1, 2013 WL 149658 (N.J. Super. Ct. App. Div. Jan. 15, 2013).

Relying upon *Alloway v. Bradlees*, Plaintiff claims that New Jersey courts have recognized violations of administrative regulations can support claims for negligence *per se*. 157 N.J. 221, 236 (1999)).[5] However, Plaintiff entirely misstates and misunderstands the Court's holding in *Alloway*. In *Alloway*, the Court assessed plaintiff's claims for violations of OSHA in the context of an alleged workplace injury. *Id*. The Court held that claims for the violation of OSHA did not constitute a basis for an independent or direct tort remedy, and therefore, even if a violation was found, it would not constitute negligence *per se*. *Id*. at 236; *see also*, *Kane v. Hartz Mountain*

---

[3] To the extent this Court deems necessary, Responding Defendant additionally relies upon it's briefing on this issue at ECF No. 15.

[4] As stated previously, Plaintiff's Opposition includes an allegation of fraud regarding the falsification of medical records, which is not plead in the FAC. In fact, the word "fraud" appears no where in the four-corners of the FAC. Therefore, the Court must not consider this a cause of action.

[5] Plaintiff attempts to cite to a document located at ECF No. 42. Given that the information contained in that filing is not contained within the FAC, the purported facts asserted by Plaintiff should be disregarded.

*Industries*, 278 N.J. Super. 129, 144 (App.Div.1994). The *Alloway* case provides no support for Plaintiff's claims under N.J.A.C. 8:43G-4.1.

**IX. Hampton, a Private Entity, is Not Subject to Monell Liability**

Plaintiff's Opposition purports to make a claim that Hampton is subject to Monell liability. (ECF No. 36, at *44.) However, Plaintiff makes no such allegation in his FAC, and therefore, these arguments must be disregarded. *See, e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015). In any event, *Monell* liability cannot exist because Hampton is neither a state actor nor a municipal governmental entity. *See LeBeau v. Raith*, Civ. A. No. 17-38, 2017 WL 2264639, at *6 (E.D. Pa. May 24, 2017) ("A plaintiff can sue a private entity pursuant to *Monell* only if the private entity performs municipal functions."). And Plaintiff otherwise fails to plead or identify non-conclusory facts that are relevant to a *Monell* claim, let alone such facts that are specific and directed to Hampton. *See, e.g.*, *Phillips v. Northampton Co. P.A.*, 687 F. App'x 129, 132 (3d Cir. 2017) (affirming dismissal of *Monell* claims where, "[o]ther than some wholly conclusory and highly generalized assertions about unspecified patterns of misconduct, [plaintiff] pleaded no facts to support the existence of any policy, custom, or practice beyond those involving his own [experiences]"); *Keener v. Hribal*, 351 F. Supp. 3d 956, 977 (W.D. Pa. 2018) (to overcome motion to dismiss, complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom").

This Court should disregard any purported claims or arguments regarding *Monell* liability.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in its Motion to Dismiss, Defendant Hampton Behavioral Health respectfully requests that this Court grant its Motion to Dismiss for the procedural and substantive inadequacies.

Respectfully submitted,

Date: May 27, 2025

By: */s/ Michael W. Bootier*

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
(215) 665-8700
(215) 665-8760
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com
*Attorneys for Defendant Hampton Behavioral Health Center*

**CERTIFICATION**

I, Michael W. Bootier, Esquire hereby certifies that a true and correct copy of the foregoing Reply in Further Support of Defendant's Motion to Dismiss was served via this Court's electronic filing system upon the following on May 27, 2025:

Bradley Clonan
2604 Rhododendron Drive
Abingdon, MD 21009
***Plaintiff***

John M. Hockin, Jr.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
***Attorneys for Defendants, RWJ Barnabas Health – Monmouth Medical Center, Eric Carney, CEO, The Estate of Dr. Mohsen Rehim, Dr. Chris Fabian, Virginia Heggen, Margaret Neilsen, Johanna Rosario, and Lauren Zalepka***

Katherine Ellen Chrisman
Matthew J. Behr
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054
***Attorneys for Defendants, Centrastate Healthcare System/ Atlantic Healthcare System***

Respectfully submitted,

Date: May 27, 2025

By: */s/ Michael W. Bootier*
Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
Buchanan Ingersoll & Rooney
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com
*Attorneys for Defendant Hampton Behavioral Health Center*