**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
***(Trenton Vicinage)***

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiffs<br><br>***vs.***<br><br>CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM, RWJ BARNABAS HEALTH – MONMOUTH MEDICAL CENTER, HAMPTON BEHAVIORAL HEALTH CENTER, DR. STEVEN GUILLEN, MD,<br><br>Defendants. | C.A. NO.: 3:24-cv-11399-RK-RLS |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**RETURNABLE JULY 7, 2025**

Of Counsel and on the Brief:
Tracy L. Burnley, Esq. (NJ #024521993)

Matthew J. Behr, Esq. (NJ#025841998)
MARSHALL DENNEHEY, P.C.
15000 Midlantic Drive
Suite 200
P.O. Box 5429
Mt. Laurel, New Jersey 08054
(856)-414-6000
Fax: (856)-414-6077
Attorneys for Defendants CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Lauren Richard, Lynda McDonald, Jordan White and Lori Conrad

**TABLE OF CONTENTS**

I. FACTS AND PROCEDURAL HISTORY ........ 1

II. PLAINTIFF'S CLAIMS AGAINST CENTRASTATE ........ 2

III. ARGUMENT ........ 5

A. LEGAL STANDARD ........ 5

B. PLAINTIFF'S FAC MUST BE DISMISSED AS IT CONTINUES TO CONSTITUTE A "SHOTGUN PLEADING" ........ 7

C. PLAINTIFF'S ALLEGATIONS IN COUNTS I, II AND III MUST BE DISMISSED AS CENTRASTATE IS NOT A STATE ACTOR ........ 8

D. PLAINTIFF'S ALLEGATION OF VIOLATION OF ADA AND REHABILITATION ACT OF 1973 AS TO CENTRASTATE MUST BE DISMISSED ........ 10

E. THE COURT LACKS JURISDICTION OVER COUNT VI ........ 11

F. PLAINTIFF'S CLAIM OF VIOLATION OF 42 CFR 482.13 IS WITHOUT MERIT ........ 12

G. PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED ........ 13

IV. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

Cases


Ashcroft v. Iqbal, 556 U.S. 662 (2009)........................................ 5

Baldwin County Welcome Ctr, v. Brown, 466 U.S. 147 (1984) ........................................ 6,7

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)........................................ 5, 14

Benn v. Universal Health Sys. Inc., 371 F.3d 165 (3d Cir. 2004) ........................................ 10

Brentwood Acad. V. Tenn. Secondary Sch. Athl. Ass'n, 531 U.S. 288 (2001) ........................................ 9

Byers v. City of Richmond, 746 F. Supp. 3d 275 (E. D. Va. 2024) ........................................ 12

Calvary Chapel of Bangor v. Mills, 984 F.3d 21 (1st Cir. 2020) ........................................ 13

Cornerstone Therapy Servs., Inc. v. Reliant Post Acute Care Sols., LLC, No. 2:16CV00018, 2016 WL 6871440 at *8 (W.D. Va. Nov. 21, 2016)........................................ 12

Erickson v. Pardus, 551 U.S. 89 (2007)........................................ 6

Estelle v. Gamble, 429 U.S. 97 (1976) ........................................ 6

Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978) ........................................ 9

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ........................................ 7

FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990) ........................................ 8

Gould Electronics, Inc. v. United States, 220 F.3d 169 (3d Cir. 2000) ........................................ 5

Greenstein v. Sunitha Moonthungal, P.C., No. A-1233-11T1, 2013 WL 149658 (N.J. Super. App. Div. Jan. 15, 2013) 11

Groman v . Twp. of Manalapan, 47 F.3d 628 (3d Cir. 1995) ........................................ 9

Licata v. U.S.P.S., 33 F.3d 259 (3d Cir. 1994) ........................................ 5

Mala v. Crown Bay Marina, Inc., 704 F.3d 239 (3d Cir. 2013) ........................................ 6

Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy, 34 F.4th 190 (3d Cir. 2022)....... 9

McDowell v. Delaware State Police, 88 F.3d 188 (3d Cir. 1996) ........................................ 6

Miller v. Nichols, 586 F.3d 53 (1st Cir. 2009) ........................................ 12

Mishra v. Fox, 197 F. App'x 167 (3d Cir. 2006) ........................................ 6

Papasan v. Allain, 478 U.S. 265 (1986)........................................ 6

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)........................................ 6

Rhode Island v. EPA, 378 F.3d 19 (1st Cir. 2004) ........................................ 13

Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168 (1st Cir. 1995)........................................ 13

Salyers v. A.J. Blosenski, Inc., 731 F. Supp. 3d 670 (E. D. Pa. 2024)........................................ 7

Smith v. Univ. of Minn. Med. Ctr.-Fairview Riverside, No. 09-293, 2010 WL 3893902, at *16 (D. Minn. July 14, 2010)........................................ 12

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181 (3d Cir. 2006) .......... 5

Trimble v. Emory Healthcare, Inc., No. 1:20-cv-1469-MLB, 2021 WL 1244864, at *3 (N.D. Ga. Jan. 21, 2021) .......... 12

United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) .......... 13

Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) .......... 13

Washington v. Warden SCI-Greene, 608 F. App'x 49 (3d Cir. 2015) .......... 7

Statutes

28 U.S.C. § 1331 .......... 2, 13

28 U.S.C. § 1367 .......... 2, 13

29 U.S.C. § 794 .......... 11

42 U.S.C. § 1983 .......... 2, 8,9

Rules

42 CFR 482.13 .......... 3, 12

Fed. R. Civ. P. 12(b)(1) .......... 5, 8, 11, 13

Fed. R. Civ. P. 8 .......... 1, 5, 6, 7

Fed. R. Civ. P. 12(b)(6) .......... 1, 4, 5, 7, 10, 11, 14

N.J.A.C. 8:43G-4.1 .......... 3, 11

## I. FACTS AND PROCEDURAL HISTORY

*Pro se* Plaintiff Bradley Clonan alleges numerous claims against various Defendants related to a purported involuntary medical commitment "beginning on or about March 24, 2023." (ECF No. 28, ¶1). Plaintiff's initial Complaint was filed on December 20, 2024 (ECF No. 1) and dismissed by the Court *sua sponte* on March 25, 2025 for failure to comply with Federal Rules of Civil Procedure 8 and 10. (ECF No. 25). The Court noted that "[t]he Complaint is a textbook shotgun pleading" as it asserted all of its claims against all 36 named Defendants without specifying which alleged bad act was attributable to which Defendants. (Id. at *6-7). The Court further found that the claims in the initial Complaint were "almost entirely conclusory." (Id. at *7). The Court also stated in a footnote that although Plaintiff's Complaint was dismissed for failing to comply with Fed. R. Civ. P. 8, "Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds, including but not limited to the failure to state a claim under Rule 12(b)(6)" as Plaintiff alleges Section 1983 claims against non-state actors. (Id. at *7, n11).

Plaintiff filed his Amended Complaint on April 7, 2025. (ECF No. 28). Plaintiff's First Amended Complaint (FAC) also violates Federal Rules of Civil Procedure and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. PLAINTIFF'S CLAIMS AGAINST CENTRASTATE

The FAC contains eleven (11) counts directed to thirty-four (34) Defendants. (ECF No. 28). Plaintiff asserts state and federal claims related to his alleged involuntary commitment from March 24, 2023 to March 30, 2023. As to Defendant CentraState Healthcare System/Atlantic Health System and its employees (CentraState), Plaintiff seeks monetary damages, injunctive relief "and to address policies and customs that led to the constitutional violations alleged herein, acting under color of state law through its participation in the state-regulated commitment process and in concert with state officials." (FAC, ¶ 3). Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. (FAC, 37). He also asserts supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367. (FAC ¶ 38).

Plaintiff alleges that he voluntarily presented to CentraState on March 24, 2023 "following concerns expressed by family." (FAC ¶43). Despite acknowledging that CentraState is a "private entity," Plaintiff argues that detaining him at the facility on March 24, 2023 "became action under color of state." (FAC ¶ 49). Plaintiff was transferred from CentraState to Hampton Behavioral Health on March 25, 2023 (FAC ¶ 63).

In Count I of the FAC, Plaintiff claims that numerous defendants violated 42 U.S.C. §1983 by detaining him on March 24 and 25, 2023 "against his will." (FAC,

¶ 80). Counts II and III allege violations of the Fourteenth Amendment as to numerous unrelated entities with conclusory allegations attributable to all "Defendants."

In Count IV, Plaintiff alleges that he is disabled and that staff at Hampton Behavioral Health Center "refused proper footwear" for his club foot. (FAC ¶ 95). However, it is then alleged that Defendants, including CentraState, discriminated against Plaintiff. (FAC ¶ 97). No facts are presented to support any discrimination claim against CentraState. With no factual basis, Plaintiff alleges that Defendants also discriminated against him by excluding him from federal financial benefits. (FAC ¶¶101-103).

Count VI of the FAC pleads state claims of "violation of patient rights" under N.J.A.C. 8:43G-4.1. In Count VII, Plaintiff claims that Defendants violated federal regulations by failing to "adhere to the requirements of 42 CFR 482.13 regarding the grievances filed by Plaintiff between June and August 2024." (FAC ¶ 111). Count VIII is not directed to the CentraState defendants. Counts IX, X and XI all allege violations of New Jersey state law, asserting medical malpractice, false imprisonment and breach of confidentiality. (ECF 28).

Plaintiff's Amended Complaint is also a "shotgun pleading" without adequate notice of facts related to each Defendant. Plaintiff fails to assert any actionable

claims as to Defendant CentraState. The FAC must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## III. ARGUMENT

### A. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), the Court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In considering a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the Court considers "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould, 220 F.3d at 176; Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Accordingly, the complaint must be dismissed if the allegations on the face of the complaint, accepted as true, fail to "allege facts sufficient to invoke the jurisdiction of the district court." Licata v. U.S.P.S., 33 F.3d 259, 260 (3d Cir. 1994).

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must meet the pleading requirements of Federal R. Civ. P. 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In

evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

*Pro se* complaints are liberally construed and "held to 'less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Mishra v. Fox, 197 F. App'x 167, 168 (3d Cir. 2006) (quoting McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a claimant is not required to set forth an intricately detailed description of the asserted basis for relief, the pleadings must give defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests. Baldwin County Welcome Ctr, v.

Brown, 466 U.S. 147, 149-150 (1984). A complaint must do more than allege an entitlement to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff's First Amended Complaint must be dismissed as it fails to meet the standards required to be heard by this Court. The FAC is also a "shotgun pleading" that fails to provide "enough facts to state a claim to relief that is plausible on its face." Plaintiff's conclusory allegations do not set forth specific facts as to each Defendant that support Plaintiff's claims.

**B. PLAINTIFF'S FAC MUST BE DISMISSED AS IT CONTINUES TO CONSTITUTE A "SHOTGUN PLEADING"**

Plaintiff's FAC does differ from the initial Complaint. However, it is still deficient and must be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's FAC is certainly not a "short and plain statement of the claim" illustrating that he is entitled to relief. Fed. R. Civ. P. 8(a)(2); Washington v. Warden SCI-Greene, 608 F. App'x 49 (3d Cir. 2015). The FAC continues to co-mingle alleged facts and claims against CentraState and the individual defendants with those against the other unrelated defendants in this litigation. Each Count of the FAC includes claims against numerous defendants without specifying which defendant allegedly did what to support each claim. Plaintiff continues to present an improper and impermissible "group" pleading. Salyers v. A.J. Blosenski, Inc., 731 F. Supp. 3d 670 (E. D. Pa. 2024).

Plaintiff's conclusory allegations fail to provide notice to CentraState of what acts or omissions it is allegedly responsible for and the basis for each claim against it. Plaintiff's FAC must be dismissed with prejudice.

### C. PLAINTIFF'S ALLEGATIONS IN COUNTS I, II AND III MUST BE DISMISSED AS CENTRASTATE IS NOT A STATE ACTOR

Plaintiff asserts federal jurisdiction based on his allegations of Defendants' violations of federal law. A Complaint may be dismissed for lack of subject jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). At the pleading stage, a plaintiff must allege facts sufficient to establish that he has standing to invoke the district court's jurisdiction. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

In Counts I, II, and III, Plaintiff alleges violations of 42 U.S.C. § 1983 for "unreasonable seizure" and failing to provide Plaintiff with procedural and substantive due process rights. All of these claims allege that Defendants were "acting under color of state law." (ECF 28).

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S. § 1983. Plaintiff is required to establish that CentraState, acting under color of state law, deprived Plaintiff of a federal constitutional or statutory right. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). A private actor is liable only when a plaintiff is able to "show such a tight connection between a state and the challenged action that the state could be held responsible for that action." Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy, 34 F.4th 190, 195 (3d Cir. 2022). "There is no liability under 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

The required "close nexus" may result from a State's "exercise of coercive power," a State's "significant encouragement, either overt or covert," a private actor operating "as a willful participant in joint activity with the State or its agents," a private entity that is "controlled by an agency of the State," a private actor "delegated a public function by the State," or a private actor "entwined with governmental policies" or with the government "entwined in its management or control." Brentwood Acad. V. Tenn. Secondary Sch. Athl. Ass'n, 531 U.S. 288, 296 (2001).

In Count I, Plaintiff alleges that numerous defendants violated his Fourth Amendment rights in an unreasonable seizure. In Counts II and III, Plaintiff alleges that numerous separate Defendants violated the Fourteenth Amendment in depriving him of his procedural and substantive due process rights when he was committed. No facts have been provided by Plaintiff to support the claim that CentraState was a

state actor or acted under color of state law. Plaintiff acknowledges that CentraState is a "private entity." (ECF 28, ¶ 49).

The Third Circuit rejected a similar claim by a Plaintiff who was involuntarily committed and argued that private parties involved in his commitment were "state actors because they were acting pursuant to [Pennsylvania's Mental Health Procedures Act]." Benn v. Universal Health Sys. Inc., 371 F.3d 165, 170 (3d Cir. 2004). The Court held that the defendants were not state actors and noted that district courts in the Third Circuit "support the conclusion that persons who petition for the involuntary commitment of others are not state actors." Id. at 173.

CentraState was involved in the commitment of Plaintiff, following procedures outlined by state statute. However, that does not equate to this private entity acting under color of state law. Plaintiff's constitutional claims against CentraState fail as it was not a state actor. As such, Counts I, II and III must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### D. PLAINTIFF'S ALLEGATION OF VIOLATION OF ADA AND REHABILITATION ACT OF 1973 AS TO CENTRASTATE MUST BE DISMISSED

Plaintiff alleges that he is disabled and that staff at Hampton Behavioral Health Center "refused proper footwear" for his club foot. (FAC ¶ 95). Count IV of Plaintiff's First Amended Complaint asserts violation of the Americans with Disabilities Act (ADA) by various Defendants, including CentraState. Count V also

alleges that Plaintiff is disabled and that Defendants "excluded Plaintiff from participation in, denied him the benefits of, or subjected him to discrimination under their programs or activities solely by reason of his disability by failure to accommodate proper footwear. . . ." (ECF 28). However, no facts are presented by Plaintiff to support any ADA claim or violation of 29 U.S.C. § 794 against CentraState or the individual defendants. Counts IV and V must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the FAC contains no factual information to suggest any violation by moving Defendants.

E. **THE COURT LACKS JURISDICTION OVER COUNT VI**

In Count VI, Plaintiff asserts a violation of Patients' Bill of Rights under N.J.A.C. 8:43G-4.1. This Court lacks subject matter jurisdiction over this claim as the sole remedy for such an alleged violation is administrative. Greenstein v. Sunitha Moonthungal, P.C., No. A-1233-11T1, 2013 WL 149658 (N.J. Super. App. Div. Jan. 15, 2013). The New Jersey Appellate Division upheld the trial court's dismissal of Plaintiff's claims and stated

> Judge Harz correctly explained the remedy for such claims rests with the hospital administration, not the courts. Specifically, the regulatory provision states '[t]he hospital administrator shall be responsible for developing and implementing policies to protect patient rights and to respond to questions and grievances pertaining to patient rights.'

N.J.A.C. 8:43G-4.1(a). Id. at *2. Count VI must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**F. PLAINTIFF'S CLAIM OF VIOLATION OF 42 CFR 482.13 IS WITHOUT MERIT**

Plaintiff also alleges that Defendants violated 42 CFR § 482.13 in failing to adhere to requirements regarding grievances filed by Plaintiff between June and August 2024. This claim is not actionable as the cited regulation confers no private cause of action. Miller v. Nichols, 586 F.3d 53, 59(1st Cir. 2009); Trimble v. Emory Healthcare, Inc., No. 1:20-cv-1469-MLB, 2021 WL 1244864, at *3 (N.D. Ga. Jan. 21, 2021). "Language in a regulation, alone, cannot conjure up a private cause of action that has not been authorized by Congress." Byers v. City of Richmond, 746 F. Supp. 3d 275, 312 (E. D. Va. 2024).

42 C.F.R. § 482.13 sets forth the conditions hospitals must meet to participate in Medicare and Medicaid, and explains various patient rights, such as the right to personal privacy and to the confidentiality of clinic records. See 42 C.F.R. § 482.13. The regulation does not, however, contain an express or implied private right of action. Trimble, 2021 WL 1244864, at *3 (citing, e.g., Smith v. Univ. of Minn. Med. Ctr.-Fairview Riverside, No. 09-293, 2010 WL 3893902, at *16 (D. Minn. July 14, 2010) ("Nothing in this regulation provides for a private cause of action"); Cornerstone Therapy Servs., Inc. v. Reliant Post Acute Care Sols., LLC, No. 2:16CV00018, 2016 WL 6871440 at *8 (W.D. Va. Nov. 21, 2016) (holding § 482.13 "does not create any private right of action; it merely sets forth requirements for providers to participate in Medicare")). As this federal claim in Plaintiff's First

Amended Complaint does not provide a private cause of action, Count VII must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### G. PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

Counts IX, X and XI assert state law claims of medical malpractice, false imprisonment and breach of confidentiality. It is black-letter law that "[f]ederal courts are courts of limited jurisdiction," Calvary Chapel of Bangor v. Mills, 984 F.3d 21, 30 (1st Cir. 2020) (quoting Rhode Island v. EPA, 378 F.3d 19, 22 (1st Cir. 2004)), and "jurisdictional boundaries must be scrupulously observed." Id. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," as pleaded on the face of the well-pleaded complaint. Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) (quoting 28 U.S.C. § 1331).

Although this Court could retain jurisdiction over Plaintiff's remaining state claims, should it decline to dismiss the FAC altogether, these claims should also be dismissed at this time. See 28 U.S.C. § 1367. "As a general principle, the unfavorable disposition of a Plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)(citing United Mine Workers of America v. Gibbs, 383 U.S. 715,

726 (1966). "If the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Gibbs 383 U.S. at 726.

"The exercise of supplemental jurisdiction in such circumstances is wholly discretionary," but "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id.

Plaintiff's state claims must also be dismissed pursuant to the federal rules. Plaintiff's vague claims and alleged breaches of duty are asserted against numerous medical professionals in different facilities. Plaintiff fails to specify what duty was allegedly breached and by whom. As with the majority of Plaintiff's allegations, these Counts do not contain facts that provide "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545. None of Plaintiff's state claims are sufficiently clear or specific to survive dismissal. Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

Although Plaintiff has made changes to his initial Complaint, he has still failed to comply with the Federal Rules in asserting his claims against Defendants. Based upon the foregoing, CentraState and its employees, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Laren Richard, Lynda McDonald, Jordan White and Lori Conrad, request dismissal of Plaintiff's First Amended Complaint.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.
Attorneys for Defendants CentraState Healthcare System/ Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Laren Richard, Lynda McDonald, Jordan White and Lori Conrad

Tracy L. Burnley

By:____________________________
Tracy L. Burnley, Esq.

Dated: May 27, 2025