UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN, ET AL., )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>)<br>)<br>CENTRASTATE HEALTHCARE )<br>SYSTEM/ATLANTIC HEALTHCARE )<br>SYSTEM, ET AL., )<br>)<br>Defendants. )<br>_____) | Civil Case No. 3:24-CV-11399-RK-RLS<br><br>Brief In Support Of Motion to Compel |

TABLE OF CONTENTS

Table of Authorities....................2

Preliminary Statement...................3

Factual Background......................4

Legal Standard..........................5

Argument and Grounds for Relief.........6

Requested Relief........................7

Good Faith Certification................8

Conclusion..............................9

Certificate of Conferral..................11

**TABLE OF AUTHORITIES**

- 45 C.F.R. § 164.524 (HIPAA Right of Access)

- 42 C.F.R. § 482.13 (Medicare Conditions of Participation)

- N.J.A.C. 8:43G-4.1 (NJ Patient Rights, explanation and access)

- N.J.S.A. 30:4-24.3, N.J.S.A. 26:2H-12.8 (NJ medical records)

- Federal Rules of Civil Procedure 37, 26

- ECF Nos. 1, 41-1, 42, 42-1, 30

**PRELIMINARY STATEMENT**

Plaintiffs, appearing pro se, respectfully move this Court for an Order compelling Defendants CentraState Healthcare System/Atlantic Healthcare System and co-defendant hospitals—including Monmouth Medical Center (MMC), Hampton Behavioral Health Center, and Psychiatric Emergency Screening Services (MMC/PESS)—to fully comply with federal and state law by producing all records, sworn affidavits, explanations, and institutional policies related to Plaintiffs' involuntary commitment and medical treatment from March 24, 2023 through March 30, 2023. Plaintiffs seek relief only after years of repeated, documented requests, and Defendants' continued noncompliance and bad faith.

**FACTUAL BACKGROUND**

1. Plaintiffs have made repeated, documented requests for complete medical records, all screening and transfer certificates, patient rights forms, grievance documentation, and physician explanations required by law, as detailed in ECF Nos. 1, 41-1, 42, and 42-1, 30, the original complaint and exhibits.

2. Over the past two years, these requests were directed in writing, by email, in-person, and through counsel to all relevant hospitals and departments—CentraState Healthcare System, Monmouth Medical Center (MMC), Psychiatric Emergency Screening Services (MMC/PESS),

and Hampton Behavioral Health Center. All attempts included records departments, compliance offices, and patient advocacy or grievance staff.

3. Plaintiffs specifically requested, in clear terms, a full explanation from all attending and admitting physicians or from each hospital's medical staff as outlined by law. The only physician who spoke briefly with Plaintiffs and remotely tried to go over concerns was, Dr. Rehim of Monmouth Medical Center, is now deceased and never followed up or called back as requested. No other attending physician, including Dr. Houdart and all staff at CentraState, Hampton and Monmouth Medical Center/PESS , ever responded.

4. Defendants' responses have included but are not limited to:
- Monmouth Medical Center (MMC) sending a letter demanding cessation of further contact instead of responding as required by law.
- CentraState Healthcare contacting law enforcement when Plaintiffs appeared in person to speak with physicians, then misrepresenting to officers that Plaintiffs could not speak to staff due to legal counsel involvement.
- Hampton Behavioral Health Center failing to return multiple calls and messages, and providing no legally-required explanation or records.

5. Plaintiffs provided all Defendants and their attorneys an explicit 14-day extension to cure deficiencies and comply (through May 1, 2025), as documented in ECF Nos. 42, 42-1. No substantive response or compliance has been received.

6. These failures have materially hindered Plaintiffs' ability to challenge the factual and legal basis for their involuntary commitment and treatment, as well as has a substantial negative impact on Plaintiffs well being and health.

**LEGAL STANDARD**

Federal law (HIPAA, 45 C.F.R. § 164.524) and New Jersey law (N.J.A.C. 8:43G-4.1(a)(6)) require covered entities to promptly produce medical records and provide clear, comprehensible explanations to patients. The New Jersey Patient Bill of Rights (N.J.S.A. 30:4-24.3, N.J.S.A. 26:2H-12.8) further affirms these rights. Under Federal Rules of Civil Procedure 37 and 26, the Court has authority to compel compliance with statutory and discovery obligations. Litigation is not a valid ground to withhold these rights.

**ARGUMENT AND GROUNDS FOR RELIEF**

A. Plaintiffs' Statutory and Regulatory Rights

- HIPAA (45 C.F.R. § 164.524): Guarantees a patient's right to access and obtain copies of all medical records within thirty (30) days of a written request.
- N.J.A.C. 8:43G-4.1(a)(6): Requires physicians to explain, in understandable terms, the patient's condition, treatments, and alternatives.
- 42 C.F.R. § 482.13: Imposes a duty on hospitals to promote and protect patient rights, including communication, access, and grievance procedures.
- New Jersey Patient Bill of Rights (N.J.S.A. 30:4-24.3, 26:2H-12.8): Affirms rights to information, participation in care, and access to records.
- Federal Rules of Civil Procedure 37, 26: Authorize motions to compel and court intervention for non-compliance.

B. Defendants' Bad Faith and Noncompliance

Defendants have persistently failed to provide records or explanations, despite repeated requests and extensions.

Monmouth Medical Center refused to provide the required physician explanation and issued a cease contact letter.

After many failed attempts to seek explanations through phone and other grievance proceidures. Plaintiff and wife visited the hospital. CentraState Healthcare involved law enforcement to avoid communication  through security manager Robert Orro Following unsuccessful phone calls seeking clarification, the plaintiff and their spouse visited the hospital. CentraState Healthcare then involved law enforcement, using security manager Robert Orro to obstruct communication.

Hampton Behavioral Health Center failed to return calls and provide legally-required records or explanations.

All such actions are well-documented in ECF filings.

C. Attempts at Good Faith Resolution

Plaintiffs made extensive, good-faith efforts to resolve these issues before seeking court intervention. As noted in court dockets and exhibits. Plaintiffs submitted multiple written and electronic requests to each hospital's records, compliance, and patient advocacy offices. Plaintiffs filed formal grievances and complaints through internal procedures at each hospital.

Notifications and ongoing correspondence were sent to the New Jersey Department of Health and the U.S. Department of Health & Human Services, NJ as well as other Departments and governing bodies.

Direct email communications with all counsel for Defendants clearly requesting information that is rightfully Plaintiffs , with all correspondence cited in ECF Nos. 42, 42-1. A documented 14-day extension (through May 1, 2025) for voluntary compliance was provided. As of the date of this filing 5/28/2025 there has been no reply. All communications and non-responses are reflected in the record.

D. Harm and Prejudice to Plaintiffs

Continued non-compliance by Defendants deprives Plaintiffs of the fundamental ability to present, clarify, or challenge the factual and legal basis for their involuntary detention and treatment. It further impairs Plaintiffs' right to seek adequate medical care, pursue additional remedies, or request expungement and correction of erroneous records. As pro se litigants, Plaintiffs are especially prejudiced by Defendants' persistent obstruction, denial of statutory rights, and deliberate breach of their duty to the patient.

**REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court ORDER Defendants:

1. Affidavit: Produce a sworn affidavit by a competent officer of each hospital, affirming:

  a. That the hospital has reviewed Plaintiff's entire medical record for all relevant Admissions;

  b. That all entries are in compliance with all applicable law;

  c. That any inaccuracies, late entries, or amendments are explained in detail.

2. Immediate Release of Records: Immediately release to Plaintiffs (or, if necessary, to next of kin/guardian/spouse as designated caregiver):

  a. All medical records, psychiatric records, clinical notes, screening certificates, transfer records, grievance documents, and institutional policies relating to involuntary commitment, restraint, ADA accommodations, and retention.

  b. A physician's explanation (in plain English) of all diagnoses, treatment decisions, risks, and alternatives, as required by law.

  3. Policy Disclosure: Provide copies of all institutional policies referenced or relied upon in Plaintiff's admission, treatment, discharge, or retention.

  4. Certification of Compliance: Certify compliance with all requests within 10 days of the Court's order.

  5. Deadline: Set a deadline of no more than 10 days from the date of the Court's order for Defendants to fully comply.

**GOOD FAITH CERTIFICATION**

Plaintiffs have, in good faith, attempted to resolve these matters through multiple attempts including but not limited to by:

- Submitting repeated written and electronic requests for records, explanations, and policies to each hospital, their compliance, patient advocacy, and grievance offices.

- Filing formal grievances and complaints through all internal hospital procedures.

- Notifying and corresponding with the New Jersey Department of Health and HHS OCR, NJ.

- Emailing all counsel and institutional contacts.

- Granting a 14-day extension for voluntary compliance.

- Documenting all communication and responses as reflected in ECF Nos. 42, 42-1.

Despite these efforts, Defendants have failed to comply.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court GRANT this Motion to Compel and issue the proposed order. Continued deprivation of access to Plaintiffs' own medical records is causing significant harm and obstructs justice.

**Certification of Conferral**

Plaintiff certifies that, prior to filing this motion, he conferred in good faith with counsel for each Defendant and all relevant hospital departments and regulatory bodies in an effort to resolve this matter by agreement, but the parties have been unable to do so.

**Respectfully submitted,**
/s/ Bradley Clonan
Bradley Clonan
2604 W Rhododendron Drive
Abingdon, Maryland 21009
732-476-9555
clonanxyz@gmail.com