**Our File No. 34.15683 JMH**

| | |
|---|---|
| **BRADLEY CLONAN, ET AL.,** | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | |
| | **Civil Case No. 3:24-CV-11399-RK-RLS** |
| **vs.** | |
| **CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, ET AL.,** | |
| **Defendants.** | |

---

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

**Of Counsel and on the Brief:**
**John M. Hockin, Jr. (ID # 029882007)**

**RONAN, TUZZIO & GIANNONE, P.C.**
**4000 Route 66**
**One Hovchild Plaza, Suite 231**
**Tinton Falls, New Jersey 07753**
**(732) 922-3300**
**Attorneys for Defendants, Lauren Zalepka, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis**

**<u>TABLE OF CONTENTS</u>**

1.Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

2.Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3. Legal Argument

       POINT I: PLAINTIFF'S ARGUMENTS ON OPPOSITION DO NOT ALTER THE
       FACT THAT THE FIRST AMENDED COMPLAINT DOES NOT CONTAIN ANY
       ACTIONALBE CLAIMS AGAINST THE MMC DEFENDANTS. . . . . . . . . . . . . . .2

       I.     The FAC is a "Shotgun Pleading". . . . . . . . . . . . . . . . . . . . . . . . . .2

       II.    None of the Counts of the FAC Contain Actionable Claims Against
               the MMC Defendants. . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . 5

             i.   The MMC Defendants Did Not Act Under Color of State Law. . .5

             ii.  Plaintiff's Rehabilitation Act Claim is Not Actionable Against the
                 MMC Defendants . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . 8

             iii. Plaintiff's Americans with Disabilities Act (ADA) Claim is Not
                 Actionable Against the MMC Defendants. . . . . . . . . . . . . . . . . .9

             iv. The FAC Does Not Adequately Plead Medical Malpractice . . . . 9

             v.  The FAC Does Not Contain an Actionable Claim Alleged
                 Falsification of Medical Records or Fraud . . . . . . . . . . . . . . . .10

             vi. The FAC Does Not Adequately Plead Violations of New Jersey's
                 Patient Rights Regulations . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

             vii. Plaintiff's Remaining Arguments are Inapplicable or Without Merit
                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4.Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..13

## <u>TABLE OF AUTHORITIES</u>

**Cases:**

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). . . . . . . . . . . . . . . . .2, 3, 4, 10

Benn v. Universal Health Sys., Inc., 371 F.3d 165, 170 (3d Cir. 2004) . . . . . . . . . 5, 7, 8

Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n, 531 U.S. 288 (2001). . . . . . . 6, 7

Polanco v. Omnicell, Inc., 988 F.Supp.2d 451, 469 (D.N.J. 2013) . . . . . . . . . . . . . . 10

Monell v. Dep't of Soc. Svcs., 436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . .  12

**Statutes & Regulations:**

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

N.J.S.A. 2A:53A-27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

N.J.A.C. 13:35-6.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11

N.J.A.C. 8:43G-4.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

**Rules:**

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 13

Fed. R. Civ. P. 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

## **STATEMENT OF FACTS IN REPLY TO PLAINTIFF'S OPPOSITION**

Plaintiff filed a first amended complaint (hereinafter the "FAC") on April 7, 2025. The present motion to dismiss the FAC for failure to state a claim upon which relief can be granted was filed on behalf of Defendants, Lauren Zalepka, Monmouth Medical Center i/p/a "RWJBarnabas Health – Monmouth Medical Center," Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D. i/p/a "Dr. Chris Fabin," Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis i/p/a "Theo" and "John Doe 1" (hereinafter collectively the "MMC defendants"), on April 28, 2025.   Previously, co-defendant, Hampton Behavioral Health Center (hereinafter "Hampton"), filed a motion to dismiss the FAC on April 21, 2025.

On May 19, 2025, plaintiff filed a "consolidated opposition to defendants' motions to dismiss."   Such opposition addresses both the MMC defendants' motion and Hampton's motion.

Because it also addresses Hampton's motion, and because the MMC defendants' motion and Hampton's motion assert different arguments, portions of plaintiff's opposition are inapplicable to the MMC defendants.  Therefore, the legal argument that follows shall address only those opposition arguments that are applicable to the MMC defendants.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S ARGUMENTS ON OPPOSITION DO NOT ALTER THE FACT THAT THE FIRST AMENDED COMPLAINT DOES NOT CONTAIN ANY ACTIONALBE CLAIMS AGAINST THE MMC DEFENDANTS**

On opposition, plaintiff sets forth a number of separate arguments, including that the FAC satisfies pleading requirements and that all defendants, including the MMC defendants, acted under color of state law. To comport with the structure of the FAC, the following arguments on reply are organized first to address plaintiff's overall pleading arguments and, second, to address plaintiff's specific arguments about his separate claims, organized by each Count contained in the FAC.

    **I.**    **The FAC is a "Shotgun Pleading"**

Plaintiff first argues that "procedural defenses" asserted by defendants, including the MMC defendants, are without merit. At the outset, however, it is not entirely accurate to describe the MMC defendants' argument pursuant to Fed. R. Civ. P. 8(a)(2) as "procedural." While this argument is based on a Federal Rule of Civil Procedure, it is undergirded by a key practical, substantive reality: Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," because such a statement is necessary to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Plaintiff argues that "the FAC meticulously identifies each Defendant's role in the alleged misconduct, the specific actions taken by each Defendant, and the legal claims

arising from those actions."  Plaintiff further contends that the FAC "provid[es] Defendants with fair notice of the claims against them and the factual basis for those claims."

Plaintiff does not, however, point to any specific aspects of the FAC to support this argument.  Instead, in general terms, he points to the FAC as a whole and claims that it permits "the Court and Defendants to clearly understand the nature of the claims against each Defendant."

While the FAC comes closer to specifying which defendants did what and which claims are applicable to which defendants than the initial complaint did, it is still impermissibly vague.  It still fails to give the MMC defendants "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 545.

First, the FAC does not specifically set forth which alleged facts support which of its Counts.  The factual allegations upon which the FAC is largely based are contained in a section appropriately titled "Factual Allegations."  Each of the eleven Counts of the FAC refers to this section.  None of those Counts, however, specifically reference any of the paragraphs contained in the "Factual Allegations" section; instead, they simply refer to that section as a whole.  As a result, it is not clear which allegations are meant to support which Counts.

Second, although the title section of each Count of the FAC lists defendants against which such Count is intended to apply, most of the Counts list numerous, unrelated defendants.  Count II, for example, lists three institutional defendants and 15 individual defendants—a total of 18 named defendants—plus John/Dane Doe defendants.  It does not, however, set forth *any* specific allegations to distinguish the alleged acts or omissions of any of these 18 named defendants.  Instead, it simply refers

3

to all 18 such defendants together.  This is a plain example of the FAC's status as an impermissible "shotgun pleading."

Third, a number of the paragraphs contained in the "Factual Allegations" section contain only conclusory statements that constitute legal arguments, not alleged facts.  In paragraph 71, plaintiff states that a number of defendants "failed to properly investigate or respond to plaintiff's grievances within the timeframes mandated by state and federal regulations," among other alleged infractions, but provides no factual allegations as to how or when these defendants so failed.  In paragraph 63, plaintiff states that his involuntary commitment "constitutes action under color of state law," which is purely a legal argument.  Similarly, in paragraph 60, plaintiff states that use of a statement from a police officer in an assessment "further establishes the 'color of state law' for the actions of the private defendants involved in the commitment process."  This is also a legal argument.  By way of additional examples, similar legal arguments are contained in paragraphs 49, 55, 59, 61, and 69.

Therefore, while the FAC is not as vague as the initial complaint, it is still impermissibly vague.  Groups of unrelated defendants are still lumped together in most of the Counts of the FAC.  Many of the factual allegations meant to support those Counts are, or contain, legal arguments.  The FAC does not specify which factual allegations are meant to support which Counts.  For these reasons, the FAC fails to give the MMC defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

Plaintiff also asserts arguments regarding service of process and jurisdiction. Those arguments are apparently made in response to Hampton's motion, as the MMC

defendants made no argument regarding service of process or jurisdiction in their motion. Therefore, the MMC defendants will not address that argument. Plaintiff's argument regarding the affidavit of merit (AOM) requirement is discussed below.

**II.    None of the Counts of the FAC Contain Actionable Claims Against the MMC Defendants**

The MMC defendants' brief in support of the present motion to dismiss includes a Count-by-Count analysis, from Count I through Count XI, establishing that none of those Counts gives rise to a claim upon which relief can be granted to plaintiff against the MMC defendants. Plaintiff's opposition brief is organized by topic, not by Count. Therefore, to respond directly to the opposition, this section of the MMC defendants' reply brief will be organized in a manner that mirrors the opposition.

### i)    The MMC Defendants Did Not Act Under Color of State Law

Plaintiff argues that all moving defendants, including the MMC defendants, acted under color of state law pursuant to 42 U.S.C. § 1983. This argument is the basis of plaintiff's opposition to the MMC defendants' motion with respect to Counts I, II, III, and VIII, all four of which are dependent upon plaintiff's contention that the MMC defendants acted under color of state law.

In support of this contention, plaintiff argues that defendants acted in concert with state officials, utilized state forms and procedures, exercised powers traditionally reserved to the state, and acted in a manner that was "fairly attributable" to the state by following state law and utilizing the participation of state officials. Plaintiff attempts to distinguish the present matter from *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 170 (3d Cir. 2004), by arguing that "the FAC alleges a deliberate, coordinated effort and

conspiracy between private actors and state officials to deprive Plaintiff of his liberty without due process."

There are, however, no specific factual allegations in the FAC to support such an alleged conspiracy. Indeed, the only defendant out of the 35 specifically-listed defendants who could be considered a "state official" in any capacity is Officer Demarco of the New Jersey State Police. Plaintiff does not, however, allege any facts to support the notion that Officer Demarco conspired with any other defendant to ensure that he was involuntarily committed; rather, plaintiff alleges that Officer Demarco was one of multiple sources of inaccurate information that was used to justify his commitment. Plaintiff identifies no other "state official" with whom any defendant allegedly conspired.

Further, contrary to plaintiff's allegation, which is without factual support, MMC's Psychiatric Emergency Screening Service ("PESS") is not a state official, a state actor, or otherwise state-controlled at all. It is a private entity that was designated by the state to perform certain private functions in Monmouth County. Its functions are not governmental.

Critically, plaintiff's opposition fails to address the conditions identified by the Supreme Court in *Brentwood Acad. v. Tenn. Secondary Sch. Athl. Ass'n*, 531 U.S. 288 (2001), as evidencing state action by a private entity. The necessary "close nexus" between the state and the private entity that allows "seemingly private behavior [to] be fairly treated as that of the State itself" can be found through, i.e., 1) a State's "exercise of coercive power"; 2) the "significant encouragement, either overt or covert," provided by the State; 3) a private actor operating "as a willful participant in joint activity with the State or its agents"; 4) a private entity that "is controlled by an agency of the State"; 5) a private

actor "delegated a public function by the State"; or 6) a private actor "entwined with governmental policies" or with the government "entwined in its management or control." *Id.* at 295-96 (internal quotation marks omitted).

The FAC does not even contain any conclusory allegations of any of these items beyond, perhaps, #5 and #6. Those allegations that are contained in the FAC are conclusory in nature. In paragraph 63, for example, plaintiff alleges that his involuntary commitment was "initiated by private actors under the influence of a state actor and pursuant to state-mandated procedures [and] constitutes action under color of state law." This is a conclusory legal argument.

*Benn* is directly on-point to the present case. Plaintiff here, exactly like the plaintiff who was involuntarily committed in *Benn*, is arguing that the private defendants involved in his commitment "were state actors because they were acting pursuant to" a statute. 371 F.3d at 170. The Third Circuit expressly held that the defendants were *not* state actors, noting that other federal courts of appeals, and district courts in the Third Circuit, "support the conclusion that persons who petition for the involuntary commitment of others are not state actors." *Id.* at 173. The MMC defendants are, precisely, "persons who petition for the involuntary commitment of others."

The Third Circuit in *Benn* explained that that 1) the Pennsylvania Mental Health Procedures Act did not coerce the defendants to apply for the plaintiff's commitment; 2) the Act did not provide "significant encouragement" to apply for commitment; 3) the defendants were not "willful participants in joint activity with the State or its agents"; 4) no private individuals were actually controlled by a Pennsylvania agency; 5) the ability to apply for the commitment of an individual was not a "public function" delegated to private

individuals, because such function was not "traditionally the exclusive prerogative of the State"; and 6) there was no "entwinement" between the State and the defendants. *Id.* at 171-73.

Plaintiff has not alleged any facts to suggest that any of these truths are not also present herein. Plaintiff has also failed to argue that there are any material differences between New Jersey's involuntary commitment statute and the Pennsylvania Mental Health Procedures Act at issue in *Benn* to justify a complete reversal of the Third Circuit's reasoned decision.

Because, contrary to plaintiff's conclusory arguments, the MMC defendants were clearly not acting under color of state law as that term has been defined by controlling case law, Counts I, II, III, and VIII must all be dismissed as to the MMC defendants. As a consequence, plaintiff's First Amendment and Fourteenth Amendment arguments contained in the opposition are also inapplicable to the MMC defendants, given that they were not acting under color of state law.

> **ii)    Plaintiff's Rehabilitation Act Claim Is Not Actionable Against the MMC Defendants**

In his opposition, plaintiff argues that he "is a 'handicapped individual' under the Act due to his alleged mental health condition." No such allegation is actually contained within the FAC. Instead, the only disability or handicap plaintiff specifically alleges in the FAC is with respect to a clubfoot (at paragraph 95). In paragraphs 95 and 103, he alleges that he was refused proper footwear. Paragraph 95 specifies that this refusal occurred at Hampton's facility.

As such, there are no factual allegations against the MMC defendants in the FAC to support plaintiff's Rehabilitation Act claim. Plaintiff does not allege in the FAC that he

suffers from a disability related to his mental health—indeed, to the contrary, he alleges that there was no basis for his involuntary commitment.  He only alleges in the FAC that he was refused proper footwear by an unrelated co-defendant, not any of the MMC defendants, with respect to a foot disability.  The FAC contains no actionable Rehabilitation Act claim against the MMC defendants.

### iii)    Plaintiff's Americans with Disabilities Act (ADA) Claim Is Not Actionable Against the MMC Defendants

Plaintiff also argues that he "has standing to seek injunctive relief under the" ADA. As set forth in the MMC defendants' moving brief, and for the same reasons set forth above with respect to the Rehabilitation Act, plaintiff has no actionable claim against the MMC defendants under the ADA because the FAC contains no alleged facts to suggest that any of the MMC defendants violated the ADA.  Plaintiff alleges in the FAC that he has a foot disability that an unrelated co-defendant failed to accommodate.  Plaintiff does not allege in the FAC that he has a disability pursuant to which the MMC defendants violated the ADA.  Nothing in the opposition changes this fact.

### iv)    The FAC Does Not Adequately Plead Medical Malpractice

Plaintiff contends that the FAC contains valid claims for medical malpractice, presumably against both the MMC defendants and multiple other defendants.  He argues on opposition that such items as allegedly-mistaken diagnoses, apparent contradictions in records, and incorrect listings of his weight and whether he wears dentures constitute "a deliberate effort to manufacture a justification for [his] detention and treatment despite the absence of any legitimate medical or legal basis, particularly the lack of clear evidence of danger to self or others."

A key issue with this argument is that it does not address what the FAC actually contains in terms of specific allegations. The FAC does not specify which defendants committed which alleged wrongs, such as a failure to properly evaluate plaintiff's condition, a failure to obtain informed consent, or a failure to provide appropriate accommodations for plaintiff's needs. A complaint must, at the least, specify alleged acts and/or omissions as to each individual alleged to have committed malpractice.

As a result, the MMC defendants do not have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. Plaintiff's medical malpractice claim are not sufficiently clear or specific to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

With respect to the AOM requirement of *N.J.S.A.* 2A:53A-27, the MMC defendants did not argue in their moving brief that plaintiff's current failure to provide an AOM requires the dismissal of his medical malpractice claims, only that such statute will require dismissal if the present motion is denied, the MMC defendants file an answer, and plaintiff fails to provide a compliant AOM within 60 days thereof.

### v) The FAC Does Not Contain an Actionable Claim for Alleged Falsification of Medical Records or Fraud

Plaintiff argues that the FAC contains valid claims for the alleged falsification of his medical records pursuant to the federal Health Insurance Portability and Accountability Act (HIPAA) and a provision of New Jersey's administrative code, *N.J.A.C.* 13:35-6.5.

Plaintiff's HIPAA claims are not actionable because there is no private right of action for HIPAA violations. Enforcement actions of HIPAA violations are "within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens." *Polanco v. Omnicell, Inc.*, 988 F.Supp.2d 451, 469 (D.N.J. 2013). As

for *N.J.A.C.* 13:35-6.5, not only does it not appear in the FAC itself but, also, there is no indication from that provision that it confers a private right of action.

In terms of plaintiff's argument regarding alleged fraud, none of the eleven Counts of the FAC contain fraud claims.  The word "fraud" does not appear in the title of any Count of the FAC.  *Fed. R. Civ. P. 9(b)* requires a plaintiff "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake."  Certainly, a plaintiff must specifically set forth that he or she is asserting a fraud claim.  The MMC defendants are not on notice of any fraud claim contained in the FAC.  In any event, as plaintiff sets forth, one of the elements of fraud is reasonable reliance by one on the material misrepresentation of another.  Plaintiff is alleging a conspiracy in which he claims that all parties were aware of the alleged falsity of certain information; he is not alleging that anyone relied upon false information they believed to be true.  As such, the opposition brief, let alone the FAC, does not set forth a claim for fraud.

### vi)    The FAC Does Not Adequately Plead Violations of New Jersey's Patient Rights Regulations

Though plaintiff argues that defendants failed to provide him with numerous items listed in *N.J.A.C.* 8:43G-4.1(a), such as, for example, by way of the alleged denial of access to medical records and explanations for his treatment, he fails to address the argument contained in the MMC defendants' moving brief that, per paragraphs 45, 56, 57, 58, 61, and 107 of the FAC, plaintiff already has access to his records.  It is unclear how plaintiff could have obtained the information contained in those paragraphs without his records.  The only factual allegations in the FAC regarding claimed *N.J.A.C.* 8:43G-4.1(a) violations are conclusory in nature, such as in paragraph 107.

Indeed, the FAC contains information regarding plaintiff's condition, diagnosis, and the bases for his commitment, as set forth in the MMC defendants' moving brief. Thus, the FAC contains facts to suggest not that the MMC defendants violated *N.J.A.C.* 8:43G-4.1(a) but, instead, that they complied with it. There is no factual basis in the FAC for this claim to go forward as against the MMC defendants.

### vii) Plaintiff's Remaining Arguments are Inapplicable or Without Merit

Finally, plaintiff argues that 1) unspecified defendants are not entitled to statutory or common law immunity; 2) plaintiff has alleged actual and punitive damages; and 3) liability should attach against the institutional defendants—including MMC—pursuant to *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

The MMC defendants did not make any arguments regarding immunity or damages in their moving brief. As such, plaintiff's arguments regarding those topics are inapplicable to this motion.

As for *Monell*, that case, as relied upon by plaintiff, deals with constitutional violations by local governing bodies. 436 U.S. at 690. As set forth above and in the MMC defendants' moving brief, the MMC defendants are not state actors and were not acting under color of state law. As a result, *Monell* is inapplicable to this motion.

## **CONCLUSION**

For the reasons set forth above, Defendants, Lauren Zalepka, Monmouth Medical Center i/p/a "RWJBarnabas Health – Monmouth Medical Center," Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D. i/p/a "Dr. Chris Fabin," Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis i/p/a "Theo" and "John Doe 1," respectfully request that the Complaint be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for plaintiff's failure to state a claim upon which relief can be granted against them and because the amended complaint is an impermissible "shotgun pleading."

**RONAN, TUZZIO & GIANNONE, P.C.**
Attorneys for Defendants, Lauren Zalepka, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, M.D., Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis

BY:    */s/ John M. Hockin, Jr.*

JOHN M. HOCKIN, JR.

Dated:  May 28, 2025

13