UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN,<br><br>               Plaintiff,<br><br>v.<br><br>CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, et al.,<br><br>               Defendants. | Civil Action No. 24-11399 (RK) (RLS)<br><br>**SEALING ORDER** |

**THIS MATTER** having come before the Court upon the Motion by Plaintiff *pro se* Bradley Clonan ("Plaintiff") to Seal documents submitted in connection with the above referenced matter, appearing at Docket Entry Number 36, (Doc. No. 39); and the Court recognizing that the documents sought to be sealed contain Plaintiff's sensitive, confidential, and personally identifying information as well as health information and medical records; and for good cause shown, the Court makes the following findings and conclusions:

### FINDINGS OF FACT

1. In support of his claims and in connection with pending Motions to Dismiss, Plaintiff has proffered exhibits that reflect sensitive, confidential, and personally identifying information as well as health information and medical records (the "Sensitive Personal Information and Health Records"). (*See* Doc. No. 36).

2. On April 29, 2025, Plaintiff filed a Motion to Seal the Sensitive Personal Information and Health Records. (Doc. No. 39).

3. Plaintiff has a legitimate privacy interest in maintaining the Sensitive Personal Information and Health Records as confidential and not being made publicly available.

1

4. Without sealing the Sensitive Personal Information and Health Records, Plaintiff's private information could be obtained by third-parties unrelated to this litigation and not entitled to access such information.

5. A clearly defined and serious injury would result to Plaintiff if he is not permitted to keep the Sensitive Personal Information and Health Records under seal, in that it could expose him to substantial risk and serious injury if the they became publicly available.

6. There is no less restrictive alternative to maintaining the Sensitive Personal Information and Health Records under seal.

## CONCLUSIONS OF LAW

1. This Court has the power to seal documents on its docket to prevent confidential information from being disclosed to the public. Federal Rule of Civil Procedure 5.2 permits the redaction and sealing of personally identifying information, including health information and medical records. *See* Fed. R. Civ. P. 5.2; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

2. Courts may deny access to and seal a document when it encompasses personally identifying information that, if made public, could pose harm to an individual. *See* Fed. R. Civ. P. 5.2. Pursuant to Local Civil Rule 5.3(c), this Court may enter an order sealing certain materials upon an appropriate showing. L. Civ. R. 5.3(c).

3. The Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

4. Here, Plaintiff has a legitimate interest in maintaining the Sensitive Personal Information and Health Records confidential through the sealing of the Exhibits appearing at

Docket Entry Number 36 and there is no less restrictive alternative to protect those privacy interests but for the sealing of those documents.

5. Accordingly, the Court finds good cause exists to seal the Sensitive Personal Information and Health Records.

## ORDER

Pursuant to the Findings of Fact and Conclusions of Law set forth above, and for good cause having been shown,

**IT IS** on this **11th** day of **June 2025** hereby

**ORDERED** that Plaintiff's Motion to Seal is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall maintain under **SEAL** the Exhibits located at Docket Entry Number 36; and it is further

**ORDERED** that the Clerk of the Court shall TERMINATET the Motion to Seal appearing at Docket Entry Number 39.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE