#43423.00110



*Attorney of Record:*   Matthew J. Behr, Esq. – NJ Attorney I.D. #025841998

15000 Midlantic Drive ⬥ Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
☎856-414-6000  ⬥  🖷856-414-6077  ⬥  ✉ mjbehr@mdwcg.com

*Attorney for:*  Defendants, CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel, Carree-Lee, Cheryl Craig, Robert Orro, Lynda McDonald, Lauren Richard, Jordan White, and Lori Conrad

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
*(Trenton Vicinage)*

| | |
|---|---|
| BRADLEY CLONAN and GABRIELA CLONAN,<br><br>　　　　Plaintiffs<br><br>*vs.*<br><br>CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM, RWJ BARNABAS HEALTH – MONMOUTH MEDICAL CENTER, HAMPTON BEHAVIORAL HEALTH CENTER, DR. STEVEN GUILLEN, MD, et al.<br><br>　　　　Defendants. | C.A. NO.:  3:24-cv-11399-RK-RLS |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS**

-i-

## **TABLE OF CONTENTS**

*Page*

I.   INTRODUCTION ................................................................................................... 1
II.  LEGAL ARGUMENTS.......................................................................................... 1
      A. DEFENDANT CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM HAS ALREADY PROVIDED PLAINTIFF WITH HIS MEDICAL RECORDS. ........ 1
      B. PLAINTIFF IS ATTEMPTING TO CONDUCT DISCOVERY OUTSIDE THE FEDERAL RULES OF CIVIL PROCEDURE. ............................................................................. 1
III.  CONCLUSION...................................................................................................... 3

## TABLE OF AUTHORITIES

**Federal Rules**

Fed. R. Civ. Proc. 37(a)(3)(B) ................................................................................................ 2

Federal Rule of Civil Procedure 26 ...................................................................................... 1

Federal Rule of Civil Procedure 37 ...................................................................................... 2

I.      **INTRODUCTION:**

On May 28, 2025, Plaintiff filed a Motion to Compel these Defendants to produce all records, sworn Affidavits, explanation of institutional policy related to Plaintiff's involuntary commitment, and his medical records. Plaintiff's Motion must be denied.

First, Defendant CentraState Healthcare System/Atlantic Health System already provided to Plaintiff his complete medical records pre-suit. Plaintiff in fact references those records in his opposition to the motion to dismiss. Plaintiff's insistence that the records have not been supplied is just incorrect.

Second, Plaintiff is seeking discovery before a decision has been made on the Motions to Dismiss as well as a Rule 16 Conference contrary to the Federal Court Rules of Civil Procedure. As a result, Plaintiff's Motion to Compel must be denied.

II.      **LEGAL ARGUMENTS:**

    A.    **DEFENDANT CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM HAS ALREADY PROVIDED PLAINTIFF WITH HIS MEDICAL RECORDS.**

In regard to Plaintiff's request for his medical records, these records have already been supplied to him and he has efiled those documents and they are now under seal. As a result, any request for plaintiff's own medical records must be denied.

    B.    **PLAINTIFF IS ATTEMPTING TO CONDUCT DISCOVERY OUTSIDE THE FEDERAL RULES OF CIVIL PROCEDURE.**

Federal Rule of Civil Procedure 26 provides the sequence of discovery in a case. Specifically, a party may not serve discovery until after the meeting of counsel under Federal Rule of Civil Procedure 26. It is important to note that Plaintiff has not served any discovery requests on any of the Defendants, including these Defendants. Thus, there is no outstanding

request to be responded to at this time. Plaintiff's unilateral request for documents is inappropriate under the Federal Rules.

Pursuant to Federal Rule of Civil Procedure 37, a party may make a Motion to Compel Discovery. The Motion must include a Certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without Court action. Pursuant to Fed. R. Civ. Proc. 37(a)(3)(B), a party seeking discovery may move for an Order compelling an answer, designation, production or inspection. The subparts provide that a party who fails to answer Interrogatories or fails to produce documents or fails to respond to inspection could be subject to such a Motion.

As referenced above, there are not any outstanding discovery requests to which these Defendants have not responded. Moreover, discovery is not to occur until after the Rule 16 Conference. In fact, the parties have not even exchanged Rule 26 Disclosures since all Defendants filed motions to dismiss. As a result, Plaintiff's Motion to Compel is not appropriate at this time and must be denied.

### III. CONCLUSION:

For all of the foregoing reasons, Plaintiff's Motion to Compel must be denied.

Respectfully submitted,



By: */s/ Matthew J. Behr*
   MATTHEW J. BEHR, ESQ.
*NJ Attorney I.D. #025841998*
Attorney for Defendants,
CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel, Carree-Lee, Cheryl Craig, Robert Orro, Lynda McDonald, Lauren Richard, Jordan White, and Lori Conrad

15000 Midlantic Dr., Suite 200
P.O. Box 5429
Mount Laurel, NJ  08054
TEL:  856-414-6000
FAX:  856-414-6077
E-MAIL:  mjbehr@mdwcg.com

DATE:  June 19, 2025

LEGAL/169717942.1