IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>CentraState Healthcare System/Atlantic Health System; RWJBarnabas Health – Monmouth Medical Center; Hampton Behavioral Health Center, et al.<br><br>　　　　　Defendants. | Civil Docket No.: 3:24-cv-11399-RK-RLS |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND CROSS-MOTION TO STAY DISCOVERY BY DEFENDANT HAMPTON BEHAVIORAL HEALTH CENTER**

**BUCHANAN INGERSOLL & ROONEY PC**

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

## **TABLE OF CONTENTS**

                                                                        **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 5

    I.     PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED DUE TO PROCEDURAL AND SUBSTANTIVE FAILURES. ............................................. 5

          A.     Plaintiff's Purported Discovery Demands Fail to Comply With Fed.R.Civ.P. 26(d)(1). ............................................................................ 5

          B.     The Form of Plaintiff's Purported Discovery Demands Fails to Comply with Fed.R.Civ.P. 26(g) And Fed.R.Civ.P. 34(b). ........................ 5

          C.     Plaintiff Failed to Comply with the Meet and Confer Requirements Set Forth in Local Civil Rule 37.1. ............................................................. 6

    II.    GOOD CAUSE EXISTS TO STAY DISCOVERY PENDING THE OUTCOME OF THE PENDING MOTIONS TO DISMISS. ................................ 8

CONCLUSION ........................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Babalola v. Donegal Mut. Ins. Co.,* Civ. A. No. 08–612, 2008 WL 5278393
    (M.D.Pa. Dec.18, 2008) ...................................................................................................9

*Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.*,
    247 F.R.D. 453 (D.N.J.Dec.11, 2007) .............................................................................8

*Jet Blast, Inc. v. Blue Lake Serv., LLC*,
    348 F.R.D. 706 (N.D. Fla. 2025) .....................................................................................7

*Khal Anshei Tallymawr Inc. v. Twp. of Toms River*,
    No. CV 21-2716 (RK) (JTQ), 2024 WL 3728069 (D.N.J. Aug. 8, 2024) ...................6, 7

*NRA Grp., LLC v. Durenleau*,
    340 F.R.D. 94 (M.D. Pa. 2021) ........................................................................................5

*Perelman v. Perelman*,
    No. 10–5622, 2011 WL 3330376 (E.D. Pa. Aug.3, 2011) ............................................8, 9

*Thompson v. Warren*,
    No. CIV.A. 13-4334 PGS, 2015 WL 3386487 (D.N.J. May 26, 2015) ...........................8

*Toth v. CSX Transportation, Inc.*,
    No. 06-CV-0244(M), 2007 WL 9777793 (W.D.N.Y. Oct. 30, 2007) ..............................6

*Weisman v. Mediq, Inc.*,
    Civ. A. No. 95–1831, 1995 WL 273678 (E.D.Pa.1995) ...............................................8, 9

**Statutes**

28 U.S.C. § 1746 ................................................................................................................7, 8

42 U.S.C. § 1983 ............................................................................................................1, 2, 10

**Rules**

Fed.R.Civ.P. 8 ................................................................................................................2, 9, 10

Fed.R.Civ.P. 8 ..........................................................................................................................2

Fed.R.Civ.P. 10 ....................................................................................................................2, 9

Fed.R.Civ.P. 12(b)(6) ........................................................................................................2, 10

Fed.R.Civ.P. 26 .................................................................................................................. 3, 6, 11

Fed.R.Civ.P. 26(a)(1)(b) ................................................................................................................. 5

Fed.R.Civ.P. 26(c)(1) ...................................................................................................................... 8

Fed.R.Civ.P. 26(d)(1) .................................................................................................................. 1, 5

Fed.R.Civ.P. 26(f) ..................................................................................................................... 1, 3, 5

Fed.R.Civ.P. 26(g) ...................................................................................................................... 1, 5

Fed.R.Civ.P. 26(g)(1) ...................................................................................................................... 5

Fed.R.Civ.P. 34 ............................................................................................................................... 3

Fed.R.Civ.P. 34 ............................................................................................................................... 6

Fed.R.Civ.P. 34(b) ...................................................................................................................... 1, 5

L.Civ.R. 37.1 .................................................................................................................................. 1

L.Civ.R. 37.1 .................................................................................................................................. 6

L.Civ.R. 37.1(b)(1) ......................................................................................................................... 7

L.Civ.R. 7.1(h) ................................................................................................................................ 8

L.Civ.R. 7.1(h) ................................................................................................................................ 8

LITE, N.J. FEDERAL PRACTICE RULES, Comment 2 to L. Civ. R. 37.1 at 252
    (GANN 2024) ............................................................................................................................ 7

**Other Authorities**

7 Moore's Federal Practice (3d ed. 2007) ................................................................................... 5, 6

Case 3:24-cv-11399-RK-RLS   Document 61-1   Filed 06/23/25   Page 4 of 17 PageID: 2400

# **INDEX**

Exhibit A

*Babalola v. Donegal Mut. Ins. Co.,* Civ. A. No. 08–612, 2008 WL 5278393
   (M.D.Pa. Dec.18, 2008)

*Khal Anshei Tallymawr Inc. v. Twp. of Toms River*,
   No. CV 21-2716 (RK) (JTQ), 2024 WL 3728069 (D.N.J. Aug. 8, 2024)

*Perelman v. Perelman*,
   No. 10–5622, 2011 WL 3330376 (E.D. Pa. Aug.3, 2011)

*Thompson v. Warren*,
   No. CIV.A. 13-4334 PGS, 2015 WL 3386487 (D.N.J. May 26, 2015)

*Toth v. CSX Transportation, Inc.*,
   No. 06-CV-0244(M), 2007 WL 9777793 (W.D.N.Y. Oct. 30, 2007)

*Weisman v. Mediq, Inc.*,
   Civ. A. No. 95–1831, 1995 WL 273678 (E.D.Pa.1995)

**PRELIMINARY STATEMENT**

On May 28, 2025, Plaintiff improperly filed a Motion to Compel Discovery directed to Hampton Behavioral Health ("Responding Defendant") and Co-Defendants CentraState Health Care System and Monmouth Medical Center. (ECF No. 52).

This Court should deny Plaintiff's Motion to Compel for several reasons. First, Plaintiff's purported discovery demands fail to comply with Fed.R.Civ.P. 26(d)(1), which expressly states that a party may not seek discovery from any source before the parties have conferred as required by Fed.R.Civ.P. 26(f). Second, the form of Plaintiff's purported discovery demands fails to comply with Fed.R.Civ.P. 26(g) and Fed.R.Civ.P. 34(b). Third, Plaintiff failed to properly meet and confer in an effort to resolve the discovery dispute. Lastly, Plaintiff's Motion to Compel fails to comply with L.Civ.R. 37.1.

Additionally, given this Court's dismissal of Plaintiff's Complaint *sua sponte,* and given there are four pending Motions to Dismiss Plaintiff's First Amended Complaint, the Court should grant Responding Defendant's Cross-Motion to Stay Discovery.

Accordingly, this Court should deny Plaintiff's Motion to Compel, with prejudice, and grant the Cross-Motion to Stay Discovery.

**BACKGROUND**

This matter was initiated upon the filing of a "shotgun" Complaint in the District Court of New Jersey on December 20, 2024 by *pro se* Plaintiff, Bradley Clonan ("Plaintiff"), on the basis of federal question related to a hospitalization and subsequent involuntary commitment spanning the time frame of March 24, 2023 to March 30, 2023. (ECF No. 1-1, *4). Plaintiff's initial Complaint, while difficult to discern, suggested that he was bringing claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("Rehab Act"), and the Health Insurance Portability and Accountability Act ("HIPAA"). Construed

liberally, Plaintiff's initial Complaint also contained claims for the falsification of medical records and claims for medical malpractice. The initial Complaint purported to name thirty-four (34) individually named defendants, whose identities and status as alleged defendants were not revealed until the twentieth page of the Complaint.

Thereafter, Co-Defendant, Lauren Zalepka, filed a Motion to Dismiss on January 9, 2025. (ECF No. 9). Hampton Behavioral Health also filed a timely Motion to Dismiss the Complaint on January 24, 2025. (ECF No. 15). Lastly, the Monmouth Medical Center Co-Defendants filed a Motion to Dismiss on February 21, 2025. (ECF No. 20).

On March 25, 2025, this Court dismissed Plaintiff's Complaint *sua* sponte for the failure to comply with Rule 8 and Rule 10. (ECF No. 25, *5). In its Memorandum, the Court stated that Plaintiff's Complaint was "textbook shotgun pleading", and the allegations in the Complaint were conclusions unsupported by relevant factual details. (*Id*. at *6-7)(internal citations omitted). In a footnote, the Court stated that while Plaintiff's Complaint failed to comply with Rule 8, "Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds, including but not limited to the failure to state a claim under Rule 12(b)(6)", as Plaintiff is attempting to bring Section 1983 claims against non-state actors. (*Id*. at *7, n11). Additionally, the Court noted that many alleged defendants, including Dr. Michael P. Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi "Doe", had not been served with process. (Id. at *7-8). Accordingly, the Court stated that unless Plaintiff could establish that these individuals were served within ninety (90) days of the fling of the initial Complaint, the Amended Complaint would be dismissed as to the individual Defendants for the failure to effectuate service. (Id. at *8).

The Court dismissed Plaintiff's Complaint without prejudice and ordered that the Plaintiff had thirty (30) days to file an Amended Complaint. The Court expressly ordered that Defendants may re-file Motions to Dismiss or new Motions to Dismiss. (*Id*. at *8).

On April 7, 2025, Plaintiff filed his Amended Complaint ("FAC"). (ECF No. 28.) Plaintiff's FAC is comprised of eleven (11) Counts directed to many, or all, of the thirty-four (34) Defendants, and is largely plagued with the same deficiencies of the initial Complaint. On that same day, Plaintiff emailed purported "discovery demands", which, construed liberally, requested copies of medical records, policies, an incident report, and an explanation from a physician regarding his diagnosis and treatment at Hampton. (Exhibit "A"). As a preliminary matter, prior to sending this email, Plaintiff made no attempt to confer pursuant to Rule 26(f), and therefore, these purported discovery demands are improper. In addition to being procedurally improper, the requests fail to conform to Rules 26 and 34 of the Federal Rules of Civil Procedure. The purported requests are not signed by the Plaintiff, do not contain his address, and fail to specify the time, place, and manner for disclosing documents. *Id*. Further, the email is nearly three (3) pages of single-spaced text, and while difficult to discern, seemingly seeks to assert his "legal basis" for seeking discovery. *Id*. These "requests" are both procedurally and substantively improper.

On April 21, 2025, Responding Defendant filed a Motion to Dismiss Plaintiff's FAC, raising both procedural and substantive challenges to Plaintiff's FAC. (ECF No. 33). Defendants Lauren Zalepka, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis filed a Motion to Dismiss on April 28, 2025. (ECF No. 35).

Plaintiff sent another email to counsel for Responding Defendant on May 1, 2025. (See Exhibit "A"). The email, which is nearly five (5) pages long, single-spaced, purports to be a

3

continued request for documents as well as an "explanation" regarding the care he received at Hampton. *Id*. Plaintiff's May 1, 2025 email asks that Responding Defendant "provide the requested records and arrange the requested explanation of care within the next 14 days, or provide a valid legal reason why you will not do so." *Id*. The same day, counsel for Responding Defendant emailed Plaintiff to advise him that he had a copy of his records, and these records summarized the care and treatment provided at Hampton. *Id*. Plaintiff responded and acknowledged that he had, in fact, received his medical records, but he still requested an "explanation" along with other documents. *Id*. At no time did Plaintiff request to have a meet and confer with the undersigned counsel to discuss the instant discovery dispute.

On May 19, 2025, Plaintiff filed a "consolidated" Opposition to the aforementioned Motions to Dismiss, which failed to address Responding Defendant's procedural and substantive arguments. (ECF No. 44). Responding Defendant filed a Reply in Further Support of its Motion to Dismiss on May 27, 2025. (ECF No. 48).

On May 27, 2025, Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, Jodi Sgouros, CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Lauren Richard, Lynda McDonald, Jordan White and Lori Conrad filed Motions to Dismiss Plaintiff's FAC. (ECF Nos. 47 and 50). All Motions to Dismiss have not yet been decided by this Court.

While the Motions to Dismiss remained pending, Plaintiff filed a Motion to Compel Discovery on May 28, 2025. (ECF No. 52). For the reasons set forth herein, this Court should deny Plaintiff's Motion to Compel Discovery, with prejudice, and grant Defendant's Cross-Motion to Stay Discovery.

4

## ARGUMENT

**I.     PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED DUE TO PROCEDURAL AND SUBSTANTIVE FAILURES.**

    **A.     Plaintiff's Purported Discovery Demands Fail to Comply With Fed.R.Civ.P. 26(d)(1).**

Rule 26(d)(1) of the Federal Rules of Civil Procedure, which governs the timing and sequence of discovery, states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(b), or when authorized by these rules, by stipulation, or by court order." *NRA Grp., LLC v. Durenleau*, 340 F.R.D. 94 (M.D. Pa. 2021). Rule 26(f) of the Federal Rules of Civil Procedure dictates that the parties must confer to develop a plan for discovery. *See* Fed.R.Civ.P. 26(f).

This matter is not subject to any exemption set forth in Rule 26(a)(1)(b). Plaintiff has made no attempts to confer pursuant to Rule 26(f), and accordingly, Plaintiff was not permitted to seek discovery from Responding Defendant or any other party in this matter. Accordingly, Plaintiff's Motion to Compel is improper at this juncture, and this Court should deny the Motion, with prejudice.

    **B.     The Form of Plaintiff's Purported Discovery Demands Fails to Comply with Fed.R.Civ.P. 26(g) And Fed.R.Civ.P. 34(b).**

Even if Plaintiff was permitted to seek discovery at this juncture, and he is not, the form of Plaintiff's purported discovery demands fails to comply with Fed.R.Civ.P. 26(g) and Fed.R.Civ.P. 34(b). Rule 26(g) requires that "every discovery request. . . must be signed by. . . the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number." Fed.R.Civ.P. 26(g)(1); *see also*, 7 Moore's Federal Practice, 34.11 (3d ed. 2007). Additionally, Fed.R.Civ.P. 34(b) requires that any discovery requests specify the time, place, and

5

manner for disclosing documents. Courts have refused to compel the production of discovery where the formalities of Rule 26 and Rule 34 are not satisfied. *Toth v. CSX Transportation, Inc.*, No. 06-CV-0244(M), 2007 WL 9777793 (W.D.N.Y. Oct. 30, 2007)(declining to compel the production of discovery when plaintiff served the demands in a letter); *See also*, 7 Moore's Federal Practice, 34.11[2] (3d ed. 2007) ("[A] court may refuse to compel production it if finds that the formalities of Rule 34 are not satisfied. For example, it has been found that informal requests made in letters between counsel are not a sufficient basis on which to base an order to compel production....").

Here, Plaintiff's purported discovery demands were received in the form of a lengthy e-mail set forth in paragraph format. (*See* Exhibit "A"). Plaintiff's email also includes unintelligible, rambling explanations which seek to outline why Plaintiff is entitled to the production of documents and information. (*Id.*). This e-mail, to the extent it can be construed as a discovery demand, is not signed by Mr. Clonan, nor is it signed with his address. (*Id.*). Additionally, the e-mail fails to specify the time, place, and manner for disclosing the documents. (*Id.*) Accordingly, these informal and improper e-mail requests are not a sufficient basis upon which this Court can base an order to compel production, and therefore, Plaintiff's Motion to Compel must be denied, with prejudice.

**C.    Plaintiff Failed to Comply with the Meet and Confer Requirements Set Forth in Local Civil Rule 37.1.**

Local Civil Rule 37.1 is clear: "Discovery motions must be accompanied by an affidavit or other document ... certifying that the moving party has conferred with the opposing party in a good faith effort to resolve ... the issues raised by the motion." This requirement has long been part of the local civil rules. *Khal Anshei Tallymawr Inc. v. Twp. of Toms River*, No. CV 21-2716 (RK) (JTQ), 2024 WL 3728069 (D.N.J. Aug. 8, 2024). "This is not simply a box-checking

6

exercise; the Parties are required to engage in robust, meaningful discussions with the intention of resolving the disputed issues 'without the intervention of the Court.' *Id.* at *4 (citing to LITE, N.J. FEDERAL PRACTICE RULES, Comment 2 to L. Civ. R. 37.1 at 252 (GANN 2024)). It is not sufficient for a party to send an email. Id. at *4; *see also*, *Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 706, 714 (N.D. Fla. 2025)("A meet-and-confer must be meaningful and, generally, an email sent shortly before a motion is filed demanding certain conduct be taken is not sufficient. Parties facing discovery disputes are wise to have an actual phone conversation, or even better, an in-person conversation, when possible.")

In the instant matter, Plaintiff submitted an improper and informal purported request for documents on April 7, 2025. (See Exhibit "A"). Plaintiff then sent a second rambling and similarly improper email on May 1, 2025, which demanded that Responding Defendant "provide the requested records and arrange the requested explanation of care within the next fourteen (14) days, or provide a valid legal reason why you will not do so." *Id*. Counsel for Responding Defendant replied to Plaintiff's email the same day, informing him that his filings repeatedly referenced the Hampton records, and the records summarized the treatment provided. *Id*. Plaintiff responded and acknowledged that he had, in fact, received the Hampton medical records. *Id*. Plaintiff again demanded the production of the documents. *Id.* At no point did Plaintiff indicate that he wanted to have a conference to discuss his discovery demands prior to the filing of the Motion to Compel.

Further, L.Civ.R. 37.1(b)(1) states:

> Discovery motions must be accompanied by an affidavit, or other document complying with 28 U.S.C. § 1746, certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement. **The affidavit**, or other document complying with 28 U.S.C. § 1746, **shall set forth the date and method of communication used in attempting to reach agreement.**

L.Civ.R. 37.1(b)(1)(emphasis added).

7

Plaintiff's Motion to Compel arguably contains no such affidavit, as it is devoid of any affidavit or document that complies with 28 U.S. Code § 1746. (ECF No. 52). Furthermore, the subsections of the Motion labeled "GOOD FAITH CERTIFICATION" and "Certification of Conferral" altogether fail to set forth the date and method of communication used in an attempt to reach an agreement. *Id*. at *7-8.

Accordingly, this Court must deny Plaintiff's Motion to Compel Discovery, with prejudice.

## II.  GOOD CAUSE EXISTS TO STAY DISCOVERY PENDING THE OUTCOME OF THE PENDING MOTIONS TO DISMISS.

Rule 7.1(h) of the Local Rules of Civil Procedure provides in relevant part: "A cross-motion related to the subject matter of the original motion may be filed by the party opposing the motion together with that party's opposition papers. . ." L.Civ.R. 7.1(h). Given the instant cross-motion is a Motion to Stay Discovery, it is certainly related to the subject matter of the original motion and may be filed with the instant Opposition to the same. *Thompson v. Warren*, No. CIV.A. 13-4334 PGS, 2015 WL 3386487, *2 (D.N.J. May 26, 2015).

A Court may stay discovery pending the determination of a dispositive motion upon a showing of "good cause" by the party requesting the stay. *Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.*, 247 F.R.D. 453, 454 (D.N.J.Dec.11, 2007); *see also, Perelman v. Perelman*, No. 10–5622, 2011 WL 3330376 at *1 (E.D. Pa. Aug.3, 2011); Fed.R.Civ.P. 26(c)(1). Ultimately, "a stay is proper where the likelihood that [the pending] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Weisman v. Mediq, Inc.*, Civ. A. No. 95–1831, 1995 WL 273678, at *2 (E.D.Pa.1995). To measure the likelihood that a pending motion may result in "a narrowing or outright elimination of discovery" courts look to the scope of the motion and ask whether it "may potentially lead to" the end of the case, and if it will provide the parties with "full knowledge as to which claims are viable and,

8

correspondingly, as to what discovery need occur." *Id*. Courts "balance the competing interests of each party to determine whether the benefits of [the] stay outweigh the likely harm to the plaintiff." *Babalola v. Donegal Mut. Ins. Co.*, Civ. A. No. 08–612, 2008 WL 5278393, at *1 (M.D.Pa. Dec.18, 2008. In weighing the factors to determine whether the court should stay discovery, courts consider "(1) the scope of the pending motion; (2) the breadth of the non-party discovery underway; (3) the harm and expense to which continued discovery would subject the movant or third parties; and (4) the harm that a delay in discovery would cause for the non-movant." *Perelman,* 2011 WL 3330376 at *1.

Here, the scope of the pending Motions to Dismiss Plaintiff's First Amended Complaint may result in "a narrowing or outright elimination of discovery" as to Responding Defendant and other numerous Defendants in this matter. Presently pending before this Court are Motions to Dismiss Plaintiff's First Amended Complaint on behalf of the following Defendants: Hampton Behavioral Health Center (ECF No. 33), Lauren Zalepka, Monmouth Medical Center, Estate of Mohsen Rehim, M.D., Christopher Fabian, Eric Carney, Margaret Nielsen, Johanna Rosario, Virginia Heggen, and Theo Kalogridis (ECF No. 35), Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, Jodi Sgouros (ECF No. 47), and CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Lauren Richard, Lynda McDonald, Jordan White and Lori Conrad. (ECF No. 50). Each of these motions raise both procedural and substantive challenges to Plaintiff's FAC, arguing, *inter alia*, that the FAC is a shotgun pleading that fails to comply with Rules 8 and 10, that Defendants are not state actors, and that Plaintiff failed to effectuate service.

This Court dismissed Plaintiff's initial Complaint *sua sponte* as a "textbook shotgun pleading" where the allegations were unsupported by relevant factual details. (ECF No. 25, *5-7).

9

In a footnote, the Court stated that while Plaintiff's Complaint failed to comply with Rule 8, "**Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds**, including but not limited to the failure to state a claim under Rule 12(b)(6)", **as Plaintiff is attempting to bring Section 1983 claims against non-state actors**. (Id. at *7, n11)(emphasis added). Additionally, the Court noted that unless Plaintiff could establish that he served the initial Complaint upon the individual defendants, including Dr. Michael P. Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi "Doe", within ninety (90) days of the fling of the initial Complaint, the Amended Complaint would be dismissed as to the individual Defendants for the failure to effectuate service. (Id. at *8).

The Motions presently pending before this Court would dispose of all claims against Hampton, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros. As previously acknowledged by this Court, and as the Motions argue, Hampton, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros are not state actors. Plaintiff's discovery demands are related to his Section 1983 claims pertaining to his involuntary commitment, and accordingly, the dismissal of these claims would "narrow or outright eliminate" the need for discovery altogether. Additionally, Plaintiff failed to provide any proof of service or good cause as to why service of the initial complaint was not effectuated as to Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros. Therefore, as previously noted by the Court, the FAC as to these defendants must be dismissed. Furthermore, the Motions argue that the remaining claims in Plaintiff's FAC fail to comply with Rules 8 and 10. In sum, the decisions on these motions will provide the parties with "full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur."

After Plaintiff's initial Complaint was dismissed, this Court closed the case on the docket. This Court just reopened this matter on May 5, 2025, and to date, no Defendant has filed an Answer to the FAC—only Motions to Dismiss. Accordingly, discovery is not yet even underway, given that the parties have not conferred pursuant to Rule 26. Plaintiff cannot reasonably argue that he will be prejudiced by a discovery stay when the discovery period in this matter has not yet commenced.

Therefore, we respectfully request that this Court stay discovery pending the outcome of the Motions to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Hampton Behavioral Health respectfully requests that this Court deny Plaintiff's Motion to Compel as it is premature and procedurally inappropriate. Responding Defendant further respectfully requests that this Court grant its Cross-Motion to Stay Discovery.

Respectfully submitted,

Date: June 23, 2025          By:   */s/ Michael W. Bootier*
                                    Michael W. Bootier, Esquire
                                    Joshua T. Calo, Esquire
                                    Caitlin L. Cardene, Esquire
                                    700 Alexander Park Drive, Ste. 300
                                    Princeton, New Jersey 08540
                                    Telephone: (609) 987-6800
                                    Fax: (609) 520-0360
                                    michael.bootier@bipc.com
                                    joshua.calo@bipc.com
                                    caitlin.cardene@bipc.com
                                    *Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

11

**CERTIFICATION**

I, Michael W. Bootier, Esquire hereby certifies that a true and correct copy of the foregoing Opposition to Plaintiff's Motion to Compel Discovery and Cross-Motion to Stay Discovery was served via this Court's electronic filing system upon the following on June 23, 2025:

Bradley Clonan
2604 Rhododendron Drive
Abingdon, MD 21009
***Plaintiff***

John M. Hockin, Jr.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
***Attorneys for Defendants, RWJ Barnabas Health – Monmouth Medical Center, Eric Carney, CEO, The Estate of Dr. Mohsen Rehim, Dr. Chris Fabian, Virginia Heggen, Margaret Neilsen, Johanna Rosario, and Lauren Zalepka***

Matthew J. Behr
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054
***Attorneys for Defendants, Centrastate Healthcare System/
Atlantic Healthcare System***

Respectfully submitted,

Date: June 23, 2025

By: */s/ Michael W. Bootier*
Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
Buchanan Ingersoll & Rooney
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com
*Attorneys for Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

12