# Exhibit A

| | |
|---|---|
| **From:** | Michael W. Bootier |
| **To:** | Caitlin Cardene |
| **Subject:** | FW: Request for Documents |
| **Date:** | Thursday, May 1, 2025 2:18:42 PM |

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Thursday, May 01, 2025 2:17 PM
**To:** Michael W. Bootier <michael.bootier@bipc.com>
**Subject:** Re: Request for Documents

Dear Mr. Bootier,

You are correct thank you for confirming that the medical records were received. However, as previously stated, I am seeking further clarification and explanation from the treating physicians, as I do not fully understand the contents of the records. Under both HIPAA and the New Jersey Patient Bill of Rights, I am entitled to receive not only access to my medical records but also a clear and understandable explanation of my diagnosis, treatment, and care, either directly or through a designated representative.

Additionally, I have yet to receive:

1. Any explanation from your client's staff or physicians regarding the missing medications noted during my treatment;
2. Any of your client's written policies regarding patient care, discharge, or medication administration, which I previously requested;
3. Any follow-up from Patient Advocate Jodi, despite prior assurances.

To date, I have not been informed of any legal barrier that would prevent your client from complying with these requests. If such a restriction exists, please provide the specific legal basis for the refusal. Otherwise, I respectfully request that you communicate these concerns to your client and that your client promptly complies with its legal and ethical obligations.

I look forward to your timely response.

Sincerely,

Bradley Clonan

On Thu, May 1, 2025 at 2:04 PM Michael W. Bootier <michael.bootier@bipc.com> wrote:

> Mr. Clonan – your pleadings repeatedly reference medical records from Hampton Behavioral Health Center. My understanding is that you have received those records. The medical records, from Hampton Behavioral Health Center and other providers, summarize the treatment provided.
>
> Thank you,
> Mike
>
> **Michael W. Bootier**
> Shareholder
>
> Two Liberty Place
> 50 S. 16th Street, Suite 3200
> Philadelphia, PA 19102-2555
>
> 700 Alexander Park Suite 300
> Princeton, NJ 08540-6347
>
> 215 665 3833 (o)
> 215 287 0823 (c)
> michael.bootier@bipc.com
>
> # Buchanan
>
> BIPC.com | Twitter | LinkedIn
>
> ---
>
> **From:** Brad Clonan <clonanxyz@gmail.com>
> **Sent:** Thursday, May 01, 2025 1:34 PM
> **To:** Michael W. Bootier <michael.bootier@bipc.com>
> **Subject:** Re: Request for Documents
>
> Mr. Bootier,
>
> I write to address the ongoing issue of my access to medical information from your client, specifically my complete medical records and a physician's explanation of my treatment. This request **predates the lawsuit** I filed and was **not triggered by the litigation**; rather, it stems from my basic desire and right as a patient to understand my own medical care. Over the past two years (well **before and during the litigation**), I have made multiple written and oral requests for:
>
> - **Complete Medical Records:** All documents and records pertaining to my treatment at [Hospital Name].
> - **Physician's Explanation of Care:** An explanation from the treating physician, in understandable terms, of my diagnosis, the treatment provided, the expected results, and any risks or alternatives involved.

To date, the **hospital, your team, or any hospital employees have not complied** with these requests. The only justification I have been given for this non-compliance is the existence of the pending lawsuit. I am writing to formally assert my rights under **federal and state law** to obtain my medical information and to receive an explanation of my care, and to clarify that litigation does not extinguish these rights.

## Legal Rights to Access Medical Records (Federal & State Law)

**Federal Law (HIPAA & Related Regulations):** Under the Health Insurance Portability and Accountability Act (HIPAA), patients have a **legal, enforceable right** to access and obtain copies of their own medical records held by healthcare providers hhs.gov. With only very limited exceptions (such as certain mental health notes or information that could endanger the patient or others), a healthcare provider *must* provide the patient with access to their protected health information upon request. In fact, the HIPAA Privacy Rule (45 C.F.R. §164.524) generally requires providers to **permit inspection or copying of medical records at the patient's request** and to do so in a timely manner hhs.gov. Federal regulations also reinforce this principle: for instance, the Medicare Conditions of Participation mandate that a hospital patient has the right to access their medical records upon request (oral or written), in the form or format requested, if readily producible law.cornell.edu.

Importantly, HIPAA sets a firm **time frame** for compliance. A covered entity must act on a medical record request **within 30 days** in most cases (a single 30-day extension is allowed only for good cause, with written notice to the patient) verywellhealth.com. Failing to provide records for **two years** — as is the case here — is a blatant deviation from these requirements. Such a prolonged refusal is not only unconscionable from a patient-care perspective; it is **unlawful** under federal standards. The U.S. Department of Health and Human Services has repeatedly emphasized patients' right of access and has enforced this through civil penalties when providers unjustifiably delay or deny access to records. In short, nothing in HIPAA permits a hospital to withhold a patient's own records simply because a lawsuit is pending. The right of access exists **regardless of litigation** status. I have a right to these records *for my own use*, which is distinct from (and not overridden by) the discovery process in a legal case.

**New Jersey Law (Patient Bill of Rights):** New Jersey state law likewise guarantees patients robust rights to their medical information. Under the New Jersey Patient Bill of Rights (N.J. Admin. Code § 8:43G-4.1), every hospital patient has the right to **prompt access** to the information in their medical record and to obtain a personal copy of that record within a reasonable time. Specifically, New Jersey regulations provide that a patient has the right to "have prompt access to [their] medical records" and to receive a copy of those records for a reasonable fee **within 30 days of a written request** nj.gov. The only exception allowed is if a physician specifically determines that direct access would be medically

contraindicated or harmful to the patient's health – in which case, the law still requires that the records be made available to the patient's authorized representative or physician instead law.cornell.edu. In my situation, no such contraindication has ever been claimed; the hospital's refusal has been categorical, not medical. By **ignoring multiple written requests over two years**, the hospital is plainly violating New Jersey law, which echoes the same 30-day compliance requirement as HIPAA nj.gov.

It is important to note that these rights are **affirmed by statute and regulation** to ensure patients can be informed about their own health. They are not mere formalities. New Jersey's policy is that patients be able to obtain their records and understand their care as part of receiving treatment with dignity and respect. By withholding my records, the hospital not only flouts these legal mandates but also impedes my ability to make informed decisions about my health and to seek appropriate follow-up care.

## Right to a Physician's Explanation of Treatment (New Jersey Law)

Beyond the paper records, I have a separate but related right to receive information **directly from my physician** about the care I received. New Jersey's Patient Bill of Rights explicitly guarantees patients the right to "receive *an understandable explanation* from [their] physician of [their] complete medical condition, recommended treatment, expected results, risks and reasonable alternatives" law.cornell.edu. This means the treating doctor (or another qualified practitioner) must communicate with the patient about what was done and why, in terms the patient can comprehend. The only caveat is if the physician believes this information would be *detrimental to the patient's health or beyond the patient's ability to understand* – then the explanation should be given to the patient's next of kin or guardian instead law.cornell.edu. Again, no such claim of detriment or inability to understand has been made in my case. I am fully capable of understanding an explanation of my own medical treatment; indeed, I am seeking it.

This right to an explanation exists to ensure that patients are **not kept in the dark about their own health**. It is a fundamental aspect of informed consent and human dignity in medical care. I requested (and still request) a meeting or written communication with the appropriate physician to review what happened during my treatment. The hospital's stance so far has effectively been to refuse such a conversation. If this refusal is, as suggested, solely because I initiated legal action, then the hospital is placing itself above a clear patient-rights mandate. The New Jersey Department of Health requires hospitals to uphold patients' rights **even after discharge**, and it certainly does not carve out an exception where the patient has filed a lawsuit. In fact, the right to an explanation of care **exists independently of any litigation** – it is part of the standard of care owed to every patient. I was entitled to this explanation at the time of treatment and afterward; filing a complaint in court does not waive or nullify that entitlement.

## Litigation Does Not Void Patient Rights

I fully appreciate that there is ongoing litigation between us, and I understand that typically substantive discussions occur through formal legal channels. However, it must be emphasized that **my requests for my records and an explanation of care were made long before I pursued litigation**, and they have been consistently repeated in good faith purely for my personal knowledge. I did not initiate those requests as a trick to gain advantage in the lawsuit; I initiated them because any patient would want to know what happened to them medically and to have their medical documentation.

It appears that the hospital (or its counsel) has taken the position that because I have a pending legal claim, I must obtain information only through the litigation discovery process, and therefore the hospital will not fulfill what would normally be routine patient requests. I am seeking confirmation: **Is the existence of the lawsuit the *only* stated reason for the hospital's non-compliance with my requests?** If there is *any other* justification being relied upon to withhold my records or to refuse a physician explanation, please elucidate that clearly. As far as I am aware, no other reason has been given to me. In meetings and correspondence, the refrain has been that since I have sued, the hospital is not obliged to respond through the usual administrative process. I would like it confirmed in writing whether this is indeed the hospital's official stance and sole rationale.

To illustrate the issue: **If I were to withdraw my legal complaint today, would the hospital then immediately provide my records and arrange for the physician to explain my treatment?** If the answer is "yes," that implies the hospital recognizes it has no other valid ground to deny these requests – which in turn suggests that the only thing standing between me and my medical information is the fact that I sought legal redress. Such a stance is highly problematic, because it effectively **punishes a patient for asserting legal rights**. The **patient's right of access** should not be held hostage as a bargaining chip in litigation. On the other hand, if the answer is "no" (i.e., even without the lawsuit the hospital would still refuse for some reason), then I am at a loss to understand what that reason could be, and it certainly has never been communicated to me despite my inquiries. In either scenario, the current refusal to comply with my requests is not supported by law or ethics.

Let me be clear: I am **not asking for anything to which I am not entitled by law**. I am simply asking the hospital to do what it should have done two years ago in the normal course of events. Both federal law (HIPAA) and state law compel providing a patient with his own medical records upon request hhs.govnj.gov. New Jersey law additionally compels explaining the care to the patient in understandable language law.cornell.edu. There is **no exception in these laws for "pending lawsuit"** or similar. In fact, federal guidance explicitly contemplates that individuals will have access to their health information *"for as long as the information is maintained"* by the provider, **regardless** of why the individual wants it hhs.gov. A patient might want their records for a second medical opinion, for personal archives, or yes, even

to consider legal options – but the motive is not a condition for compliance. The law does not allow a hospital to interrogate *why* a patient wants his records; it only requires that the hospital honor the **patient's ownership interest in the information about himself**.

## Request for Compliance and Clarification

In light of the above, I respectfully **demand that the hospital now comply** with its obligations:

- **Provide the Complete Medical Records:** I request that you facilitate the release of my full medical record without further delay. This should include all items in my designated record set (e.g. physician notes, nursing notes, test results, consultations, medication records, discharge summaries, etc.), as required by HIPAA and state law. Given that my original request dates back two years, the records should be provided immediately – well past the 30-day legal window nj.gov. I am willing to pay any reasonable copying fee as permitted by law. If there is any portion of the record you believe cannot be released to me (for example, due to a specific legal exception), you are obliged to inform me of that and the exact reason in writing. Otherwise, I expect full disclosure.
- **Arrange a Physician Explanation of Care:** I ask that the hospital arrange a meeting or call with the appropriate physician (or, if more suitable, provide a written narrative) to explain my medical condition and treatment in layperson's terms, as is my right under New Jersey law law.cornell.edu. This should cover the nature of my ailment/diagnosis, the treatments or procedures performed, the outcomes, any complications that occurred, and the rationale for the care decisions made. If the hospital prefers that my attorney be present or that this be done in a particular format due to the litigation, I am open to discussing reasonable accommodations – but the substance of the explanation cannot be withheld. I note that an **"understandable explanation"** is not a part of the medical record per se (it is something that must be conveyed to me personally), so it should not be treated as a document disclosure issue; it is a communication issue. There is no legal barrier to my doctor speaking with me about my own health. Indeed, it is encouraged by the Patient Bill of Rights.
- **Confirm the Hospital's Position:** Please confirm in writing whether the hospital's refusal thus far has been solely because of the pending lawsuit, and if so, whether it now intends to maintain that position despite the clear legal mandates outlined above. If there are *additional reasons* for the refusal (which I doubt, but must ask), please articulate those reasons. This clarification is important should this matter need to be taken to a court or a regulatory body for resolution, as it will establish what justifications (if any) the hospital is asserting for its actions.

I genuinely hope that we can resolve this matter **without further escalation**. My goal has always been straightforward – to understand my own medical journey and to have the documentation that by law I am allowed to have. I should not have to

choose between **pursuing legal accountability** and **receiving basic information about my health**; I am entitled to both. If the hospital continues to deny these rights, I will have no choice but to consider all appropriate remedies. This could include seeking a court order compelling the release of the records, notifying the New Jersey Department of Health of patient rights violations, and/or filing a complaint with the U.S. Department of Health and Human Services' Office for Civil Rights for a HIPAA violation. I sincerely prefer to avoid such measures and would rather this be handled cooperatively and expeditiously.

In conclusion, I respectfully ask that your client and its counsel **reconsider the current stance** in light of the incontrovertible legal rights outlined above. The pending litigation should not be an obstacle to fulfilling a patient's lawful request that was made independently of it. Please provide the requested records and arrange the requested explanation of care **within the next 14 days**, or provide a valid legal reason why you will not do so. Thank you for your prompt attention to this matter; I look forward to your response and to finally obtaining the information to which I am entitled.

**Sincerely,**
Mr. Bradley Clonan (Patient)
732-476-9555

On Mon, Apr 7, 2025 at 5:58 PM Brad Clonan <clonanxyz@gmail.com> wrote:
> Mr Bootier,
>
> I apologize I did not attach the police recording (We all make technical errors at times), note this is Centrastate and while it is not your client we have had nothing but similar experiences in seeking this information with your client. I am prepared to supply phone records, and answer any questions you may have. Additionally, I was just provided with more information regarding my commitment, and am curious how I was diagnosed with a F20 paranoid schizophrenia. When my commitment documentation suggested otherwise.
>
> https://youtu.be/rp9OPSesR0A
>
> Thank you in advance for your cooperation
>
> Sincerely,
>
> Bradley Clonan
> 732-476-9555
>
>> On Mon, Apr 7, 2025 at 5:40 PM Brad Clonan <clonanxyz@gmail.com> wrote:
>>> Mr Bootier,

This letter serves as a formal request for specific medical records and institutional policies related to my admission and treatment by your client. This information is necessary for both medical accuracy as well as an attempt to understand and clarify the events that occurred.

Significant questions persist regarding the diagnosis, treatment, and care plan documented by your client. Including the intake, treatment when I asked for appropriate footwear due to my disability, along with missing medications. Moreover, substantial inaccuracies exist within the records provided to date, such as the erroneous statements that upon transfer and admission by your client These inaccuracies underscore the need for complete and verified information.

Therefore, please provide the following:

1. **Complete Medical Records:** All records related to my admission, diagnosis, treatment, and discharge during the relevant period.
2. **Policy on Involuntary Commitment:** The hospital's official written policies and procedures detailing the process and criteria for converting a patient's status from a voluntary admission to an involuntary commitment.
3. **Policy on Restraints:** The hospital's official written policies and procedures governing the use of physical restraints on patients, including criteria for use and monitoring protocols.
4. **Policy on ADA accommodations : such as appropriate footwear.**
5. **The missing medication incident report number we spoke with Jodi.**
6. **Policy on detaining a patient past the court mandated 72 hour hold.**
7. **AN explanation from a physician to explain my diagnosis and treatment within your facility.**

Receiving these documents will aid in understanding my medical history related to this incident, allow me to maintain accurate personal health records, and ensure the amended complaint accurately reflects the facts for the Court's consideration. Precise documentation is particularly important given acknowledgments from other defendants regarding the facts surrounding my involuntary commitment.

Thank you for your response clarifying the status of discovery under the Federal Rules of Civil Procedure due to the dismissal of my complaint.

However, my request fundamentally pertains to my non-negotiable rights as a patient under New Jersey and federal law. These rights are entirely separate from, and are not extinguished by, the status of civil litigation, and require adherence irrespective of court procedural rules governing discovery. This will not be our first time requesting this, as you have seen in the police recording above, and this will not be the first time your client has denied this information.

Specifically, my rights include:

1. **Right to Explanation:** The New Jersey Patient Bill of Rights (**N.J. Admin. Code § 8:43G-4.1(a)6**) unequivocally grants me the right *"To receive from the patient's physician(s) or clinical practitioner(s) -- in terms that the patient understands -- an explanation of his or her complete medical condition, recommended treatment, risk(s) of the treatment, expected results and reasonable medical alternatives..."* As stated previously, neither I nor my designated representative (my wife) received this critical explanation, and significant confusion and documented inaccuracies (e.g., regarding weight, dental status) persist in the records provided to date.
2. **Right to Access Records:** Independently, under both New Jersey regulations governing hospital medical records (**N.J.A.C. 8:43G-15.3(d)**, which mandates written policies for record access) and federal HIPAA regulations (**45 CFR § 164.524**), I have a well-established right to access and obtain copies of my own medical records in a timely manner.

Your response, citing only the FRCP, fails to address these specific statutory and regulatory obligations your client owes me *as a patient*. Hospitals are required to have established procedures to fulfill these rights.

**Please be advised:** A continued refusal by the hospital to provide access to my medical records or to facilitate the explanation mandated by **N.J. Admin. Code § 8:43G-4.1(a)6**, now that these specific legal duties and the regulations underpinning them have been clearly articulated, raises serious concerns. Such refusal, without explicit, lawful justification compliant with these regulations, could constitute **willful neglect** of your client's duties under established state and federal patient protection laws (including, but not limited to, **45 CFR § 164.524** and **N.J.A.C. 8:43G**). This is particularly concerning given the need to clarify substantial inaccuracies in the existing documentation that directly impact my understanding of the care provided and my ongoing health management.

Therefore, I require immediate clarification on the following:

1. Acknowledging my rights as a patient under HIPAA (**45 CFR § 164.524**) and NJ law (**N.J.A.C. 8:43G-15.3**), distinct from litigation discovery, is your client definitively refusing access to my complete medical records as requested? If so, please provide the specific, legally valid justification (citing relevant state/federal law or regulation) for overriding these patient access rights, understanding the potential implications of willful neglect.
2. Is your client refusing to arrange for the physician explanation I am entitled to under **N.J. Admin. Code § 8:43G-4.1(a)6**? If so, state the explicit reason, acknowledging this is a mandatory patient right under hospital licensing standards.
3. Pursuant to **N.J.A.C. 8:43G-15.3(d)** and general HIPAA compliance requirements, please provide **copies of the hospital's official written policies and procedures** that detail:
    - The process for patients to request and obtain access to

> their medical records.
> ○ The process for patients to receive the medical explanation mandated by **N.J. Admin. Code § 8:43G-4.1(a)6**.
> ○ Any procedures outlining how these patient rights requests are handled when litigation is pending or has been dismissed, including the designated contact person/department patients should interact with directly. If you maintain counsel cannot process these patient rights requests, these procedures are essential for me to follow the correct hospital protocol.

I expect a prompt response clarifying the hospital's position on points 1 and 2, and providing the requested procedures outlined in point 3, so I may exercise my rights without further impediment.

Sincerely,

Bradley Clonan
732-476-9555


On Mon, Apr 7, 2025 at 5:06 PM Michael W. Bootier <michael.bootier@bipc.com> wrote:

> Mr. Clonan,
>
> Following up on our call, I am not sure what documents you are requesting. If there is a document that you are requesting, kindly send me a request that conforms with the applicable court rules.
>
> Thank you.
>
> **Michael W. Bootier**
> **Shareholder**
>
> Two Liberty Place
> 50 S. 16th Street, Suite 3200
> Philadelphia, PA 19102-2555
>
> 700 Alexander Park Suite 300
> Princeton, NJ 08540-6347
>
> 215 665 3833 (o)
> 215 287 0823 (c)
> michael.bootier@bipc.com
>
> # Buchanan
>
> BIPC.com | Twitter | LinkedIn

> CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.