UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRADLEY CLONAN, ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 3:24-CV-11399-RK-RLS |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRASTATE HEALTHCARE | ) | Re : Letter Motion to Compel |
| SYSTEM/ATLANTIC HEALTHCARE | ) | |
| SYSTEM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**To the Honorable Judge Robert Kirsch and Magistrate Judge Rukhsanah L. Singh:**

I write to you today not just as a litigant, but as a father, a husband, and the sole provider for my family—one who has spent over a year trying, often in vain, to simply understand what was done to him in a moment of profound vulnerability, and why. My hope is that by reading this letter, Your Honors will see that my fight for access to my medical records and a physician's explanation is not about litigation strategy or "discovery" tactics, but about my most fundamental rights as a human being, a patient, and an American.

I address this letter to you as both a pro se plaintiff and as a parent desperate for answers—not only for my own peace of mind, but for the well-being of my wife and daughters who depend on me.

The urgency of this plea cannot be overstated. I am seeking the Court's attention and intervention regarding an ongoing, deeply personal violation of my rights: the Defendants' coordinated and continued refusal to provide me with a meaningful, lawful physician's explanation of my medical treatment, as well as access to my own medical records and hospital policies. I have done everything in my power to obtain these records and answers for my family and myself—including the filing of my **motion to compel (ECF 52)**—not as a litigation tactic, but as an act of last resort, after years of silence, obstruction, and outright denial.

## Over a Year of Requests—Before and After Litigation

Since March 24, 2023, when I first voluntarily sought help at CentraState, I have made countless requests for a clear, honest explanation of what happened to me:

1. Why was I medicated the way I was?

2. What, exactly, was the diagnosis?

3. Who made the decisions, and on what basis?

4. Why were my family's questions, and my own, met with silence or indifference?

5. What policies and procedures could possibly allow a series of events where medical records contain such blatantly false information—like my transfer paperwork claiming I weighed over 300 pounds and had dentures, when neither is true? These are basic, easily disproved facts. How could such errors go uncorrected and unchecked in any responsible medical system?

My requests began immediately after my release, continued throughout my administrative complaints, and are documented again and again in this Court's docket—see, for example, my **motion to compel** (ECF 52), my **supplemental memorandum** (ECF 30), my **opposition filings** (ECF 47, 50, 60-1), and the attached correspondence dating from May 1, 2025 and earlier.

## This Is Not About "Discovery"—It Is a Fight for Basic Human Dignity

Defendants, in their responses (ECF 58, 60, 60-1), have repeatedly tried to reframe my pleas as "discovery requests," subject to the technical dance of litigation timing and local rules. But my request for a physician's explanation and complete records is not a procedural tactic—it is a right guaranteed by law and common decency.

1. **N.J.A.C. 8:43G-4.1(a)(6):** Every patient is entitled to "an explanation of his or her complete medical condition, recommended treatment, risk(s), expected results, and reasonable medical alternatives" from their physician in understandable terms.

2. **HIPAA (45 C.F.R. § 164.524):** Every patient has the right to access their records, with no limit on the number of requests, and a requirement that records be kept up-to-date.

3. **42 C.F.R. § 482.13:** Hospitals are required to promote and protect patient rights, not hide behind process.

What possible justification is there for a hospital—or any doctor—to refuse a patient a basic explanation for why they were forcibly medicated, held, and transferred between facilities? What possible defense is there for an institution to ignore formal grievances, or to refuse to answer the simplest questions about a person's own body and mind?

## Timeline of Exhaustion and Harm

As I detailed in my motion to compel (ECF 52), and throughout my court case I have exhausted every civil remedies for obtaining this information within my power including but not limited to:

1. Submitted written, emailed, and in-person requests to every relevant entity, physician, and records office;
2. Phone calls
3. Formal grievance complaints
4. Filings with DOH, and other corresponding agencies.
5. Extended every courtesy and deadline, including a 14-day grace period through May 1, 2025, which was ignored;
6. Filed grievances, contacted regulatory agencies, and attempted every good-faith means of resolution;
7. Even visited hospitals in person—only to have CentraState involve law enforcement to prevent me from speaking to staff.

All of these efforts are reflected in ECF filings and supporting correspondence (see ECF 1, 30, 41-1, 42, 42-1, and 52). Despite this exhaustive record, **no physician has ever provided a plain-language explanation of my care**—in fact, the only doctor who tried (Dr. Rehim) is now deceased, and every other request has been ignored or met with hostility.

## The Human Reality: A Father, a Family, and the Cost of Delay

Every day this is delayed, I remain in the dark about critical events in my own life. I am left trying to explain to my wife and daughters—who look up to me, depend on me, and deserve answers—why their father cannot even get a straightforward explanation about his own treatment. This uncertainty and trauma bleed into every aspect of our lives:

I am unable to correct potential errors or stigma in my medical history, unable to seek proper follow-up care, and forced to relive the ordeal of involuntary detention with every evasive response from these defendants.

I face frequent panic attacks, anxiety, and sleepless nights, all while struggling to carry on for my family as the sole provider. The ongoing stress has affected my ability to work and provide,

impacting my daily performance and making it difficult to be present and supportive for my loved ones.

It is heartbreaking and, frankly, incomprehensible that in 2025, in the State of New Jersey, a father and sole provider can be denied such basic transparency.

How is it possible that our legal system can be manipulated not to seek the truth, but to shield misconduct and delay justice?

## The Pattern: Not Isolated, But Coordinated

The record in this case is filled with examples of not just oversight, but what I sincerely believe is a **coordinated pattern of avoidance and concealment** by the Defendants. The record shows (see ECF 30, 52, and all subsequent filings) a disturbing pattern:

1. Defendants provide fragments of records—often late, often incomplete—but **never a substantive, plain-language physician explanation**.
2. Every time I ask for clarification, I am told to "wait for discovery," or that my request is "premature." When I follow their rules and file a motion, I am told it is "moot" or "procedurally improper."
3. My formal grievances—required by law to be addressed—are ignored, or answered with vague, legalistic brush-offs.
4. As recently as June 2025, my request for a real explanation from a physician was met not with compassion, but with yet another motion to stay, another citation to technicalities, another attempt to run out the clock.
5. MMC sent a letter demanding that I cease further contact rather than provide the required explanation.
6. CentraState called the police instead of answering questions from a patient and his spouse.
7. Hampton Behavioral Health ignored repeated calls and formal grievances.
8. All Defendants have hidden behind technicalities and process, rather than comply with the law.

I cannot escape the sense that there is a **coordinated effort to bury the truth and insulate those responsible from accountability.** The pattern is clear in the filings, in the correspondence, and in every unanswered question I have ever put to these institutions. Such behavior wastes judicial resources, frustrates the truth-seeking function of the Court, and undermines the integrity of our health care system.

## The Law Is Clear and My Plea Is Simple

Your Honor, I am not asking for special treatment. I am asking for what the law guarantees, and what any decent person would expect:

1. A clear, understandable explanation from my treating physician(s) about my diagnosis, medication, and treatment—**not just records, but real answers, as required by law**.
2. Copies of all relevant policies and a real response to my formal grievances.
3. A recognition by this Court that these rights exist regardless of litigation status, and are not "discovery" in the legal sense but rights protected by **N.J.A.C. 8:43G-4.1(a)(6)**, **45 C.F.R. § 164.524**, and **42 C.F.R. § 482.13**.

My rights are set out explicitly in federal and state law:

1. **N.J.A.C. 8:43G-4.1(a)(6):** Right to a physician's plain-language explanation of condition, treatment, risks, and alternatives;
2. **45 C.F.R. § 164.524 (HIPAA):** Right to timely, unlimited access to medical records;
3. **42 C.F.R. § 482.13:** Hospitals must promote and protect patient rights—including communication, access, and grievances.

My **motion to compel (ECF 52)** asks for nothing more than what these statutes require:

1. A sworn affidavit confirming compliance and accuracy of my medical records;
2. Immediate production of all relevant documents and a physician's explanation in plain English;
3. Disclosure of all hospital policies and grievance responses;
   Certification and a deadline for full compliance.

Anything less would not just be a violation of law, but a violation of what it means to live in a free country—a country where patients are not kept in the dark, and where families are not forced to fight for basic truth.

## Citations (Brief Summary)

1. **March 24, 2023:** Voluntarily sought help, then held and medicated without clear explanation (see Amended Complaint, ECF 29)

2. **2023–2025:** Dozens of written and oral requests for explanation and policy—documented in ECF 30, 42, 52, 60-1, and attached correspondence

3. **May 1, 2025:** Formal written request for explanation and policy, never answered

4. **June 2025:** Latest motion to compel (ECF 52), still no substantive physician response

## Broader Implications

The harm here is not just a matter of this case—it reaches the core of due process, medical ethics, and the public's trust in our healthcare and legal systems. In recent proceedings, even the Third Circuit has been reminded of these vital principles, underscoring that patients are not merely case files to be filed away. If this conduct is permitted to continue—if hospitals and their agents can repeatedly deny basic patient demands by labeling them "premature" or procedurally improper—it will set a dangerous precedent. It would mean that institutions can evade clear statutory and constitutional obligations simply by hiding behind litigation tactics.

We live in a country underpinned by the principle that every individual has the right to know what is being done to their body and why. Denying patients access to their records or a physician's explanation is not just a bureaucratic oversight—it is fundamentally incompatible with the standards of a modern, free society that respects autonomy, transparency, and dignity for all. And the stakes extend far beyond my story: they threaten the rights of every patient who may one day find themselves in a hospital bed—or worse, without a clear voice.

## Conclusion

Please, Your Honor, do not allow these institutions to hide behind procedure and deny what every patient is owed.Please do not allow them to waste the Court's time and resources while a family waits in anguish for answers.

Please uphold the law, and require that the Defendants give me the explanation and records that are my right as a patient and as an American.

Thank you for your time and consideration. I place my trust in the Court's commitment to justice, and I simply ask to be heard and to have the truth brought to light.I know I am not alone in this system and it's truly disheartening to hear these sorts of calls come all the time from the freehold police department. The mental bias in New Jersey has to end. The subversion of patient rights through utilizing coordinated legal tactics has to end.

Respectfully,
/S/ Bradley Clonan
Bradley Clonan
Pro Se Plaintiff
732-476-9555
04/25/2025