**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
*(Trenton Vicinage)***

| | |
|---|---|
| BRADLEY CLONAN, <br><br>       Plaintiffs <br><br> ***vs.*** <br><br> CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM, RWJ BARNABAS HEALTH – MONMOUTH MEDICAL CENTER, HAMPTON BEHAVIORAL HEALTH CENTER, DR. STEVEN GUILLEN, MD, <br><br>       Defendants. | C.A. NO.:  3:24-cv-11399-RK-RLS |

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**RETURNABLE JULY 7, 2025**

Of Counsel and on the Brief:
Tracy L. Burnley, Esq. (NJ #024521993)

Matthew J. Behr, Esq. (NJ#025841998*)*
MARSHALL DENNEHEY, P.C.
15000 Midlantic Drive
Suite 200
P.O. Box 5429
Mt. Laurel, New Jersey 08054
(856)-414-6000
Fax: (856)-414-6077
Attorneys for Defendants CentraState
Healthcare System/Atlantic Health System,
Marie Levasseur, Tracey Deaner,
Marie Carmel Carree-Lee, Cheryl Craig,
Robert Orro, Lauren Richard, Lynda
McDonald, Jordan White and Lori Conrad

## TABLE OF CONTENTS

I.      FACTS AND PROCEDURAL HISTORY ................................................................. 1

II.     ARGUMENT ............................................................................................................. 2

        A.  LEGAL STANDARD ...................................................................................... 2

        B.  CENTRASTATE IS NOT A STATE ACTOR ............................................... 3

        C.  ALLEGATIONS OF VIOLATION OF ADA AND REHABILITATION ACT
        OF 1973 DO NOT APPLY TO CENTRASTATE AND MUST BE DISMISSED.. 4

        D.  THE COURT LACKS JURISDICTION OVER COUNT VI............................ 4

        E.  PLAINTIFF'S CLAIM OF VIOLATION OF 42 CFR 482.13 ......................... 5

        F.  PLAINTIFF'S STATE LAW CLAIMS ........................................................... 5

III.    CONCLUSION ......................................................................................................... 7

## **<u>TABLE OF AUTHORITIES</u>**

**<u>Cases</u>**

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)....................................................................... 2

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)................................................. 2

<u>Benn v. Universal Health Sys. Inc</u>., 371 F.3d 165 (3d Cir. 2004) .….......................... 3

<u>Byers v. City of Richmond</u>, 746 F. Supp. 3d 275 (E. D. Va. 2024) ............................. 5

<u>Doby v. DeCrescenzo</u>, 171  F.3d 858 (3d Cir. 1999) ...................................................3

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009) ......................................... 2

<u>Greenstein v. Sunitha Moonthungal, P.C</u>., No. A-1233-11T1, 2013 WL 149658 (N.J. Super. App. Div. Jan. 15, 2013) ........................................................................................... 5

<u>Mala v. Crown Bay Marina, Inc</u>., 704 F.3d 239 (3d Cir. 2013) .................................. 2

<u>McDowell v. Delaware State Police</u>, 88 F.3d 188 (3d Cir. 1996) ................................ 2

<u>Miller v. Nichols</u>, 586 F.3d 53 (1st Cir. 2009) ......................................................... 5

<u>Miretskaya v. Rutgers State Univ. of New Jersey</u>, No. CV 20-14856 (RK) (JTQ) 2024 WL 3896627 at *10 (D.N.J. Aug. 21, 2024) ................................................................... 3

<u>Mishra v. Fox</u>, 197 F. App'x 167 (3d Cir. 2006) ....................................................... 2

<u>Rodriguez v. Doral Mortg. Corp</u>., 57 F.3d 1168 (1st Cir. 1995) .................................... 5

<u>Salyers v. A.J. Blosenski, Inc</u>., 731 F. Supp. 3d 670 (E. D. Pa. 2024) .......................... 3

<u>Trimble v. Emory Healthcare, Inc</u>., No. 1:20-cv-1469-MLB, 2021 WL 1244864, at *3 (N.D. Ga. Jan. 21, 2021) ............................................................................................ 5

<u>United Mine Workers of America v. Gibbs</u> 383 U.S.715, 726 (1966) ......................... 5


**<u>Statutes/Rules</u>:**

Fed. R. Civ. P. 12(b)(6) ......................................................................................  2, 4, 5, 6

<u>N.J.A.C</u>. 8:43G-4.1 ................................................................................................... 5

Local Civ. R. 7.1 ..................................................................................................... 2

## I.    FACTS AND PROCEDURAL HISTORY

This matter is presently returnable before the Court on July 7, 2025, on Defendants' CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Laren Richard, Lynda McDonald, Jordan White and Lori Conrad (CentraState) Motion to Dismiss Plaintiff's First Amended Complaint (FAC) for failure to state a claim upon which relief may be granted.  (ECF No. 50).  Plaintiff filed opposition to CentraState's motion on June 17, 2025.  (ECF No. 56, 57).  Neither of Plaintiffs' filings provide any basis to deny Defendants' motion.

In Plaintiff's initial opposition, he again claims that he voluntarily sought care at CentraState and despite his "medical clearance," he was "involuntarily detained."  (ECF No. 56, p. 3).  In his "consolidated opposition," Plaintiff continues to present conclusory allegations of "misconduct" as to all Defendants.  (ECF No. 57, p. 4-5).  Plaintiff again concedes that his claims are against "private healthcare facilities" and simply argues that his Amended Complaint "sets forth detailed factual allegations demonstrating that Defendants acted under color of state law."  (ECF No. 57, p. 7).

Plaintiff's opposition improperly attempts to add claims that are not contained in his FAC.  Despite Plaintiff's apparent attempt to correct the inadequacies of his initial pleading, nothing in the FAC supports any of Plaintiff's claims as to CentraState.   Simply adding more detailed conclusory statements and legal argument to the baseless allegations does not convert Plaintiff's Amended Complaint into one that presents a viable cause of action against moving Defendants.  Plaintiff's FAC still groups unrelated defendants together and fails to specify which factual allegations apply to which defendants and causes of action.

Plaintiff argues that Defendants' Motion to Dismiss the Amended Complaint violated Local Civil Rule 7.1(a)(1) because there was a "failure to meet and confer." (ECF No. 57, p. 11). Local Civil Rule 7.1 does not contain this requirement. Plaintiff's argument that there is no clarity regarding which attorneys represent which defendants is baseless. Plaintiff's inability to effectuate service has nothing to do with the pending motions to dismiss. (ECF No. 57, p. 12-13). Plaintiff provides no factual or legal basis to support a denial of Defendants' motion to dismiss.

## II. <u>ARGUMENT</u>

### A. <u>LEGAL STANDARD</u>

In opposing Defendants' motion, Plaintiff cites to Fed. R. Civ. P. 12(b)(6) and case law and argues that "pro se complaints must be 'liberally construed.'" (ECF No. 57, p. 13). However, Plaintiff's FAC still fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Plaintiff's allegation that he presented to CentraState on March 24, 2023 and was not permitted to leave is no basis for any of the claims alleged by Plaintiff. (ECF No. 57, p. 8). As previously illustrated, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013). A *pro se* complaint will be dismissed if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Mishra v. Fox</u>, 197 F. App'x 167, 168 (3d Cir. 2006) (quoting <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 189 (3d Cir. 1996)). Plaintiff's FAC does nothing more than "allege an entitlement to relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff's conclusory allegations do not set forth specific facts as to CentraState to support Plaintiff's claims. Plaintiff continues to present an improper and impermissible "group" pleading. <u>Salyers v. A.J. Blosenski,</u>

Inc., 731 F. Supp. 3d 670 (E. D. Pa. 2024).  Plaintiff's FAC should be dismissed at this time with prejudice.

### B.  CENTRASTATE IS NOT A STATE ACTOR

Plaintiff's opposition fails to support his allegation that CentraState was acting under color of state law.  Again, Plaintiff alleges that he voluntarily presented to CentraState, a private healthcare facility, and that he was not permitted to leave.

Citing to Benn v. Universal Health Systems, Inc., Plaintiff argues that "the Third Circuit has specifically held that designated psychiatric emergency screening services (PESS) are state actors for §1983 purposes."  371 F.3d 165, 172-73 (3d Cir. 2004).  (ECF No. 57, p. 14).  However, the Third Circuit dismissed Benn's §1983 claim, finding that the defendant private clinic was not a state actor.  Id. at 173.   As noted by the District Court in New Jersey, other courts in the Third Circuit have similarly declined to find state action on the part of private hospitals that involuntarily commit an individual under New Jersey law. Miretskaya v. Rutgers, State Univ. of New Jersey, No. CV 20-14856 (RK) (JTQ), 2024 WL 3896627, at *10 (D.N.J. Aug. 21, 2024).

Plaintiff further relies upon Doby v. DeCrescenzo to argue that "private physicians could be state actors when they participated in the civil commitment process." (ECF No. 57, p. 19).  The claimed language cannot be found in the cited case.  171 F.3d 858 (3d Cir. 1999).  Furthermore, Doylestown Hospital and its physician were dismissed from that case.  Doby in no way supports Plaintiff's position.

Defendants in this matter have provided a plethora of law to support the position that the private hospitals and their employees were not acting as state actors with regard to Plaintiff's commitment.  In his opposition, Plaintiff has simply presented arguments that have repeatedly been rejected by Court.

CentraState and its employees were not state actors. Plaintiff's constitutional claims against CentraState fail. As such, Counts I, II and III must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## C. ALLEGATIONS OF VIOLATION OF ADA AND REHABILITATION ACT OF 1973 DO NOT APPLY TO CENTRASTATE AND MUST BE DISMISSED

Plaintiff's oppositions do not contain any factual support or legal argument as to any alleged violation on the part of CentraState. Again, Plaintiff's FAC alleges violations by "defendants," yet argues facts related solely to his stay at Hampton Behavioral from March 25-27, 2023. (ECF No. 57, p. 29, 33). Plaintiff alleges that he is disabled and that staff at Hampton Behavioral Health Center "refused proper footwear" for his club foot. (FAC ¶ 95). Count IV of the FAC asserts violation of the Americans with Disabilities Act (ADA) by Defendants. Count V also alleges that Plaintiff is disabled and that Defendants "excluded Plaintiff from participation in, denied him the benefits of, or subjected him to discrimination under their programs or activities solely by reason of his disability by failure to accommodate proper footwear. . . ." (ECF 28). Nothing is contained in Plaintiff's opposition to support any of these claims as to CentraState. Counts IV and V must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as the FAC contains no factual information to suggest any violation by moving Defendants.

## D. THE COURT LACKS JURISDICTION OVER COUNT VI

In Count VI, Plaintiff asserts a violation of Patients' Bill of Rights under N.J.A.C. 8:43G-4.1. Plaintiff fails to address the case law presented in Defendants' motion that confirms that this Court lacks jurisdiction over this claim. Instead, Plaintiff presents more detailed conclusory allegations that Defendants violated the law. The sole remedy for such an alleged violation is

administrative.  <u>Greenstein v. Sunitha Moonthungal, P.C.</u>, No. A-1233-11T1, 2013 WL 149658 (N.J. Super. App. Div. Jan. 15, 2013).  Count VI must be dismissed.

### E.  <u>PLAINTIFF'S CLAIM OF VIOLATION OF 42 CFR 482.13</u>

Plaintiff also fails to address Defendants' legal argument in support of dismissal of Plaintiff's allegation that Defendants violated 42 CFR § 482.13.  This claim is not actionable as the cited regulation confers no private cause of action.  <u>Miller v. Nichols</u>, 586 F.3d 53, 59 (1st Cir. 2009); <u>Trimble v. Emory Healthcare, Inc.</u>, No. 1:20-cv-1469-MLB, 2021 WL 1244864, at *3 (N.D. Ga. Jan. 21, 2021).  "Language in a regulation, alone, cannot conjure up a private cause of action that has not been authorized by Congress."  <u>Byers v. City of Richmond</u>, 746 F. Supp. 3d 275, 312 (E. D. Va. 2024).  As this federal claim in Plaintiff's FAC does not provide a private cause of action, Count VII must also be dismissed.

### F.  <u>PLAINTIFF'S STATE LAW CLAIMS</u>

Counts IX, X and XI assert state law claims of medical malpractice, false imprisonment and breach of confidentiality.  It is Defendants' position that all of Plaintiff's federal claims fail to state a cause of action upon which relief may be granted.  As such, Plaintiff's state claims should be dismissed as well.  <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)(citing <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966)).

Plaintiff's state claims must also be dismissed pursuant to the federal rules.   Plaintiff's vague claims and alleged breaches of duty are asserted against numerous medical professionals in different facilities.  Plaintiff fails to specify what duty was allegedly breached and by whom.  The FAC does not contain facts that provide "fair notice of what the . . . claim is and the grounds upon

which it rests." <u>Twombly</u>, 550 U.S. at 545.  None of Plaintiff's state claims are sufficiently clear or specific to survive dismissal.  Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

Although Plaintiff has made changes to his initial Complaint, he has still failed to comply with the Federal Rules in asserting his claims against Defendants. Based upon the foregoing, CentraState and its employees, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Laren Richard, Lynda McDonald, Jordan White and Lori Conrad, request dismissal of Plaintiff's First Amended Complaint at this time.

              Respectfully submitted,

              MARSHALL DENNEHEY, P.C.
              Attorneys for Defendants CentraState
              Healthcare System/ Atlantic Health System,
              Marie Levasseur, Tracey Deaner, Marie Carmel
              Carree-Lee, Cheryl Craig, Robert Orro, Laren
              Richard, Lynda McDonald, Jordan White and Lori
              Conrad

                    *Tracy L. Burnley*
           By:_____
              Tracy L. Burnley, Esq.

Dated: June 27, 2025