## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN, | Civil Docket No.: 3:24-cv-11399-RK-RLS |
| Plaintiff | |
| v. | |
| CentraState Healthcare System/Atlantic Health System; RWJBarnabas Health – Monmouth Medical Center; Hampton Behavioral Health Center, et al. | |
| Defendants. | |

## REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANTS DR. MICHAEL HOUDART, DR. ATTA-UR REHMAN, ANITA GIUNTA, AND JODI SGOUROS

**BUCHANAN INGERSOLL & ROONEY PC**

Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

## <u>TABLE OF CONTENTS</u>

REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT ............................................................ 1

I.     Plaintiff Made No Attempt to Serve the Initial Complaint Upon Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros. ........................... 2

II.    Responding Defendants' Motion to Dismiss Contains No Purported "Procedural Defects." ................................................................................................ 5

      a.    Local Civil Rule 7.1(a)(1) does not require parties to meet and confer prior to the filing of a Motion to Dismiss. ...................................... 5

III.    Plaintiff's "Oppositions" are Rife with Ghost Citations........................................ 6

IV.    This Court Must Disregard any Matters Outside the Four Corners of the First Amended Complaint. ..................................................................................... 8

V.    Responding Defendants are not State Actors, and Therefore, This Court Must Dismiss the First Amended Complaint.......................................................... 9

VI.    Plaintiff Fails to State a Claim for Medical Malpractice. .................................... 10

VII.    Responding Defendants, a Privately Employed Individuals, are Not Subject to *Monell* Liability ............................................................................................... 11

CONCLUSION........................................................................................................................ 11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Benn v. Universal Health Sys., Inc.*,
 371 F.3d 165 (3d Cir. 2004)................................................................6, 9

*Bevins v. Colgate-Palmolive Co.*,
 No. 25-CV-576, 2025 WL 1085695 (E.D. Pa. Apr. 10, 2025).................7

*Chavarriaga v. N.J. Dep't of Corr.*,
 806 F.3d 210 (3d Cir. 2015)................................................................11

*In re City of Philadelphia Litig.*,
 123 F.R.D. 515 (E.D. Pa. 1988)...........................................................5

*Dehghani v. Castro*,
 No. 25-CV-0052, 2025 WL 988009 (D.N.M. Apr. 2, 2025)...................7

*Ferreri v. Fox, Rothschild, O'Brien & Frankel*,
 690 F.Supp. 400 (E.D.Pa.1988).........................................................7

*Guilday v. Crisis Ctr. at Crozer-Chester Med. Ctr.*,
 No. CV 21-2010, 2022 WL 612865 (E.D. Pa. Mar. 1, 2022), *vacated in part
 on other grounds*, No. 22-1519, 2022 WL 17484328 (3d Cir. Dec. 7, 2022) ..........9

*LeBeau v. Raith*,
 Civ. A. No. 17-38, 2017 WL 2264639 (E.D. Pa. May 24, 2017) ...........11

*Lepre v. Lukus*,
 602 F. App'x 864 (3d Cir. 2015) .........................................................11

*Moore v. Solanco Sch. Dist.*,
 471 F. Supp. 3d 640 (E.D. Pa. 2020) ..................................................11

*Rode v. Dellarciprete*,
 845 F.2d 1195 (3d Cir.1988)...............................................................11

*Sansom Comm. v. Lynn*,
 366 F. Supp. 1271 (E.D. Pa. 1973) .....................................................8

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
 836 F.2d 173 (3d Cir. 1988)................................................................8, 9

**Rules**

Fed.R.Civ.P. 4(m) .................................................................................2, 4

Fed.R.Civ.P. 11(b)(2).................................................................................................................7

Local Civil Rule 7.1(a)(1)..........................................................................................................5

Rule 11....................................................................................................................................7

## <u>INDEX</u>

*Bevins v. Colgate-Palmolive Co.*,
    No. 25-CV-576, 2025 WL 1085695 (E.D. Pa. Apr. 10, 2025

*Dehghani v. Castro*,
    No. 25-CV-0052, 2025 WL 988009 (D.N.M. Apr. 2, 2025)

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

On June 17, 2025, Plaintiff filed several documents which claim to be "Oppositions" to the Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") filed on behalf of Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros ("Responding Defendants"). As a preliminary matter, Plaintiff's first purported "Opposition" is document labeled "Plaintiff's Consolidated Opposition to Defendants' Motion to Dismiss." (ECF No. 56). The introduction portion of this filing states that the Opposition is directed to Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, Jodi Sgouros, Hampton Behavioral Health Center[1], CentraState Healthcare System/Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Lauren Richard, Lynda McDonald, Jordan White, and Lori Conrad. (ECF No. 56, *2). Confusingly, Plaintiff then improperly filed a second purported "Opposition" that is one hundred and forty (140) pages long, which includes a thirty-seven (37) page document labeled "Plaintiff's Opposition to Defendants' Motion to Dismiss" and a ninety-two (92) page document labeled "Supplementary Memorandum of Claims." (ECF No. 57, 57-2). The "Supplementary" filing attempts to put forth additional causes of action and facts not previously pled in Plaintiff's First Amended Complaint. The multiple, improper filings sow confusion about the arguments being raised by Plaintiff and to which Defendants he directs these Oppositions.

---

[1] As this Court is aware, the Motion to Dismiss Plaintiff's First Amended Complaint on behalf of Hampton Behavioral Health Center is presently pending before this Court (ECF No. 33). Plaintiff filed an Opposition to Hampton's Motion on May 19, 2025. (ECF Nos. 44-46). Hampton filed a Reply in Further Support of its Motion to Dismiss on May 27, 2025. (ECF No. 48). Accordingly, to the extent that Plaintiff attempts to raise arguments against Hampton in the instant Oppositions, we respectfully request that this Court disregard these arguments, as Plaintiff already filed an Opposition to Hampton's Motion (ECF Nos. 44-46), and any subsequent filings would arguably be construed as a sur-reply, for which Plaintiff never sought the permission of the Court.

In addition to the technical and procedural deficiencies outlined above, Plaintiff's "Oppositions" fail to address Responding Defendants' substantive arguments, and instead, hurl unprofessional potshots at counsel that are inconsequential to the issues at bar. In contravention of the Federal Rules of Civil Procedure and this Court's explicit instructions, Plaintiff's "Oppositions" attempt to plead new causes of action and factual allegations that do not otherwise reside in the four corners of the First Amended Complaint ("FAC"). For the reasons set forth in Responding Defendants' Motion to Dismiss the First Amended Complaint, and for the reasons set forth in the Reply below, we respectfully request that this Court dismiss all claims against Responding Defendants.

## I.    Plaintiff Made No Attempt to Serve the Initial Complaint Upon Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros.

It is undisputed that Plaintiff failed to make any attempts to serve the initial Complaint upon Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros. Plaintiff's initial Complaint was filed on December 20, 2024 (ECF No. 1), and pursuant to Fed.R.Civ.P. 4(m), Plaintiff had until March 20, 2025 to serve the initial Complaint upon Responding Defendants or show good cause for the failure to serve the initial Complaint. However, to date, Plaintiff has failed to file any proof of service of the initial Complaint as to Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros, nor has he shown good cause for the failure to serve the initial Complaint.

Plaintiff's first "Opposition" claims that he made a "good faith" effort to serve the "individual defendants" during the time period of "April 7, 2024 and May 3, 2024.[2]" (ECF No. 56). Plaintiff's Opposition is noticeably silent as to when he actually attempted to serve Dr.

---

[2] While these are the dates appearing in Plaintiff's first Opposition, this appears to be a typographical error.

Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros, and it is further silent as to what documents he attempted to serve upon them.

Plaintiff did not reach out to the undersigned counsel until April 15, 2025—twenty one (21) days after this Court dismissed the initial Complaint *sua sponte*. (Exhibit "A"). Plaintiff's email stated, in relevant part, that the "amended complaint initiating this action was filed on 4/8/25. We are now in receipt of the issued summons, which must be served upon your client(s) along with a copy of the complaint. . ." (*Id.* at p. 2) The email went on to inquire as to the requested method of effecting service upon our "client(s)." (*Id.*) The following day, counsel responded to Plaintiff and asked if he was making a specific request and further inquired as to which Defendant and/or Defendants he was making this request. (*Id.* at p. 1) Mr. Clonan responded, "Anita Giunta", an individual who was never served with the initial Complaint, and at the time of Plaintiff's email, no counsel had yet entered an appearance on her behalf. (*Id.*)

After a telephone correspondence with Plaintiff's counsel, on May 5, 2025, the undersigned advised Plaintiff that for any individually named Defendants, as "the Court set forth in its March 25, 2025 Memorandum Order. . .any amended complaint against these individuals will be dismissed unless Plaintiff can establish that they were properly served within 90 days of the initial Complaint or by showing good cause for the failure of service." (*Id.* at p. 5) Plaintiff responded to this email and acknowledged that the undersigned had not entered an appearance on behalf of "[Hampton's] employees." (*Id.*) Plaintiff then proceeded to make a baseless accusation that counsel was attempting to mislead him regarding service. (*Id.* at p. 4). Counsel immediately responded, objecting to Plaintiff's characterization of the email, and sought clarification for whether the Plaintiff was asking counsel to waive service of the summons, and if so, on behalf of what individuals or entities. (*Id.*) Plaintiff responded that he was seeking authorization to serve the

"Hampton employees", to which counsel responded that we were not authorized to accept service. (*Id*.) Thereafter, Plaintiff personally delivered a copy of the Summons and Complaint to Donna Rusinko at Hampton. (ECF No. 43, *2).

This Court's March 25, 2025 Order expressly stated that "[u]nless Plaintiff can establish that [Dr. Houdart, Dr. Rehman, Anita Giunta, and Jodi "Doe"] were properly served within 90 days of the filing of the initial Compliant, by filing proof of service. . . or showing good cause for the failure of service, *see* Fed. R. Civ. P. 4(m), ***any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint.***" (ECF No. 25)(emphasis added).

As detailed in the above email exchanges, Plaintiff's attempts to effectuate service as to Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros did not commence until April 15, 2025. When Plaintiff did attempt to effectuate service, he was attempting to serve the FAC, not the initial Complaint. Plaintiff's Opposition altogether fails to address this aspect of Responding Defendant's Motion and instead perseverates on his attempts to serve the FAC. Ultimately, Plaintiff failed to serve the initial Complaint upon Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros, and also failed to provide good cause for why he did not make any attempts to serve the initial Complaint. Therefore, pursuant to the Court's March 25, 2025 Order, the FAC as to these Defendants must be dismissed.

In addition to the above-mentioned failures, Plaintiff hand-delivered copies of the summons and FAC for the Responding Defendants to Donna Rusinko at Hampton Behavioral Health Center. (ECF No. 43 *2). Donna Rusinko is not authorized to accept service on behalf of any of the Responding Defendants, and accordingly, Plaintiff's attempts to effectuate service

pursuant to New Jersey law are additionally deficient, as set forth fully in Responding Defendants' moving papers.

Plaintiff asks this Court to excuse "technical deficiencies" in service, making the bald and factually unsupported assertion that "Defendants had actual notice of the lawsuit." Plaintiff supplied no evidence to suggest that Responding Defendants had actual notice of Plaintiff's initial Complaint. Furthermore, this assertion is a red herring, given that actual notice is insufficient to establish service of process. *In re City of Philadelphia Litig.,* 123 F.R.D. 512, 514 (E.D. Pa. 1988).

Therefore, for the foregoing reasons, and for the reasons set forth in Responding Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, we ask that the Court grant the Motion to Dismiss, with prejudice.

## II.    Responding Defendants' Motion to Dismiss Contains No Purported "Procedural Defects."[3]

### a.    *Local Civil Rule 7.1(a)(1) does not require parties to meet and confer prior to the filing of a Motion to Dismiss.*

Plaintiff's second "Opposition" claims that L.Civ.R. 7.1(a)(1) states that parties must meet and confer prior to filing a Motion. (ECF No. 57, *11). However, L.Civ.R. 7.1(a)(1) is not a rule. Despite this, Plaintiff's second "Opposition" contains a block quotation to the purported language

---

[3] Plaintiff's second "Opposition" makes the additional claim that "inconsistent" and "conflicting" information in signature blocks "frustrate[d] service and communication." (ECF No. 57, *12). The filings of Responding Defendants appropriately note the individuals and entities represented by our firm, and the signature blocks contain accurate email addresses and phone numbers. Despite this assertion, Plaintiff and the undersigned counsel had several telephone conferences and email exchanges. Plaintiff has had several telephone conferences with the undersigned counsel, and he has been in regular e-mail communication with the undersigned counsel. (See ECF No. 61-2 and Exhibit "A"). Further, Plaintiff's second "Opposition" cites to a single typographical error in Responding Defendants Motion to Dismiss wherein Count IV is listed twice in the factual background. (ECF No. 57, *12). Plaintiff claims that this indicates a "lack of careful proofreading" and creates potential "confusion about which claims are being addressed." (*Id.*) It strains credibility that this single typographical error creates "potential confusion." In fact, Plaintiff fails to articulate how this creates any confusion. Plaintiff's choice to highlight a single typographical error, while committing multiple typographical and procedural errors across multiple filings, highlights Plaintiff's lack of professionalism and respect for this Court.

of this non-existent rule. (*Id.*) Plaintiff's citation to a rule that does not exist raises a question of whether the Plaintiff is using artificial intelligence ("AI") to assist him with preparing his briefing.

Nevertheless, the Rules do not require a meet and confer prior to the filing of the Motion to Dismiss the First Amended Complaint.

## III.    Plaintiff's "Oppositions" are Rife with Ghost Citations.

In addition to the "ghost" citation to L.Civ.R. 7.1(a)(1), Plaintiff's second "Opposition" contains eight (8) additional instances where case law and case quotations were seemingly hallucinated, raising further questions of whether Plaintiff used AI to generate his briefs. (ECF No. 57).

Plaintiff's Table of Authorities in his second "Opposition" contains a citation to *Gray v. Kutner*, 87 N.J. 401 (1981). (ECF No. 57, *3). After conducting a thorough search on Westlaw, LexisNexis, and Google, counsel could not find the cited case law.

Plaintiff's pervasive use of hallucinated quotations from case law is more troubling because Plaintiff principally relies on these quotations to bolster and legitimize his feeble arguments. Citing to *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165 (3d Cir. 2004), Plaintiff quoted the Court as stating that a "hospital was 'clothed with the authority of state law' when it exercised its statutory authority to detain individuals for involuntary examination." (*Id*. at *19) However, no such quotation appears in the *Benn* decision. Plaintiff additionally stated that the "Third Circuit recognized in *Benn*, 'the power of involuntary commitment is traditionally the exclusive prerogative of the state' and private entities that participate in this process may be deemed state actors." (*Id*. at *22). Again, the language quoted by Plaintiff does not appear in the Benn decision. (*Id*.). Plaintiff's second "Opposition" goes on to cite to five more hallucinated case quotations. (*Id*. at *19)(allegedly quoting *Doby v. DeCrescenzo*, "'a private individual who conspires with a state official to violate another's constitutional rights acts 'under color of state law' for purposes of §

6

1983.")(*Id*. at *22)(allegedly quoting *West v. Atkins*, "the government cannot evade its constitutional responsibilities by delegating its functions to private entities.")(*Id*. at *27)(allegedly quoting *Kost v. Kozakiewicz*, "the purpose of a motion to dismiss is to test the sufficiency of the allegations contained in the complaint.")(*Id*. at *30)(allegedly quoting *Zinermon v. Burch*, "the State cannot constitutionally confine without more a nondangerous individual who is capable of surviving safely in freedom by himself or with the help of willing and responsible family members or friends.")(*Id*. at *74)(allegedly quoting *Hubbard v. Reed*, "expert testimony is not required where 'jurors are capable of using their common knowledge to determine negligence.' The Court held: 'If the matter to be resolved is one upon which the average juror can form a valid judgment solely on the basis of common knowledge, expert testimony is not mandated.'")

While AI use is not prohibited, a party has a duty to ensure that he is not citing to opinions that do not otherwise exist. *Dehghani v. Castro*, No. 25-CV-0052, 2025 WL 988009, at *4 (D.N.M. Apr. 2, 2025). Courts in this Circuit have held that where a party cited to and relied upon case law that did not exist, the party violated Fed.R.Civ.P. 11(b)(2). *Bevins v. Colgate-Palmolive Co.*, No. 25-CV-576, 2025 WL 1085695, at *7 (E.D. Pa. Apr. 10, 2025)(dismissing Plaintiff's Complaint where Plaintiff's counsel had used "hallucinated" case law in its opposition papers and issuing sanctions for counsel's violation of Rule 11(b)(2)). Rule 11 also applies to pro se litigants. *Ferreri v. Fox, Rothschild, O'Brien & Frankel*, 690 F.Supp. 400, 405 (E.D.Pa.1988).

Here, Plaintiff did not ensure that the case law and cited quotations existed prior to filing his "Oppositions" with this Court, which violates Rule 11. Plaintiff's second "Opposition" contains nine (9) total "hallucinated" citations, which certainly raises questions about the accuracy and veracity of the factual and legal contentions that Plaintiff purports to make in this matter. The

use of the hallucinated citations additionally wastes judicial resources as well as the resources of the Defendants.

Accordingly, this Court should dismiss Plaintiff's First Amended Complaint, with prejudice.

## IV.    This Court Must Disregard any Matters Outside the Four Corners of the First Amended Complaint.

This Court has been clear—it will not consider allegations outside the four corners of the First Amended Complaint. (ECF No. 25, fn. 9)(*See also*, ECF No. 41). Despite this, in Plaintiff's first "Opposition", and his second improper "Opposition", he seemingly attempts to plead causes of action directed to all Defendants and asserts facts that were not previously alleged in the FAC. (ECF No. 56, 57). Additionally, Plaintiff's second "Opposition" contains a ninety-two (92) page "Supplementary Memorandum of Claims" that asserts factual allegations and causes of action that do not appear in the FAC. (ECF No. 57-2).

"The proper means of raising claims that have. . .not been raised in the complaint is an amended complaint, not a brief in opposition to a motion to dismiss." *Sansom Comm. v. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)(internal citations omitted).

In spite of the clear case law and numerous directives from this Court, Plaintiff persists in attempting to assert causes of action and alleging facts outside the bounds of the FAC. (ECF Nos. 56, 57 and 57-2). Plaintiff's first Opposition appears to assert a claim under the Patient Self-Determination Act, as well as a claim for intentional infliction of emotional distress, however, no such claims appear in the FAC. (ECF No. 56, *7). The second "Opposition" asserts that Plaintiff is bringing claims for the violation of the First, Fifth, and Eighth Amendments. (ECF No. 57, *32).

Lastly, the ninety-two (92) page "Supplementary" memorandum is rife with facts and causes of action that Plaintiff failed to plead in this FAC. (ECF No. 57-2).

To the extent that the claims and facts raised in these filings differ from the facts and claims pled in the FAC as to Responding Defendants, this Court must disregard them as "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman*, 836 F.2d at 181 (internal citations omitted).

Accordingly, this Court must dismiss all claims as to Responding Defendants, with prejudice.

## V.    Responding Defendants are not State Actors, and Therefore, This Court Must Dismiss the First Amended Complaint.

Without addressing any of Responding Defendants' substantive arguments, Plaintiff's first Opposition asserts that "Defendants acted under color of state law." (ECF No. 56, *6-7). Aside from this factually unsupported assertion, Plaintiff provides no support for this argument, factual or otherwise.

To the extent that this Court also considers Plaintiff's second "Opposition" (ECF No. 57), Plaintiff puts forth the bald conclusion that the "involuntary commitment of individuals to psychiatric treatment is a function traditionally and exclusively reserved to the state." (*Id*. at * 20). Plaintiff's second "Opposition" proceeds to incorrectly apply the relevant tests for state action and misstates the holdings and reasonings of the cited case law. (*Id*. at *14-26). Plaintiff compounds upon these errors by attempting to rely upon conclusory facts residing outside the four corners of the FAC. (*Id*.).

Contrary to Plaintiff's assertion, Courts in the Third Circuit have held that privately owned psychiatric hospitals are not state actors. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 172 (3d Cir. 2004); *see also Guilday v. Crisis Ctr. at Crozer-Chester Med. Ctr.*, No. CV 21-2010, 2022

9

WL 612865, at *3-*6 (E.D. Pa. Mar. 1, 2022) (dismissing Section 1983 involuntary commitment claims against private psychiatric hospital for lack of state action), *vacated in part on other grounds*, No. 22-1519, 2022 WL 17484328 (3d Cir. Dec. 7, 2022).

As set forth fully in Responding Defendants' Motion to Dismiss the First Amended Complaint, Dr. Houdart, Dr. Rehman, Anita Giunta, and Jodi Sgouros are not state actors. Therefore, any of Plaintiff's § 1983 claims against Responding Defendants must be dismissed.

Assuming, *arguendo,* that this Court determined Responding Defendants were state actors, Plaintiff's FAC puts forth "unadorned" "defendant-unlawfully-harmed-me" accusations directed to eighteen (18) different Defendants, which certainly violates federal pleading standards. (ECF No. 28 at *14). Plaintiff's attempts to embellish the facts pled in the FAC by way of the second "Opposition" and "Supplementary Memorandum of Claims" should be disregarded by this Court. (ECF Nos. 57, 57-2).

Accordingly, Responding Defendants rely upon the arguments briefed in the Motion to Dismiss Plaintiff's First Amended Complaint and respectfully request that this Court grant.

## VI.    Plaintiff Fails to State a Claim for Medical Malpractice.

Plaintiff's Opposition claims that the FAC adequately pleads claims for medical malpractice. However, Plaintiff's Opposition fails to address Responding Defendants' argument that the FAC fails to plead any plausible, individualized facts to support a claim for medical malpractice. Plaintiff's second "Opposition" attempts to embellish the facts pled in the FAC. (*See* ECF No. 57-2). Given that Plaintiff failed to include these purported "facts" in his FAC, this Court should not consider them in deciding upon the Motion to Dismiss.

**VII.    Responding Defendants, a Privately Employed Individuals, are Not Subject to *Monell* Liability**

Plaintiff's Opposition purports to make a claim that "Defendants" are subject to *Monell* liability. (ECF No. 56, at *7). However, Plaintiff makes no such allegation in his FAC, and therefore, these arguments must be disregarded. *See, e.g.*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015). In any event, *Monell* liability cannot exist because Responding Defendants are neither state actors nor municipal governmental entities. *See LeBeau v. Raith*, Civ. A. No. 17-38, 2017 WL 2264639, at *6 (E.D. Pa. May 24, 2017) ("A plaintiff can sue a private entity pursuant to *Monell* only if the private entity performs municipal functions."); *Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 669 (E.D. Pa. 2020)("*Monell* liability applies only to municipalities, not to individuals."); *Lepre v. Lukus*, 602 F. App'x 864, 869 n.4 (3d Cir. 2015).

This Court should disregard any purported claims or arguments regarding *Monell* liability.

<u>**CONCLUSION**</u>

For the foregoing reasons and for the reasons set forth in its Motion to Dismiss, Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros respectfully request that this Court grant their Motion to Dismiss for the procedural and substantive inadequacies.

Respectfully submitted,


Date: June 30, 2025                    By:    */s/ Michael W. Bootier*
                                              Michael W. Bootier, Esquire
                                              Joshua T. Calo, Esquire
                                              Caitlin L. Cardene, Esquire
                                              Buchanan Ingersoll & Rooney
                                              700 Alexander Park Drive, Ste. 300
                                              Princeton, New Jersey 08540
                                              Telephone: (609) 987-6800
                                              Fax: (609) 520-0360
                                              michael.bootier@bipc.com
                                              joshua.calo@bipc.com

caitlin.cardene@bipc.com

*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

## <u>CERTIFICATION</u>

I, Michael W. Bootier, Esquire hereby certifies that a true and correct copy of the foregoing

Reply in Further Support of Defendants' Motion to Dismiss was served via this Court's electronic

filing system upon the following on June 30, 2025:

Bradley Clonan
2604 Rhododendron Drive
Abingdon, MD 21009
***Plaintiff***

John M. Hockin, Jr.
RONAN, TUZZIO & GIANNONE, P.C.
4000 Route 66, Suite 231
One Hovchild Plaza
Tinton Falls, NJ 07753
***Attorneys for Defendants, RWJ Barnabas Health – Monmouth Medical Center, Eric Carney,
CEO, The Estate of Dr. Mohsen Rehim, Dr. Chris Fabian, Virginia Heggen, Margaret
Neilsen, Johanna Rosario, and Lauren Zalepka***

Matthew J. Behr
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mount Laurel, NJ 08054
***Attorneys for Defendants, Centrastate Healthcare System/
Atlantic Healthcare System***

Respectfully submitted,

Date: June 30, 2025

By:    */s/ Michael W. Bootier*
Michael W. Bootier, Esquire
Joshua T. Calo, Esquire
Caitlin L. Cardene, Esquire
Buchanan Ingersoll & Rooney
700 Alexander Park Drive, Ste. 300
Princeton, New Jersey 08540
Telephone: (609) 987-6800
Fax: (609) 520-0360
michael.bootier@bipc.com
joshua.calo@bipc.com
caitlin.cardene@bipc.com

13

*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*