UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRADLEY CLONAN, ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 3:24-CV-11399-RK-RLS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF LAW IN OPPOSITION |
| CENTRASTATE HEALTHCARE | ) | |
| SYSTEM/ATLANTIC HEALTHCARE | ) | |
| SYSTEM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' CROSS-MOTION TO STAY DISCOVERY AND INCORPORATED MOTION TO COMPEL

## TABLE OF CONTENTS'

**I Preliminary Statement**

**II. Legal Standard**

**III. Argument**

**A. Allowing Providers to Withhold Treatment Explanations Undermines Fundamental Rights**

**B. Plaintiff Will Suffer Immediate and Irreparable Harm if Discovery is Stayed**

**C. No Good Cause Exists for a Stay**

**D. Federal Rules and Public Policy Favor Immediate Disclosure**

**E. The Stay Would Create an Unfair Tactical Advantage**

**IV. Conclusion**

## I. PRELIMINARY STATEMENT

Plaintiff, proceeding pro se, respectfully opposes Defendants' Cross-Motion to Stay Discovery. Defendants seek to halt all discovery until the Court rules on pending motions to dismiss. In this case—where the materials sought are Plaintiff's own medical records, physician explanations, and relevant institutional policies—granting a stay would cause irreparable harm, erode public trust, violate established statutory rights, and set a dangerous precedent by allowing healthcare providers to indefinitely withhold basic patient information from the very individuals they treat.

This concern is especially acute where providers refuse transparency regarding processes such as involuntary commitment, which bear a close nexus to public functions and implicate fundamental due process protections.

Plaintiff is the sole provider for his family. On August 4, 2025, he lost his employment as a software architect due to his role being phased out. The combination of sudden unemployment, ongoing emotional distress, and a baby due in two months amplifies the urgency of this request. The records at issue are essential not only for the prosecution of this action but also for correcting false and harmful entries in Plaintiff's medical records and for applying to state assistance programs.

The Federal Rules of Civil Procedure do not mandate a stay pending resolution of dispositive motions. **Rule 26(d)** authorizes discovery to proceed unless the Court orders otherwise, and **Rule 26(c)** permits protective orders only upon a showing of "good cause." Defendants have not—and cannot—meet that burden here.

## II. LEGAL STANDARD

Under **Fed. R. Civ. P. 26(d)(1)**, discovery generally proceeds after the Rule 26(f) conference; however, the Court retains broad discretion to control the timing and scope of discovery. A stay of discovery is an exception, not the rule, and is warranted only upon a "clear case of hardship or inequity" if discovery proceeds. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The moving party bears the burden of demonstrating such hardship, and courts must balance any claimed burden against the prejudice to the non-moving party. *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454–55 (D.N.J. 2007) (denying stay where discovery was necessary to prevent prejudice and irreparable harm).

Courts in this District routinely deny motions to stay discovery where:

1. The discovery sought is directly relevant to the claims and defenses;

2. The information is necessary to prevent prejudice or irreparable harm; and

3. The request is narrowly tailored to core facts essential for case resolution.

See also *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1100 (D.N.J. 1996) (rejecting stays that create tactical advantage).

Even where dispositive motions are pending, there is no automatic right to a stay. Discovery rules are to be "broadly and liberally construed" to secure the "just, speedy, and inexpensive determination of every action" as mandated by **Fed. R. Civ. P. 1**. See *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152–53 (1964).

## III. ARGUMENT

### A. Allowing Providers to Withhold Treatment Explanations Undermines Fundamental Rights

Allowing any healthcare provider in the United States to refuse to explain what they did to a patient, why they did it, and under what authority—particularly in involuntary psychiatric commitments—would set a dangerous precedent and erode public trust.

This directly contravenes:

- **45 C.F.R. § 164.524** (HIPAA Right of Access)
- **N.J.A.C. 8:43G-4.1(a)(6)** (Patient Bill of Rights – physician explanation requirement)
- **42 C.F.R. § 482.13** (Medicare patient rights)

The right to obtain this information is independent of litigation and is fundamental to due process and medical ethics. Such as a duty of care to patients.

**B. Plaintiff Will Suffer Immediate and Irreparable Harm if Discovery is Stayed**

Plaintiff's medical records and explanations of treatment are urgently needed to:

1. Correct false and prejudicial entries in the medical record (e.g., false "dentures" notation, unsupported diagnosis of hallucinations) and pursue expungement of erroneous entries.

2. Mitigate further emotional distress caused by the lack of closure and inability to understand the medical or legal basis for his treatment.. This vastly affects the ability for the plaintiff to seek further employment, and the recent job loss only enforces the damages stated in the complaint

3. Respond meaningfully to Defendants' pending dispositive motions, particularly where Defendants contest Plaintiff's factual allegations;

4. Exercise rights under **45 C.F.R. § 164.524** and **N.J.A.C. 8:43G-4.1** to understand the treatment provided, the basis for involuntary commitment, and the institutional policies applied.

Denying these records under the guise of a discovery stay is not only prejudicial—it **sets a dangerous precedent that healthcare providers in this country may evade accountability by withholding from patients a truthful explanation of their**

**treatment, actions taken against them, and underlying policies.** Such a precedent would erode due process, medical ethics, and public trust.

The prejudice here is concrete and immediate: Plaintiff's financial survival and legal position depend on timely access to these documents.

**C. No Good Cause Exists for a Stay**

Defendants offer no "clear case of hardship or inequity" justifying a halt to discovery. Their procedural argument—that pending motions to dismiss should be resolved first—is not a valid automatic basis for a stay. See *Gillespie*, 379 U.S. at 152–53.

Producing Plaintiff's own records, related policies, and explanations from treating physicians imposes minimal burden and is already required under federal and state law.

**D. Federal Rules and Public Policy Favor Immediate Disclosure**

The Federal Rules require disclosure of core information that is relevant and proportional to the needs of the case (**Fed. R. Civ. P. 26(b)(1)**). Plaintiff's requests are narrowly targeted to his own treatment and related policies—documents squarely within Defendants' control and directly relevant to claims and defenses.

Moreover, **Fed. R. Civ. P. 1** instructs courts to construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action." Granting a stay here would achieve the opposite—delaying resolution, increasing costs, and denying Plaintiff the ability to access essential facts.

Early production will streamline the case, potentially narrow the issues, and allow for more informed settlement discussions. Delaying production will prolong litigation, emotional damages, and require duplicative briefing later.

Additionally, **Fed. R. Civ. P. 26(b)(1)** requires disclosure of information that is relevant and proportional to the needs of

the case. Plaintiff's requests are narrowly targeted to his own treatment and directly relevant to his claims.

**Fed. R. Civ. P. 1** directs courts to secure the "just, speedy, and inexpensive determination of every action." Early production here will streamline issues, facilitate potential settlement, and avoid duplicative briefing.

**D. The Stay Would Create an Unfair Tactical Advantage**

Allowing Defendants to withhold core factual evidence while simultaneously seeking dismissal on factual grounds creates an impermissible imbalance and contradicts the fairness principles underlying the discovery rules. *Harding*, 914 F. Supp. at 1100.

This grants Defendants a one-sided litigation advantage that the Rules were designed to prevent.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. **Deny** Defendants' Cross-Motion to Stay Discovery;
2. **Grant** Plaintiff's Motion to Compel as set forth in ECF 52;
3. **Order** immediate production of all medical records, explanations of treatment, and relevant institutional policies; and
4. **Award** such other relief as the Court deems just and proper.

Respectfully submitted,

Bradley Clonan
/s/ Bradley Clonan
2604 W Rhododendron Drive
Abingdon, Maryland 21009
732-476-9555