9/3/25, 12:14 AM                                              Gmail - Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

Case 3:24-cv-11399-RK-RLS    Document 75-3    Filed 09/03/25    Page 1 of 6 PageID: 2575



Brad Clonan <clonanxyz@gmail.com>

---

# Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

6 messages

---

**Brad Clonan** <clonanxyz@gmail.com>  
To: TLBurnley@mdwcg.com, "Behr, Matthew J." <MJBehr@mdwcg.com>

Sat, Aug 30, 2025 at 2:05 AM

Mr. Behr,

I am preparing my **Second Amended Complaint, due September 3, 2025**, and write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer.

As you know, **EMTALA (42 U.S.C. § 1395dd)** requires:

- A complete **Medical Screening Examination (MSE)** by qualified medical personnel to determine if an emergency medical condition exists.
- Stabilization prior to transfer.
- That transfers be certified by a **physician**, or by a qualified practitioner with physician countersignature, documenting risks/benefits.
- That the patient (or representative) be informed of and acknowledge risks and alternatives unless refused.

My records show:

- Transfer Checklist marked **"No (involuntary)"** for patient signature and **"Risks/Benefits/Alternatives Explained: No."**
- Transfer certification signed only by **A. Tabasko, PA-C**, despite the form's requirement that it be completed by a physician.
- Attending physicians listed as **Dr. Guillen** and **Dr. Van Pelt**, yet no complete **psychiatric MSE** is documented.
- Additional inaccuracies, such as recording me as over 300 lbs and falsely noting "dentures sent with patient."

To finalize my SAC and avoid unnecessary motion practice, please provide:

1. Confirmation of the true **attending physician of record** for March 24–25, 2023.
2. Any **complete psychiatric MSE** conducted prior to transfer.
3. A copy of any **valid physician-signed EMTALA transfer certification** (if separate from the PA-C form).

If these documents do not exist, kindly confirm in writing. I note that under EMTALA, failure to maintain or provide compliant records may expose the hospital to administrative sanctions (42 U.S.C. § 1395dd(d)) and civil liability.

I am making this request **solely to ensure accuracy and demonstrate good faith before the Court**. Please respond promptly, or i truly apologize i can ask your clients if this is more appropriate to forward medical record requests. I can be reached at **732-476-9555** or by email at **clonanxyz@gmail.com**.

Respectfully,  
Bradley Clonan  
Pro Se Plaintiff

---

**Behr, Matthew J.** <MJBehr@mdwcg.com>  
To: Brad Clonan <clonanxyz@gmail.com>, "Burnley, Tracy L." <TLBurnley@mdwcg.com>

Mon, Sep 1, 2025 at 8:45 PM

9/3/25, 12:14 PM                Gmail - Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

Case 3:24-cv-11399-RK-RLS    Document 75-3    Filed 09/03/25    Page 2 of 6 PageID: 2576

Mr. Clonan – we will follow the Federal Rules of Civil Procedure and not provide any information/documents until the appropriate time as outlined by the Federal Rules of Civil Procedure and/or any Orders of the Court.



**Matthew J. Behr**
*Attorney at Law*
15000 Midlantic Drive, Suite 200, P.O. Box 5429, Mount Laurel, NJ 08054
Direct: (856) 414-6048 | Main: (856) 414-6000 | Fax: (856) 414-6077
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MJBehr@MDWCG.com, or by telephone at (856) 414-6048 and then delete the message and its attachments from your computer.

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Saturday, August 30, 2025 2:05 AM
**To:** Burnley, Tracy L. <TLBurnley@MDWCG.com>; Behr, Matthew J. <MJBehr@MDWCG.com>
**Subject:** Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

> **WARNING: This email originated outside Marshall Dennehey. BE CAUTIOUS before clicking any link or attachment.**

Mr. Behr,

I am preparing my **Second Amended Complaint, due September 3, 2025**, and write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer.

As you know, **EMTALA (42 U.S.C. § 1395dd)** requires:

- A complete **Medical Screening Examination (MSE)** by qualified medical personnel to determine if an emergency medical condition exists.

- Stabilization prior to transfer.

- That transfers be certified by a **physician**, or by a qualified practitioner with physician countersignature, documenting risks/benefits.

- That the patient (or representative) be informed of and acknowledge risks and alternatives unless refused.

My records show:

- Transfer Checklist marked **"No (involuntary)"** for patient signature and **"Risks/Benefits/Alternatives Explained: No."**

- Transfer certification signed only by **A. Tabasko, PA-C**, despite the form's requirement that it be completed by a physician.

- Attending physicians listed as **Dr. Guillen** and **Dr. Van Pelt**, yet no complete **psychiatric MSE** is documented.

9/3/25, 12:14 PM Gmail - Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

Case 3:24-cv-11399-RK-RLS    Document 75-3    Filed 09/03/25    Page 3 of 6 PageID: 2577

- Additional inaccuracies, such as recording me as over 300 lbs and falsely noting "dentures sent with patient."

To finalize my SAC and avoid unnecessary motion practice, please provide:

1. Confirmation of the true **attending physician of record** for March 24–25, 2023.

2. Any **complete psychiatric MSE** conducted prior to transfer.

3. A copy of any **valid physician-signed EMTALA transfer certification** (if separate from the PA-C form).

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>  Mon, Sep 1, 2025 at 11:02 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>
Cc: "Burnley, Tracy L." <TLBurnley@mdwcg.com>

 NicholasMezzacappa_202410181414_BWC2040161-0.mp4-redacted.mp4

**Subject:** Clarification Request – Newly Discovered Findings (Rule 37.1 Meet & Confer)

Dear Mr. Behr,

Pursuant to **Fed. R. Civ. P. 11(b)** and **Local Civil Rule 37.1**, I write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer. My request is not intended to bypass the Federal Rules of Civil Procedure, but arises from **newly discovered findings** directly relevant to my forthcoming **Second Amended Complaint, due September 3, 2025**.

For context and examples of potential issues thus for accuracy I am investigating a total of around ~32 potential violations and it would be helpful if we received clarification, I note the following items reflected in the records that have been "reviewed" as part of formal grievance procedures. I am sure that your client has corrected them within the 30 days required:

1. **Transfer Certification:** The March 25, 2023 transfer certification was signed by **A. Tabasko, PA-C**, without physician countersignature, though the form itself requires physician certification. Yet the Attending physicians attested they were available at all times, while I understand there are certain circumstances where a cosignature or PA-c can sign I have not found evidence this transfer was accurately performed. It is my understanding that "A Physician Assistant Cannot Independently Sign a Transfer Order in New Jersey Under EMTALA Regulations" . I also do not see the benefits or risks of transfer explained.

2. **Attending Physicians:** Records list both Dr. Guillen and Dr. Van Pelt as attendings, yet no complete psychiatric MSE appears in the file.

3. **Erroneous Entries across hospitals examples:** ; weight recorded at over 300 lbs; "dentures sent with patient" noted, though untrue. Age discrepencencies, and chart faxing timeline concerns such as hampton accepted a 35 year old patient yet centrastate sent a 34 year old patient (actual age)

4. **Behavioral Notes:** "Acting bizarre" recorded, though contemporaneous context from my mother's statement (recent surgeries, hospital anxiety, nicotine patch) was not reflected.

5. **Record Corrections:** Despite grievances submitted, these errors remain uncorrected or unexplained.

6. **ED Documentation:** Emergency department paperwork does not detail any refusal to screen or stabilize, leaving ambiguity in the file. Lacks sufficient details such as history, being offered any alternatives, a reason as to why I was dangerous to myself or others and often lack of hallucinations and medical clearance the initial complaint. While still disallowing me to leave.  often with fields left completely blank, or "unspecified"

7. **Incomplete Assessment :** Critical elements of the psychatric screening were marked "N/A" or left blank, preventing proper evaluation.

8. **Ambiguities / Missing Data -** Full psychiatric history and outpatient medication list not documented. - Source of urine amphetamine positivity (prescribed vs. illicit) unresolved. - Final diagnosis to be clarified by inpatient team; F60.0 may be placeholder.

9/3/25, 12:14 PM                Gmail - Request for Clarification - EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-1139)

Case 3:24-cv-11399-RK-RLS    Document 75-3    Filed 09/03/25    Page 4 of 6 PageID: 2578

9. **Follow-Up 30 Day Correction Window – October visit to obtain medical records (never told not too)**
   FOIA video attached for reference. At approximately 1:53 in the video, CentraState employee *Marrie* told a Freehold police officer *verify for accuracy:

   > "Freehold Police Officer: is there a reason just so I have everything? Is there a reason why they're saying they don't want to meet with him just so I have everything.
   >
   > CS Employee Marrie: The problem is the emergency patients. The problem that he has, he wants us to do an addendum to do an addendum with the paper to 2023. He's gonna need his lawyer which I think they already worked something out because my boss told me. That not to speak to him.
   >
   > CS Employee Marrie: That's because they have a case or something he's trying to me and him together, so that's what he's trying to do. OK, so pretty much for him to get the information, he just has to get a lawyer to be able to do. Did you explain that and he just didn't want to listen. I'm, I'm sure that's OK. Do you want him? And her, do you want them both removed, trespassed, moving like never allowed back here like where am I going? They're done. They're not allowed back.
   >
   > Freehold Police Officer: OK, this is a medical emergency, obviously, other than that, they're not allowed back. Oh,
   >
   > Freehold Police Officer: I left my I left my pen in the car. I know I have plenty of reports with you, but I just wanna make sure I got it so I know we spoke, Robert. 000."

   This statement was materially false and misrepresented my circumstances. The recording shows three speakers (one police officer and two CentraState employees), raising concerns of misrepresentation, accuracy, and potential lack of training.

There also appear to be **conflicting accounts across CentraState, Monmouth/PESS, and Hampton Behavioral**, and I am attempting to clarify who the **source of truth** is for purposes of medical record accuracy and litigation.

I acknowledge that the Court has dismissed certain federal claims (e.g., §1983) with prejudice. At this point, I am pursuing possible **EMTALA-based claims** together with **state law claims under diversity jurisdiction**. If clarifications cannot be obtained in time for the SAC, I may need to consider whether a **separate action** is appropriate to preserve claims. This is not raised as a threat but as part of my Rule 11 duty to ensure factual accuracy.

I also note these patterns continue in or around our october visit to obtain a physicians explination and medical paperwork, in reviewing the foai transcript provided by the freehold police department. It appears

I respectfully request CentraState's cooperation in clarifying and understanding. Thank you. If this is not appropriate I apologize.

If such documents do not exist, a confirmation to that effect would aid both record accuracy and the narrowing of my claims.

Respectfully,

**Bradley Clonan**
Pro Se Plaintiff
[Quoted text hidden]

---

**Burnley, Tracy L.** <TLBurnley@mdwcg.com>                                            Tue, Sep 2, 2025 at 6:59 AM
To: Brad Clonan <clonanxyz@gmail.com>
Cc: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Clonan – Please remove me as a contact. I am not handling this matter. Thank you.

9/3/25, 12:14 PM                    Gmail - Request for Clarification - EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

Case 3:24-cv-11399-RK-RLS    Document 75-3    Filed 09/03/25    Page 5 of 6 PageID: 2579



**Tracy L. Burnley**
*Attorney at Law*

15000 Midlantic Drive, Suite 200, P.O. Box 5429, Mount Laurel, NJ 08054

Direct: (856) 414-6033 | Main: (856) 414-6000 | Fax: (856) 414-6077

bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to TLBurnley@MDWCG.com, or by telephone at (856) 414-6033 and then delete the message and its attachments from your computer.

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Monday, September 1, 2025 11:02 PM
**To:** Behr, Matthew J. <MJBehr@MDWCG.com>
**Cc:** Burnley, Tracy L. <TLBurnley@MDWCG.com>
**Subject:** Re: Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

> WARNING: This email originated outside Marshall Dennehey. BE CAUTIOUS before clicking any link or attachment.

📎 NicholasMezzacappa_202410181414_BWC2040161-0.mp4-redacted.mp4

**Subject:** Clarification Request – Newly Discovered Findings (Rule 37.1 Meet & Confer)

Dear Mr. Behr,

Pursuant to **Fed. R. Civ. P. 11(b)** and **Local Civil Rule 37.1**, I write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer. My request is not intended to bypass the Federal Rules of Civil Procedure, but arises from **newly discovered findings** directly relevant to my forthcoming **Second Amended Complaint, due September 3, 2025**.

For context and examples of potential issues thus for accuracy I am investigating a total of around ~32 potential violations and it would be helpful if we received clarification, I note the following items reflected in the records that have been "reviewed" as part of formal grievance procedures. I am sure that your client has corrected them within the 30 days required:

  1. **Transfer Certification:** The March 25, 2023 transfer certification was signed by **A. Tabasko, PA-C**, without physician countersignature, though the form itself requires physician certification. Yet the Attending physicians attested they were available at all times, while I understand there are certain circumstances where a cosignature or PA-c can sign I have not found evidence this transfer was accurately performed. It is my understanding that "A Physician Assistant Cannot Independently Sign a Transfer Order in New Jersey Under EMTALA Regulations" . I also do not see the benefits or risks of transfer explained.

  2. **Attending Physicians:** Records list both Dr. Guillen and Dr. Van Pelt as attendings, yet no complete psychiatric MSE appears in the file.

  3. **Erroneous Entries across hospitals examples:** ; weight recorded at over 300 lbs; "dentures sent with patient" noted, though untrue. Age discrepencencies, and chart faxing timeline concerns such as hampton accepted a 35 year old patient yet centrastate sent a 34 year old patient (actual age)

9/3/25, 12:14 PM
Gmail - Request for Clarification – EMTALA Transfer Documentation (Clonan v. Aegis astate, 3:24-cv-11399)

Case 3:24-cv-11399-RK-RLS    Document 75-3    Filed 09/03/25    Page 6 of 6 PageID: 2580

4. **Behavioral Notes:** "Acting bizarre" recorded, though contemporaneous context from my mother's statement (recent surgeries, hospital anxiety, nicotine patch) was not reflected.

5. **Record Corrections:** Despite grievances submitted, these errors remain uncorrected or unexplained.

6. **ED Documentation:** Emergency department paperwork does not detail any refusal to screen or stabilize, leaving ambiguity in the file. Lacks sufficient details such as history, being offered any alternatives, a reason as to why I was dangerous to myself or others and often lack of hallucinations and medical clearance the initial complaint. While still disallowing me to leave. often with fields left completely blank, or "unspecified"

7. **Incomplete Assessment :** Critical elements of the psychatric screening were marked "N/A" or left blank, preventing proper evaluation.

8. **Ambiguities / Missing Data -** Full psychiatric history and outpatient medication list not documented. - Source of urine amphetamine positivity (prescribed vs. illicit) unresolved. - Final diagnosis to be clarified by inpatient team; F60.0 may be placeholder.

9. **Follow-Up 30 Day Correction Window – October Visit to obtain medical records (never told not too)**

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com>                                                                                             Tue, Sep 2, 2025 at 7:34 AM
To: "Burnley, Tracy L." <TLBurnley@mdwcg.com>

Absolutely, I'm sorry for the inconvenience. Updated and removed.

[Quoted text hidden]

---

**Burnley, Tracy L.** <TLBurnley@mdwcg.com>                                                                                    Tue, Sep 2, 2025 at 7:40 AM
To: Brad Clonan <clonanxyz@gmail.com>

No problem.  Thanks.

[Quoted text hidden]