I respectfully request that the Court appoint pro bono counsel to represent me in this matter. The case has grown in both procedural and legal complexity far beyond my ability to handle alone. Multiple motions to dismiss and discovery-related filings have been made by several different defense firms representing CentraState Healthcare System/Atlantic Health System, Monmouth Medical Center (RWJBarnabas Health), and Hampton Behavioral Health Center (see Docs. 58–61). One defense attorney has already withdrawn her appearance (Doc. 59), and I no longer understand which defendants remain represented by which counsel or what duties each owes under the Rules.

Since my original filing, my circumstances have changed significantly. The trauma, stress, and harm arising from the events underlying this case—and from litigating it without legal training—have taken a serious toll on my mental and physical health. I suffer from auditory-processing and communication-sequencing difficulties: I can verbally explain and recite the facts, but I am increasingly unable to write, organize, or format legal pleadings that satisfy federal standards such as *Twombly* or the local civil rules. I simply cannot continue drafting or responding to motions effectively on my own.

I am the sole financial provider for my family, must secure employment, and my wife is scheduled for a cesarean section for our son's birth on **November 11, 2025**. My family responsibilities and health now prevent me from devoting the hours necessary to research procedural law, rules of discovery, and the Affidavit-of-Merit requirement that attaches to any potential medical-malpractice components of this case. As a pro se litigant, I do not have the legal expertise to determine when an Affidavit of Merit is required or how to distinguish federal civil-rights claims (§ 1983 procedural and substantive due-process issues) from medical-negligence claims.

The record already reflects substantial confusion over factual accuracy—including contradictory hospital transfer and acceptance paperwork listing the wrong patient information (e.g., incorrect weight, dentures, and age) and the accepting facility's mistaken notation that I was schizophrenic. There are also inconsistencies between the hospital's and the police's statements, including representations that I had legal counsel when I did not. These are matters that require professional legal discovery, evidentiary analysis, and expert coordination that I cannot perform alone.

I have contacted every available legal-aid organization, pro bono referral service, and bar association in both Maryland and New Jersey, but because this is a **federal-venue** case, none can provide direct representation. I therefore have no realistic access to justice without court-appointed counsel.

For these reasons—including material changes in my health, family situation, and the procedural complexity of the case since my prior motion—I respectfully request that the Court reconsider and grant appointment of counsel to ensure that my constitutional rights and the integrity of these proceedings are fully protected.