Gmail

Brad Clonan <clonanxyz@gmail.com>

# Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

17 messages

**Brad Clonan** <clonanxyz@gmail.com> Sat, Aug 30, 2025 at 2:05 AM
To: TLBurnley@mdwcg.com, "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Behr,

I am preparing my **Second Amended Complaint, due September 3, 2025**, and write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer.

As you know, **EMTALA (42 U.S.C. § 1395dd)** requires:

- A complete **Medical Screening Examination (MSE)** by qualified medical personnel to determine if an emergency medical condition exists.
- Stabilization prior to transfer.
- That transfers be certified by a **physician**, or by a qualified practitioner with physician countersignature, documenting risks/benefits.
- That the patient (or representative) be informed of and acknowledge risks and alternatives unless refused.

My records show:

- Transfer Checklist marked **"No (involuntary)"** for patient signature and **"Risks/Benefits/Alternatives Explained: No."**
- Transfer certification signed only by **A. Tabasko, PA-C**, despite the form's requirement that it be completed by a physician.
- Attending physicians listed as **Dr. Guillen** and **Dr. Van Pelt**, yet no complete **psychiatric MSE** is documented.
- Additional inaccuracies, such as recording me as over 300 lbs and falsely noting "dentures sent with patient."

To finalize my SAC and avoid unnecessary motion practice, please provide:

1. Confirmation of the true **attending physician of record** for March 24–25, 2023.
2. Any **complete psychiatric MSE** conducted prior to transfer.
3. A copy of any **valid physician-signed EMTALA transfer certification** (if separate from the PA-C form).

If these documents do not exist, kindly confirm in writing. I note that under EMTALA, failure to maintain or provide compliant records may expose the hospital to administrative sanctions (42 U.S.C. § 1395dd(d)) and civil liability.

I am making this request **solely to ensure accuracy and demonstrate good faith before the Court**. Please respond promptly, or i truly apologize i can ask your clients if this is more appropriate to forward medical record requests. I can be reached at **732-476-9555** or by email at clonanxyz@gmail.com.

Respectfully,
Bradley Clonan
Pro Se Plaintiff

**Behr, Matthew J.** <MJBehr@mdwcg.com> Mon, Sep 1, 2025 at 8:45 PM
To: Brad Clonan <clonanxyz@gmail.com>, "Burnley, Tracy L." <TLBurnley@mdwcg.com>

Mr. Clonan – we will follow the Federal Rules of Civil Procedure and not provide any information/documents until the appropriate time as outlined by the Federal Rules of Civil Procedure and/or any Orders of the Court.

MARSHALL DENNEHEY

**Matthew J. Behr**
*Attorney at Law*
15000 Midlantic Drive, Suite 200, P.O. Box 5429, Mount Laurel, NJ 08054
Direct: (856) 414-6048 | Main: (856) 414-6000 | Fax: (856) 414-6077
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to MJBehr@MDWCG.com, or by telephone at (856) 414-6048 and then delete the message and its attachments from your computer.

---

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Saturday, August 30, 2025 2:05 AM
**To:** Burnley, Tracy L. <TLBurnley@MDWCG.com>; Behr, Matthew J. <MJBehr@MDWCG.com>
**Subject:** Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

**WARNING: This email originated outside Marshall Dennehey. BE CAUTIOUS before clicking any link or attachment.**

Mr. Behr,

I am preparing my **Second Amended Complaint, due September 3, 2025**, and write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer.

As you know, **EMTALA (42 U.S.C. § 1395dd)** requires:

- A complete **Medical Screening Examination (MSE)** by qualified medical personnel to determine if an emergency medical condition exists.
- Stabilization prior to transfer.
- That transfers be certified by a **physician**, or by a qualified practitioner with physician countersignature, documenting risks/benefits.
- That the patient (or representative) be informed of and acknowledge risks and alternatives unless refused.

My records show:

- Transfer Checklist marked **"No (involuntary)"** for patient signature and **"Risks/Benefits/Alternatives Explained: No."**
- Transfer certification signed only by **A. Tabasko, PA-C**, despite the form's requirement that it be completed by a physician.
- Attending physicians listed as **Dr. Guillen** and **Dr. Van Pelt**, yet no complete **psychiatric MSE** is documented.

- Additional inaccuracies, such as recording me as over 300 lbs and falsely noting "dentures sent with patient."

To finalize my SAC and avoid unnecessary motion practice, please provide:

1. Confirmation of the true **attending physician of record** for March 24–25, 2023.
2. Any **complete psychiatric MSE** conducted prior to transfer.
3. A copy of any **valid physician-signed EMTALA transfer certification** (if separate from the PA-C form).

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Mon, Sep 1, 2025 at 11:02 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>
Cc: "Burnley, Tracy L." <TLBurnley@mdwcg.com>

NicholasMezzacappa_
202410181414_BWC2040161-0.mp4-redacted.mp4

**Subject:** Clarification Request – Newly Discovered Findings (Rule 37.1 Meet & Confer)

Dear Mr. Behr,

Pursuant to **Fed. R. Civ. P. 11(b)** and **Local Civil Rule 37.1**, I write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer. My request is not intended to bypass the Federal Rules of Civil Procedure, but arises from **newly discovered findings** directly relevant to my forthcoming **Second Amended Complaint, due September 3, 2025**.

For context and examples of potential issues thus for accuracy I am investigating a total of around ~32 potential violations and it would be helpful if we received clarification, I note the following items reflected in the records that have been "reviewed" as part of formal grievance procedures. I am sure that your client has corrected them within the 30 days required:

1. **Transfer Certification:** The March 25, 2023 transfer certification was signed by **A. Tabasko, PA-C**, without physician countersignature, though the form itself requires physician certification. Yet the Attending physicians attested they were available at all times, while I understand there are certain circumstances where a cosignature or PA-c can sign I have not found evidence this transfer was accurately performed. It is my understanding that "A Physician Assistant Cannot Independently Sign a Transfer Order in New Jersey Under EMTALA Regulations" . I also do not see the benefits or risks of transfer explained.

2. **Attending Physicians:** Records list both Dr. Guillen and Dr. Van Pelt as attendings, yet no complete psychiatric MSE appears in the file.

3. **Erroneous Entries across hospitals examples:** ; weight recorded at over 300 lbs; "dentures sent with patient" noted, though untrue. Age discrepencencies, and chart faxing timeline concerns such as hampton accepted a 35 year old patient yet centrastate sent a 34 year old patient (actual age)

4. **Behavioral Notes:** "Acting bizarre" recorded, though contemporaneous context from my mother's statement (recent surgeries, hospital anxiety, nicotine patch) was not reflected.

5. **Record Corrections:** Despite grievances submitted, these errors remain uncorrected or unexplained.

6. **ED Documentation:** Emergency department paperwork does not detail any refusal to screen or stabilize, leaving ambiguity in the file. Lacks sufficient details such as history, being offered any alternatives, a reason as to why I was dangerous to myself or others and often lack of hallucinations and medical clearance the initial complaint. While still disallowing me to leave. often with fields left completely blank, or "unspecified"

7. **Incomplete Assessment :** Critical elements of the psychatric screening were marked "N/A" or left blank, preventing proper evaluation.

8. **Ambiguities / Missing Data -** Full psychiatric history and outpatient medication list not documented. - Source of urine amphetamine positivity (prescribed vs. illicit) unresolved. - Final diagnosis to be clarified by inpatient team; F60.0 may be placeholder.

9. **Follow-Up 30 Day Correction Window – October Visit to obtain medical records (never told not too)**
FOIA video attached for reference. At approximately 1:53 in the video, CentraState employee *Marrie* told a Freehold police officer *verify for accuracy:

> "Freehold Police Officer: is there a reason just so I have everything? Is there a reason why they're saying they don't want to meet with him just so I have everything.
>
> CS Employee Marrie: The problem is the emergency patients. The problem that he has, he wants us to do an addendum to do an addendum with the paper to 2023. He's gonna need his lawyer which I think they already worked something out because my boss told me. That not to speak to him.
>
> CS Employee Marrie: That's because they have a case or something he's trying to me and him together, so that's what he's trying to do. OK, so pretty much for him to get the information, he just has to get a lawyer to be able to do. Did you explain that and he just didn't want to listen. I'm, I'm sure that's OK. Do you want him? And her, do you want them both removed, trespassed, moving like never allowed back here like where am I going? They're done. They're not allowed back.
>
> Freehold Police Officer: OK, this is a medical emergency, obviously, other than that, they're not allowed back. Oh,
>
> Freehold Police Officer: I left my I left my pen in the car. I know I have plenty of reports with you, but I just wanna make sure I got it so I know we spoke, Robert. 000."

This statement was materially false and misrepresented my circumstances. The recording shows three speakers (one police officer and two CentraState employees), raising concerns of misrepresentation, accuracy, and potential lack of training.

There also appear to be **conflicting accounts across CentraState, Monmouth/PESS, and Hampton Behavioral**, and I am attempting to clarify who the **source of truth** is for purposes of medical record accuracy and litigation.

I acknowledge that the Court has dismissed certain federal claims (e.g., §1983) with prejudice. At this point, I am pursuing possible **EMTALA-based claims** together with **state law claims under diversity jurisdiction**. If clarifications cannot be obtained in time for the SAC, I may need to consider whether a **separate action** is appropriate to preserve claims. This is not raised as a threat but as part of my Rule 11 duty to ensure factual accuracy.

I also note these patterns continue in or around our october visit to obtain a physicians explination and medical paperwork, in reviewing the foai transcript provided by the freehold police department. It appears

I respectfully request CentraState's cooperation in clarifying and understanding. Thank you. If this is not appropriate I apologize.

If such documents do not exist, a confirmation to that effect would aid both record accuracy and the narrowing of my claims.

Respectfully,

**Bradley Clonan**
Pro Se Plaintiff
[Quoted text hidden]

---

**Burnley, Tracy L.** <TLBurnley@mdwcg.com> Tue, Sep 2, 2025 at 6:59 AM
To: Brad Clonan <clonanxyz@gmail.com>
Cc: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Clonan – Please remove me as a contact. I am not handling this matter. Thank you.

MARSHALL DENNEHEY

**Tracy L. Burnley**
*Attorney at Law*
15000 Midlantic Drive, Suite 200, P.O. Box 5429, Mount Laurel, NJ 08054
Direct: (856) 414-6033 | Main: (856) 414-6000 | Fax: (856) 414-6077
bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to TLBurnley@MDWCG.com, or by telephone at (856) 414-6033 and then delete the message and its attachments from your computer.

---

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Monday, September 1, 2025 11:02 PM
**To:** Behr, Matthew J. <MJBehr@MDWCG.com>
**Cc:** Burnley, Tracy L. <TLBurnley@MDWCG.com>
**Subject:** Re: Request for Clarification – EMTALA Transfer Documentation (Clonan v. CentraState, 3:24-cv-11399)

**WARNING: This email originated outside Marshall Dennehey. BE CAUTIOUS before clicking any link or attachment.**

NicholasMezzacappa_202410181414_BWC2040161-0.mp4-redacted.mp4

**Subject:** Clarification Request – Newly Discovered Findings (Rule 37.1 Meet & Confer)

Dear Mr. Behr,

Pursuant to **Fed. R. Civ. P. 11(b)** and **Local Civil Rule 37.1**, I write in good faith to clarify deficiencies in CentraState's records from my March 24–25, 2023 admission and transfer. My request is not intended to bypass the Federal Rules of Civil Procedure, but arises from **newly discovered findings** directly relevant to my forthcoming **Second Amended Complaint, due September 3, 2025**.

For context and examples of potential issues thus for accuracy I am investigating a total of around ~32 potential violations and it would be helpful if we received clarification, I note the following items reflected in the records that have been "reviewed" as part of formal grievance procedures. I am sure that your client has corrected them within the 30 days required:

1. **Transfer Certification:** The March 25, 2023 transfer certification was signed by **A. Tabasko, PA-C**, without physician countersignature, though the form itself requires physician certification. Yet the Attending physicians attested they were available at all times, while I understand there are certain circumstances where a cosignature or PA-c can sign I have not found evidence this transfer was accurately performed. It is my understanding that "A Physician Assistant Cannot Independently Sign a Transfer Order in New Jersey Under EMTALA Regulations" . I also do not see the benefits or risks of transfer explained.

2. **Attending Physicians:** Records list both Dr. Guillen and Dr. Van Pelt as attendings, yet no complete psychiatric MSE appears in the file.

3. **Erroneous Entries across hospitals examples:** ; weight recorded at over 300 lbs; "dentures sent with patient" noted, though untrue. Age discrepencencies, and chart faxing timeline concerns such as hampton accepted a 35 year old patient yet centrastate sent a 34 year old patient (actual age)

4. **Behavioral Notes:** "Acting bizarre" recorded, though contemporaneous context from my mother's statement (recent surgeries, hospital anxiety, nicotine patch) was not reflected.

5. **Record Corrections:** Despite grievances submitted, these errors remain uncorrected or unexplained.

6. **ED Documentation:** Emergency department paperwork does not detail any refusal to screen or stabilize, leaving ambiguity in the file. Lacks sufficient details such as history, being offered any alternatives, a reason as to why I was dangerous to myself or others and often lack of hallucinations and medical clearance the initial complaint. While still disallowing me to leave. often with fields left completely blank, or "unspecified"

7. **Incomplete Assessment :** Critical elements of the psychatric screening were marked "N/A" or left blank, preventing proper evaluation.

8. **Ambiguities / Missing Data -** Full psychiatric history and outpatient medication list not documented. - Source of urine amphetamine positivity (prescribed vs. illicit) unresolved. - Final diagnosis to be clarified by inpatient team; F60.0 may be placeholder.

9. **Follow-Up 30 Day Correction Window – October Visit to obtain medical records (never told not too)**

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Tue, Sep 2, 2025 at 7:34 AM
To: "Burnley, Tracy L." <TLBurnley@mdwcg.com>

Absolutely, I'm sorry for the inconvenience. Updated and removed.

[Quoted text hidden]

---

**Burnley, Tracy L.** <TLBurnley@mdwcg.com> Tue, Sep 2, 2025 at 7:40 AM
To: Brad Clonan <clonanxyz@gmail.com>

No problem. Thanks.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Fri, Sep 12, 2025 at 3:05 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Subject: Follow-Up on EMTALA Concerns and Potential Discussion

Dear Mr. Behr,

I hope this message finds you well. I wanted to follow up regarding my concerns about the EMTALA violations and related transfer paperwork. From my discussions with DOH/HHS and my own research, it is my understanding that a PA-C alone cannot sign the transfer certificate. There are also a few other identified errors and questions I would like to address.

I just wanted to check in to see if you or your client have had the chance to review these issues and whether you would be open to scheduling a discussion. As you may be aware, I've requested an extension to file my Second Amended Complaint, and I was hoping we could use this time to have a constructive conversation. Ideally, we could work toward resolving matters efficiently and potentially avoid unnecessary court time, consistent with the Third District's meet-and-confer guidelines.

Please let me know a convenient time for you or your client to connect.

Best regards,

Bradley Clonan

7324769555

2604 w rhododendron drive abingdon Md 21009

[Quoted text hidden]

---

**Behr, Matthew J.** <MJBehr@mdwcg.com> Sun, Sep 14, 2025 at 8:17 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – thank you for the email but my client and myself are not amenable to having a discussion about this case and await your amended complaint.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Sun, Sep 14, 2025 at 8:29 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr Behr.

Very well.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Sun, Sep 14, 2025 at 9:06 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Behr,

This correspondence is intended to place on the record my written request for your client's policies. To avoid any unnecessary use of your or your client's time, I ask that you please advise whether such policies are available through a website, public resource, or any other designated location.

Further, I must respectfully object to your characterization of my inquiry as "amendable." It is neither frivolous nor improper for an American citizen, and former patient, to seek full access to his medical records, treatment history, and the policies governing such treatment. Should it remain your client's position that a former patient is not entitled to this information, I respectfully note my strong disagreement and will continue to assert my position on this statement, not only for myself but for others to the best of my ability.

Thank you for your time truly. Have a blessed night!

Respectfully,

Bradley clonan

732-476-9555

Clonanxyz@gmail.com

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Wed, Sep 24, 2025 at 11:54 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr Behr.

Re. Subject: Clarification Request – March 25, 2023 Transfer Records

I want to begin with an apology if my earlier correspondence came across as misplaced or burdensome. I recognize your time is valuable, and I am raising this only because it relates directly to the accuracy of the medical records at issue. Candidly I am unsure. If, given the HIPAA-related nature of this request and the current status of the case, these questions should not be directed to you by email, please kindly advise me of the appropriate point of contact or department to which I should submit them.

I understand your client has previously stated that they do not view the identified discrepancy as "amendable." My intent here is not to press for amendments, but simply to clarify the factual record as it stands. Specifically, I am requesting confirmation of:

1. The age CentraState documented for me at the time of transfer on March 25, 2023;
2. The time reflected in CentraState's records for when I was formally transferred to Hampton Behavioral Health Center; and
3. Whether CentraState's records show that the incorrect age entry (35 years old) was transmitted by fax or otherwise as part of the transfer packet.

For context, my date of birth is February 23, 1989, and contemporaneous records at CentraState correctly reflect my actual age, while Hampton's records do not. Identifying where the discrepancy arose is important for reconciling the transfer paperwork under EMTALA's screening and stabilization provisions and related state-law claims.

If this type of clarification is not properly within your scope at this stage, please let me know whether I should direct this inquiry to CentraState's corporate office(found online) or its health information/medical records department instead(through Robert Orro because of your clients requests). My goal is simply to avoid wasting counsel's time and ensure the record is accurate for all parties.

Thank you for your attention and cooperation.

Respectfully,

Bradley Clonan

732-476-9555

[Quoted text hidden]

---

**Behr, Matthew J.** <MJBehr@mdwcg.com> Sun, Sep 28, 2025 at 8:39 PM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – you are requesting information prior to the discovery period which pursuant to Federal Rules is not permitted and as of now your Complaint has been dismissed without prejudice. And you may not contact my client to speak to them concerning your questions.

Thank you and have a good evening.

MARSHALL DENNEHEY

**Matthew J. Behr**
*Attorney at Law*
15000 Midlantic Drive, Suite 200, P.O. Box 5429, Mount Laurel, NJ 08054
Direct: (856) 414-6048 | Main: (856) 414-6000 | Fax: (856) 414-6077
bio | e-mail | website

[Quoted text hidden]
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Mon, Sep 29, 2025 at 8:18 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr Behr,

This is actively detrimental to my health and well being, I was hoping to speak to the physicians that have diagnosed me so that I may understand what medications they've given me and why. Also so that I may heal. This is abuse.
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Mon, Sep 29, 2025 at 8:21 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr Behr.

Realize. We would never be speaking if your clients or any of these hospitals spoke to me over the past two years. Instead they decide to tell the police we have lawyers and it was all worked out.

Mr Behr. I am not a lawyer. I am a patient who is federally guaranteed dignity.
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Mon, Sep 29, 2025 at 10:55 AM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr. Behr.

Finally; as far as I know you are not representing the following.

- Dr. Steven Guillen, M.D.
- Dr. Stephen Van Pelt, M.D.
- Aradla Tabasko, PA-C
- Antonella Salony, R.N.
- Nichole Perez, R.N.
- Lori Conrad, L.P.N.
- Cheryl Craig
- Lynda McDonald
- Robert Orro
- Marie Carree-Lee (also identified in records as Marie Levasseur)
- Eric Carney, Chief Executive Officer of CentraState

Can you confirm. So i know which of **your clients, I cannot speak to concerning my questions.**
[Quoted text hidden]

---

**Behr, Matthew J.** <MJBehr@mdwcg.com> Mon, Sep 29, 2025 at 11:58 AM
To: Brad Clonan <clonanxyz@gmail.com>

Mr. Clonan – I represent any and all employees you named and/or intend to name in your amended complaint as to relates to Atlantic Health/Centrastate. I have already filed papers that shows that I represent CentraState Healthcare System/ Atlantic Health System, Marie Levasseur, Tracey Deaner, Marie Carmel Carree-Lee, Cheryl Craig, Robert Orro, Lynda McDonald, Jordan White and Lori Conrad. I also represent Guillen, Van Pelt, Tabasko,

Salony and Perez since they were CentraState employees at the time of your allegations in the amended complaint. Thus, they are all my clients.

Mr. Carney is not an employee of Atlantic Health and I do not represent him – he is a Monmouth Medical Center employee and therefore you should contact the attorney representing Monmouth Medical Center. As a result, you cannot contact any of the people you have listed below but for Mr. Carney and I cannot speak on his behalf or Monmouth Medical Center.

[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Mon, Sep 29, 2025 at 12:06 PM
To: "Behr, Matthew J." <MJBehr@mdwcg.com>

Mr Behr.

Thank you for the clarification. I know in the past you have stated it is unknown whether or not the mentioned individual defendants were represented; and the court docket would disagree. Excuse my ignorance.

[Quoted text hidden]