Gmail **Brad Clonan <clonanxyz@gmail.com>**

# Automatic reply: Request for Clarification Regarding Records and Procedures – Bradley Clonan if more appropriate to your client please inform.

4 messages

**Michael W. Bootier** <michael.bootier@bipc.com> Fri, Sep 12, 2025 at 3:12 PM
To: Brad Clonan <clonanxyz@gmail.com>

I am in trial and my responses to email will be delayed. If you need immediate assistance, please contact one of my colleagues. Otherwise, I will get back to you at th end of the day.

---

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

---

**Brad Clonan** <clonanxyz@gmail.com> Wed, Sep 24, 2025 at 11:37 AM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Subject: Clarification of March 25, 2023 Transfer Records

Dear Counsel,

I write in good faith to request clarification regarding inconsistencies I have identified in Hampton Behavioral Health Center's transfer and admission paperwork dated March 25, 2023.

For context, I was born on February 23, 1989. However, Hampton's records describe the transferred patient as 35 years old—an error not present in CentraState's contemporaneous records or recordings. To ensure the factual record is accurate, I respectfully ask that you clarify the following points:

- What age Hampton Behavioral Health Center documented for the patient accepted on March 25, 2023;
- The time Hampton's records reflect the patient was formally received that day; and
- Whether Hampton can determine if the incorrect age entry originated from the faxed paperwork transmitted from CentraState or Monmouth/PESS, or if it was introduced during Hampton's own intake process.

I raise this issue to reconcile the record and to understand where responsibility for the discrepancy lies, as the accuracy of transfer paperwork is relevant to my pending claims, including under EMTALA's screening and stabilization provisions and state law.

This request is not made as formal discovery but as a good-faith effort to resolve a factual inconsistency without burdening the Court. If at this point in time I should not be emailing you and instead addressing your client directly about my concerns please inform me so that I do not take up your valuable time. Thank you.

Respectfully,

Bradley Clonan

732-476-9555

Clonanxyz@gmail.com

[Quoted text hidden]

**Michael W. Bootier** <michael.bootier@bipc.com> Thu, Sep 25, 2025 at 1:22 PM
To: Brad Clonan <clonanxyz@gmail.com>

The nature of your inquiry is unclear. Please refer to your records if you have questions about the information contained therein. Thank you.

[Quoted text hidden]
[Quoted text hidden]

---

**Brad Clonan** <clonanxyz@gmail.com> Thu, Sep 25, 2025 at 1:46 PM
To: "Michael W. Bootier" <michael.bootier@bipc.com>

Mr. Bootier,

Thank you for your reply. I recognize you are balancing trial responsibilities and appreciate the time you have given my inquiries.

Candidly, I remain somewhat naive in navigating the overlap between my rights as a patient and the boundaries of this litigation. My request is rooted in dignity and the basic patient-physician relationship: I would prefer to speak directly with a treating clinician without attorneys present. My purpose is not adversarial—it is to understand the circumstances of my treatment and to reconcile errors in the records provided to me.

Specifically, I seek clarification regarding the discrepancy in my recorded age on March 25, 2023, transfer paperwork. I was born February 23, 1989, yet Hampton's intake materials describe the patient as 35 years old. This inconsistency does not appear in CentraState's contemporaneous records or recordings. I am simply trying to determine whether this error originated at CentraState's transmission point, Monmouth/PESS's involvement, or Hampton's intake process. The accuracy of this paperwork matters both to my health and to the integrity of the factual record.

To be direct:
1. Can Hampton confirm what age it documented when it accepted the transferred patient on March 25, 2023?
2. What time Hampton's records reflect that I was formally received that day?
3. Whether Hampton can determine if the incorrect age entry originated in paperwork received from CentraState/Monmouth or was introduced during Hampton's own intake?

In addition, I do not believe there should be any issue arranging a call with a physician who treated me—or, if necessary, an appropriate staff expert physician—to discuss my diagnosis, treatment, and any medications administered, including long-term side effects I should monitor. This is a reasonable patient inquiry, and one I believe should not require adversarial procedure.

If this request is better directed to your client or a designated clinical representative rather than through you, please let me know so that I do not impose further on your time.

I make this request in good faith, outside of formal discovery, and solely to resolve factual inconsistencies and ensure I understand my care. I am doing my best to respect federal rules and procedures while also protecting my own dignity and well-being.

Knowing this information will not magically make me a better lawyer . But it will help me heal.

Respectfully,
Bradley Clonan
732-476-9555
clonanxyz@gmail.com

[Quoted text hidden]