**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**CHAMBERS OF**
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

**CLARKSON S. FISHER BLDG.**
**& U.S. COURTHOUSE**
**402 EAST STATE STREET**
**TRENTON, NJ 08608**

June 10, 2026

**LETTER ORDER**

**Re: Bradley Clonan, et al. v. CemtraState Healthcare System/Atlantic Healthcare System, et al.**
**Civil Action No. 24-11399 (RK) (RLS)**

Dear Mr. Clonan and Counsel,

This matter comes before the Court upon a review of the docket as well as a Motion brought by *pro se* Plaintiff Bradley Clonan ("Plaintiff"), seeking the Court to grant him *in forma pauperis* ("IFP") status and appoint *pro bono* counsel (the "Motion"). (*See* Doc. No. 79).

On August 15, 2026, the Court issued an Opinion and Order dismissing Plaintiff's First Amended Complaint and granting Plaintiff an opportunity to file a Second Amended Complaint adequately alleging the Court's diversity jurisdiction over his state law claims. (*See* Doc. Nos. 72, 73). Plaintiff has failed to timely file a Second Amended Complaint within the original thirty-day deadline or the additional sixty-days provided thereafter. (*See* Doc. No. 76). However, Plaintiff has since filed the Motion, as well as a series of email correspondence. (*See* Doc. Nos. 79, 80).

Because Plaintiff has not yet filed a Second Amended Complaint, his requests for discovery and for appointment of *pro bono* counsel are premature.[1] However, in light

[1] Generally, there is no right to counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint *pro bono* counsel if the Court permits a litigant to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(1); *see also McGeachy v. Aviles*, No. 10-3562, 2011 WL 1885938, at *3 n.3 (D.N.J. May 18, 2011). A granting of IFP status is required before the Court may

of Plaintiff's *pro se* status, the Court will grant Plaintiff an additional thirty (30) days from the date of the entry of this Order to file a Second Amended Complaint consistent with the Court's August 15, 2025 Opinion and Order. No further extensions of Plaintiff's time to amend will be granted, and the continued failure to timely amend will result in this action remaining closed and dismissed. In the event Plaintiff timely files a Second Amended Complaint, Plaintiff may renew his requests for IFP status and appointment of *pro bono* counsel.

Accordingly, for those reasons, and good cause shown,

**IT IS** on this **10th** day of **June 2026** hereby

**ORDERED** that Plaintiff may file a Second Amended Complaint consistent with the Court's August 15, 2025 Opinion and Order by no later than **July 10, 2026**. The failure to do so will result in this action remaining closed and dismissed; and it is further

**ORDERED** that Plaintiff's Motion for IFP status and the appointment of *pro bono* counsel is DENIED as premature; and it is further

**ORDERED** that the Clerk of the Court shall terminate the Motion pending at Docket Entry Number 79; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Letter Order to *pro se* Plaintiff.

**SO ORDERED.**

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

---

appoint *pro bono* counsel. *See* 28 U.S.C. § 1915(e)(1). As a result, the Court must first grant Plaintiff IFP status before Plaintiff may seek appointment of *pro bono* counsel. The Court has not yet done so.