**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Malinda A. Miller, Esq. (Malinda.Miller@lewisbrisbois.com)
Robert E. Spitzer, Esq. (Robert.Spitzer@lewisbrisbois.com)
Michael A. Vespa, Esq. (Michael.Vespa@lewisbrisbois.com)
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 577-6260
Fax: (973) 577-6261
*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff,<br><br>v.<br><br>CENTRASTATE HEALTHCARE SYSTEM; HAMPTON BEHAVIORAL HEALTH CENTER; MONMOUTH MEDICAL CENTER; DR. CHRIS FABIAN, M.D.; THEO F. KALOGRIDIS, R.N.; DR. STEVEN GUILLEN, M.D.; DR. STEPHEN VAN PELT, M.D.; A. TABASKO, PA-C; ANTONELLA SALONY, R.N.; JORDAN WHITE, R.N.; DR. MICHAEL HOUDART, D.O.; DR. ATTA-UR REHMAN, M.D.; ANITA GIUNTA, L.S.W.; and “INTERN ASHLEY” (John/Jane Doe),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 3:24-cv-11399-RK-RLS |

**DEFENDANTS, HAMPTON BEHAVIORAL HEALTH CENTER, DR. MICHAEL HOUDART, DR. ATTA-UR REHMAN, ANITA GIUNTA, AND JODI SGOUROS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(B)(5) AND 12(B)(6)**

*Of Counsel:*
Malinda A. Miller, Esq.

*On the Brief:*
Robert E. Spitzer, Esq. & Michael A. Vespa, Esq.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.........................................iii

PRELIMINARY STATEMENT.........................................1

STANDARD OF REVIEW...........................................5

I. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(5)..............5

II. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6).............5

LEGAL ARGUMENT...............................................8

I. PLAINTIFF'S SECOND AMENDED COMPLAINT MUST BE DISMISSED AGAINST DEFENDANTS DR. MICHAEL HOUDART, DR. ATTA-UR REHMAN, ANITA GIUNTA, JODI SGOUROS FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S MARCH 25, 2025, ORDER DIRECTING PLAINTIFF TO PROPERLY SERVE THE DEFENDANT EMPLOYEES WITHIN 90 DAYS OF THE ORDER.................8

II. COUNT 11 ALLEGING BATTERY, COUNT 15, ALLEGING MEDICAL MALPRACTICE, AND COUNT 17, ALLEGING FALSE IMPRISONMENT, MUST BE DISMISSED AGAINST THE DEFENDANTS FOR PLAINTIFF'S FAILURE TO MAKE A CLAIM..............................12

A. COUNT 11 OF PLAINTIFF'S COMPLAINT, ALLEGING BATTERY/VICARIOUS LIABILITY FOR NONCONSENSUAL MEDICATION FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT PLEAD AN OPERABLE CAUSE OF ACTION FOR BATTERY AND, EVEN IF THEY DID, DEFENDANTS ARE IMMUNE FOR THE ALLEGEDLY TORTIOUS ACTS ...........................12

B. COUNT 15 OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ALLEGING INSTITUTIONAL NEGLIGENCE/PROFESSIONAL NEGLIGENCE IN EVALUATION, TREATMENT, AND CONTINUED CONFINEMENT, FAILS AS A MATTER OF LAW BECAUSE ALL MEDICAL TREATMENT PERFORMED BY HAMPTON BEHAVIORAL HEALTH CENTER AND ITS STAFF WAS COMPLETED DURING THE COURSE OF PLAINTIFF'S LAWFUL INVOLUNTARY COMMITMENT. ......................................16

C. COUNT 17 OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ALLEGING FALSE IMPRISONMENT, FAILS AS A MATTER OF LAW FOR FAILING TO MEET THE THRESHOLD ELEMENTS ........21

CONCLUSION.................................................24

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ....................5, 6, 7, 12, 18, 23

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ................................5, 6

Erickson v. Pardus,
551 U.S. 89 (2007) ....................................6

Fowler v. UPMC Shadyside,
578 F.3d 203 (3d Cir. 2009)............................6

Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,
988 F.2d 476 (3d Cir. 1993)............................5

Great W. Mining Co. v. Fox Rothschild LLP,
615 F.3d 159 (3d Cir. 2010)............................7

Hardt v. Reliance Standard Life Ins. Co.,
560 U.S. 242 (2010) ...................................14

I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.,
842 F.Supp.2d 762 (M.D. Pa. 2012).......................6

Kelly v. County of Monmouth,
380 N.J. Super. 552 (App Div. 2005)....................13

King v. Burwell,
576 U.S. 473 (2015)....................................14

Komlodi v. Picciano,
217 N.J. 387 (2014) ...................................16

Madison v. Jefferson Hosp.,
373 Fed. App'x 141(3d Cir. 2010) ....................6, 23

Mala v. Crown Bay Marina, Inc.,
704 F.3d 239, 244-45 (3d Cir. 2013).....................7

Mesgleski v. Oraboni,
330 N.J. Super. 10 (App. Div. 2000)....................21

Natale v. Camden Cnty. Corr. Facility,
318 F.3d 575, 579 & n.3 (3d Cir. 2003)....................16

Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,
484 U.S. 97, 104 (1987) ..................................5

Phillips v. County of Allegheny,
515 F.3d 224, 233 (3d Cir. 2008)..........................12

Santiago v. Warminster Twp.,
629 F.3d 121, 130 (3d Cir. 2010)...........................6

Ziemba v. Riverview Medical Center,
275 N.J. Super. 293 (App. Div 1994)...................14, 19

**STATUTES**

N.J.S.A. 30:4-27.2....................................14, 15, 20

N.J.S.A. 30:4-27.7..................4, 12, 13, 14, 17, 18, 19, 20

N.J.S.A. 30:4-27.9.............................................22

**RULES**

Fed. R. Civ. P. 4(m)........................................2, 8

Fed. R. Civ. P. 12(b)(5)....................................1, 5

Fed. R. Civ. P. 12(b)(6).................................1, 5, 6

**PUBLICATIONS**

Merriam-Webster..............................................1, 5

## PRELIMINARY STATEMENT

Defendants, Hampton Behavioral Health Center (hereinafter "Hampton"), Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros (hereinafter collectively "Defendants"), file this brief in support of their Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to the Federal Rules of Procedure 12(b)(5) and 12(b)(6).

Plaintiff initiated this matter upon the filing of a Complaint in the District of New Jersey on December 20, 2024. While the Complaint named no less than thirty-four (34) purported Defendants, a summons was issued as to four Defendants only – CentraState HealthCare System, Steve Guillen, Hampton Behavioral Health Center, and RWJ Barnabas Health. Thereafter, Plaintiff filed Affidavits of Service as to Hampton Behavioral Health Center and CentraState HealthCare System only. Plaintiff did not file any Affidavits of Service as to the initial Complaint for Defendants, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros, nor did he otherwise provide good cause for his failure to serve the initial Complaint upon Responding Defendants.

Plaintiff's original Complaint was dismissed, *sua sponte*, for failure to comply with Federal Rule of Civil Procedure 8. See

Exhibit B[1]. The Court determined that Plaintiff's claims were difficult to discern, and the "factual allegations underpinning these claims are indiscernible." See Exhibit B. In its Order, this Court additionally recognized that many individuals, including Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros had not been served with process of the initial Complaint. Exhibit B at Pages 7-8. The Court expressly stated that "[u]nless Plaintiff can establish that these Defendants were properly served within 90 days of the filing of the initial Complaint, by filing proof of service…or showing good cause for the failure of service, see Fed. R. Civ. P. 4(m), **any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint**." Id. (emphasis added).

On April 8, 2025, Plaintiff filed his First Amended Complaint against 33 named Defendants, including Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. See Exhibit C. In an Opinion dated August 15, 2025, the Court acknowledged that Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros had not been properly served within 90 days of when Plaintiff filed

[1] Any reference to Exhibit is a citation to the corresponding Exhibit annexed to the Certification of Counsel being filed contemporaneously with this Memorandum of Law.

his initial Complaint as required under Rule 4(m). Exhibit D at Page 13. The Court also recognized that Plaintiff's attempt at service to the aforementioned employee Defendants, via leaving the summons and First Amended Complaint with a receptionist at Hampton Behavioral Health Center, did not constitute proper service. See Exhibit E and Exhibit F. The Court, in its Opinion dated August 15, 2025, mindful of Plaintiff's pro se status "and having now clarified the impropriety of Plaintiff's attempts at service to date, Plaintiff is afforded one final opportunity to properly serve [Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros] within forty-five days of this Opinion being issued. Id.

Despite the Court's indulgence, Plaintiff has still failed to effectuate proper service of *any* Complaint, on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. Almost a year has passed, let alone 45 days, since the Court's direction featured in their August 15, 2025 Opinion. Therefore, as a preliminary matter, consistent with the Court's Order, Plaintiff's Second Amended Complaint against Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros (the "Defendant employees") must be dismissed with prejudice due to Plaintiff's failure to properly serve the Defendants and for failing to comply with the Court's direction as set forth in the Court's August 15, 2025 Order.

In addition to the procedural deficiencies, which mandate dismissal of the Second Amended Complaint as to the Defendant employees, the remaining claims in Plaintiff's Second Amended Complaint as to Hampton must be dismissed as a matter of law for failing to state a claim. Plaintiff's Second Amended Complaint alleges battery and "Vicarious liability for nonconsensual medication" (Count 11), "Institutional Negligence/Professional Negligence in Hampton Evaluation, Treatment, and Continued Confinement" (Count 15), and False Imprisonment (Count 17) against Defendant Hampton. Counts 11, 15, and 17, of Plaintiff's Second Amended Complaint fail to allege claims as a matter of law. It is Defendants' position that, as Hampton Behavioral Health Center was providing mental health treatment to Plaintiff in compliance with New Jersey statutes and an Order for Plaintiff's Involuntary Commitment entered by New Jersey's Superior Court, Defendant Hampton Behavioral Health Center is completely immunized per N.J.S.A. 30:4-27.7 and therefore all claims directed against Hampton Behavioral Health Center must be dismissed with prejudice.

## STANDARD OF REVIEW

### I. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(5)

"Before a federal court may exercise personal jurisdiction over a Defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "insufficiency of service of process" is a basis for which a Defendant may seek dismissal of a complaint. Fed. R. Civ. P. 12(b)(5). When a Plaintiff fails to properly serve a Defendant with the summons and complaint, a Defendant may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Id. In a motion to dismiss pursuant to 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue." Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

### II. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atl. at 555. "A Rule 12(b)(6) motion tests the sufficiency of

the complaint against the pleading requirements of Rule 8(a)." I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist., 842 F.Supp.2d 762, 769–70 (M.D.Pa.2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft at 677–78. Pursuant to Rule 8(a)(2), the statement must give the Defendant fair notice of the plaintiff's claim and the grounds for the same. Erickson v. Pardus, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Bell Atl. at 555. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). A Complaint must "show" that an individual is entitled to relief with its facts. Id.

The Third Circuit requires a multi-step analysis when reviewing a Rule 12(b)(6) motion. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) quoting Ashcroft at 675-679. Second, the Court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. Fowler at 210-11. "Conclusory allegations are not entitled to the assumption of truth." Madison v. Jefferson Hosp., 373 Fed. App'x 141, 142 (3d Cir. 2010). Lastly,

the Court must determine whether the remaining well-pleaded facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" Fowler at 211 quoting Ashcroft at 679. It must also be observed that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . [and] only a complaint that states a plausible claim for relief survives a motion to dismiss." Great W. Mining Co. v. Fox Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010). Even where a plaintiff has *pro se* status, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). **In the matter at bar, Plaintiff has failed to satisfy his threshold burden and dismissal is mandated under controlling and relevant authorities.**

## LEGAL ARGUMENT

### I. PLAINTIFF'S SECOND AMENDED COMPLAINT MUST BE DISMISSED AGAINST DEFENDANTS DR. MICHAEL HOUDART, DR. ATTA-UR REHMAN, ANITA GIUNTA, JODI SGOUROS FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S MARCH 25, 2025, ORDER DIRECTING PLAINTIFF TO PROPERLY SERVE THE DEFENDANT EMPLOYEES WITHIN 90 DAYS OF THE ORDER

This Honorable Court's March 25, 2025 Order expressly states that "[u]nless Plaintiff can establish that [Defendant employees Dr. Houdart, Dr. Rehman, Anita Giunta, and Jodi "Doe"] were properly served within 90 days of the filing of the initial Complaint, by filing proof of service…or showing good cause for the failure of service, see Fed. R. Civ. P. 4(m), **any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint.**" Id. (emphasis added). Exhibit B. Plaintiff has not sought reconsideration of that Order, nor has Plaintiff sought leave for alternate service.

On April 8, 2025, Plaintiff filed his First Amended Complaint against 33 named Defendants, including Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. In an Opinion dated August 15, 2025, the Court acknowledged that Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros had not been properly served within 90 days of when Plaintiff filed his initial Complaint as required under Rule 4(m). Exhibit D at Page 9. The Court also recognized that Plaintiff's attempt at service to the

aforementioned employee Defendants, via leaving the summons and First Amended Complaint with a receptionist at Hampton Behavioral Health Center, did not constitute proper service. Id. See Exhibit E. The Court, in their Opinion dated August 15, 2025, mindful of Plaintiff's *pro se* status "and having now clarified the impropriety of Plaintiff's attempts at service to date, Plaintiff is afforded one final opportunity to properly serve [Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros] within forty-five days of this Opinion being issued. Exhibit E at Page 13.

Despite the Court's indulgence, Plaintiff has still failed to effectuate proper service on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. Almost a year has passed, let alone 45 days, since the Court's direction featured in its August 15, 2025 Opinion. Plaintiff's Second Amended Complaint against Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros ("Defendant employees") must be dismissed with prejudice due to Plaintiff's failure to properly serve the Defendants and for failing to comply with the Court's direction as set forth in the Court's August 15, 2025 Order. Plaintiff never filed any proof of service or shown good cause for the failure to serve the initial Complaint upon the moving employee Defendants. Plaintiff uploaded an Affidavit of Service to January 6, 2025, however the Affidavit only indicates service was completed against

Defendant Hampton Behavioral Health Center at their business address and makes zero reference to service of the employee Defendants. Exhibit F.

Thereafter, Plaintiff filed his Second Amended Complaint against the moving Defendants on June 11, 2026. Plaintiff's June 11, 2026 Second Amended Complaint incorporates a "Certificate of Service" which represents verbatim that:

> "I [Plaintiff Pro Se Bradley Clonan] hereby certify that on this date, a true and correct copy of the foregoing Consolidated Opposition to Defendants' Motion to Dismiss was served upon all counsel of record via the Court's electronic filing system. defendant certifies that prior to filing this motion he conferred in good faith with counsel for the plaintiff in order to resolve this matter by agreement, but the parties have been unable to do so. Specifically counsel for the defendant [sic]"[2]

Exhibit G at Page 35.

Plaintiff's "Certificate of Service," by the plain letter of the filing, does not establish that proper service had been effectuated on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros at the time of Plaintiff's filing of his Second Amended Complaint, let alone establishing proper service was complete within 90 days of the Court's March 25, 2025 Order. While Plaintiff attempted to contact defense counsel to

---

[2] The referenced language in Plaintiff's "Certificate of Service" abruptly ends mid-sentence.

request same waive proper service of the employee Defendants, defense counsel advised they did not have the authority.[3]

In sum, Plaintiff has failed to properly effectuate service against Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros. Plaintiff has also failed to submit any filing "showing good cause for the failure of service" per the Court's August 15, 2025 Order. Therefore, pursuant to the Court's August 15, 2025 Order, and pursuant to Rule 4(m), Plaintiff's Second Amended Complaint must be dismissed as to Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros.

[3] As this request was made in May of 2025, the defense counsel referenced is prior defense counsel for the moving Defendants from Buchanan Ingersoll & Rooney PC.

## II. COUNT 11 ALLEGING BATTERY, COUNT 15, ALLEGING MEDICAL MALPRACTICE, AND COUNT 17, ALLEGING FALSE IMPRISONMENT, MUST BE DISMISSED AGAINST THE DEFENDANTS FOR PLAINTIFF'S FAILURE TO MAKE A CLAIM

### A. COUNT 11 OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ALLEGING BATTERY/VICARIOUS LIABILITY FOR NONCONSENSUAL MEDICATION FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF DOES NOT PLEAD AN OPERABLE CAUSE OF ACTION FOR BATTERY AND, EVEN IF THEY DID, DEFENDANTS ARE IMMUNE FOR THE ALLEGEDLY TORTIOUS ACTS

Count 11 of Plaintiff's Complaint, alleging battery against Defendant Hampton Behavioral Health Center, fails as a matter of law because, even under the Court's indulgent pleading standard, Plaintiff has failed to establish a prima facie claim for battery, and, even if Plaintiff's Complaint did establish such a claim, Defendant Hampton Behavioral Health Center is immunized from any liability under N.J.S.A. 30:4-27.7.

In evaluating the sufficiency of a Complaint, a Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). However, "the tenet that a Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft at 678.

In New Jersey a tort claim for battery must establish 1) a voluntary, deliberate act, 2) harmful or offensive contact, and 3)

lack of consent on behalf of the Plaintiff. See Kelly v. County of Monmouth, 380 N.J. Super. 552 (App Div. 2005). Plaintiff alleges that "Hampton owed Plaintiff a duty not to administer psychotropic medication without consent or lawful justification," and that by not obtaining Plaintiff's "valid consent or a documented emergency" they committed the tort of battery. Exhibit G at ¶ 123-124. As a preliminary matter, New Jersey's elements for the tort of battery make no reference to duty or breach of a duty and Plaintiff's claims on its own does not substantiate a claim for the tort of battery.

Plaintiff's claim for battery is also inoperable as a matter of law because Plaintiff's allegation that Hampton Behavioral Health Center's staff engaged in battery by forcing him to take medication as Hampton Behavioral Health Center's and its employees are absolutely immune as a matter of law as Plaintiff was involuntarily committed to the facility for mental health treatment and Plaintiff's alleged tortious acts are evidently related to providing mental health treatment. N.J.S.A. 30:4-27.7 applies as an absolute immunity to Plaintiff's claim alleging medical malpractice. N.J.S.A. 30:4-27.7 provides:

> "A law enforcement officer, screening service, outpatient treatment provider or short-term care facility designated staff person or their respective employers, acting in good faith pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.) and P.L.2009, c.112 who takes reasonable steps to assess, take custody of, detain or transport an individual for the purposes of

> mental health assessment or treatment is immune from civil and criminal liability."

N.J.S.A. 30:4-27.7 (emphasis added).

See also Ziemba v. Riverview Medical Center, 275 N.J. Super. 293 (App. Div 1994) (finding medical facility Defendants enjoyed "an absolute immunity from civil or criminal liability if they acted in good faith and took reasonable steps toward effectuating the commitment.") **This is such a matter in which the well-recognized statutory immunity must be recognized and invoked.**

A short-term care facility is defined by the statute as "an inpatient, community based mental health treatment facility that is designated to provide acute care and assessment services to a person with mental illness whose mental illness causes the person to be dangerous to self or dangerous to others or property." See N.J.S.A. 30:4-27.2. While "good faith" is not defined by the statute it's definition can be presumed by the plain meaning of the word. See King v. Burwell, 576 U.S. 473, 486 (2015), citing Hardt v. Reliance Standard Life Ins. Co., 560 U. S. 242, 251 (2010) (If the statutory language is plain, the Court must enforce it according to its terms). See *Merriam-Webster Definition of Good Faith* (good faith defined as "honesty or lawfulness of purpose.")

Per Plaintiff's Complaint, Plaintiff alleges that Hampton "otherwise relied on the flawed CentraState and Monmouth/PESS records, during [the Hampton] intake process" and that Hampton

Behavioral Health Center's purportedly tortious conduct stemmed from reliance on these records from the aforementioned medical providers. Exhibit G at ¶ 50. As reliance on prior medical provider's medical records were "reasonable steps to assess, take custody of, detain or transport an individual for the purposes of mental health assessment or treatment," Defendant Hampton is entitled to immunity from Plaintiff's claims sounding in battery per N.J.S.A. 30:4-27.2.

Defendants' position is supplemented by the fact that Plaintiff alleges in the Second Amended Complaint that on March 27, 2023, a Temporary Order for Involuntary Commitment was entered by the Superior Court of New Jersey. Exhibit G at ¶ 54. Defendants submit that, per Plaintiff's claim that a Court Order was entered finding that involuntary commitment was necessary for Plaintiff's health, that Defendant Hampton Behavioral Health Center's treatment was reasonable under the circumstances, performed in good faith, and that the alleged battery conduct was done to treat Plaintiff. Therefore, Count 11 of Plaintiff's Second Amended Complaint fails as a matter of law.

**B. COUNT 15 OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ALLEGING INSTITUTIONAL NEGLIGENCE/PROFESSIONAL NEGLIGENCE IN EVALUATION, TREATMENT, AND CONTINUED CONFINEMENT, FAILS AS A MATTER OF LAW BECAUSE ALL MEDICAL TREATMENT PERFORMED BY HAMPTON BEHAVIORAL HEALTH CENTER AND ITS STAFF WAS COMPLETED DURING THE COURSE OF PLAINTIFF'S LAWFUL INVOLUNTARY COMMITMENT**

Count 15 of Plaintiff's Complaint, alleging Institutional Negligence/Professional Negligence in Hampton's Evaluation, Treatment, and Continued Confinement, against Defendant Hampton Behavioral Health Center is equally anemic and must be dismissed as a matter of law.

To plead a cause of action in a medical malpractice case, a plaintiff must plead facts sufficient to establish: the standard of care, that a defendant's deviation from that standard caused an injury, and resulting damages. Komlodi v. Picciano, 217 N.J. 387, 409 (2014), see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 579 & n.3 (3d Cir. 2003) (a "malpractice claim requires a plaintiff to show, *inter alia*, that a duty of care existed and that the defendant breached that duty").

Plaintiff's Second Amended Complaint alleges that Hampton Behavioral Health Center owed Plaintiff "institutional duties" including a duty to perform an independent intake assessment, verify sending-facility records before relying on them, ensuring medication and confinement were clinically and legally justified, maintaining accurate care plans and discharge records, and

releasing Plaintiff once "continued confinement lacked justification." Exhibit G at ¶ 144.

Plaintiff claims these duties were breached by admitting and treating Plaintiff based on purportedly flawed records from CentraState and Monmouth/PESS records "without adequate independent evaluation. Id. Plaintiff contradicts themselves by claiming that Defendant Dr. Atta-ur Rehman, while at Hampton personally evaluated Plaintiff upon admission on March 26, 2023. Id. at ¶ 52. The plain language of Plaintiff's Second Amended Complaint, taken in its totality, alleges that Hampton Behavioral Health Center breached a presumed duty to perform an independent evaluation on Plaintiff while also alleging that Hampton Behavioral Health Center *did* perform an independent evaluation of Plaintiff on admission.

Plaintiff continues by providing a litany of "documented contradictions and omissions" within their Second Amended Complaint which purports to establish that Defendants did not act "in good faith and did not involve objectively reasonable steps within the meaning of N.J.S.A. 30:4-27.7." Exhibit G at ¶ 66. It must be observed that amongst the ten alleged "contradictions and omissions" is Plaintiff's "Hampton's alleged failure to conduct an independent intake evaluation" despite the fact that Plaintiff acknowledges he was evaluated by Defendant Dr. Atta-ur Rehman. See Pl. Compl at. 52.

A plain reading of Plaintiff's Second Amended Complaint shows that Plaintiff has not established a cognizable claim for professional negligence and therefore Count 15 of Plaintiff's Second Amended Complaint fails as a matter of law.

Plaintiff also makes the conclusory allegation that "Plaintiff alleges that Hampton's conduct was not in good faith and did not constitute reasonable steps within the meaning of N.J.S.A. 30;4-27.7 and was at minimum grossly negligent." Exhibit G at ¶ 146. Plaintiff's self-serving claim about relevant immunities should not be entertained by the Court. The Court in Ashcroft v. Iqbal acknowledged that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" Ashcroft at 679 (emphasis added). The Court further observed that "for the purposes of a motion to dismiss courts must take all of the factual allegations in the complaint as true, [however] they are not bound to accept as true a legal conclusion couched as a factual allegation" and "[i]t is the conclusory nature of [a] respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. Id. at 678 - 681.

As discussed above, it is Defendants' continued position that the N.J.S.A. 30:4-27.7 applies as an absolute immunity to Plaintiff's claim alleging medical malpractice. N.J.S.A. 30:4-27.7 provides:

> "A law enforcement officer, screening service, outpatient treatment provider or short-term care facility designated staff person or their respective employers, acting in good faith pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.) and P.L.2009, c.112 who takes reasonable steps to assess, take custody of, detain or transport an individual for the purposes of mental health assessment or treatment is immune from civil and criminal liability."

N.J.S.A. 30:4-27.7 (emphasis added). See also Ziemba v. Riverview Medical Center, 275 N.J. Super. 293 (App. Div 1994) (finding medical facility Defendants enjoyed "an absolute immunity from civil or criminal liability if they acted in good faith and took reasonable steps toward effectuating the commitment.")

Per Plaintiff's Complaint, Plaintiff alleges that Hampton "otherwise relied on the flawed CentraState and Monmouth/PESS records, during [the Hampton] intake process" and that Hampton Behavioral Health Center's purportedly tortious conduct stemmed from reliance on these records from the aforementioned medical providers. Exhibit G at ¶ 50.[4] As reliance on prior medical provider's medical records were "reasonable steps to assess, take custody of, detain or transport an individual for the purposes of mental health assessment or treatment," Defendant Hampton is

[4] Plaintiff also alleges that "Hampton paperwork included a handwritten notation indicating that Hampton did not independently evaluate Plaintiff" yet, as discussed previously, Plaintiff's Complaint alleges that Defendant Dr. Atta-Ur Rehman evaluated Plaintiff.

entitled to immunity from Plaintiff’s claims sounding in medical malpractice per N.J.S.A. 30:4-27.2.

Defendants’ position is supplemented by the fact that Plaintiff alleges in the Second Amended Complaint that on March 27, 2023, a Temporary Order for Involuntary Commitment was entered by the Superior Court of New Jersey. Exhibit G at ¶ 54. Defendants’ submit that, per Plaintiff’s claim that a Court Order was entered finding that involuntary commitment was necessary for Plaintiff’s health, that Defendant Hampton Behavioral Health Center’s treatment was reasonable under the circumstances, performed in good faith, and that Plaintiff’s conclusory claims that N.J.S.A. 30:4-27.7 does not apply has no impact on the obvious conclusion that Defendant is entitled to civil immunity on Plaintiff’s tort claims as a matter of law.

### C. COUNT 17 OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ALLEGING FALSE IMPRISONMENT, FAILS AS A MATTER OF LAW FOR FAILING TO MEET THE THRESHOLD ELEMENTS

Count 17 of Plaintiff's Complaint, alleging false imprisonment, also fails as a matter of law. The tort for false imprisonment has two elements: (1) "an arrest or detention of the person against his or her will" and (2) "lack of proper legal authority or legal justification." Mesgleski v. Oraboni, 330 N.J. Super. 10, 24 (App. Div. 2000). As a short-term care facility who admitted Plaintiff for involuntary medical treatment Defendant had "proper legal authority or legal justification" to keep Plaintiff at Defendant's facility and therefore Plaintiff's claim for false imprisonment fails as a matter of law.

Plaintiff's Complaint alleges that on March 25, 2025, at approximately 1:00 AM, a screener identified as "Theo" and associated with Defendant Monmouth Medical Center PESS was assigned to evaluate Plaintiff. See Exhibit G at ¶ 37. Per Plaintiff's Complaint, at approximately 2 A.M., Defendant Dr. Chris Fabian, acting through Monmouth/PESS, completed a Clinical/Screening Certificate certifying Plaintiff as a danger to self or others based on a delusional system, unspecified psychosis, and alleged medication overuses. Id. at ¶ 40. A short-term care or psychiatric facility, or a special psychiatric hospital, may detain a person admitted to the facility involuntarily by referral from a screening service without a temporary court order for no

more than 72 hours from the time the screening certificate was executed. See N.J.S.A. 30:4-27.9(a). Therefore, per Plaintiff's Complaint, Plaintiff was legally committed from March 25, 2025 at 2:00 A.M., when Dr. Fabian signed Plaintiff's Screening Certificate, to March 28, 2025, at 2:00 A.M. (i.e. 72 hours).

Plaintiff's Second Amended Complaint next alleges that Plaintiff was transported from Defendant CentraState to Hampton Behavioral Health Center on March 25, 2025 at 12:38 PM. Id. at ¶ 49. Plaintiff's Complaint alleges that on March 27, 2023 a Temporary Order for Involuntary Commitment was entered by the Superior Court of New Jersey. Id. at ¶ 54. Plaintiff received treatment at Hampton Behavioral Health Center from March 27, 2023 until March 30, 2023 when Plaintiff was discharged from the facility. Id. at ¶ 68.

Plaintiff's own Complaint makes it abundantly clear that at all times Plaintiff was being treated at Hampton Behavioral Health Center that the facility maintained "proper legal authority or legal justification" to hold Plaintiff and therefore Plaintiff cannot sustain a claim of false imprisonment as a matter of law. This is only enforced by Plaintiff's own claim that Count 17 "does not seek to invalidate or review the facially valid state-court Temporary Order." Id. at ¶ 155. If Plaintiff does not object to the validity of the Temporary Order then they have no grounds to argue that Defendant did not have legal authority and/or legal

justification to ensure they remained at Hampton Behavioral Health Center for treatment.

Yet, Plaintiff inserts a legal conclusion into the Second Amended Complaint asserting that Hampton should have administratively discharged Plaintiff sooner than they were. Id. at 155. Plaintiff's hypothetical as to what Hampton's medical providers "should" have done is irrelevant to the fact that Hampton had a continuing legal authority to keep Plaintiff at its facility until they deemed him capable of discharge. See Madison v. Jefferson Hosp., 373 Fed. App'x 141, 142 (3d Cir. 2010) ("Conclusory allegations are not entitled to the assumption of truth.") and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.") **This is such a case in which while lengthy, Plaintiff's Second Amended Complaint fails to plead sufficient facts to defeat the instant motion to dismiss as to Count 17.**

In conclusion, the Court should dismiss Count 17 of Plaintiff's Complaint with prejudice as a matter of law.

**CONCLUSION**

Plaintiff's Second Amended Complaint against Defendants, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros must be dismissed with prejudice due to Plaintiff's failure to properly serve the Defendants and for failing to comply with the Court's direction as set forth in the Court's March 25, 2025 Order. Further, Counts 11, 15, and 17, of Plaintiff's Second Amended Complaint fail to allege claims as a matter of law against all Defendants, including, Defendant Hampton Behavioral Health Center, but assuming arguendo, this Honorable Court finds that Plaintiff has set forth potentially cognizable claims (which he has not), Defendants are entitled to immunity pursuant to relevant case and statutory law.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

BY: ***_/s/ Robert E. Spitzer***
Robert E. Spitzer, Esq.

DATED: June 25, 2026