Bradley Clonan
2604 W Rhododendron Drive
Abingdon, Maryland 21009
(732) 476-9555
clonanxyz@gmail.com
Plaintiff Pro Se

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff,<br><br>v.<br><br>CENTRASTATE HEALTHCARE SYSTEM; HAMPTON BEHAVIORAL HEALTH CENTER; MONMOUTH MEDICAL CENTER; DR. CHRIS FABIAN, M.D.; THEO F. KALOGRIDIS, R.N.; DR. STEVEN GUILLEN, M.D.; DR. STEPHEN VAN PELT, M.D.; A. TABASKO, PA-C; ANTONELLA SALONY, R.N.; JORDAN WHITE, R.N.; DR. MICHAEL HOUDART, D.O.; DR. ATTA-UR REHMAN, M.D.; ANITA GIUNTA, L.S.W.; and “INTERN ASHLEY” (John/Jane Doe),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 3:24-cv-11399-RK-RLS<br><br>**CERTIFICATION OF BRADLEY CLONAN IN OPPOSITION TO DEFENDANTS’<br>MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF’S CROSS-MOTION<br>FOR AN EXTENSION OF TIME TO COMPLETE SERVICE** |

I, Bradley Clonan, of full age, hereby certify as follows:

1. I am the Plaintiff in this action, appearing pro se. I make this Certification in opposition to the Motion to Dismiss filed by Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros (ECF No. 85), and in support of my cross-motion for an extension of time to complete service of process. I have personal knowledge of the facts stated below.

2. On December 20, 2024, I filed the original Complaint in this action. I retained Proof, a professional process-serving service, to serve process. On January 3, 2025, its process server, Glenn DePretis, served the Summons and Complaint on Defendant Hampton Behavioral Health

Center at 650 Rancocas Road, Westampton, New Jersey (Proof Job No. 796560), and an Affidavit of Service was filed on January 6, 2025. (See ECF No. 8)

3. At that time, I understood in good faith — mistakenly, as the Court later clarified — that service on Hampton, the employer of the individual Defendants, at its business address, was effective as to the individual Defendants as well.

4. The Moving Defendants' brief states that in May 2025 I contacted their prior defense counsel, Buchanan Ingersoll & Rooney PC, to request that they waive or accept service on the individual Defendants' behalf, and that counsel advised they did not have the authority to do so. (ECF No. 85-1 at 10–11 & n.3.) I do not have records of that exchange in my possession, and I rely on the Moving Defendants' own account of it.

5. On August 15, 2025, the Court dismissed my First Amended Complaint and granted me leave to file a Second Amended Complaint adequately alleging the Court's diversity jurisdiction. (ECF Nos. 72, 73.) I understood that, from that point until a Second Amended Complaint was filed and accepted, this case was dismissed and closed. For that reason, I understood in good faith — mistakenly, I now recognize — that there was no operative complaint that I could serve on the individual Defendants during that period, and that my service obligations would attach to the forthcoming amended pleading.

6. My personal circumstances during this period were difficult. In August 2025, I lost my job at Mariner Finance. During the forty-five-day period following the Court's August 15, 2025 Opinion, my wife was in the final months of her pregnancy, and our son was delivered by cesarean section on November 11, 2025, shortly after that period expired, requiring me to care for both my recovering wife, our newborn and our three other daughters. Throughout this period I was also experiencing severe anxiety and post-traumatic distress arising from the events

described in the Second Amended Complaint, and I have been unable to perform at the professional level I sustained before those events. Supporting my family through those months consumed my time, energy, and finances from the late summer of 2025 into 2026.

7. I did not abandon this case during that period. I moved for leave to proceed in forma pauperis and for the appointment of pro bono counsel (ECF No. 79), in part because I recognized that I needed professional help with the procedural requirements of this litigation, including service of process, and I corresponded with the Court (ECF No. 80). On June 10, 2026, Magistrate Judge Singh issued a Letter Order granting me until July 10, 2026 to file my Second Amended Complaint and denying my in forma pauperis and pro bono application as premature, with leave to renew after the Second Amended Complaint was filed. (ECF No. 82.) I filed my Second Amended Complaint the next day, June 11, 2026. (ECF No. 83.)

8. On June 30, 2026, consistent with the June 10, 2026 Letter Order, I renewed my application for leave to proceed in forma pauperis (ECF No. 86), and on July 1, 2026, I filed a renewed application for the appointment of pro bono counsel (ECF No. 87). Both applications remain pending.

9. I received the instant Motion to Dismiss on or about June 25, 2026. I acted immediately to complete formal service on the individual Defendants.

10. On July 2, 2026, I submitted requests to the Clerk for issuance of summonses as to Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta, and for the other Defendants named in the Second Amended Complaint. The Clerk issued the summons on July 6, 2026. (ECF No. 92.) True copies of the requests and the issued summons are attached as Exhibit C.

11. On July 7, 2026, I emailed courtesy copies of the issued summonses and the Second Amended Complaint to counsel of record for the Hampton Defendants (Lewis Brisbois Bisgaard & Smith LLP).

12. On July 7, 2026, I mailed service packets — each containing the summons issued by the Clerk on July 6, 2026 and a copy of the Second Amended Complaint, together with money orders checks for the statutory service fees — to the Sheriff of Burlington County (Civil Process Unit, Mount Holly, New Jersey) (Ex. A, B, C & D), for personal service upon Dr. Houdart, Dr. Rehman, and Ms. Giunta at Hampton Behavioral Health Center, and to the Sheriff of Monmouth County (Civil Process Division, Freehold, New Jersey), for personal service upon the CentraState and Monmouth Medical Center defendants. Copies of my cover letters to the Sheriffs, with proof of mailing, are attached as Exhibit A, B, C & D. I will file each affidavit of service on the docket immediately upon receipt from the respective Sheriff's office.

13. The individual Defendants have been named in every complaint filed in this action since December 20, 2024. According to the Moving Defendants' own brief, they were represented by prior defense counsel, Buchanan Ingersoll & Rooney PC, by May 2025 (ECF No. 85-1 at 11 n.3), and they are represented today by Lewis Brisbois Bisgaard & Smith LLP, who have appeared and litigated on their behalf. They have had notice of this action and of the claims against them at all relevant times.

14. The events giving rise to my claims occurred in March 2023, more than two years ago. If my claims against the individual Defendants are dismissed, even without prejudice, I will be unable to refile them.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. 28 U.S.C. § 1746.

Dated: July 7th, 2026

Respectfully submitted,

/s/ Bradley Clonan
Bradley Clonan, Plaintiff Pro Se
2604 W Rhododendron Drive
Abingdon, Maryland 21009
(732) 476-9555
clonanxyz@gmail.com