**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Malinda A. Miller, Esq. (Malinda.Miller@lewisbrisbois.com)
Robert E. Spitzer, Esq. (Robert.Spitzer@lewisbrisbois.com)
Michael A. Vespa, Esq. (Michael.Vespa@lewisbrisbois.com)
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 577-6260
Fax: (973) 577-6261
*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff,<br><br>v.<br><br>CENTRASTATE HEALTHCARE SYSTEM; HAMPTON BEHAVIORAL HEALTH CENTER; MONMOUTH MEDICAL CENTER; DR. CHRIS FABIAN, M.D.; THEO F. KALOGRIDIS, R.N.; DR. STEVEN GUILLEN, M.D.; DR. STEPHEN VAN PELT, M.D.; A. TABASKO, PA-C; ANTONELLA SALONY, R.N.; JORDAN WHITE, R.N.; DR. MICHAEL HOUDART, D.O.; DR. ATTA-UR REHMAN, M.D.; ANITA GIUNTA, L.S.W.; and “INTERN ASHLEY” (John/Jane Doe),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br>3:24-cv-11399-RK-RLS |

**DEFENDANTS, HAMPTON BEHAVIORAL HEALTH CENTER, DR. MICHAEL HOUDART, DR. ATTA-UR REHMAN, ANITA GIUNTA, AND JODI SGOUROS' MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S CROSS-MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS PURSUANT TO F.R.C.P. 4(M) AND 6(B)(1)(B)**

*Of Counsel:*
Malinda A. Miller, Esq.

*On the Brief:*
Robert E. Spitzer, Esq. & Michael A. Vespa, Esq.

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES........................................ii

PRELIMINARY STATEMENT........................................1

STANDARD OF REVIEW........................................5

I. DISTRICT COURT OF NEW JERSEY, LOCAL RULE 7.1(i).......5

II. FEDERAL RULES OF CIVIL PROCEDURE 4(M).................6

III. FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6).............6

LEGAL ARGUMENT........................................7

I. PLAINTIFF HAS FAILED TO ESTABLISH ENTITLEMENT TO RECONSIDERATION OF THE COURT'S ORDERS OF AUGUST 15, 2025 OR JUNE 10, 2026........................................7

II. PLAINTIFF HAS FAILED TO ESTABLISH THAT THERE IS GOOD CAUSE FOR AN EXTENSION TO THE DEADLINE SET BY THE COURT ........................................8

III. AS PLAINTIFF FAILED TO COMPLY WITH THE COURT'S PREVIOUS ORDERS DIRECTING PLAINTIFF TO FILE A PROOF OF SERVICE OR SHOW "GOOD CAUSE FOR THE FAILURE OF SERVICE," THE COURT SHOULD DENY PLAINTIFF'S CROSS-MOTION TO EXTEND TIME TO EFFECTUATE PROPER SERVICE............................14

IV. THE COURT, WHICH HAS ALREADY BEEN QUITE INDULGING OF THE PLAINTIFF, SHOULD DECLINE EXERCISING ITS DISCRETION TO EXTEND THE TIME FOR SERVICE OF THE EMPLOYEE DEFENDANTS ........................................18

CONCLUSION........................................22

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

In re Secivanovic, 2006 U.S. Dist. LEXIS 79155(D.N.J. 2006).....5

Max's Seafood Cafe v. Quinteros, 176 F.3d 669 (3d Cir. 1999)....5

Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298 (3rd Cir. of Appeals 1995).........................................18, 19

Rashid v. Delta State Univ., 306 F.R.D. 530(N.D. Miss. 2015)....6

United States v. Jones, 158 F.R.D. 309 (D.N.J. 1994)...........5

Vincent v. Reynolds Memorial Hosp., Inc., 141 F.R.D. 436 (N.D. W. Va. 1992)..............................................19, 20

West Coast Theater Corp. v. Portland, 897 F.2d 1519 (9th Cir. 1990)...................................................6

**RULES**

L. Civ. R. 7.1(i)..........................................5, 18

Fed. R. Civ. P. 4(m)..........................1, 2, 6, 8, 14, 19

Fed. R. Civ. P. 6(b)(1)....................................1, 6

## PRELIMINARY STATEMENT

Defendants, Hampton Behavioral Health Center (hereinafter "Hampton"), Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Guinta, (hereinafter collectively "Defendants" or "employee Defendants"), file this brief in opposition to Plaintiff's Cross-Motion for an extension of time to complete service of process pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b)(1)(B). **While Plaintiff is moving for relief under the aforementioned Federal Rules of Civil Procedure, it is Defendants' position that Plaintiff is now moving for reconsideration of the Court's Orders of August 15, 2025 and June 10, 2026, insofar as Plaintiff is seeking to extend the time this Honorable Court has already set to properly serve the Defendants with the Second Amended Complaint.**

Plaintiff initiated this matter upon the filing of a Complaint in the District of New Jersey on December 20, 2024. While the Complaint named no less than thirty-four (34) purported Defendants, a summons was issued as to four Defendants only – CentraState HealthCare System, Steve Guillen, Hampton Behavioral Health Center, and RWJ Barnabas Health. Thereafter, Plaintiff filed Affidavits of Service as to Hampton Behavioral Health Center and CentraState HealthCare System only. Plaintiff did not file any Affidavits of Service as to the initial Complaint for Defendants, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi

Sgouros, nor did he otherwise provide good cause for his failure to serve the initial Complaint upon Responding Defendants.

Plaintiff's original Complaint was dismissed, *sua sponte*, for failure to comply with Federal Rule of Civil Procedure 8. Case 3:24-cv-11399-RK-RLS DKT0025. The Court determined that Plaintiff's claims were difficult to discern, and the "factual allegations underpinning these claims are indiscernible." Id. at 517. In its Order, this Court additionally recognized that many individuals, including Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros had not been served with process of the initial Complaint. Id. at PageID: 521-522. The Court expressly stated that "[u]nless Plaintiff can establish that these Defendants were properly served within 90 days of the filing of the initial Complaint, by filing proof of service…or showing good cause for the failure of service, see Fed. R. Civ. P. 4(m), **any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint**." Id. at 522. (emphasis added).

On April 7, 2025, Plaintiff filed his First Amended Complaint against 33 named Defendants, including Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. Case 3:24-cv-11399-RK-RLS DKT0028. In an Opinion dated August 15, 2025, the Court acknowledged that Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta,

and Jodi Sgouros had not been properly served within 90 days of when Plaintiff filed his initial Complaint as required under Rule 4(m). Case 3:24-cv-11399-RK-RLS DKT0072. The Court also recognized that Plaintiff's attempt at service to the aforementioned employee Defendants, via leaving the summons and First Amended Complaint with a receptionist at Hampton Behavioral Health Center, did not constitute proper service. Case 3:24-cv-11399-RK-RLS DKT0072. The Court, in its Opinion dated August 15, 2025, mindful of Plaintiff's pro se status "and having now clarified the impropriety of Plaintiff's attempts at service to date, Plaintiff is afforded **one final opportunity** to properly serve [Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros] within forty-five days of this Opinion being issued. Id. (emphasis added).

Despite the Court's indulgence, Plaintiff has still failed to effectuate proper service of *any* Complaint, on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Guinta. Almost a year has passed, let alone 45 days, since the Court's direction featured in their August 15, 2025 Opinion. Thereafter, on June 10, 2026, the Court afforded Plaintiff **another** opportunity to file the Second Amended Complaint and effect service "consistent with Court's August 15, 205 Opinion and Order". Case 3:24-cv-11399-RK-RLS DKT0082. The Second Amended Complaint was filed on June 11, 2026. Case 3:24-cv-11399-RK-RLS DKT0083.

**Plaintiff's application does not address the "high" standard that must be met for reconsideration of the Court's Orders and simply claims that there is good cause for an extension to the Court ordered deadlines** based on claims that a) the Court's instructions in their August 15, 2025 Opinion, which ordered Plaintiff to personally serve the employee Defendants, was misleading and could not be fairly understood, b)that Plaintiff had been diligently pursuing their claim, c) that Plaintiff's personal circumstances during the period after the entry of the August 15, 2025 Order was "extraordinary," d) that Plaintiff's "conduct before and after [that period regarding the August 15, 2025 Order] reflects diligence, not neglect (analogous to their second claim), and e) that as the Court "responded with lenity rather than forfeiture" the Court should once again permit Plaintiff additional time to proper serve the employee Defendants. Pl. Br. at Page 12.

**The defense submits that Plaintiff cannot establish good cause, much less the sparingly used relief of reconsideration and Plaintiff is not entitled to the requested extension**. Each one of these claims cannot be substantiated in the record and must be dismissed as meritless.

## STANDARD OF REVIEW

### III. DISTRICT OF NEW JERSEY, LOCAL RULE 7.1(i)

Motions for reconsideration are governed by L. Civ. R. 7.1(i) and it is widely recognized that the "standard for reconsideration itself is high and reconsideration is to be granted only sparingly". In re Secivanovic, 2006 U.S. Dist. LEXIS 79155, *5 (D.N.J. 2006) citing United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). In such an application, moving party has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted). To be clear, a "Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter". In re Secivanovic, at *6. In the matter at bar, Plaintiff has failed to even attempt to argue one of the limited circumstances in which reconsideration would be appropriate.

## I. FEDERAL RULES OF CIVIL PROCEDURE 4(M)

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). But if the Plaintiff shows good cause for the failure, the court is to extend the time for service for an appropriate period. Id. It is established that lack of prejudice by itself is not sufficient to establish good cause. West Coast Theater Corp. v. Portland, 897 F.2d 1519, 1528-29 (9th Cir. 1990).

## II. FEDERAL RULES OF CIVIL PROCEDURE 6(b)(1)(B)

When an act may or must be done within a specified time, the Court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(A-B).

Lack of prejudice in itself is not sufficient to demonstrate excusable neglect and motions would not be automatically granted simply because they were unopposed. Rashid v. Delta State Univ., 306 F.R.D. 530, 533 (N.D. Miss. 2015).

## LEGAL ARGUMENT

### I. PLAINTIFF HAS FAILED TO ESTABLISH ENTITLEMENT TO RECONSIDERATION OF THE COURT'S ORDERS OF AUGUST 15, 2025 OR JUNE 10, 2026

It is beyond dispute that the Court's Orders of August 15, 2025 and by reference, June 10, 2026, establish the time that Plaintiff has to effect service of the Second Amended Complaint. Case 3:24-cv-11399-RK-RLS DKT0072 and DKT0082, respectively. While both of these Orders are referenced within Plaintiff's moving papers, he fails to establish that modification of either Order as to the timing of service is appropriate. As detailed within the Standard of Review section, applications for reconsideration are only appropriate *if* a movant can establish one of three limited circumstances and in the matter at bar, Plaintiff has undeniably failed to meet his burden. The defense submits that for this reason alone, Plaintiff's Cross-Motion must be denied. Further, as developed below, the application should be denied since Plaintiff also fails to establish the lower burden of good cause.

## II. PLAINTIFF HAS FAILED TO ESTABLISH THAT THERE IS GOOD CAUSE FOR AN EXTENSION TO THE DEADLINE SET BY THE COURT

Plaintiff's petition for additional time to effectuate proper service on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Guinta should be denied as Plaintiff has failed to establish good cause for the relief sought.

Plaintiff identifies five circumstances that allegedly establish good cause. Plaintiff first argues that the Court's instructions in their August 15, 2025 Order were vague and "a layperson cannot fairly be faulted for concluding that his service obligations" differed from those set forth in the Court's order. Pl. Opp'n. Br. at Page 10.

It is vital to understand the context that Plaintiff's Cross-Motion is made in. This Honorable Court's March 25, 2025 Order expressly states that "[u]nless Plaintiff can establish that [Defendant employees Dr. Houdart, Dr. Rehman, Anita Giunta, and Jodi "Doe"] were properly served within 90 days of the filing of the initial Complaint, by filing proof of service…or showing good cause for the failure of service, <u>see</u> Fed. R. Civ. P. 4(m), **any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint.**" Case 3:24-cv-11399-RK-RLS DKT0025. Plaintiff has not sought reconsideration of that Order, nor has Plaintiff sought leave for alternate service.

On April 8, 2025, Plaintiff filed his First Amended Complaint against 33 named Defendants, including Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros which was denied *sua sponte* in an order dated August 15, 2025. The Court's directions in their August 15, 2025 which ordered Plaintiff that should "Plaintiff choose to file a Second Amended Complaint, Plaintiff must also file proper proof of service of the following Defendants **within forty-five (45) days of the issuance of this Order…"** Case 3:24-cv-11399-RK-RLS DKT0072 PageID: 2550. A plain reading of the Court's instructions makes it apparent that proper service of the Defendant employees was to be completed within 45 days of August 15, 2025 (when the Court's Order was entered).

The Court furnished a Statement of Reasons along with their August 15, 2025 Order. Within the Statement of Reasons itself it reiterates that "Plaintiff is afforded **one final opportunity** to properly serve both these Defendants (Dr. Houdart, Dr. Rehman, Ms. Giunta)… **within fourth-five days of this Opinion being issued."** Case 3:24-cv-11399-RK-RLS DKT0072 PageID: 2550 (emphasis added). This Statement of Reasons explicitly told Plaintiff "Plaintiff's attempts to serve the individual Defendants by simply leaving copies of the Summons and [First Amended Complaint] with receptionists at their places of employment are in contravention

of [Fed. R. Civ. P. 4(m)].” Case 3:24-cv-11399-RK-RLS DKT0072 PageID: 2548.

It must also be emphasized that Plaintiff was advised by the Court that he was being afforded **“one final opportunity”** to effectuate service on the Defendant employees. Therefore, Plaintiff’s contention that he could not reasonably determine what the Court’s instructions on service is simply incompatible with the record.

Plaintiff next claims that Plaintiff “diligently sought the tools to litigate properly” by filing a Motion to proceed in forma pauperis and for the appointment of pro bono counsel. It should be noted that, despite the Court’s Order concerning service being entered on the docket on August 15, 2025, Plaintiff only filed his initial Motion to Appoint Pro Bono Counsel on November 1, 2026, almost four months after the August 15, 2025, Order and three months after when service of the Defendant employees was to be completed.[1] Plaintiff only filed their Application to Proceed In Forma Pauperis on June 30, 2026.[2] Plaintiff also filed a second Motion to Appoint Pro Bono Counsel on July 1, 2026. Therefore, Plaintiff cannot substantiate that his search for “the tools to

---

[1] Plaintiff’s petition was denied in a Letter Order dated June 10, 2026.

[2] Defendants have objected to Plaintiff’s Application to proceed in Forma Pauperis. Case 3:24-cv-11399-RK-RLS DKT0088.

litigate properly" supports a finding of good cause when every one of their petitions that would purportedly provide Plaintiff with "the tools to litigate properly" were requested grossly out of time.

Plaintiff's third claim for good cause is that Plaintiff suffered loss of employment, the birth of his fourth child, and suffered "severe anxiety and post-traumatic distress arising from the very events at issue in this action." Id. While Defendants are not trying to be jaded to Plaintiff's circumstances, Plaintiff has not requested an extension to their time to effectuate service on the Defendant employees until they filed their Cross-Motion to Extend Time to Effectuate Service which was made in response to Defendants' Motion to Dismiss which, in part, observes that dismissal is appropriate in light of Plaintiff's failure to comply with prior Court Orders on service of the employee Defendants.

This is despite the fact that Plaintiff filed a "Letter Motion" to extend the time to file their Second Amended Complaint where Plaintiff "understands that the Court previously noted concerns regarding… service of process" but did not request for additional time to complete service on the Defendant employees. Case 3:24-cv-11399-RK-RLS DKT0075. This "letter motion" even concludes an order that requests additional time for a Second Amended Complaint to be filed but does not request a Court Order concerning service. Id. This letter makes zero reference to

personal circumstances that could impact Plaintiff's ability to serve the employee Defendants or generally impact Plaintiff's ability to litigation their claims. In sum, Plaintiff appears to have had ongoing personal issues that are only brought to the Court's attention minutes before midnight when Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint which argues, in part, that the Defendant employees must be dismissed with prejudice due to Plaintiff's failure to comply with the Court's August 15, 2025, Order.

Plaintiff's fourth claim for good cause is that Plaintiff established his diligence in attempting to obtain a waiver of proper service from Defendants prior counsel which was declined. Id. While Plaintiff attempted to contact defense counsel to request same waive proper service of the employee Defendants, defense counsel advised they did not have the authority to waive proper service.[3] This purported "diligence" is self-serving as, had Defendants' prior counsel acquiesced to Plaintiff's request to waive service, presuming said counsel could even obtain the authority to do so, it would have obviated the entire crux of Plaintiff's Cross-Motion. Once again, the plain language of the Court's March 25, 2025 Order and August 15, 2025 gave clear

[3] As this request was made in May of 2025, the defense counsel referenced is prior defense counsel for the moving Defendants from Buchanan Ingersoll & Rooney PC.

instructions to Plaintiff and Defendants had no obligation to waive proper service of the Defendant employees.

Plaintiff’s final claim is that “the Court itself has already evaluated Plaintiff’s conduct during this same period – and responded with lenity rather than forfeiture.” Pl. Br. at Page 12. Plaintiff presumes that, because the Court gave “one final opportunity,” in the words of the August 15, 2025 Order, that Plaintiff should be entitled to another “final opportunity.” Plaintiff’s claim that he “honored that indulgence [i.e. the Court’s June 10 2026 Letter regarding the filing time of Plaintiff’s Second Amended Complaint] with immediate compliance” is equally nonsensical since at no time has Plaintiff ever properly served the employee Defendants. Once again, Plaintiff’s claimed compliance is ethereal and, if he truly complied with the Court’s instruction, Plaintiff’s Cross-Motion to extend the time to effectuate service would have never been filed.

In sum, Plaintiff’s final argument for good cause is divorced from the established record and, when considering the procedural history of Plaintiff’s claims, ‘falls flat’.

## III. AS PLAINTIFF FAILED TO COMPLY WITH THE COURT'S PREVIOUS ORDERS DIRECTING PLAINTIFF TO FILE A PROOF OF SERVICE OR SHOW "GOOD CAUSE FOR THE FAILURE OF SERVICE," THE COURT SHOULD DENY PLAINTIFF'S CROSS-MOTION TO EXTEND TIME TO EFFECTUATE PROPER SERVICE

The Court's March 25, 2025, Order, which *sua sponte* dismissed Plaintiff's Complaint advised that "[u]nless Plaintiff can establish that [Defendant employees Dr. Houdart, Dr. Rehman, Anita Giunta, and Jodi "Doe"] were properly served within 90 days of the filing of the initial Complaint, by filing proof of service…or showing good cause for the failure of service, <u>see</u> Fed. R. Civ. P. 4(m), **any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint.**" Case 3:24-cv-11399-RK-RLS DKT0025. Plaintiff has not sought reconsideration of that Order, nor has Plaintiff sought leave for alternate service.

On April 8, 2025, Plaintiff filed his First Amended Complaint against 33 named Defendants, including Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. In an Opinion dated August 15, 2025, the Court acknowledged that Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros had not been properly served within 90 days of when Plaintiff filed his initial

Complaint as required under Rule 4(m). Case 3:24-cv-11399-RK-RLS DKT0072.

The Court also recognized that Plaintiff's attempt at service to the aforementioned employee Defendants, via leaving the summons and First Amended Complaint with a receptionist at Hampton Behavioral Health Center, did not constitute proper service. Case 3:24-cv-11399-RK-RLS DKT0072. The Court, in its Opinion dated August 15, 2025, mindful of Plaintiff's *pro se* status "and having now clarified the impropriety of Plaintiff's attempts at service to date, Plaintiff is afforded one final opportunity to properly serve [Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros] within forty-five days of this Opinion being issued. Case 3:24-cv-11399-RK-RLS DKT0072.

Despite the Court's indulgence, Plaintiff has still failed to effectuate proper service on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Guinta. Almost a year has passed, let alone 45 days, since the Court's direction featured in its August 15, 2025 Opinion. Plaintiff never filed any proof of service or shown good cause for the failure to serve the initial Complaint upon the moving employee Defendants. Plaintiff uploaded an Affidavit of Service to January 6, 2025, however the Affidavit only indicates service was completed against Defendant Hampton Behavioral Health Center at their business address and makes zero

reference to service of the employee Defendants. Case 3:24-cv-11399-RK-RLS DKT0008.

Thereafter, Plaintiff filed his Second Amended Complaint against the moving Defendants on June 11, 2026. Plaintiff's June 11, 2026 Second Amended Complaint incorporates a "Certificate of Service" which represents verbatim that:

> "I [Plaintiff Pro Se Bradley Clonan] hereby certify that on this date, a true and correct copy of the foregoing Consolidated Opposition to Defendants' Motion to Dismiss was served upon all counsel of record via the Court's electronic filing system. defendant certifies that prior to filing this motion he conferred in good faith with counsel for the plaintiff in order to resolve this matter by agreement, but the parties have been unable to do so. Specifically counsel for the defendant [sic]"[4]

Case 3:24-cv-11399-RK-RLS DKT0083.

Plaintiff's "Certificate of Service," by the plain letter of the filing, does not establish that proper service had been effectuated on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta at the time of Plaintiff's filing of his Second Amended Complaint, let alone establishing proper service was complete within the time prescribed by the controlling August 15, 2025 or June 10, 2026 Orders.

Plaintiff cannot argue that there is good cause for an extension to the time to effectuate proper service on the Defendant

[4] The referenced language in Plaintiff's "Certificate of Service" abruptly ends mid-sentence.

employees when he has been repeatedly advised of his improper service, has been given additional time to remedy the issues, and then only tries to petition for relief after the allotted time frame for proper service had passed. Plaintiff's claims for good cause cannot be sustained in the context of their repeated violations of the Court ordered instructions on service.

## IV. THE COURT, WHICH HAS ALREADY BEEN QUITE INDULGING OF THE PLAINTIFF, SHOULD DECLINE EXERCISING ITS DISCRETION TO EXTEND THE TIME FOR SERVICE OF THE EMPLOYEE DEFENDANTS

In addition to the Plaintiff not being entitled to reconsideration under L. Civ. R. 7.1(i), the Court should not grant extend the time for service of the employee Defendants under the Federal Rules of Civil Procedure since there is no sensible grounds for the Court to grant additional time for service in light of Plaintiff's continued failure to comply with prior Court Orders, specifically the March 25, 2025, August 15, 2025 and June 10, 2026 Orders, on the issue.

When entertaining a motion to extend time for service, the district court must proceed in the following manner. First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the Court may in its discretion decide whether to dismiss the case without prejudice or extend time for service. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-1306 (3rd Cir. of Appeals 1995).

While Plaintiff makes reference to "discretionary factors identified in Petrucelli," it should be noted these factors are not from the Court's analysis itself but are factors provided by the Federal Rules of Civil Procedure's Advisory Committee who formulated Fed. R. Civ. P. 4(m)'s language and that the Petrucelli

Court explicitly "express[ed] no opinion as to what factors, in addition to those listed in the Advisory Committee note, a district court may consider when deciding whether to extend time for service or dismiss a case." Id. at n. 8. The Petrucelli Court, in their own words, "simply note[d] that because the statute of limitations would bar the refiled action here, it would be appropriate for the district court to consider this factor, assuming (as we later conclude) there is no showing of good cause." Id.

The Petrucelli Court observed "half-hearted efforts" by parties "to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." Id. at 1307. Similarly, "the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Id. at 1306.

Plaintiff's contention that the Court should exercise its discretion to extend the time for service due to the running of the statute of limitations in itself is not persuasive in light of the Petrucelli decision. See also Vincent v. Reynolds Memorial Hosp., Inc., 141 F.R.D. 436, 438 (N.D. W. Va. 1992) ("Without

prejudice" as used in former Rule 4(j) [now Rule 4(m)], does not mean without consequence; thus, fact that plaintiff may be barred from refiling suit after dismissal without prejudice due to statute of limitations is irrelevant.").

Plaintiff's next contention, that the employee Defendants had actual notice of this action, is equally unpersuasive as whether the Defendant to be served is on actual notice of the claims or not is never identified as a factor of consequence to be considered and actual notice is only ever discussed in the Petrucelli decision's dissenting opinion. Id. at 1314 (observing a Defendant had actual notice of the commencement of the litigation through the service of the cross-claim by a co-Defendant). As this contention has no substantial impact on the Court's consideration Plaintiff's argument is inert.

Plaintiff's next claim, that the Defendants' have not suffered prejudice, is equally meritless as Plaintiff's failure to proper effectuate service on the employee Defendants is prejudicial in itself at this juncture of litigation and falls flat in the context of the fact that Plaintiff has repeatedly failed to follow multiple Court Orders on the issue. Defendants submit that being exposed to litigation under these circumstances, i.e. Plaintiff failing to comply with reasonable deadlines as set by this Honorable Court, constitute prejudice in and of itself.

Plaintiff's next contention, that they "completed every step of service within his control" is also unpersuasive as the whole purpose of the instant cross-motion is because Plaintiff had not effectuated proper service on the employee Defendants. Finally, Plaintiff's argument that proper service of the employee Defendants is impossible as he must wait for the Court to determine his in *forma pauperis* application is also unpersuasive as the Court's Orders on service pre-date Plaintiff's in *forma pauperis* application and therefore, the application cannot be used as an ex post facto justification for why service was not effectuated.

In sum, Plaintiff's multitude of arguments for why the Court should exercise its discretion to extending the time for proper service of the employee Defendants is irreconcilable from the record and said arguments should not be entertained by the Court.

## CONCLUSION

In this case, the Plaintiff has failed to establish that he is entitled to reconsideration of the Court's Orders dictating the timing of service of Plaintiff's Complaint(s) and has failed to demonstrate good cause exists for an extension to the period for him to effectuate proper service on the employee Defendants. In conclusion, Plaintiff's Cross-Motion must be denied.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

BY: ***_/s/ Robert E. Spitzer***
Robert E. Spitzer, Esq.

DATED: July 20, 2026