**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Malinda A. Miller, Esq. (Malinda.Miller@lewisbrisbois.com)
Robert E. Spitzer, Esq. (Robert.Spitzer@lewisbrisbois.com)
Michael A. Vespa, Esq. (Michael.Vespa@lewisbrisbois.com)
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 577-6260
Fax: (973) 577-6261
*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta*

| | |
|---|---|
| BRADLEY CLONAN,<br><br>Plaintiff,<br><br>v.<br><br>CENTRASTATE HEALTHCARE SYSTEM; HAMPTON BEHAVIORAL HEALTH CENTER; MONMOUTH MEDICAL CENTER; DR. CHRIS FABIAN, M.D.; THEO F. KALOGRIDIS, R.N.; DR. STEVEN GUILLEN, M.D.; DR. STEPHEN VAN PELT, M.D.; A. TABASKO, PA-C; ANTONELLA SALONY, R.N.; JORDAN WHITE, R.N.; DR. MICHAEL HOUDART, D.O.; DR. ATTA-UR REHMAN, M.D.; ANITA GIUNTA, L.S.W.; and “INTERN ASHLEY” (John/Jane Doe),<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br>3:24-cv-11399-RK-RLS |

**DEFENDANTS, HAMPTON BEHAVIORAL HEALTH CENTER, DR. MICHAEL HOUDART, DR. ATTA-UR REHMAN, AND ANITA GIUNTA'S MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFF'S MOTION FOR PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915**

*Of Counsel:*
Malinda A. Miller, Esq.

*On the Brief:*
Robert E. Spitzer, Esq. & Michael A. Vespa, Esq.

**TABLE OF CONTENTS**


**Page**

TABLE OF AUTHORITIES....................................................ii

PRELIMINARY STATEMENT..................................................1

STANDARD OF REVIEW.....................................................3

LEGAL ARGUMENT.........................................................4

I. AS PLAINTIFF HAS FAILED TO DEMONSTRATE ANY FACTUAL OR LEGAL BASIS AS TO WHY PRO BONO COUNSEL IS APPROPRIATE IN THIS MATTER AND PLAINTIFF'S CLAIMS ARE BARRED BY N.J.S.A. 30;4-27.7(a), PLAINTIFF'S CLAIMS HAVE NO MERIT AND THIS COURT SHOULD DENY THE APPOINTMENT OF PRO BONO COUNSEL..............................................4

II. AS PLAINTIFF'S MOTION FOR PRO BONO COUNSEL IS PROCEDURALLY DEFICIENT, THIS COURT SHOULD DENY PLAINTIFF'S MOTION ..................................10

CONCLUSION............................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Burt v. Hicks, 2021 U.S. Dist. LEXIS 141721, 2021 WL 3207729 (D.N.J. 2021) ....................................................8

Chew v. New Jersey, 2026 U.S. Dist. LEXIS 145642, 2026 WL 1894354 (D.N.J. July 1, 2026) ................................4, 7, 8, 9

Jenkins v. D'Amico, 2006 U.S. Dist. LEXIS 59102, 2006 WL 2465414, (D.N.J. 2006)......................................................8

Maclin v. Freake, 650 F. 2d 885 (7th Cir. 1981) .............3, 5

Miller v. Pleasure, 296 F.2d 283 (2nd Cir. 1961) ..........3, 5, 6

Tabron v. Grace, 6 F.3d 147 (3d. Cir. 1993).....................3

**STATUTES**

28 U.S.C. § 1915.............................................3

N.J.S.A. 30:4-27.7................................1, 3, 6, 7, 11

**PRELIMINARY STATEMENT**

Plaintiff’s purported “Motion” for the appointment of Pro Bono Counsel must be denied as it fails to provide any factual or legal basis for entitlement to pro bono counsel in this civil action. Plaintiff, while *pro se* is not entitled to as of right for appointment of pro bono counsel and the defense submits that he has shown himself quite capable of attempting to prosecute this matter.

Further, Plaintiff’s application fails due to significant substantive and procedural deficiencies. As to the former, there are legally substantive grounds that warrant the denial of Plaintiff’s Motion. The first step of the Court’s consideration of Plaintiff’s Motion is to consider the merits of Plaintiff’s Second Amended Complaint and determine if there is a chance of success on the claims’ merits. It is Defendants’ position that, Plaintiff’s state law claims based on his involuntary commitment to multiple medical providers are all barred as a matter of law per N.J.S.A. 30;4-27.7 which permits medical providers, such as the aforementioned Defendants, “for the purposes of mental health assessment or treatment is immune from civil and criminal liability.” See, N.J.S.A. 30;4-27.7(a).

As to the procedural deficiencies, Plaintiff’s “Motion” is not a motion in itself. Plaintiff has no Notice of Motion, no proposed Order, or any of the other integral parts of any other

motion, such as a coherent factual or legal basis. Therefore, Plaintiff's Motion is legally inert and should not be considered.

As Plaintiff has failed to demonstrate entitlement to the right sought, Plaintiff's claims are barred as a matter of law and the application is procedurally deficient, the appointment of pro bono counsel would not materially alter the adjudication of this matter on its legal merits. Therefore, Plaintiff's Motion for Pro Bono Counsel must be denied.

## STANDARD OF REVIEW

### I. 28 U.S.C. § 1915

The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants. Additionally, civil litigants do not even have a statutory right to appointed counsel. Despite the lack of a constitutional right to counsel, 28 U.S.C. § 1915(e)(1), provides that the court *may* request an attorney to represent any person unable to employ counsel. Ultimately, the decision to appoint counsel is "a matter of discretion . . . and the determination must be made on a case-by-case basis." Tabron v. Grace, 6 F.3d 147, 157 – 158 (3d. Cir. 1993). In the matter at bar, the Court should exercise its discretion and deny Plaintiff's application.

In determining whether a pro se litigant should be permitted to obtain pro bono counsel, as a preliminary matter the Court must "consider the merits of the indigent litigant's claim." Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981). Even "where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 877 citing Miller v. Pleasure, 296 F.2d 283 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962). Reconciling the facts of this case with the standard utilized by Courts in ruling on similar applications, Plaintiff's Motion must be denied.

## LEGAL ARGUMENT

### I. AS PLAINTIFF HAS FAILED TO DEMONSTRATE ANY FACTUAL OR LEGAL BASIS AS TO WHY PRO BONO COUNSEL IS APPROPRIATE IN THIS MATTER AND THE CLAIMS ARE BARRED BY N.J.S.A. 30;4-27.7(a), PLAINTIFF'S CLAIMS HAVE NO MERIT AND THIS COURT SHOULD DENY THE APPOINTMENT OF PRO BONO COUNSEL:

There are significant substantive grounds for why plaintiff's Motion for Pro Bono Counsel should be denied. The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants.

It should be noted that the recent case of Chew v. New Jersey, 2026 U.S. Dist. LEXIS 145642, 2026 WL 1894354 (D.N.J. July 1, 2026) is highly instructive and confirms that Plaintiff is not entitled to the relief sought. Even though the *pro se* plaintiff in Chew was imprisoned, blind, was unable to afford counsel and his action asserted arguably a complex claim of medical malpractice, the Court found that the appointment of pro bono counsel was not warranted. The defense respectfully submits that the District Court's analysis in Chew should be employed in this matter and in applying the Court's analysis to the matter at bar, it is respectfully submitted that as a matter of law, Plaintiff is not entitled to the relief sought.

In determining whether a pro se litigant should be permitted to obtain pro bono counsel, as a preliminary matter the Court must "consider the merits of the indigent litigant's claim." Maclin v.

Freake, 650 F.2d 885, 887 (7th Cir. 1981). Even "where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 877 citing Miller v. Pleasure, 296 F.2d 283 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962).

The Miller decision is especially relevant to the Court's consideration of Plaintiff's Motion for Pro Bono Counsel. In Miller, a state mental hospital patient sued the hospital superintendent for damages, alleging the Defendant had kept him in the hospital illegally. The Plaintiff brought an interlocutory appeal from the denial of his request for counsel. The Second Circuit affirmed the denial because of the apparent availability to the defendant of the defenses of immunity, timeliness, and the regularity of the state's confinement procedures. Id. at 285.

The Miller Court ultimately concluded that the provision for assignment of counsel "clearly leaves the power discretionary with the judge -- at least in a civil case -- and even provides for dismissal if he is satisfied that the action is frivolous or malicious." Id. at 284. The Miller Court concluded that as "[t]he chances of any measure of success for the plaintiff's claims are so highly dubious" the lower court did not abuse its discretion in denying Plaintiff's petition for pro bono counsel. Id. at 285.

Plaintiff initiated this matter upon the filing of a Complaint in the District of New Jersey on December 20, 2024. Plaintiff's

Complaint named thirty-four (34) purported Defendants based off Plaintiff's allegations that he was improperly committed to multiple mental health facilities and was coerced to accept treatment from these medical providers. Plaintiff's initial Complaint and his First Amended Complaint have both already been dismissed by the Court. Plaintiff was permitted to file a Second Amended Complaint which they did on June 11, 2026.

Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, and Dr. Atta-Ur Rehman, Anita Guinta filed a Motion to Dismiss Plaintiff's Second Amended Complaint based on an argument that Plaintiff's remaining state law claims sounding in battery (Count 11), medical malpractice (Count 15), and false imprisonment (Count 17) are all barred as a matter of law per N.J.S.A. 30;4-27.7 which permits medical providers, such as the aforementioned Defendants, "for the purposes of mental health assessment or treatment is immune from civil and criminal liability." See N.J.S.A. 30;4-27.7(a). Co-defendants Monmouth Medical Center, Christopher Fabian M.D., and Theo F. Kalogridis, R.N. have filed their own Motion to Dismiss Plaintiff's Second Amended Complaint based on N.J.S.A. 30;4-27.7 on July 10, 2026.

Defendants do not desire to reargue their positions on N.J.S.A. 30;4-27.7 already presented to the Court in their pending Motion to Dismiss. Defendants also do not intend to supplement co-Defendants own positions on the immunity statute. However,

Defendants submit that Plaintiff's application for pro bono counsel must be denied as the immunity statute makes it evident that Plaintiff's claims against the medical provider Defendants are unviable as a matter of law. As Plaintiff has no cognizable claims as a matter of law the Court would be sensible in concluding that the appointment of pro bono counsel would not materially alter the adjudication of this matter on its legal merits. The defense submits that by itself, the absence of a valid claim mandates denying Plaintiff's Motion.

Further, in applying the well-recognized Tabron factors in determining whether the appointment of bro bono counsel is appropriate, it is clear that the application should be denied. The Tabron factors are: (1) the ability of the plaintiff "to present his or her case," and, where the plaintiff is a prisoner, the "restraints place upon him or her by confinement", (2) the difficulty and complexity of the legal issues in the matter, (3) the amount of factual investigation required and the plaintiff's ability to pursue that factual investigation, and whether the claims will require extensive discovery and compliance with complex discovery rules, (4) whether the issues will rely heavily on testimony and thus turn on credibility determinations, (5) whether expert witness testimony will be required and (6) whether the plaintiff can attain and afford to retain counsel. Tabron, 6

F.3d at 155-56. **The defense submits that each of these factors weigh against granting Plaintiff's Motion.**

First, Plaintiff is not incarcerated there is nothing in the record to suggest that Plaintiff is unable to understand or comprehend the English language or advocate this matter in a coherent manner. Further, he is not constrained by not having access to the necessary resources like a typewriter, photocopier, telephone or computer. Burt v. Hicks, 2021 U.S. Dist. LEXIS 141721, *7, 2021 WL 3207729 (D.N.J. 2021). In fact, since 2024 he has been able to navigate the Federal Rules of Civil Procedure as well as Federal Court in pursuing his civil claims. In short, Plaintiff has been able respond to motions and has demonstrated legal knowledge and literacy.

Second, Plaintiff has failed to demonstrate the allegedly complexity of the legal issues in this case and therefore, this factor weighs against appointing pro bono counsel. See, Chew v. New Jersey, 2026 U.S. Dist. LEXIS 145642, 2026 WL 1894354, at *10 (D.N.J. July 1, 2026) and Jenkins v. D'Amico, 2006 U.S. Dist. LEXIS 59102, 2006 WL 2465414, at *1-2 (D.N.J. 2006).

Third, as Plaintiff is not incarcerated and has access to modern technology, there is no basis to find that he cannot engage in factual investigation. Further, Plaintiff has not advanced any facts as to the extent of factual investigation that will be

required. Therefore, this factor weighs against appointment of counsel.

Fourth, there is no evidence to support whether this case will "turn on credibility determinations" and this weighs against appointing pro bono counsel. See, Chew, 2026 WL 1894354 at *11.

Fifth, there is nothing before this Honorable Court to determine, what if any expert testimony will be required, and this weighs against appointing pro bono counsel. See, Chew, 2026 WL 1894354 at *11-12.

Sixth, since the Court has yet to grant Plaintiff's request to proceed *in forma pauperis,* this factor weighs against Plaintiff. However, assuming arguendo that the request is granted, by itself, satisfying this one prong does not entitle Plaintiff to the appointment of pro bono counsel. See, Chew, 2026 WL 1894354 at *12.

In conclusion, Plaintiff's Motion for Pro Bono Counsel must be denied due to the Tabron factors weighing against Plaintiff and the absence of any viable claims pled by Plaintiff in his Second Amended Complaint.

## II. AS PLAINTIFF'S MOTION FOR PRO BONO COUNSEL IS PROCEDURALLY DEFICIENT, THIS COURT SHOULD DENY PLAINTIFF'S MOTION:

It is Defendants' position that in addition to failing substantively to demonstrate entitlement to the relief sought, Plaintiff's "Motion for Pro Bono Counsel" is not a motion in itself and is procedurally deficient. Plaintiff has no Notice of Motion, no proposed Order, or any of the other integral parts of any other motions. As Plaintiff has filed other motions in the past it is not a matter of Plaintiff pro se not being aware of what is required to be presented to the Court in his motion. As such, Plaintiff's Motion for Pro Bono Counsel is procedurally deficient and should be denied.

## CONCLUSION

Plaintiff's application for the appointment of Pro Bono Counsel as Plaintiff's Second Amended Complaint must be denied as there is no factual or legal basis for the relief sought in this civil matter, Plaintiff's claims against Defendants are barred by New Jersey's immunity statute, set forth in N.J.S.A. 30;4-27.7, and therefore Plaintiff is without any viable claims and the purported Motion is procedurally deficient.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Giunta, and Jodi Sgouros*

BY: ***_/s/ Robert E. Spitzer***
Robert E. Spitzer, Esq.

DATED: July 20, 2026