40147.00480 RTG
**MARSHALL DENNEHEY**
By: Steven A. Johnston, Esq.
Attorney I.D. No. 448272024
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
☎973-618-4100      🖷973-618-0685
🖃 sajohnston@mdwcg.com
ATTORNEYS FOR DEFENDANTS, CentraState Healthcare System/Atlantic Health System and Jordan White, R.N.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### *(Trenton Vicinage)*

| | |
|---|---|
| BRADLEY CLONAN,<br><br>          Plaintiff<br><br>vs.<br><br>CENTRASTATE HEALTHCARE SYSTEM;<br>HAMPTON BEHAVIORAL HEALTH<br>CENTER; MONMOUTH MEDICAL CENTER;<br>DR. CHRIS FABIAN, M.D.;<br>THEO J. KALOGRIDIS, R.N.;<br>DR. STEVEN GUILLEN, M.D.;<br>DR. STEPHEN VAN PELT, M.D.;<br>A. TABASKO, PA-C;<br>ANTONELLA SALONY, R.N.;<br>JORDAN WHITE; R.N.;<br>DR. MICHAEL HOUDART, D.O.;<br>DR. ATTA-UR REHMAN, M.D.;<br>ANITA GIUNTA, L.S.W.; and<br>"INTERN ASHLEY" (John/Jane Doe),<br><br>          Defendants. | Civil Action NO.:  3:24-cv-11399-RK-RLS |

**TO:**    Bradley Clonan, *Pro Se* Plaintiff
        2604 Rhododendron Drive
        Abingdon, MD 21009

        Defendants, CentraState Healthcare System/Atlantic Health System and Jordan White, R.N.

("Moving Defendants"), hereby move to dismiss this action, pursuant to Fed. R. Civ. P. 12(b) (1) and (6)

and 41, because diversity jurisdiction does not exist and, in the alternative, the Complaint fails to state a claim for which relief can be granted. The reasons supporting this motion are set forth in more detail in the accompanying Memorandum of Points and Authorities and attached exhibits. A proposed order is also attached for the Court's consideration. Moving Defendants shall rely upon the attached Brief and Exhibits and requests oral argument if opposed.

**THEREFORE**, Defendants, CentraState Healthcare System/Atlantic Health System and Jordan White, R.N., respectfully request that the instant motion be **GRANTED** and that this action be **DISMISSED, with prejudice**.

By: _____
Steven A. Johnston, Esq.

Date: July 28, 2026

## CERTIFICATION OF SERVICE

I, Steven A. Johnston, Esq., **HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 28th day of July, 2026, in the manner indicated, upon the following:

Bradley Clonan, *Pro Se* Plaintiff
2604 Rhododendron Drive
Abingdon, MD 21009
(via Federal Express)

Counsel for co-defendants served via email.

By: _____
        Steven A. Johnston, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**
*(Trenton Vicinage)*

| | |
|---|---|
| BRADLEY CLONAN,<br><br>    Plaintiff<br><br>vs.<br><br>CENTRASTATE HEALTHCARE SYSTEM;<br>HAMPTON BEHAVIORAL HEALTH<br>CENTER; MONMOUTH MEDICAL CENTER;<br>DR. CHRIS FABIAN, M.D.;<br>THEO J. KALOGRIDIS, R.N.;<br>DR. STEVEN GUILLEN, M.D.;<br>DR. STEPHEN VAN PELT, M.D.;<br>A. TABASKO, PA-C;<br>ANTONELLA SALONY, R.N.;<br>JORDAN WHITE; R.N.;<br>DR. MICHAEL HOUDART, D.O.;<br>DR. ATTA-UR REHMAN, M.D.;<br>ANITA GIUNTA, L.S.W.; and<br>"INTERN ASHLEY" (John/Jane Doe),<br><br>    Defendants. | Civil Action NO.:  3:24-cv-11399-RK-RLS<br><br><br><br>**ORDER** |

This matter being brought before the Court by Steven A. Johnston, Esq. of Marshall Dennehy, P.C., attorney for Defendants, CentraState Healthcare System/Atlantic Health System and Jordan White, R.N., and the Court having considered the moving papers and no good cause being shown to the contrary,

**IT IS** on this _____ day of _____, 2026,

**ORDERED AND ADJUDGED** that Defendants, **CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM AND JORDAN WHITE, R.N.**, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and 41.

**IT IS FURTHER ORDERED** that a copy of this order is to be served upon Plaintiff and all counsel of record within seven (7) days of its entry.

_____<br>, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**
*(Trenton Vicinage)*

| | |
|---|---|
| BRADLEY CLONAN, <br><br> Plaintiff <br><br> vs. <br><br> CENTRASTATE HEALTHCARE SYSTEM; HAMPTON BEHAVIORAL HEALTH CENTER; MONMOUTH MEDICAL CENTER; DR. CHRIS FABIAN, M.D.; THEO J. KALOGRIDIS, R.N.; DR. STEVEN GUILLEN, M.D.; DR. STEPHEN VAN PELT, M.D.; A. TABASKO, PA-C; ANTONELLA SALONY, R.N.; JORDAN WHITE; R.N.; DR. MICHAEL HOUDART, D.O.; DR. ATTA-UR REHMAN, M.D.; ANITA GIUNTA, L.S.W.; and "INTERN ASHLEY" (John/Jane Doe), <br><br> Defendants. | Civil Action NO.:  3:24-cv-11399-RK-RLS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS THE COMPLAINT AS TO DEFENDANTS, CENTRASTATE
HEALTHCARE SYSTEM/ATLANTIC HEALTH SYSTEM AND JORDAN WHITE, R.N.,
PURSUANT TO <u>FED. R. CIV. P.</u> 12(b)(1), (6), AND 41**

**MARSHALL DENNEHEY, P.C.**
425 Eagle Rock Avenue, Suite 302
*Attorneys for Defendants, CentraState
Healthcare System/Atlantic Health System
and Jordan White, R.N.*

*On the Brief*
Steven A. Johnston, Esq.

**PRELIMINARY STATEMENT**

Plaintiff alleges that Defendant, CentraState Healthcare System/Atlantic Health System ("CentraState"), is vicariously liable for the actions of medical providers, including Jordan White, R.N., for their conduct in connection with his involuntary psychiatric hold in March 2024. As a procedural matter, Plaintiff has failed to adequately allege diversity jurisdiction and so this Honorable Court does not have subject matter jurisdiction over his state law claims.[1] Although Plaintiff asserts Maryland residency in the Second Amended Complaint, he has failed to address the concerns raised in this Honorable Court's August 15, 2025, Opinion dismissing Plaintiff's First Amended Complaint. Plaintiff has not alleges residency with intent to remain in the state of Maryland.

Plaintiff has also failed to alleges claims against Defendants, CentraState and Jordan White, R.N., upon which relief may be granted. Rule 8 requires Plaintiff to include in the Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to do so, instead alleging mere opinions and legal conclusions. Plaintiff asserts that because some medical providers noted that he was calm and cooperative that he could not also be a candidate for a psychiatric hold. Additionally, CentraState and Nurse Jordan are entitled to absolute immunity pursuant to N.J.S.A. § 30:4-27.7 for any civil claims regarding the care and treatment connected to the involuntary commitment of the Plaintiff as they acted in good faith and took reasonable steps to implement the commitment. Plaintiff has outlined the large number of providers involved in the process, the Psychiatric Emergency Screening Service screener review, and psychiatric provider review that all occurred before involuntary commitment. Plaintiff has failed to allege that CentraState and Nurse Jordan did not act in good faith or that they were unreasonable in their actions. As a result, Moving Defendants are entitled to absolute immunity.

---

[1] Plaintiff's initial Complaint and First Amended Complaint alleges federal question claims that were all dismissed with prejudice. Additionally, Plaintiff previously alleged claims against additional Defendants who are not named in the Second Amended Complaint.

## STANDARD OF REVIEW

The Supreme Court has recently addressed the issue of what is needed to dismiss a pleading pursuant to Fed. R. Civ. P. 12. The Court stated:

[Fed. R. Civ. P. 8] prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). By requiring no more than a statement of the claim, Rule 8 establishes "implicitly, but with unmistakable clarity," [*Hanna v. Plumer*, 380 U.S. 460, 470 (1965)] that evidence of the claim is not required. …

Rule 12 reinforces the point. It provides only one ground for dismissal based on the merits: "failure to state a claim upon which relief can be granted." [Fed. R. Civ. P.] 12(b)(6). When evaluating whether a plaintiff has stated a claim, the court cannot consider "matters outside the pleadings." Rule 12(d). The court instead asks only whether the complaint's factual allegations, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that satisfies this standard is "well-pleaded" and "may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable." *Id.*, at 556.

*Berk v. Choy*, 607 U.S. 187, 193 (2026). The federal courts have a notice pleading requirement. The Court is to review the Complaint to determine if "the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (citation omitted).

## FACTUAL AND PROCEDURAL HISTORY

1.    On March 24, 2023, Plaintiff arrived at CentraState emergency department for voluntary medical care related to his mental health.

2.    Plaintiff presented with hallucinations, manic behavior, and positive toxicology results for prescribed substances.

3.    Plaintiff was placed on an involuntary hold and transferred to a psychiatric treatment facility.

4.    Plaintiff filed an initial Complaint that was dismissed *sua sponte* by a Court Order on March 25, 2025. The Court's March 25, 2025, Order is attached as **Exhibit A**.

5.    Plaintiff filed a First Amended Complaint in April 2025.

6.    On August 15, 2025, the First Amended Complaint was dismissed and the Plaintiff granted leave to amend. The Court's August 15, 2025, Order and Opinion Dismissing the First Amended Complaint are attached as **Exhibit B**.

7.    On June 11, 2026, Plaintiff filed a Second Amended Complaint asserting only state law claims based on diversity jurisdiction. The Plaintiff's Second Amended Complaint is attached as **Exhibit C**.

## LEGAL ARGUMENT

**A. Diversity jurisdiction does not exist and so this Honorable Court lacks jurisdiction.**

As a threshold matter, Plaintiff has failed to establish residency in Maryland for diversity jurisdiction purposes. A civil action that only asserts state law claims cannot be heard in federal court unless there is diversity jurisdiction. The Court has explained, "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (*quoting* 28 U.S.C. § 1332(a)(1)). Where there are multiple parties to an action, diversity jurisdiction will only exist where no plaintiff is a citizen of the same state as any defendant. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Residency alone is not sufficient to establish diversity jurisdiction. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972).

The Court stated the following, in relevant part, in the Order dismissing Plaintiff's First Amended Complaint:

> What's more, it is not clear where Plaintiff himself is domiciled. Importantly, while Plaintiff alleges that he "reside[s]" in Maryland (FAC at 2 ¶ 2), "mere residency in a state is insufficient for purposes of diversity." *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972); *see Frett-Smith v. Vanterpool*, 511 F.3d 396, 400-01 (3d Cir. 2008) ("Domicile is an individual's true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning. Therefore . . . domicile is established by a party's physical presence in a state with an intent to remain there indefinitely." (citations omitted)). In his FAC, Plaintiff alleges that he is a *resident* of Maryland (FAC ¶ 2), but also

indicates that his wife (who was initially a named plaintiff in this case) is a registered nurse in New Jersey (*id.* ¶ 107). In his opposition briefs, Plaintiff describes himself as a "law-abiding New Jersey resident," (ECF No. 57 at 7), and mentions his intent to seek future medical care in New Jersey (ECF No. 46 at 33). Plaintiff's contradictory allegations and assertions throughout his filings demonstrate that while he may be currently *residing* in Maryland, Plaintiff has not sufficiently alleged his domicile as is required under 28 U.S.C. § 1332.

*See* **Exhibit B**, pgs. 27-28 (emphasis in original).

Plaintiff asserts that diversity jurisdiction is applicable to his state law claims because he is a resident of Maryland and the Defendants are residents of New Jersey and he is alleging more than $75,000 in damages. Only one statement in the Second Amended Complaint supports Plaintiff's assertions. He states, "Plaintiff Bradley Clonan is a natural person and a domiciled citizen of Maryland. Plaintiff resides in Abingdon, Maryland, maintains his home in Maryland, intends to remain domiciled in Maryland, and was a Software Architect by profession." *See* **Exhibit C**, ¶ 4. Plaintiff's initial and First Amended Complaints asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331. In the decision dismissing the First Amended Complaint, the Court declined to exercise supplemental jurisdiction, instead allowing the Plaintiff to file a Second Amended Complaint and instructing Plaintiff to adequately allege the basis for diversity jurisdiction. *See* **Exhibit B**. Moving Defendants now assert that Plaintiff has failed to do so. As Plaintiff has failed to sufficiently allege that he is not a resident of New Jersey, diversity jurisdiction is not present and the claims must be dismissed.

**B. Plaintiff has failed to state a claim against CentraState upon which relief may be granted.**

The federal pleading standards have been outlined in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. 550 U.S. 544, 554 (2007) and 556 U.S. 662, 677-78 (2009). *Twombly* states, that a Complaint must include " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests…' " 550 U.S. 544, 555 (2007) (citation omitted). When a complaint is attacked by a <u>Rule</u> 12(b)(6) Motion to Dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555. In *Ashcroft*, the Court stated that the pleading standards rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 677-678 (citations omitted). The *Ashcroft* Court held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). Naked assertions "devoid of further factual enhancement" will not survive a 12(b)(6) Motion to Dismiss. *Id.*

Of particular importance, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation…' " *Twombly*, 550 U.S. at 555. The factual matter included in the complaint must establish, when accepted as true, a "claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 677-678. The Court explained, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This is not a "probability requirement," but asks if there is a "sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

### a. *Plaintiff has not sufficiently alleged any direct claims against CentraState.*

Plaintiff filed a Second Amended Complaint and alleged three counts against CentraState Healthcare System and one count against Jordan White, RN. The CentraState counts are as follows:

1. Count VII: Intentional Negligence in Emergency-Department detention, rights notice, and transfer documentation
2. Count XVI: False Imprisonment based on pre-certificate CentraState Detention, and
3. Count XX: Institutional liability for breach of confidentiality and negligent communication.

*See* **Exhibit C**. The Second Amended Complaint is one of state based claims with federal jurisdiction based solely on diversity jurisdiction. *Id.* ¶¶ 1-2.

Moving Defendants assert that the allegations against them in the Second Amended Complaint do not meet the pleading thresholds outlined in *Twombly* and *Ashcroft*. Defendants assert that there is not a "sheer possibility" that they acted unlawfully based on the allegations in the Second Amended Complaint.

Rule 8 requires a plaintiff to include in the complaint, "a short and plain statement of the claim showing that the pleader is entitled to relief." A claim can be involuntarily dismissed pursuant to Rule 41(b), which states "If the plaintiff fails to … comply with these rules … a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except  one for lack of jurisdiction …  — operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Here, Plaintiff has failed to meet the pleading requirements of Rule 8 and so the claims against Moving Defendants must be dismissed with prejudice. All four counts against Moving Defendants are based on Plaintiff's psychiatric hold at CentraState on March 24, 2023. Plaintiff outlines the alleged facts regarding his care and treatment at CentraState in ¶¶ 25 to 36 of the Second Amended Complaint. Additional statements were included in ¶¶ 102 and 103 regarding direct claims against CentraState. However, Plaintiff has failed to allege any cognizable direct claims against CentraState. CentraState is an entity and not an individual medical provider.

New Jersey law does not recognize a claim for "corporate negligence" generally. There are only two forms of recognized bases in which to plead Corporate negligence in New Jersey: vicarious liability/*respondeat superior* or negligent hiring. Both doctrines are closely related. *Di Cosala v. Kay*, 91 N.J. 159, 172–73 (1982). Plaintiff has failed to allege any direct claim of negligent hiring, training, or supervision against CentraState. All of Plaintiff's factual allegations stem from a claim of vicarious liability. Counts VII and XVI allege that the process in which the Plaintiff was placed on a psychiatric hold was improper. This is not a cognizable direct claim against CentraState under state law. Count XX alleges only a vicarious liability claim. Count VII ¶¶ 102 and 103 respectively state, "CentraState owed Plaintiff institutional duties to maintain accurate records…" and "CentraState breached its duties by preventing Plaintiff from leaving after he declined voluntary admission…" These are not allegations of direct liability

recognizable under New Jersey state law. Likewise, Count XVI, ¶ 149, states, "CentraState intentionally confined Plaintiff…" The allegations in Counts VII and XVI are not a theories of direct liability recognized in New Jersey. Plaintiff does not assert that an employee or agent did these acts, but that "CentraState" was the actor and liable party. Moving Defendant, CentraState requests that this Honorable Court dismiss Counts VII and XVI with prejudice for failure to state a claim upon which relief may be granted as neither claim assert a cognizable theory of entitlement recognized in state law.

To the extent that this Honorable Court should liberally read Plaintiff's Second Amended Complaint to include a direct claim in Count VII, Count XVI, or Count XX, Defendant respectfully requests that the direct claims are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff has not alleged any negligence in hiring, supervision, or training in the Second Amended Complaint. In the alternative, as noted below, CentraState, as the employer of individuals listed in N.J.S.A. § 30:4-27.7, is entitled to immunity regarding the Plaintiff's March 24, 2023, psychiatric hold and transfer.

### b. *Plaintiff has failed to adequately allege vicarious liability claims in the Second Amended Complaint.*

Plaintiff has alleged that CentraState is vicariously liable for the actions of employees and apparent agents based on actions surrounding the psychiatric hold at CentraState on March 24, 2023. *See* **Exhibit C**, ¶¶ 104-106.

Count VII alleges that CentraState's employees or apparent agents "proceeded with detention and transfer despite objective contradictions, rights-notice failures, transfer-documentation defects, and biometric or property errors that required no medical judgment to recognize." *Id.*, ¶ 105. Plaintiff has not alleged substantive facts that would indicate a deviation from the standard of care took place.

Plaintiff allegations against CentraState in relation to the vicarious liability claims found in Counts VII, XVI, and XX are largely opinions of the Plaintiff, legal conclusions, or facts that fail to allege a cause of action. Plaintiff's Second Amended Complaint alleges that an initial ED psychological assessment

described Plaintiff as expressing "hallucinations and manic behavior." *Id.*, ¶ 27. While Plaintiff asserts that some records indicate that he was calm, oriented, and cooperative between 6:49 p.m. and 7:14 p.m., this does not allege a cause of action as this can be true and yet the Plaintiff can be a danger to himself or others and require a psychiatric hold. See *Id.*, ¶¶ 27 through 29. Plaintiff's discussion of how the medical providers concluded that he required a psychiatric hold despite his toxicology report and calm demeanor are opinions. *Id.* at ¶ 30. The toxicology report, according to Plaintiff's Second Amended Complaint, in fact support a conclusion that he may have had an altered mental state as the report was positive for "prescribed amphetamines, Adderall, and … medical marijuana." *Id.* at ¶¶31-32. Whether or not Plaintiff was authorized to take any of these substances is immaterial. To the extent that he was overtaking these medications the test results do not disprove this statement by medical providers. Plaintiff alleges that Dr. Stephen Van Pelt did not conduct an in-person evaluation for before signing chart entries or correcting the Plaintiff's weight or that he didn't have dentures. *Id.* ¶ 36 and 48. Such allegations are immaterial to the Plaintiff's involuntary hold even if the chart contained errors regarding his weight or denture usage as they do not relate to the psychiatric hold.

The "pre-admission background facts" found in the Second Amended Complaint do not relate to any act or omission by an employee, agent, or apparent agent of CentraState and so are irrelevant. Plaintiff's statements in ¶ 25 do not allege any act or omission by CentraState. Paragraph 26 is an opinion by the Plaintiff and not a statement of fact. The difference in the triage note and a later psychiatric screening found in that paragraph does not support a claim for vicarious liability. Of note, Plaintiff states that "At approximately 6:48 p.m., an initial ED psychological assessment described Plaintiff as expressing hallucinations and manic behavior." *Id.*, ¶ 27. At this stage, the Court must take this as true, that an ED provider noted the Plaintiff had hallucinations and manic behavior. Plaintiff stated that the toxicology report was "objective" and that his marijuana usage was "authorized." These are opinions and legal conclusions.

Plaintiff's statements that there is a contradiction in the records, i.e. that he was calm and cooperative and so not a danger at the same time, are opinions and not facts. The decision to place the Plaintiff on a psychiatric hold was made based on the providers medical judgment. Paragraphs in the factual section of the Second Amended Complaint referenced above either do not implicate an act or omission by an employee, agent, or apparent agent of CentraState or are opinions of the Plaintiff.

The facts presented by the Plaintiff, if taken as true for the purposes of this Motion, do not present even a sheer possibility that Defendant has acted unlawfully. In fact, Plaintiff's allegations include medical documentation of "hallucinations," "manic behavior," and substance use that would support the medical decision making that led to Plaintiff's involuntary psychiatric hold. On the face of the Second Amended Complaint, Plaintiff has failed to allege any wrongdoing by an employee, agent, or apparent agent of CentraState that would support a civil cause of action. The alleged "contradictions" regarding the Plaintiff's weight, dentures, and calm and resting appearance do not contradict that providers also determined that he also had hallucinations and manic behavior. Plaintiff has failed to present any facts that an employee or agent of CentraState acted negligently while in the scope of their employment.

**C. Defendants are entitled to statutory immunity which is an absolute bar to civil liability pursuant to N.J.S.A. § 30:4-27.7.**

Moving Defendants have immunity from civil liability pursuant to N.J.S.A. § 30:4-27.7. The statute states:

> A law enforcement officer, screening service, outpatient treatment provider or short-term care facility designated staff person or their respective employers, acting in good faith pursuant to P.L.1987, c.116 (C.30:4-27.1 et seq.) and P.L.2009, c.112 who takes reasonable steps to assess, take custody of, detain or transport an individual for the purposes of mental health assessment or treatment is immune from civil and criminal liability.

N.J.S.A. § 30:4-27.7(a). The Court has explained the purpose behind the award of immunity stating, "To protect this discretionary procedure and to allow mental health care workers to perform their jobs freely, the Legislature has provided immunity from civil and criminal liability for those involved in the

commitment of an individual for mental health reasons." *Ziemba v. Riverview Med. Ctr.*, 275 N.J. Super. 293, 300 (Super. Ct. App. Div. 1994). Absolute immunity applies to "those involved in the involuntary commitment process … if they acted in good faith and took reasonable steps toward effectuating the commitment." *Id.*

In this matter, Plaintiff presented to CentraState, he was evaluated by CentraState staff, he was then evaluated by "a Monmouth Medical Center [Psychiatric Emergency Screening Service]" screener, and, as a result, was transferred for involuntary psychiatric treatment. The Statute provides immunity for "employers" of covered employees who acted in good faith in taking reasonable steps in placing an individual on an involuntary psychiatric hold. *See also Ziemba*, 275 N.J. Super. at 300 (stating that the "commitment decision is discretionary" and those involved receive "absolute immunity" when they took "reasonable steps toward effectuating the commitment…") and *Vasilik v. Federbush*, 327 N.J. Super. 6, 9 (Super. Ct. App. Div. 1999) (finding that a hospital that did not raise the immunity prior to trial waived it in reference to treatment of a patient suffering from suicidal ideation).

Plaintiff has not alleged that any of the employees, agents, or apparent agents of CentraState acted unreasonably in the commitment process. Plaintiff has only asserted personal opinions as to the inadequacy or perceived quality of care and has not alleged any deviation from the standard of care. In fact, Plaintiff has outlined just the opposite, that multiple providers saw the Plaintiff at CentraState, that a mental health specialist from Monmouth Medical Center was contacted and a screening took place, and that the Plaintiff was transferred to a mental health facility where he in fact received mental health care and treatment. As a result, CentraState is entitled to immunity in this action.

**D. Plaintiff has failed to state a claim against Jordan White, RN upon which relief may be granted.**

Nurse Jordan White is referred to in only five paragraphs of Plaintiff's Second Amended Complaint. *See* **Exhibit C**, ¶¶ 28, 108-111. From the allegations in Plaintiff's Second Amended Complaint, Nurse White

saw the Plaintiff one time at 6:49 p.m. on March 24, 2023. *Id.*, ¶ 28. Plaintiff asserts that at the time Nurse White saw him, Plaintiff "denied pain, was resting comfortably, and was alert and oriented x3." *Id.* Plaintiff then notes that another nurse saw him between 7:15 and 7:49 p.m. that same day. *Id.*, ¶ 29. There are no other factual allegations regarding Nurse White in the Second Amended Complaint.

In Count VIII, Plaintiff asserts that Nurse White deviated from the standard of care by not "documenting or escalating the inconsistency between those observations and the continued involuntary hold." *Id.*, ¶ 109. Moving Defendant, Nurse White asserts that the Second Amended Complaint fails on its fact to allege a sheer possibility that Defendant has acted unlawfully. According the Plaintiff's Second Amended Complaint, after Nurse White saw the Plaintiff, he was observed, evaluated, or treated by a nurse, a doctor who initiated the psychiatric hold, an on-call psychiatrist who recommended involuntary hold, review by an attending physician, a mental health screener from Monmouth Medical Center's Psychiatric Emergency Screening Service, and a telepsychiatry screening. *Id.*, ¶¶ 29-39. Only after the above took place, according to Plaintiff's Second Amended Complaint, was Plaintiff transferred to Hampton Behavioral Health for inpatient treatment. Plaintiff failed to allege a deviation from the standard of care as to Nurse White. Plaintiff has also not alleged that Nurse White was involved in the involuntary psychiatric hold in any way – only that Nurse White did not report Plaintiff's subjective alleged contradictions to other providers. Defendant respectfully requests this Honorable Court dismiss the Second Amended Complaint with prejudice as Plaintiff has failed to state a claim, and because, to the extent Defendant was even involved in the psychiatric commitment which is not alleged in the Second Amended Complaint, Defendant is entitled to immunity pursuant to N.J.S.A. § 30:4-27.7 as noted above.

**E. Plaintiff failed to adequately serve the Complaint on Jordan White, RN.**

In the March 25, 2025, Order dismissing the initial Complaint, the Court noted that Defendant, Jordan White, RN, had neither appeared nor been served with process. *See* **Exhibit A**, pg. 7. The Court then

stated, "Unless Plaintiff can establish that these Defendants were properly served within 90 days of the filing of the Complaint, by filing proof of service with the Clerk of the Court or showing good cause for the failure of service, see Fed. R. Civ. P. 4(m), any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint." *Id.*, pg. 8. Plaintiff has not filed proof of service on Jordan White, RN with the Clerk of Court establishing that Defendant White was ever served with the Complaint in this matter. On April 8, 2025, Plaintiff filed the First Amended Complaint ("FAC"). No such proof of service was filed regarding the FAC as to Defendant White within 90 days of the FAC. Defendant White recognizes that this is a procedural argument and not one on the merits. Although Plaintiff is pro se and the pleadings are to liberally construed, Plaintiff has continually failed to comply with the Rules of Civil Procedure. The Second Amended Complaint may be dismissed with prejudice for such failures pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

This Honorable Court lacks subject matter jurisdiction over Plaintiff's state law claims in the Second Amended Complaint as Plaintiff has failed to allege diversity jurisdiction. Plaintiff has also failed to allege a claim against Moving Defendants upon which relief may be granted. Defendants, CentraState and Nurse Jordan are also entitled to absolute immunity as Plaintiff has failed to allege that they did not act with good faith or take reasonable steps in the involuntary commitment of Plaintiff in March 2023. Defendants respectfully request that this Honorable Court dismiss the Second Amended Complaint with prejudice for the reasons outlined above.

By: _____
    Steven A. Johnston, Esq.

Date: July 28, 2026