**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADLEY CLONAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, *et al.*, <br><br> Defendants. | Civil Action No. 24-11399 (RK) (RLS) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Motions to Dismiss filed by Defendants Lauren Zalepka (ECF No. 9), Hampton Behavioral Health Center (ECF No. 15), and RWJ Barnabas Health – Monmouth Medical Center, Eric Carney, Dr. Christopher Fabien, the Estate of Dr. Mohsen Rehim,[1] Virginia Heggen, Johanna Rosario, and Margaret Nielsen (ECF No. 20). Plaintiff Bradley Clonan, proceeding *pro se*, filed a Motion for Summary Judgment. (ECF No. 12.) For the reasons set forth below, the Court *sua sponte* **DISMISSES** the Complaint against all Defendants for failure to comply with Federal Rule of Civil Procedure 8.

## I.      BACKGROUND

Plaintiff Bradley Clonan[2] ("Plaintiff") has sued 36 Defendants in connection with his allegedly involuntary medical commitment in March 2023. (*See* "Compl.," ECF No. 1,

---

[1] The Motion suggests Defendant Dr. Mohsen Rehim has passed away and that the Motion is brought on behalf of his Estate. (ECF No. 20-2 at 1.)

[2] The case caption indicates Bradley Clonan has brought this action on behalf of both himself and his wife, Gabriela Clonan. However, Gabriela Clonan is not a signee to the Complaint, (*see* ECF No. 1 at 6), and has never appeared in this matter. Bradley Clonan, who is proceeding *pro se*, is not permitted to represent his

"Addendum," ECF No. 1-2.) Defendants include healthcare facilities CentraState Healthcare System/Atlantic Health System ("CentraState"), RWJ Barnabas Health – Monmouth Medical Center ("Monmouth Medical"), and Hampton Behavioral Health Center ("Hampton Behavioral"), as well as doctors, medical staff, healthcare administrators, attorneys, and law enforcement officers.[3] (Addendum at *21–23.)[4]

The exact or actual claims in Plaintiff's thirty-page Complaint (comprising a six-page form complaint and twenty-four page addendum) are difficult to discern. His form complaint suggests he is bringing claims pursuant to 42 U.S.C. § 1983 ("Section 1983") for a purportedly involuntary medical commitment occurring from March 24, 2023 through March 30, 2023. (Compl. at 4.) The Addendum—which appears to be Plaintiff's intended pleading—is much broader in scope. From what the Court is able to glean, the Addendum alleges—among other things—Section 1983 claims, claims pursuant to a number of federal statutes (including the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and the Health Insurance Portability and Accountability Act ("HIPAA")), claims for medical malpractice, and claims for the falsification of medical records. (*See* Addendum at *1–2, 5–6.)

---

wife. *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."). Thus, the Court will consider Bradley Clonan to be the only Plaintiff in this action at this juncture.

[3] The full list of Defendants is CentraState, Monmouth Medical, Hampton Behavioral, Dr. Steven Guillen, Dr. Stephen Van Pelt, Dr. Michael P. Houdart, Eric Carney, Officer Demarco, Dr. Rahman, Dr. Mohsen Rehim, Dr. Christopher Fabien, Larissa Spishock, PA, Heather Guzy, PA, Aradla Tabasko, PA-C, Antonella Salony, RN, Nichole Perez, RN, Lori Conrad, LPN, Jordan White, RN, Lauren Richard, RN, Mariecarmel Carre-Lee, MHT, Robert Orro, Marie Levasseur, Cheryl Craig, Lynda McDonald, Tracey B. Deaner, MSN, RN, NEA-BC, Virginia Heggen, Margaret Nielsen, Johanna Rosario, Lauren Zalepka, David A. De Simone, Anita Giunta, LSW, Jodi "Doe", John/Jane Doe 1, and John/Jane Does 2–11. (Addendum at *21–23.)

[4] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

2

The factual allegations underpinning these claims are indiscernible. The Addendum includes a "Statement of Claim" wherein Plaintiff alleges that on March 24, 2023, he arrived at CentraState "for the purpose of seeking a medical assessment." (*Id.* at *8.) After the assessment, he purportedly requested to leave the facility but was denied. (*Id.*) He was allegedly placed in a "secured isolation environment" with "continuous video surveillance," "restricted access via locked entrances," and "reinforced glass barriers between nursing staff and patients." (*Id.* at *9.) A "screener" from Monmouth Medical thereafter "provided false information that was used to justify [his] continued detention." (*Id.*) Plaintiff alleges there were "multiple errors and inaccuracies" in his medical records, (*id.* at *10), and that formal grievances he filed subsequent to his commitment "were ignored" (*id.* at *11).

Rather than including separately-numbered paragraphs and counts—as required by Federal Rule of Civil Procedure 10—the Addendum includes short bullet points explaining how each Defendant allegedly wronged Plaintiff. For example, under the heading "Dr. Steven Guillen, MD, Dr. Stephen Van Pelt, MD (Attending Providers), and Dr. Hodart (Hampton Behavioral)," Plaintiff lists bullet points that include "[v]iolating state-mandated evaluation procedures," "[f]ailing to follow required documentation protocols," and "[b]reaking mandatory patient rights procedures." (*Id.* at *3.) The Addendum goes on to include bullet points regarding, among other things, "Systemic Violations of State Procedures," "Coordinated Creation and Maintenance of False Records Acting in [B]ad [F]aith," "Professional Standards Violations," "Regulatory Compliance Violations," and "Inter-Facility Protocol Violations." (*Id.* at *5–7.) With respect to these latter headings, Plaintiff does not allege which of the 36 Defendants committed the purported bad acts. Ultimately, Plaintiff's requested relief includes compensatory damages, a formal public apology, full access to his medical records, and an "immediate retraction" of a cease-and-desist order sent

3

by Defendant Lauren Zalepka, legal counsel to Monmouth Medical, demanding Plaintiff "immediately cease and desist contact with anyone at [Monmouth Medical]." (*Id.* at *16–18; *see* ECF No. 1-1 (Cease and Desist Letter dated September 9, 2024).)

Plaintiff filed his Complaint on December 20, 2024. (*See* ECF No. 1.) Thereafter, Plaintiff filed affidavits indicating the Complaint and Summons had been served on Defendants Lauren Zalepka (ECF No. 6)[5], Hampton Behavioral (ECF No. 7), and CentraState (ECF No. 8).[6] To date, none of the other Defendants have been served with process, though several Defendants have appeared voluntarily.[7] After some Defendants were served with process, a deluge of motions and responses began to be filed. On January 9, 2025, Defendant Lauren Zalepka filed a Motion to Dismiss. (ECF No. 9.) Plaintiff opposed the Motion (ECF Nos. 10, 11), and Ms. Zalepka replied.[8] (ECF No. 14.) On January 24, 2025, Plaintiff moved for summary judgment. (ECF No. 12.) Defendant Hampton Behavioral opposed the Motion for Summary Judgment. (ECF No. 19.) On the same day as Plaintiff's Motion, Hampton Behavior also filed a Motion to Dismiss. (ECF No. 15.) Plaintiff then filed an opposition. (ECF No. 16.) Finally, the MMC Defendants filed a Motion to Dismiss on February 21, 2025. (ECF No. 20.) Plaintiff opposed (ECF Nos. 21, 22), and the MMC Defendants replied. (ECF No. 23.)

---

[5] This document also indicates the Summons and Complaint were served on Glenn A. Beveridge, who is an attorney at the same firm as Defendant Lauren Zalepka. (*See* ECF No. 6.) Mr. Beveridge is not named in the Complaint as a Defendant, and thus the Court will not consider him as such.

[6] The Court will not opine at this juncture on whether service was properly made.

[7] These Defendants are RWJ Barnabas Health – Monmouth Medical Center, Eric Carney, Dr. Christopher Fabien, the Estate of Dr. Mohsen Rehim, Virginia Heggen, Johanna Rosario, and Margaret Nielsen (the "MMC Defendants").

[8] Plaintiff then submitted a sur-reply without permission of the Court. (ECF No. 18); *see* L. R. Civ. P. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned.").

4

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires plaintiffs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each averment must be 'simple, concise, and direct.'" *Washington v. Warden SCI-Greene*, 608 F. App'x 49, 52 (3d Cir. 2015) (quoting Fed. R. Civ. P. 8(d)(1)). "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996). At its core, the purpose of a pleading is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a court should liberally construe the pleadings of a pro se plaintiff, the complaint must still comply with the pleading requirements of Rule 8." *Prelle v. United States*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 246 (3d Cir. 2013)).

## III.    DISCUSSION

This Court may, *sua sponte*, dismiss a complaint for failure to comply with Rule 8. *Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014). Such dismissal is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, Plaintiff's Complaint is far from "simple, concise, [or] direct." *See* Fed. R. Civ. P. 8(d)(1). Plaintiff draws no connections between his causes of action, specific facts, or specific defendants. Indeed, the Complaint fails to abide by Rule 10, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single

5

set of circumstances." Fed. R. Civ. P. 10(b). Some Defendants, such as Lauren Zalepka, are not even substantively referenced in the Complaint—the only reference to Ms. Zalepka is listing her as one of the Defendants in this action.[9] (*See* Addendum at *23 ("Defendant Lauren H. Zalepka is sued individually and in her capacity as Attorney with Ronan, Tuzzio & Giannone, P.C.").) The same is true of other Defendants such as Virginia Heggen, Margaret Nielsen, and Johanna Rosario. (*Id.*) The lack of explicit references to named Defendants makes it impossible to give these Defendants "fair notice" of the claims asserted and the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555.

The Complaint is a textbook shotgun pleading. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.").[10] There are four categories of shotgun pleadings:

(1) Pleadings that "contain multiple counts where each count adopts the allegations of all preceding counts;"

(2) Pleadings that "are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;"

(3) Pleadings that "do not separate each cause of action or claim for relief into its own distinct count;" and

(4) Pleadings that "assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions."

*Patrick*, 2024 WL 2077036, at *4.

The Complaint fails under categories (2), (3), and (4). The Complaint does not separate each cause of action into a distinct count. It asserts all of its claims against all 36 named Defendants

---

[9] Plaintiff attempts to add additional allegations related to Ms. Zalepka through his opposition to Ms. Zalepka's Motion to Dismiss. (*See* ECF Nos. 10, 11.) The Court will not consider these allegations as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

[10] Courts in this District look to "well-developed Eleventh Circuit case law on shotgun pleadings." *Patrick v. Equifax Info. Servs., LLC*, No. 23-4092, 2024 WL 2077036, at *3 (D.N.J. May 9, 2024).

6

without specifying which bad acts are attributable to which Defendants. Further, the allegations within the Complaint are almost entirely conclusory. For example, Plaintiff alleges some of the individual doctor Defendants "ma[de] detention decisions without proper evaluation, based on erroneous clinical evidence and charts," (Addendum at *3), and "all" Defendants "fail[ed] to follow required accommodation protocols." (*Id.* at *5.) Like most of the allegations in the Complaint, these conclusions are not supported by relevant factual detail. Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ultimately, in its current form, the "true substance [of the Complaint], if any, is well disguised." *See Muhammad*, 574 F. App'x at 74. Therefore, the Complaint is **DISMISSED** without prejudice for failure to comply with Rule 8.[11]

The Court additionally observes that the following Defendants named in this action have neither appeared nor been served with process: Dr. Steven Guillen, Dr. Stephen Van Pelt, Dr. Michael P. Houdart, Officer Demarco, Dr. Rahman, Larissa Spishock, PA, Heather Guzy, PA, Aradla Tabasko, PA-C, Antonella Salony, RN, Nichole Perez, RN, Lori Conrad, LPN, Jordan White, RN, Lauren Richard, RN, Mariecarmel Carre-Lee, MHT, Robert Orro, Marie Levasseur, Cheryl Craig, Lynda McDonald, Tracey B. Deaner, MSN, RN, NEA-BC, David A. De Simone,

---

[11] While the Complaint plainly fails to comply with Rule 8, Plaintiff is put on notice that the Complaint could very well be dismissed on other grounds, including but not limited to failure to state a claim under Rule 12(b)(6). For example, it appears Plaintiff is attempting to bring Section 1983 claims against non-state actors. (*See* Addendum at *1–2.) This is generally not permitted. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (explaining the Constitutional prohibition on illegal searches and seizures is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official" (internal quotation marks omitted)); *Gibbs v. Titelman*, 502 F.2d 1107, 1110 (3d Cir. 1974) ("It is well-settled that the [F]ourteenth [A]mendment applies only to actions of the 'States' and not to actions which are 'private.'"). Additionally, to the extent that Plaintiff intends to bring claims pursuant to HIPAA, these claims would also fail because HIPAA does not create a private right of action. *Beckett v. Grant*, No. 19-3717, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022).

Anita Giunta, LSW, and Jodi "Doe." Unless Plaintiff can establish that these Defendants were properly served within 90 days of the filing of the initial Compliant, by filing proof of service with the Clerk of the Court or showing good cause for the failure of service, *see* Fed. R. Civ. P. 4(m), any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint.

Therefore, **IT IS** on this 25th day of March, 2025,

**ORDERED** that the Complaint (ECF No. 1) is **DISMISSED** without prejudice; and further

**ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 9, 15, 20) and Plaintiff's Motion for Summary Judgment (ECF No. 12) are **DENIED** as moot; and further

**ORDERED** that Plaintiff shall file an Amended Complaint within 30 days of this Memorandum Order; and further

**ORDERED** that Plaintiff's failure to file an Amended Complaint within 30 days of this Memorandum Order will require Plaintiff to seek leave to amend from the Court, pursuant to Rule 15(a); and further

**ORDERED** that Defendants may re-file their motions to dismiss, file new motions to dismiss, or file answers upon Plaintiff's filing of his Amended Complaint; and further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at ECF Nos. 9, 12, 15, and 20; and further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Plaintiff's address of record via regular U.S. mail.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

8