**Bradley Clonan, Plaintiff pro se**
2604 W. Rhododendron Drive
Abingdon, Maryland 21009
Telephone: (732) 476-9555
Email: clonanxyz@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRADLEY CLONAN,**<br>Plaintiff,<br><br>v.<br><br>**CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, et al.,**<br>Defendants. | Civil Action No.<br>**3:24-cv-11399-RK-RLS**<br><br>**PLAINTIFF'S LETTER REQUEST FOR IMPLEMENTATION OF U.S. MARSHALS SERVICE AND RELATED DIRECTIONS FOLLOWING ECF NO. 105**<br><br>ECF Nos. 72-73, 82-83, 92-93, 97, and 101-105 |

**Via Alternate Document Submission (ADS)**
August 6, 2026
Honorable Robert Kirsch, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:** Clonan v. CentraState Healthcare System/Atlantic Healthcare System, et al., Civil Action No. 3:24-cv-11399-RK-RLS

Dear Judge Kirsch:

1. Plaintiff Bradley Clonan, appearing pro se, respectfully submits this procedural letter at the suggestion of the Trenton Clerk's Office following a telephone call on August 4, 2026. On August 3, 2026, the Court entered the Text Order at ECF No. 105 granting Plaintiff's renewed application to proceed in forma pauperis at ECF No. 104. Plaintiff requests an order implementing service under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d), together with the related directions described below.

2. This request concerns only the mechanics and timing of service. It is not additional merits briefing, an opposition, a reply, or a sur-reply, and it does not ask the Court to decide any pending Rule 12 motion through informal correspondence. To the extent this letter overlaps the service relief already requested at ECF No. 93, Plaintiff respectfully asks that the service portions be considered together.

3. Plaintiff filed the operative Second Amended Complaint on June 11, 2026 (ECF No. 83), and summonses issued at ECF No. 92. The Burlington County Sheriff's returns are docketed at ECF No. 97. The Monmouth County Sheriff's signed returns and Plaintiff's supplemental certification are docketed as an attachment at ECF No. 102-3. Those records document completed institutional deliveries but repeated unsuccessful attempts to serve the remaining individuals at the reasonably identified workplaces.

4. From the beginning of this action, Plaintiff has made repeated good-faith efforts to complete service. Those efforts have included retaining and paying professional process servers; requesting waivers or express acceptance through counsel; searching publicly available provider, licensing,

business, and address records; arranging and paying for service through both the Burlington County and Monmouth County Sheriffs' Offices; following up with counsel after the attempts failed; and promptly placing the official returns before the Court. Plaintiff does not know the remaining individuals' residential addresses and has been unable to obtain usable current professional addresses.

5. The Burlington County returns at ECF No. 97 report service on Hampton Behavioral Health Center on July 16, 2026, but non-service on Dr. Michael Houdart, D.O.; Dr. Atta-Ur Rehman, M.D.; and Anita Giunta, L.S.W. Each return records, in substance, that Hampton's legal department could not accept the papers for the individual and that the papers would have to go to CentraState Healthcare System. The returns do not identify a particular CentraState address or an agent authorized to accept for any of those individuals. Plaintiff reports the notation only as what the signed returns state and does not contend that it independently proves CentraState's authority to accept service for them.

6. The Monmouth County returns at ECF No. 102-3 report unsuccessful July 20, 2026 attempts at CentraState for Dr. Steven Guillen, M.D.; Dr. Stephen Van Pelt, M.D.; A. Tabasko, PA-C (identified in the return as Aradia Tabasko); Antonella Salony, R.N.; and Jordan White, R.N. The returns record that Dr. Guillen, Dr. Van Pelt, and A. Tabasko were associated with a company described phonetically as "either Envision or Invision" and that Ms. Salony and Mr. White were contract nurses whose whereabouts were unknown. Plaintiff has not independently confirmed the precise contractor or current location.

7. The same Monmouth filing reports unsuccessful attempts on Theo F. Kalogridis, R.N., and Dr. Chris Fabian, M.D., at Monmouth Medical Center because Mr. Kalogridis had not worked there for years and Dr. Fabian had retired several years earlier. Both individuals have appeared through counsel in connection with ECF No. 94, but Plaintiff has not treated that appearance as a concession by either side concerning whether further Rule 4 service is legally required.

8. On Tuesday, August 4, 2026, Plaintiff conferred by email with counsel for each affected represented defendant group. The email described the proposed Marshal-service order, USM-285 procedure, protected-address process, requested service period, and the specific Sheriff notations concerning Hampton, CentraState, and Monmouth. Plaintiff requested positions by 12:00 noon on August 6, 2026 and stated that silence would be reported only as no response, not consent.

9. On August 5, 2026, John M. Hockin, Jr. responded: "I have authority to accept the Complaint on behalf of Dr. Fabian. I have not heard from Mr. Kalogridis." Plaintiff is prepared immediately to provide Mr. Hockin the issued summons and Second Amended Complaint by the method counsel confirms for acceptance and then file a written acknowledgment or other proof directed by the Court. Plaintiff therefore does not presently request a duplicative Marshal attempt on Dr. Fabian unless that authorized acceptance cannot be completed.

10. Matthew J. Behr responded that the CentraState matter had been reassigned internally to Robert Evers, that Mr. Behr had forwarded Plaintiff's email, and that Mr. Evers was in trial and would respond when able. As of the filing of this letter, Plaintiff has received no substantive position from CentraState counsel concerning the requested relief and no further confirmation concerning Mr. Kalogridis. Hampton counsel did not respond to the August 4 conferral email. Hampton's existing filings at ECF Nos. 98 and 100, however, oppose the extension requested at ECF No. 93 on the grounds that the asserted service deadline expired and that the individual claims should be dismissed. Plaintiff therefore reports the Hampton defendants as opposing retroactive extension for Dr. Houdart, Dr. Rehman, and Ms. Giunta for those stated reasons, while reporting no response to the new IFP-based service mechanics and protected-address questions. No silence is treated as consent.

11. Plaintiff does not seek public disclosure of any residential address. Current or last-known business, contractor, forwarding, or residential service information can instead be transmitted directly to the Clerk or the United States Marshals Service under seal or through another protected process, used solely to effect service, and withheld from Plaintiff and the public docket.

12. Rule 4(c)(3) provides that, at the request of a plaintiff authorized to proceed in forma pauperis, the Court must order service by a United States marshal, deputy marshal, or person specially appointed by the Court. The grant of IFP status at ECF No. 105 supplies that predicate, but the Text Order did not specify the service packets, forms, addresses, or deadlines needed to implement service.

13. Plaintiff respectfully requests the following procedural relief:

**(a)** As to Dr. Fabian, direct the procedure for completing counsel's written acceptance, including whether Plaintiff should transmit the summons and Second Amended Complaint directly to Mr. Hockin and what acknowledgment or proof should be filed. No Marshal attempt is requested for Dr. Fabian unless that acceptance cannot be completed.

**(b)** Order the United States Marshals Service to serve Dr. Michael Houdart, D.O.; Dr. Atta-Ur Rehman, M.D.; Anita Giunta, L.S.W.; Dr. Steven Guillen, M.D.; Dr. Stephen Van Pelt, M.D.; A. Tabasko, PA-C; Antonella Salony, R.N.; and, to the extent additional Rule 4 service remains necessary, Theo F. Kalogridis, R.N.

**(c)** Direct the Clerk to issue or reissue summonses if necessary, provide one USM-285 form and clear completion and return instructions for each person the Court directs the Marshal to serve, identify any copies Plaintiff must furnish, and state where the completed forms must be returned. Plaintiff understands that USM-285 forms may not be uploaded through ADS and will follow the separate method directed by the Clerk or Marshal.

**(d)** Authorize a protected procedure under which, upon request from the Clerk or Marshals Service, any party, institution, or counsel actually possessing current or last-known service information may transmit it directly to the Clerk under seal or to the Marshals Service solely for service, without disclosure to Plaintiff or the public.

**(e)** Clarify whether additional Rule 4 service is required for Jordan White, R.N., in light of his appearance through counsel at ECF No. 101. If the Court determines that additional service is required, include Mr. White in the Marshal-service procedures without requiring another round of private service attempts.

**(f)** To the extent any applicable service deadline has expired, extend it nunc pro tunc, and to the extent any deadline remains open, extend it prospectively, through sixty (60) days after the later of: (i) the Clerk's transmission of a complete service packet for the relevant defendant to the Marshals Service; or (ii) the Marshals Service's receipt of protected service information sufficient to permit a reasonable attempt.

**(g)** Alternatively, provide the precise procedural directions the Court wishes Plaintiff to follow so that service can be completed in a uniform, court-supervised manner after the documented unsuccessful attempts.

14. For completeness concerning timing and prior requests: ECF Nos. 72-73 provided a prior forty-five-day service opportunity for Dr. Houdart, Dr. Rehman, and Ms. Giunta; the Hampton defendants have identified July 27, 2026 as the asserted later deadline in ECF No. 100; and Plaintiff's request at ECF No. 93 remains pending. Plaintiff does not concede the defendants' calculation or any service defense, but requests retroactive relief to the extent the Court determines it necessary. As to Dr. Guillen, Dr. Van Pelt, A. Tabasko, Ms. Salony, and Mr. Kalogridis, this is the first extension request

directed specifically to the present signed non-service returns; absent a different controlling date, the ordinary ninety-day period measured from the June 11, 2026 Second Amended Complaint would reach September 9, 2026.

15. The requested extension would not alter any existing merits-briefing date. It is supported by the official unsuccessful returns, Plaintiff's repeated efforts and expenditures, the absence of usable addresses despite follow-up, Mr. Hockin's partial acceptance response, and the intervening grant of IFP status. The requested procedure also protects private addresses while avoiding another set of service attempts at locations the official returns already found unworkable.

16. This curative request does not concede that additional Rule 4 service is legally required for any defendant who has appeared; that any service defense was preserved; that any earlier service attempt was insufficient except to the extent already determined by the Court; or that any statement attributed to institutional personnel in a Sheriff's return is independently established as true. It seeks a practical route to a clear service record without affecting any claim, defense, pending motion, or the pending pro bono-counsel application.

17. Plaintiff is prepared to complete every form promptly, provide all verified identifying and former-workplace information known to him, include the prior non-service information in the manner directed, furnish the required copies, and monitor the docket for returns of service or non-service.

18. Plaintiff respectfully requests entry of the accompanying proposed order or such other service directions as the Court deems appropriate.

Respectfully submitted,

**Bradley Clonan, Plaintiff pro se**
2604 W. Rhododendron Drive
Abingdon, Maryland 21009
(732) 476-9555 | clonanxyz@gmail.com
Dated: August 6, 2026
/S/ Bradley Clonan

## DECLARATION

I declare under penalty of perjury under 28 U.S.C. § 1746 that the factual statements in this letter concerning my service efforts, the official service returns, and my August 4-5, 2026 communications with counsel are true and correct based on my personal knowledge and review of those records.

Executed on August 6, 2026, in Abingdon, Maryland.

______________________________

**Bradley Clonan**

## CERTIFICATE OF SERVICE

I certify that on August 6, 2026, I transmitted copies of the foregoing Letter Request and the accompanying Proposed Order by email to counsel of record at their docketed addresses and submitted the same documents to the Clerk through the Court's Alternate Document Submission system. Upon docketing, the Court's CM/ECF system will also transmit a Notice of Electronic Filing to registered ECF users associated with this case.

Dated: August 6, 2026

______________________________

**Bradley Clonan, Plaintiff pro se**