**Bradley Clonan, Plaintiff pro se**
2604 W. Rhododendron Drive
Abingdon, Maryland 21009
Telephone: (732) 476-9555
Email: clonanxyz@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRADLEY CLONAN,**<br>Plaintiff,<br><br>v.<br><br>**CENTRASTATE HEALTHCARE SYSTEM/ATLANTIC HEALTHCARE SYSTEM, et al.,**<br>Defendants. | Civil Action No.<br>**3:24-cv-11399-RK-RLS**<br><br>**[PROPOSED] ORDER DIRECTING U.S. MARSHALS SERVICE AND SETTING RELATED PROCEDURES**<br><br>Following ECF No. 105 |

THIS MATTER having come before the Court on Plaintiff Bradley Clonan's Letter Request for Implementation of U.S. Marshals Service and Related Directions Following ECF No. 105; and the Court having entered the August 3, 2026 Text Order at ECF No. 105 granting Plaintiff's renewed application to proceed in forma pauperis at ECF No. 104; and the Court having considered the service record, including ECF Nos. 92, 93, 97, and 102-3, and the positions reported following Plaintiff's August 4, 2026 conferral with counsel; and for good cause shown;

IT IS on this ______ day of ____________________, 2026, ORDERED that:

1. Plaintiff's Letter Request is GRANTED to the extent stated in this Order.

2. As to Dr. Chris Fabian, M.D., Plaintiff may complete service through John M. Hockin, Jr., Esq., who represented in writing that he has authority to accept the Complaint on Dr. Fabian's behalf. Plaintiff shall transmit the summons and Second Amended Complaint in a manner counsel confirms in writing as acceptable and shall file counsel's written acknowledgment or other proof of acceptance directed by the Clerk. No attempt by the United States Marshals Service shall be required for Dr. Fabian unless authorized acceptance cannot be completed.

3. Pursuant to Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d), the United States Marshals Service shall effect service of the summons and Second Amended Complaint upon the following individual Defendants: Dr. Michael Houdart, D.O.; Dr. Atta-Ur Rehman, M.D.; Anita Giunta, L.S.W.; Dr. Steven Guillen, M.D.; Dr. Stephen Van Pelt, M.D.; A. Tabasko, PA-C; Antonella Salony, R.N.; and Theo F. Kalogridis, R.N. As to Mr. Kalogridis, this direction is curative and does not decide whether his appearance through counsel at ECF No. 94 otherwise made additional Rule 4 service unnecessary or whether any service defense was preserved.

4. The Clerk shall determine whether the summonses issued at ECF No. 92 may be used or should be reissued and shall provide Plaintiff with one Form USM-285, written completion and return instructions, and any copy requirements for each individual identified in Paragraph 3. After Plaintiff timely returns the completed materials, the Clerk shall transmit the service packets to the United States Marshals Service. The USM-285 forms and any private address information shall not be submitted through ADS or placed on the public docket.

5. Plaintiff shall complete and return the forms and copies requested by the Clerk within twenty-one (21) days after receiving the Clerk's instructions. Plaintiff shall provide the exact names, professional credentials, former or last-known workplaces, and prior non-service information presently known to him in the manner directed by the Clerk or Marshals Service.

6. Any current or last-known residential address used for service shall not be filed publicly or disclosed to Plaintiff. Upon written request from the Clerk or United States Marshals Service, any party, institution, or counsel actually possessing current or last-known business, contractor, agency, forwarding, residential, or other service information for an individual identified in Paragraph 3 shall transmit that information directly to the Clerk under seal or directly to the Marshals Service solely for the purpose of effecting service. The Clerk may transmit such information to the Marshals Service but shall otherwise maintain it under seal.

7. The United States Marshals Service shall file or return proof of service or non-service in the ordinary course. Any unexecuted return shall identify, without disclosing a protected address, the reason service could not be completed.

8. To the extent any applicable deadline has expired, Plaintiff's time to complete service on the individuals identified in Paragraph 3 is EXTENDED nunc pro tunc, and to the extent any deadline remains open, it is EXTENDED prospectively, through sixty (60) days after the later of: (a) the Clerk's transmission of a complete service packet for the relevant Defendant to the United States Marshals Service; or (b) the Marshals Service's receipt of protected service information sufficient to permit a reasonable service attempt. As to Dr. Houdart, Dr. Rehman, and Ms. Giunta, this paragraph is coordinated with the service and timing relief requested at ECF No. 93 and does not decide any other issue raised in that filing.

9. No additional United States Marshal service is directed at this time for Jordan White, R.N. If the Court determines that further Rule 4 service on Mr. White is required, the Clerk and Marshals Service may apply the procedures in Paragraphs 4 through 8 to Mr. White without requiring another private service attempt by Plaintiff. This paragraph does not decide the sufficiency, necessity, or waiver of service as to Mr. White or any issue raised in ECF No. 101.

10. No Marshal service is directed at this time for the unidentified Defendant pleaded as "Intern Ashley" (John/Jane Doe). This is without prejudice to a later request after the individual's full legal identity is learned and any required substitution is permitted.

11. This Order does not determine the sufficiency of any prior service attempt, any pending Rule 12 motion, the merits of any claim or defense, or Plaintiff's pending request for appointment of pro bono counsel.

12. The Clerk shall serve a copy of this Order upon Plaintiff and all counsel of record.

______________________________

**HON. ROBERT KIRSCH, U.S.D.J.**