LEWIS BRISBOIS

Robert E. Spitzer
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Robert. Spitzer@lewisbrisbois.com
Direct: 973.494.8757

August 11, 2026

**VIA PACER**

The Honorable Robert Kirsch, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street - Courtroom: 4E
Trenton, NJ 08608

Re: Clonan v. Hampton Behavioral Health Center, et al.
Docket No.: 3:24-cv-11399-RK-RLS

Dear Judge Kirsch:

This office represents Defendants, Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta (hereinafter "Defendants"), in the above-captioned matter. Defendants are in receipt of Plaintiff *Pro Se*'s Application for Service by the U.S. Marshal Service pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). Please accept this letter brief in lieu of a more formal opposition to Plaintiff's application.

For the reasons set forth below, as well as those developed in support of Defendants' Motion to Dismiss and in opposition to Plaintiff's Cross-Motion to Extend Service as to the employee Defendants, it is respectfully submitted that as a matter of law and equity, Plaintiff's application be denied. See *inter alia*, Case 3:24-cv-11399-RK-RLS DKT00085, DKT00098 and DKT00100.

Initially, it is Defendants' position that Plaintiff's request for service via U.S. Marshal is improper, premature and arguably moot, as presently pending before this Honorable Court is Plaintiff's Cross-Motion for an Extension of Time to Complete Service (hereinafter "Cross-Motion'") as he has previous failed to comply with multiple Court Orders governing service of the individual Defendants. **Plaintiff's instant application appears to 'take for granted' and assume that his Cross-Motion will be granted, which it has not, and should not be for the reasons advanced by this office.** Id.

The impropriety of the application is only more glaring as Plaintiff was advised only days after filing his initial Complaint on December 20, 2024 that he could proceed in *Forma Pauperis* to ensure proper service was completed in a timely matter. Plaintiff instead opted to wait almost two years to submit an application to proceed in *Forma Pauperis*. Plaintiff should not be entitled to relief that would undermine the legitimacy of multiple Court Orders when the relief itself was available before the timeframe prescribed in prior Orders concerning service of Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta.

Defendants must address several representations made by Plaintiff in their Application for Service via U.S. Marshal before addressing why the Court should deny Plaintiff's Application. Plaintiff represents that Defendants did not provide a response to an August 4, 2026, email served by Plaintiff which included an artificial deadline of August 6, 2026, for responses. It must be observed that this August 6, 2026, deadline has no

foundation in the Rules of Court or in any prior Court Order on the subject. Defendants ultimately submitted a response to Plaintiff's August 4, 2026, email on August 6, 2026, at approximately 6:42 PM. Defendants in this response reiterated their past position that they have no authority to waive proper service of Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta and that it is Defendants' position that a culmination of substantive and procedural grounds bar Plaintiff's claims as a matter of law. See Exhibit A attached hereto.

As it relates to the grounds that make Plaintiff's claims fail as a matter of law and therefore make Plaintiff's Application moot, Plaintiff has failed to effectuate proper service on Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta despite being advised that he could obtain service via U.S. marshals on December 23, 2024 and multiple Court Orders demanding Plaintiff obtain proper service. Fed. R. Civ. P. 4(m) establishes that if a Defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff filed his initial Complaint in the District of New Jersey on December 20, 2024. Plaintiff, shortly after filing their original Complaint as a pro se litigant on December 20, 2024, was advised that they could proceed In Forma Pauperis via a Court Notice dated December 23, 2024. Case 3:24-cv-11399-RK-RLS DKT0003. This Guideline for Appearing Pro Se explicitly advised Plaintiff "the Court may direct the U.S. Marshal to

serve the summons and complaint on your behalf" if Plaintiff filed an Application to Proceed in *Forma Pauperis* Id. at PageID: 0077. Plaintiff had the opportunity to file his Application to proceed in *Forma Pauperis* days after filing the initial Complaint but instead opted to **wait almost two years** to file their Application to proceed in *Forma Pauperis* when he filed his initial Application on July 1, 2026.[1]

The Court dismissed Plaintiff's original Complaint in an order dated March 25, 2025. In this Order, the Court ordered Plaintiff to establish that Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta "were properly served within 90 days of the filing of the initial Complaint, by filing proof of service…or showing good cause for the failure of service, see Fed. R. Civ. P. 4(m), **any Amended Complaint will be dismissed as to the above Defendants for failure to effect service of the Summons and Complaint**." Id. at 522. Case 3:24-cv-11399-RK-RLS DKT0025. (emphasis added). Plaintiff failed to comply with this Court Order nor submitted an Application to Proceed in Forma Pauperis in response to the Court's March 25, 2025 Order.

Plaintiff then filed his First Amended Complaint on April 7, 2025, naming, amongst other Defendants, Defendants Hampton Behavioral Health Center, Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros. Case 3:24-cv-11399-RK-RLS DKT0028. In an opinion dated August 15, 2025, the Court acknowledged that Defendants Dr. Michael Houdart, Dr. Atta-

[1] This initial Application was denied on July 31, 2026. See DKT0103. Plaintiff filed a renewed Application to proceed in *Forma Pauperis* on August 1, 2026, which was subsequently granted. See DKT0104. See DKT0105.

Ur Rehman, Anita Guinta, and Jodi Sgouros had not been properly served within 90 days of when Plaintiff filed his initial Complaint as required under Rule 4(m). Case 3:24-cv-11399-RK-RLS DKT0072. This August 15, 2025, Order, mindful of Plaintiff's *pro se* status "and having now clarified the impropriety of Plaintiff's attempts at service to date, Plaintiff is afforded **one final opportunity** to properly serve [Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, Anita Guinta, and Jodi Sgouros] within forty-five days of this Opinion being issued. Id. (emphasis added).

Thereafter, on June 10, 2026, the Court afforded Plaintiff **another** opportunity to file the Second Amended Complaint and effect service "consistent with Court's August 15, 2025 Opinion and Order". Case 3:24-cv-11399-RK-RLS DKT0082. The Second Amended Complaint was filed on June 11, 2026. Case 3:24-cv-11399-RK-RLS DKT0083.

Despite multiple orders demanding Plaintiff properly serve the Defendants Plaintiff failed to do so at each juncture. It must be emphasized that service via marshal was always available to Plaintiff and the Court explicitly advised Plaintiff of this via the Court's December 23, 2024 notice. Case 3:24-cv-11399-RK-RLS DKT0003 PageID: 0076. It is inexplicable for Plaintiff to not have filed his Application to proceed in *Forma Pauperis* shortly after receiving the December 23, 2024, Notice especially when Plaintiff advised the Court, in filing their August 1, 2026 Application, that since "the events giving rise to this case, I have been unable to obtain stable, meaningful employment due to the resulting stress, PTSD symptoms, prescribed medications, and their impact on my ability to work."

Case 3:24-cv-11399-RK-RLS DKT0104 PageID: 3308. Therefore, the circumstances warranting the right to proceed In Forma Pauperis stemming from Plaintiff's March 2023 admission to multiple facilities for treatment existed at the time Plaintiff filed their initial Complaint and Plaintiff cannot justify why they waited almost two years to file their application.

In conclusion, Plaintiff should not be entitled to service via US Marshal as he failed to file a timely effect service of the Defendants, that time should not be extended and in failing to timely file an application to proceed in *Forma Pauperis,* which was available as of the time the initial Complaint was filed on December 20, 2024. Plaintiff's lack of diligence is the proximate cause for his failure to comply with the Court's Orders on the subject dated August 15, 2025, and July 10, 2026 and he should not now be permitted to attempt service through the U.S. Marshall Service.

For these reasons, Plaintiff's instant application must be denied.

We thank Your Honor for this Honorable Court's time and consideration to this matter.

Respectfully submitted,

/s/ Robert E. Spitzer

Robert E. Spitzer of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

RES
Enclosures
cc: Bradley Clonan, Plaintiff, *pro se* - via First Class Mail and email (clonanxyz@gmail.com)