# EXHIBIT A

**Vespa, Michael**

| | |
|---|---|
| **From:** | Spitzer, Robert |
| **Sent:** | Thursday, August 6, 2026 6:42 PM |
| **To:** | Brad Clonan |
| **Cc:** | Vespa, Michael; Anello, Katherine; Miller, Malinda (Mindy) |
| **Subject:** | RE: Clonan v. CentraState, No. 3:24-cv-11399-RK-RLS — Good-Faith Conferral Regarding U.S. Marshal Service Following ECF No. 105 |

Hello Mr. Clonan:

Please accept this email in response to your below email, HOWEVER, IN NO WAY DOES THIS EMAIL SERVE AS A SUBSTANTIVE RESPONSE AS TO ANY RELIEF YOU MAY SEEK FROM THE COURT RELATIVE TO SERVICE OF THE INDIVIDUAL DEFENDANTS AND THIS OFFICE INTENDS TO AND RESERVES THE RIGHT TO OPPOSE ANY SUCH APPLICATION.

Initially, your email makes demands of this office and sets an arbitrary deadline by which a response was to be provided, is not supported by any Rule of Court or Court Order. Additionally, your email is surprising given the consistent position this office has taken relative to the claims in this case, i.e. Plaintiff's claims must be dismissed. As outlined below, given the procedural history, which precedes your below email, the Defendants can only surmise that you are attempting to harass, burden or inundate the defense in an effort to continue your civil action as to the individual Defendants.

Regardless, in an effort to ensure there is no ambiguity (which there should not be), Defendants Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta must be personally served per the Court's previous Orders. This office does not have the authority to waive proper personal service and will not assist in any efforts to facilitate efforts to serve the individual Defendants. Defendants' position concerning the service is outlined in this office's opposition brief to your Cross-Motion to Extend Time for Proper Service and in Defendants' filed papers relative to the pending Motion to Dismiss. Defendants' position has been established before the Court and Plaintiff has failed to timely effect personal service of the individual Defendants, therefore, they should be dismissed as a matter of law and equity.

Further, the record should reflect that on June 26, 2026 and on July 16, 2026, you requested that this office either accept service of the Complaint or "facilitate valid service" in response to Defendants' Motion to Dismiss, *inter alia,* Plaintiff's failing to timely personally serve the individual Defendants per Court Order(s). In response, this office relayed it would not accept service and reiterated Defendants' position that "Plaintiff's time to serve the individual Defendants (for various reasons, including, but not limited to the failing to comply with Court Order) has long expired and dismissal as to those claims is appropriate."

Again, this office does not consent to any alteration to proper service and will oppose any formal application submitted to the Court requesting our clients' personal identifying information or requesting altered service.

To be clear, the defense maintains that all Defendants, including the individual Defendants should be dismissed from this action based on procedural and substantive grounds. Defendants' position is based on the previous formal filings from this office.

Please be advised that going forward, absent a response required by way of some authority, this office reserves the right to no longer respond to your informal and arguably improper demands.

Please be guided accordingly,
Robert

---

**Robert E. Spitzer**
**Partner**
Newark
973.792.8757 or x9738757

**From:** Brad Clonan <clonanxyz@gmail.com>
**Sent:** Tuesday, August 4, 2026 12:50 PM
**To:** Spitzer, Robert <Robert.Spitzer@lewisbrisbois.com>; Anello, Katherine <Katherine.Anello@lewisbrisbois.com>; Vespa, Michael <Michael.Vespa@lewisbrisbois.com>
**Subject:** Re: Clonan v. CentraState, No. 3:24-cv-11399-RK-RLS — Good-Faith Conferral Regarding U.S. Marshal Service Following ECF No. 105

EXTERNAL

Mr. Spitzer,

I apologize for mistakenly addressing you as Mr. Hockin in my earlier email. This email was intended for you.

On Tue, Aug 4, 2026 at 12:46 PM Brad Clonan <clonanxyz@gmail.com> wrote:

> Mr Hockin:
>
> On August 3, 2026, the Court entered the Text Order at ECF No. 105 granting my renewed application to proceed in forma pauperis at ECF No. 104.
>
> I spoke with the Trenton Clerk's Office concerning the next procedural steps for serving the remaining individual defendants. The Clerk's Office advised me to submit a procedural letter to Judge Kirsch asking whether the Court will direct service through the United States Marshals Service, whether I must complete USM-285 forms, and what additional steps are required.
>
> Before submitting that request, I am seeking each firm's position concerning the proposed relief. Each firm need respond only for the parties it represents or concerning information within its institutional client's possession. No counsel is being asked to speak for an individual whom that counsel does not represent.

Please do not transmit any private residential address in a reply-all email. I am not requesting that any residential address be disclosed to me or placed on the public docket. Any such information could instead be transmitted directly to the Clerk or the United States Marshals Service through a protected procedure authorized by the Court.

**1. Proposed U.S. Marshal service**

I intend to request an order under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915(d) directing the United States Marshals Service to serve:

1. Christopher Fabian, M.D., pleaded as "Dr. Chris Fabian, M.D.";
2. Theo F. Kalogridis, R.N.;
3. Dr. Steven Guillen, M.D.;
4. Dr. Stephen Van Pelt, M.D.;
5. A. Tabasko, PA-C, identified in the Sheriff's return as Aradia Tabasko;
6. Antonella Salony, R.N.;
7. Dr. Michael Houdart, D.O.;
8. Dr. Atta-Ur Rehman, M.D.; and
9. Anita Giunta, L.S.W.

As to Dr. Fabian and Mr. Kalogridis, the request would be made in the alternative because they have appeared through counsel in connection with ECF No. 94.

As to Jordan White, R.N., I understand that CentraState counsel has appeared for him at ECF No. 101. I therefore ask CentraState counsel to confirm whether Mr. White maintains that additional Rule 4 service remains required. If counsel agrees that no further service is required or agrees not to contest service, I will not request a duplicative Marshal attempt on him.

**2. Clerk and USM-285 instructions**

I intend to request that the Court direct the Clerk to issue or reissue summonses if necessary, provide the appropriate USM-285 forms, and provide instructions explaining where and how the completed forms and supporting service information should be returned.

**3. Protected service information**

I intend to request a procedure permitting any current or last-known business, contractor, agency, forwarding, residential, or other service information to be transmitted directly to the Clerk or the United States Marshals Service under seal or through another protected process, without disclosure to me or the public docket.

**4. Service period**

To the extent an extension is required, I intend to request a service period ending sixty days after the later of:

1. the Clerk's transmission of complete service packets to the United States Marshals Service; or
2. the Marshals Service's receipt of protected address or affiliation information sufficient to permit a reasonable service attempt.

This request would include retroactive relief to the extent the Court determines that it is required for Dr. Houdart, Dr. Rehman, or Ms. Giunta.

**5. Specific request to Hampton counsel**

The Burlington County Sheriff's reports filed at ECF No. 97 state that Hampton Behavioral Health Center was served through Janice Williams, Director of Nursing, but that Dr. Michael Houdart, Dr. Atta-Ur Rehman, and Anita Giunta were not served.

Each individual return records, in substance, that Hampton's legal department could not accept the papers for the individuals and that the papers would have to go to CentraState Healthcare System. I report that only as what the Sheriff's signed returns state. I do not represent that the direction was necessarily accurate or that CentraState is legally authorized to accept service for those individuals.

Hampton counsel previously advised that the individual defendants would not waive service and later confirmed that "service as to Hampton ONLY is acknowledged." I understand that position. In light of the subsequent IFP order, however, please confirm which of the following accurately reflects the Hampton defendants' present position:

1. Hampton's legal department provided the direction recorded by the Sheriff, and CentraState is authorized to accept service for one or more of the three individuals;
2. Hampton's legal department provided the direction, but the reference to CentraState was mistaken or incomplete;
3. Hampton disputes the Sheriff's account of what Hampton's legal department stated; or
4. Hampton takes no position concerning the accuracy of that notation.

Regardless of the answer, please state whether:

1. counsel is now authorized to accept service for any of the three individuals;
2. any individual will execute a waiver or agree not to contest service;
3. Hampton can arrange for service at a current professional location;
4. Hampton can transmit any available service information directly to the Clerk or Marshals Service through a protected process; and
5. the Hampton defendants consent, oppose, or take no position concerning Marshal service and the related extension.

**6. Specific request to CentraState counsel**

The signed Monmouth County Sheriff's returns report unsuccessful July 20, 2026 service attempts at CentraState Medical Center for Dr. Steven Guillen, Dr. Stephen Van Pelt, A. Tabasko, Antonella Salony, and Jordan White.

The returns state that David Clark in CentraState Risk Management described Dr. Guillen, Dr. Van Pelt, and A. Tabasko as working for a company recorded phonetically as "either envision or invision." The returns state that Mr. Clark described Ms. Salony and Mr. White as contract nurses whose whereabouts were unknown.

I report those statements only as what the signed returns record. I have not independently confirmed the precise employer, contractor, staffing company, or current location of any individual.

Please state whether CentraState:

1. can identify the precise legal name and available service information for the contractor, staffing company, professional group, or other entity referenced in the returns;
2. is authorized to accept service for any of the individuals;
3. can arrange service at a current professional location;
4. can transmit any current or last-known service information directly to the Clerk or Marshals Service through a protected process;
5. contends that additional service remains required for Jordan White notwithstanding his appearance through counsel at ECF No. 101; and
6. consents, opposes, or takes no position concerning Marshal service and the related extension.

Because the Burlington County returns concerning the Hampton individuals direct their papers to CentraState, please also confirm whether CentraState is, or ever was, an authorized service location for Dr. Houdart, Dr. Rehman, or Ms. Giunta. I ask only to clarify the Sheriff's recorded direction and avoid another unsuccessful attempt.

**7. Specific request to Monmouth counsel**

The Monmouth County Sheriff's returns report that Dr. Fabian had retired several years earlier and that Mr. Kalogridis had not worked at Monmouth Medical Center for years. Both individuals have nevertheless appeared through counsel in connection with ECF No. 94.

Please confirm which of the following accurately states their position:

1. counsel is authorized to accept service for Dr. Fabian and/or Mr. Kalogridis;
2. either individual agrees that additional formal service is unnecessary or agrees not to contest service;
3. either individual maintains that additional formal service remains necessary but does not oppose service through the United States Marshals Service; or
4. either individual opposes Marshal service, in which case please briefly state the basis for the opposition.

This proposed request concerns service mechanics and timing only. It does not seek a ruling on the merits, alter the pending motion briefing, or concede:

1. that additional formal service is legally required for any defendant who has appeared;
2. that any service defense was preserved;
3. that any prior service attempt was legally insufficient except to the extent already determined by the Court; or
4. that the factual statements attributed to institutional personnel in the Sheriff's returns are independently established facts.

Please respond by **12:00 noon on Thursday, August 6, 2026**. If a client opposes any portion of the proposed relief, please briefly state the reason so I can report the position accurately to the Court. If a firm needs a brief telephone conference, please provide an available time before that deadline.

A lack of response will be reported only as **no response received**, not as consent.

Respectfully,
**Bradley Clonan**
Plaintiff, pro se
2604 W. Rhododendron Drive
Abingdon, Maryland 21009

(732) 476-9555
clonanxyz@gmail.com