**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRADLEY CLONAN,**<br><br>Plaintiff,<br><br>v.<br><br>**CENTRASTATE HEALTHCARE SYSTEM/ ATLANTIC HEALTH SYSTEM, et al.,**<br><br>Defendants. | **Civil Action No. 3:24-cv-11399-RK-RLS**<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE A LIMITED SUR-REPLY TO ECF NO. 109**<br><br>Related Motion: ECF No. 101<br>Related Return Date: September 8, 2026 |

Plaintiff Bradley Clonan, appearing pro se, respectfully requests permission under Local Civil Rule 7.1(d)(6) to file the attached proposed limited sur-reply in further opposition to the motion to dismiss filed by CentraState Healthcare System/Atlantic Health System and Jordan White, R.N. (ECF No. 101). Plaintiff requests expedited consideration because the underlying motion is already fully briefed and returnable on September 8, 2026.

Plaintiff filed his opposition on July 29, 2026. ECF No. 102. Moving Defendants filed their reply on August 12, 2026. ECF No. 109. The reply added material not supplied with the opening motion, including a New Jersey voter-search record and selected portions of Plaintiff's CentraState chart identified as confidential Exhibit E. It also asks the Court to treat counsel's categorical characterization of dangerousness, selected chart statements, and the number of persons involved in the process as conclusively establishing good faith, reasonable steps, and statutory immunity.

## I. LEAVE IS WARRANTED TO ADDRESS NEW REPLY-STAGE MATERIAL

Local Civil Rule 7.1(d)(6) prohibits a sur-reply without permission. The decision is discretionary, and the relevant distinction is whether the proposed filing answers matter first presented in the reply rather than repeating the opposition. See Levey v. Brownstone Investment

Group, LLC, 590 F. App'x 132, 137 (3d Cir. 2014). The proposed sur-reply is confined to that function.

First, Exhibit E is a curated excerpt rather than the complete medical record. Plaintiff could not access that confidential exhibit through the August 12 Notice of Electronic Filing. He requested the exact exhibit on August 15. Counsel supplied it by email on August 16 and stated that it was not the entire medical record. Plaintiff therefore withdraws as moot any request to compel delivery of Exhibit E and seeks no sanction. The one-day interval between receipt and this application nevertheless confirms why a fair, focused opportunity to address the selected material is appropriate.

Second, ECF No. 109 added a New Jersey voter-search record reflecting a legacy registration effective in 2007. Plaintiff's proposed response supplies the official Maryland voter-services record reflecting his Abingdon residence and a March 3, 2022 registration date, together with his already-filed sworn domicile declaration. The competing records should be considered under the correct facial-or-factual Rule 12(b)(1) framework, not as an unanswerable reply exhibit.

Third, the reply presents selected symptoms and conclusions as if they eliminate the pleaded disputes over statutory dangerousness, good faith, and reasonable steps. The proposed filing does not ask the Court to decide that Plaintiff was medically well or could not have been screened. It acknowledges the adverse chart material and asks only that the Court not resolve disputed factual inferences in Defendants' favor at Rule 12.

Fourth, counsel informed Plaintiff on August 12—after the opposition—that Nurse White agrees to waive service of the Second Amended Complaint. The proposed sur-reply accurately describes that communication as an agreement to complete a waiver, not as an already executed Rule 4(d) form. It is relevant to the reply's request for a service-based dismissal and Rule 41(b) sanction.

## II. THE PROPOSED FILING IS LIMITED AND NONPREJUDICIAL

The proposed sur-reply is no more than seven pages of substantive argument. It does not add a claim, attach protected medical records, seek discovery, or relitigate every chart entry. It addresses only: (1) the proper Rule 12 use of the reply exhibits; (2) the distinction between symptom labels and the statutory dangerousness inquiry; (3) why the record does not conclusively establish each good-faith and reasonable-steps predicate; (4) objective timing and transfer-documentation facts raised by Defendants' selected chart presentation; and (5) the post-opposition service agreement.

Moving Defendants will suffer no unfair prejudice from a concise answer to their own new evidence. Plaintiff asks that no additional response be permitted unless the Court requests it. The complete medical records at ECF Nos. 36 and 39 remain under seal pursuant to ECF No. 55, and Plaintiff does not ask that Exhibit E or any sealed record be made public.

## III. RELIEF REQUESTED

**1.** Grant Plaintiff permission under Local Civil Rule 7.1(d)(6) to file the attached proposed limited sur-reply;

**2.** Deem the proposed sur-reply filed as of the date of the Court's Order, or direct Plaintiff to file it separately within three days;

**3.** Recognize that counsel supplied Exhibit E on August 16, 2026, rendering any request to compel its delivery moot, while allowing Plaintiff a fair opportunity to address the reply-stage selection;

**4.** Preserve the existing sealing protections for ECF Nos. 36 and 39 and Exhibit E; and

**5.** Grant such other limited relief as the Court deems just.

Respectfully submitted,

/S/ Bradley Clonan
Bradley Clonan

Bradley Clonan, Plaintiff Pro Se
2604 W. Rhododendron Drive
Abingdon, Maryland 21009
(732) 476-9555 | clonanxyz@gmail.com
Dated: August 17th, 2026